IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GARY AGUIRRE, ) | |
| ) | |
| ) | Case No. 1:06cv01260 (ESH) |
| Plaintiff, ) | |
| v. ) | |
| ) | Judge Ellen Segal Huvelle |
| U.S. SECURITIES AND EXCHANGE ) | |
| COMMISSION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ANSWER TO COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendant, the United States Securities and Exchange Commission ("SEC" or "Commission") through its undersigned counsel, as and for its answer to the Complaint for Declaratory and Injunctive Relief, states as follows:

1. The allegations in paragraph 1 are conclusions of law to which an answer is not required.

JURISDICTION

2. The allegations of paragraph 2 are conclusions of law to which an answer is not required.

PARTIES

3. Defendant admits that Plaintiff is a citizen of the United States and a former employee of the SEC. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3.

4. Defendant admits that it is an agency of the United States Government and that it

has possession of certain agency records sought in this action. To the extent the remaining allegations of paragraph 4 are conclusions of law, an answer is not required.

## PUBLIC INTEREST

5. To the extent the allegations of paragraph 5 refer to 17 CFR 200.53, the content of that regulation speaks for itself. Otherwise, denied.

6. To the extent the allegations of paragraph 6 are conclusions of law, an answer is not required. Otherwise, denied.

7. Defendant admits that committees of the U.S. Senate and the United States Office of Special Counsel have requested information related to certain allegations of Plaintiff. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7.

## FACTUAL BACKGROUND

8. Admitted.

9. Defendant admits that Plaintiff had day-to-day responsibility, as a staff attorney, for conducting an investigation of possible securities violations. Otherwise, denied.

10. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 10.

11. Defendant admits that Mr. Hanson and Mr. Kreitman praised the diligence with which Plaintiff worked. Otherwise, denied.

12. Denied.

13. Defendant admits that Mr. Hanson stated that a person's attorneys will have "juice." Otherwise, denied.

14. Denied.

15. To the extent the allegations of paragraph 15 are conclusions of law, an answer is not required. To the extent paragraph 15 refers to federal regulations, those are writings, the contents of which speak for themselves. Otherwise, denied.

16. Defendant admits that Mr. Kreitman did not authorize Plaintiff to issue a subpoena to a particular individual. Otherwise, denied.

17. Defendant admits that the issuance of a subpoena for the testimony of a particular individual was not authorized between late June and early September 2005. Otherwise, denied.

18. Defendant admits that Plaintiff sent a letter to Chairman Christopher Cox on September 2, 2005. Defendant also admits that Plaintiff sent e-mails to Ms. Thomsen and Mr. Berger, and that he spoke to Mr. Berger in person. Otherwise, denied.

19. Defendant admits that Plaintiff was not informed of any investigations. Otherwise, denied.

20. Denied.

21. Defendant is without knowledge or information sufficient to form a belief as to what the media has confirmed. Otherwise, denied.

22. Defendant admits that on or about June 14, 2005, Mr. Kreitman gave Plaintiff his performance evaluation for the 2004 to 2005 rating period, and that Plaintiff's performance during that period was rated Acceptable on all four elements of SEC Form 2494, the content of which speaks for itself. Defendant also admits that Mr. Kreitman signed the Certification of Performance Appraisal Process on the first page of the SEC Form 2494. Defendant also admits that on or about June 14, 2005, Mr. Hanson and Mr. Kreitman met with Plaintiff to discuss his

work on the single investigation he was conducting. Defendant also admits that sometime after June 15, 2005, Mr. Kreitman gave Plaintiff a photocopy of a photograph of Raymond Burr, an actor who portrayed Perry Mason. Defendant also admits that Plaintiff submitted to Mr. Hanson a written document entitled "Contribution Statement", the content of which speaks for itself. Defendant also admits that Mr. Hanson prepared a written evaluation of Plaintiff's performance during the 2004 to 2005 rating period, the content of which speaks for itself. Defendant also admits that Mr. Hanson filled out a Merit Pay Supervisory Transmittal Form regarding Mr. Aguirre, the content of which speaks for itself. Defendant also admits that Mr. Kreitman forwarded Mr. Aguirre's Contribution Statement, Mr. Hanson's written evaluation, and the Merit Pay Supervisory Transmittal Form to the Compensation Committee for the Division of Enforcement to use in determining whether Plaintiff would receive a pay increase for the 2004-2005 rating year. Otherwise, denied.

23. Defendant admits that the Compensation Committee awarded Plaintiff a two-step merit pay increase for the 2004-2005 rating year; that Thomsen approved the merit pay increase in her role as deciding official for the Division of Enforcement; that in August 2005, Chairman Cox approved the merit step increase proposals in aggregate for the entire agency; and that the Office of Human Resources issued a Notification of Personnel Action that memorialized Plaintiff's two-step pay increase, which was effective on August 21, 2005. Otherwise, denied.

24. Defendant admits that Messrs. Berger, Hanson and Kreitman recommended to Ms. Thomsen that Plaintiff's employment be terminated, and that on September 1, 2005, while Plaintiff was on leave, Ms. Thomsen issued to Plaintiff a written notice that he would be terminated from his position as of September 2, 2005. Defendant also admits that Plaintiff's

access to SEC records was cut off upon his termination.

25.     Defendant admits that on September 1, 2005 Ms. Thomsen issued to Plaintiff a written Notice of Termination, the content of which speaks for itself. Defendant also admits that Plaintiff sent an e-mail to an EEO counselor on September 21, 2005, the content of which speaks for itself. Otherwise, denied.

26.     Denied.

27.     Defendant admits that after he was terminated from his position, Plaintiff sought records from the SEC related to his two-step merit pay increase and his termination. Otherwise, denied.

28.     Denied.

29.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's communications with the Federal Records Center. Otherwise, denied.

30.     Defendant admits that on April 11, 2006, Plaintiff sent an e-mail to Teresa Simpson, Charles Staiger and Derek Childress, the content of which speaks for itself. Defendant also admits that on April 24, 2006, Ms. Simpson sent Plaintiff a letter, the content of which speaks for itself.

31.     Defendant admits that on November 29, 2005, Plaintiff called Assistant Ethics Counsel Richard Connor regarding his intention to file a complaint with the Office of Special Counsel ("OSC") and to disclose non-public Commission investigative records and information to the OSC. Defendant admits that on December 1, 2005, Plaintiff sent an e-mail to Assistant Ethics Counsel Richard Connor, the content of which speaks for itself. Defendant also admits

that on December 15, 2005, Ethics Counsel William Lenox sent a letter to Plaintiff, the content of which speaks for itself. Otherwise, denied.

32.     Defendant admits that on December 21, 2005, and January 6, 2006, Plaintiff sent an e-mail to Richard Connor and William Lenox of the SEC's Ethics Office, the contents of which speak for themselves. Defendant also admits that Plaintiff's counsel sent a letter to Mr. Lenox dated January 18, 2006, the content of which speaks for itself. Defendant also admits that Mr. Lenox sent an e-mail to Plaintiff's counsel on February 17, 2006, the content of which speaks for itself. Defendant admits that it did not respond to Plaintiff's counsel's letter of January 18, 2006. Otherwise, denied.

33.     Defendant denies that it provided misleading statements to the media or that it impliedly threatened Plaintiff, using the media as its messenger. The content of the London Times on June 28, 2005 speaks for itself. Defendant is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of paragraph 33.

34.     Defendant admits receiving a letter from Plaintiff's counsel on June 26, 2006, the content of which speaks for itself. Defendant also admits that on June 26, 2006, Defendant sent a letter to Plaintiff's counsel, the content of which speaks for itself.

35.     Defendant admits that Plaintiff made a FOIA request to the Defendant for records related to rules and regulations applicable to departing employees. Defendant is without knowledge sufficient to form a belief regarding the truth of Plaintiff's allegations regarding his contacts with the Office of Government Ethics.

36.     Defendant admits that it possesses documents related to some of the events alleged in paragraphs 8 through 32, but denies that all of the events took place as alleged.

## THE FOIA/PRIVACY ACT REQUESTS

37.   Defendant admits that on December 30, 2005, Plaintiff made a request for records pursuant to the FOIA and the Privacy Act, the content of which speaks for itself.

38.   Denied.

39.   Defendant admits that it sent letters to Plaintiff on January 4 and January 26, 2006, the contents of which speak for themselves.  Otherwise, denied.

40.   Defendant admits that on March 21, 2006, Plaintiff made a request for records pursuant to the FOIA, the content of which speaks for itself.

41.   Denied.

42.   Defendant admits that on March 29, 2006, Defendant sent a letter, the content of which speaks for itself.

43.   Admitted.

44.   Admitted.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred on the grounds that Plaintiff's request for records was overbroad and failed to reasonably describe the records sought.

SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

Respectfully submitted,

MELINDA HARDY, D.C. Bar No. 431906
Assistant General Counsel


_____/s/_____

LAURA WALKER, D.C. Bar No. 445455
Senior Counsel

THOMAS J. KARR, D.C. Bar No. 426340
Assistant General Counsel

Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549-9612
(202)551-5180

Dated: September 8, 2006