UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Gary Aguirre, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>Securities and Exchange )<br>Commission, )<br>)<br>    Defendant. )<br>_____) | Civil Action No.: 06-1260 (ESH) |

## JOINT REPORT PURSUANT TO LCvR 16.3

Pursuant to the Court's Order for Initial Scheduling Conference of September 12, 2006 and LCvR 16.3, plaintiff and defendant hereby submit this joint report.

<u>Plaintiff's Statement of and Statutory Basis for the Case</u>

This action arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, and Privacy Act of 1974, 5 U.S.C. § 552a.  Plaintiff Gary Aguirre was employed by the Division of Enforcement of the Securities and Exchange ("SEC") from September 7, 2004, through September 2, 2005.  With 24 hours notice, the SEC abruptly terminated plaintiff's employment on September 2, 2005.  Less than two weeks earlier, the SEC awarded plaintiff a two-step merit pay increase.  Every link in plaintiff's chain of command approved this two-step merit pay increase.

Plaintiff's performance evaluations were uniformly positive until he questioned the decision of his supervisors to give preferential treatment to a suspected tipper in an insider trading investigation because of the suspect's political influence.  Plaintiff informed every link in the chain of command through the Chairman of the SEC that the suspect was receiving preferential treatment.  As a consequence, despite his positive

performance evaluations, the SEC terminated plaintiff's employment. The allegations surrounding the termination of plaintiff's employment as alleged in the complaint in this matter are the subject of ongoing investigations by (1) the Senate Committee on the Judiciary ("Judiciary Committee), (2) The Senate Committee on Finance ("Finance Committee"), and (3) The Office of Special Counsel ("OSC"). Further, the House Financial Services Committee, after reviewing records relating to plaintiff's allegations, has publicly notified Chairman Cox to cooperate with the joint Senate Judiciary and Senate Finance Committee investigations. When plaintiff informed the SEC that he would be filing a complaint with the OSC, the SEC impliedly threatened plaintiff with criminal prosecution.

  Plaintiff is challenging the failure of the SEC to fulfill his FOIA and Privacy Act requests for four specific types of documents. These four areas are plaintiff's requests for: 1. Documents relating to the legality of existing SEC regulations applicable to departing employees, in particular communications between the Office of Government Ethics relating to 17 CFR 2000.735.3 (SEC Regulations concerning departing employees) and the actual SEC rules and regulations actually applicable to departing employees; 2. Documents that refer to plaintiff Gary Aguirre in the electronic mail of various SEC Officials and staff; 3.Documents relating to plaintiff's employment, performance evaluations and termination; and 4. Documents relating to an investigation that plaintiff worked on during his tenure with the SEC.

  To date, Plaintiff has received no documents in response to either of his FOIA/Privacy Act requests with one exception; the SEC did produce a FOIA request by a

2

third party for records of the Eastman Kodak Company.[1] He was denied all of the responsive records relating to communications between the SEC and the Office of Government Ethics relating to 17 CFR 2000.735.3 (SEC Regulations concerning departing employees) by FOIA exemption 5.  He was denied the records responsive to the investigation he worked on during his tenure with the SEC pursuant to FOIA exemption 7(A).  He has been told that the estimated fees to search for records that refer to him in the electronic mail of various SEC Officials and staff would cost approximately $46,200.  Finally, he has received no determination on the documents relating to records relating to his employment.  Thus, plaintiff alleges in his complaint that defendant SEC is in violation of the FOIA, 5 U.S.C. § 552, and Privacy Act, 5 U.S.C. § 552a, by failing to fully and lawfully release certain portions of his December 30, 2006 and March 21, 2006 requests to defendant.

<u>Defendant's Statement of and Statutory Basis for the Case</u>

Defendant will file its Statement of and Statutory Basis for the Case separate from this filing.

<u>LCvR16.3(c)(1)</u>

The parties agree that this case is likely to be disposed of by dispositive motion.

<u>LCvR16.3(c)(2)</u>

Neither party anticipates the joinder of additional parties.  Plaintiff is willing to narrow the scope of certain of his requests (Paragraph 6 of his December 30, 2005 request <u>see</u> Complaint ¶ 37 and his March 21, 2006 request <u>see</u> Complaint ¶ 40) to the scope of the records sought by the Senate Judiciary Committee and Finance Committee

---

[1] The SEC has from time to time informally provided Plaintiff with various records relating to his employment

in their joint request of August 2, 2006. The parties are continuing to work on the narrowing of the scope of these requests.

### LCvR16.3(c)(3)

The parties agree that this case should not be assigned to a magistrate judge for any purpose, including trial.

### LCvR16.3(c)(4)

At present, the parties do not believe there is any basis to discuss settlement of the case.

### LCvR16.3(c)(5)

The parties do not believe the case could benefit from the Court's alternative dispute resolution procedures at this time. In reaching this determination, the parties have considered the provisions of LCvR16.3(c)(5)(i)-(v).

### LCvR16.3(c)(6)

The parties anticipate that this case can be resolved by summary judgment.

### Plaintiff's Statement

Plaintiff submits that certain of his requests are ripe for adjudication. However, plaintiff believes that two issues *may* have to be resolved before the dispositive motion schedule can be set. One issue is whether the some or all attorneys in the SEC's Office of General Counsel office have a conflict of interest or potential conflict of interest in this matter which would disqualify them from representing the SEC. Plaintiff expects to inform the Court at the status conference whether 1) a motion should be set on this issue and 2) Plaintiff will seek discovery on this issue. The second issue is whether the SEC is complying in good faith with its obligations under the FOIA and Privacy Act as to

plaintiff's request for certain information relating to his employment, performance evaluations and firing.  Plaintiff has been waiting almost ten months for the SEC FOIA Office to produce records relating to his employment, performance evaluations, and firing pursuant to his December 30, 2005, request (see Complaint ¶ 37).  The records are obviously available.  Plaintiff has been informed that the SEC has recently produced records relating to his employment to the United States Office of Special Counsel (OSC) in connection with its pending investigation and did so within a few weeks of the OSC's request or subpoena for such records.  Plaintiff believes the SEC has also provided plaintiff's personnel records to the Senate Finance Committee and the Senate Judiciary Committee in response to their joint request of August 2, 2006.  If the SEC is able to provide records relating to Plaintiff's employment to others on relatively short notice, why is the SEC FOIA office unable to produce some or all of these same records to plaintiff after ten months?  By its letter of September 8, 2005, the SEC informed plaintiff that it would provide Plaintiff a final release determination within the next 30 work days.  More recently, the SEC FOIA officer assigned to process plaintiff's request has informed him that the SEC FOIA office will produce records responsive to plaintiff's December 30, 2005, FOIA/Privacy Act request (see Complaint ¶ 37) within a few days.  If the SEC does not produce such records by date of scheduling conference in this matter, he will seek immediate discovery on the issue whether defendant has acted in good faith in processing this and other portions of his FOIA/Privacy Act request.

Defendant's Statement

Defendant agrees that this case can be resolved by summary judgment motion,  but proposes that the scheduling of deadlines for dispositive motions be postponed until the

parties have completed negotiations on narrowing the scope of some of Plaintiff's FOIA requests. As discussed below, Defendant believes no discovery is necessary before Defendant files its motion for summary judgment. Plaintiff has not identified any conflict of interest that would disqualify any attorney in the Office of the General Counsel from representing the agency, nor has he offered any reason why discovery on this issue is necessary. Plaintiff also has not offered any justification for conducting discovery on whether the agency's FOIA office has processed his FOIA/Privacy Act request in good faith. In any event, the agency anticipates that the agency's FOIA office will provide the final release determination referred to in its September 8, 2006 before the scheduling conference.

LCvR16.3(c)(7)

The parties agree to stipulate to dispensing with the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure and note that, as a FOIA and Privacy Act action, this case would not be subject to those requirements.

LCvR16.3(c)(8)

Plaintiff's Statement

As stated above, Plaintiff will seek discovery in this matter. Plaintiff may seek immediate discovery in connection with 1) the apparent or real conflict of interest of some or all attorneys in the SEC's General Counsel's office and 2) the failure of the SEC to process Plaintiff's December 30, 2005, FOIA/Privacy Act request for records relating to his employment, performance evaluations, and firing. Plaintiff expects to inform the court at the scheduling conference whether immediate discovery will be sought on one or both issues.

In any case, Plaintiff will seek discovery of the SEC practice of pretending that it is conducting an investigation so it may assert a 7(a) exemption, as it has in this matter, when in fact it is conducting no such investigation. That practice has become so blatant and common at the SEC that SEC have given the practice a perjorative title: "the [name of the SEC official responsible for the practice] lie." Senator Charles Grassley, Chairman of the Senate Finance Committee, described a variant of this practice which the SEC employed in responding to the Senate's request for records relating to the Plaintiff in this matter. Senator Grassley's August 21, 2006, letter read in part:

> Additionally, I am concerned about the position taken by your staff that SEC regulations prohibit employees from "disclosing" information about ongoing investigations. These investigations (both the underlying PCM matter as well as the IG's inquiry into Aguirre's firing) were closed or inactive at the time Congress started its inquiry. Re-opening these investigations after Congress begins to ask questions and then citing the fact that they are active as a pretext to deny or delay Congressional requests is unacceptable. It gives the appearance of a sort of gamesmanship that would be inconsistent with your previous pledges of full cooperation.

Defendant's Statement

Defendant contends that pre-summary judgment motion discovery is unnecessary. If it appears, after the Defendant files its summary judgment motion, that the Plaintiff cannot present by affidavit facts essential to justify his opposition/cross-motion, then Plaintiff may move under F.R.C.P. 56(f) for an order continuing the case and permitting

deposition to be taken or discovery to be had. Plaintiff's vague allegation that the SEC "pretends" to conduct investigations does not justify pre-summary judgment motion discovery on why the SEC asserted FOIA Exemption 7(A) in response to his March 21, 2006 FOIA request.

<u>LCvR16.3(c)(9)-(13)</u>

The parties submit that the remaining topics raised in LCvR16.3(c) are not applicable to this case, which arises under the FOIA and Privacy Act and will, therefore, not be resolved by a trial, will not require experts, and is not a class action.

Respectfully Submitted,

_____/s/_____
Scott A. Hodes, D.C. Bar #430375
P.O. Box 42002
Washington, D.C. 20015
301-404-0502

_____/s/_____
Joanne Royce, D.C. Bar #379728
Government Accountability Project
1612 K Street, N.W.
Suite 1100
Washington, D.C. 20006
202-408-9855 ext. 131

Attorneys for Plaintiff

_____/s/_____
Melinda Hardy, D.C. Bar #431906
Associate General Counsel

Laura Walker, D.C. Bar #445455
Senior Counsel

Thomas J. Karr, D.C. Bar #426340
Assistant General Counsel

8

9

          Securities and Exchange Commission
          100 F Street, N.E.
          Washington, D.C.  20549-9612
          (202) 551-5180

Dated:  October 5, 2006