IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY AGUIRRE,<br><br>        Plaintiff,<br>v.<br><br>U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>        Defendant. | Case No. 1:06cv01260 (ESH)<br><br>Judge Ellen Segal Huvelle |

**STATEMENT OF THE CASE AND STATUTORY BASES FOR DEFENSES**

Defendant Securities and Exchange Commission ("Agency" or "SEC") hereby submits its statement of the case and the statutory bases for its defenses.

I.    Statement of the Case

Plaintiff's complaint seeks access to records under the Freedom of Information Act ("FOIA"), 5 U.S.C. 552, and the Privacy Act of 1974 ("Privacy Act"), 5 U.S.C. 552a. Plaintiff's complaint seeks access to records requested in a FOIA/Privacy Act request of December 30, 2005 (the "December 30 request") and a FOIA request of March 21, 2006 (the "March 21 request"). More specifically, the complaint seeks access to records requested in items 2 through 12 of the December 30 request, and items 1-7, 9 and 11 of the March 21 request. See Complaint ¶¶ 37, 40. Broadly described, the December 30 request seeks: (a) interagency and intra-agency communications concerning Agency rules and regulations applicable to departing employees (items 2 through 5 of the request); (b) all references to the Plaintiff in e-mails to or from fifteen

1

Agency employees from as early as "September 7, 2004 to the present" (item 6); and (c) various records related to Plaintiff's employment at the Agency (items 7 through 12). The March 21 request seeks numerous records related to a law enforcement investigation by the Agency.

II.     Statutory Bases for Defenses

    A.     The December 30 Request (Complaint ¶ 37)

        1.     Items 2 through 5

The Agency contends that records responsive to items 2 through 5 of the December 30 request are exempt from disclosure under FOIA Exemption 5, 5 U.S.C. 552(b)(5), 17 C.F.R. 200.80(b)(5). The requested records consist of intra-agency and interagency memoranda and letters that reflect pre-decisional deliberations of agency personnel. These records would not be available by law to a party in litigation with the agency because they are protected from disclosure by the deliberative process privilege.

        2.     Item 6

Due to its voluminous nature, the Agency has not provided a final response to this item of the December 30 request. On September 8, 2006, the Agency's FOIA office sent a letter to Plaintiff advising him that item 6 of his December 30 request was voluminous and may warrant multitrack processing and payment confirmation. The FOIA office advised Plaintiff that the cost of retrieving and reviewing all of the e-mails requested[1] was estimated to be $46,200. The FOIA office advised Plaintiff that he could either narrow the scope of his request or provide written confirmation that he would pay the fees necessary to complete the search and review. Plaintiff

---

    [1]     In the original FOIA request, Plaintiff requested all e-mails referring to him that were sent to or from 19 Agency employees over periods of up to two and one-half years.

has indicated that he considers the search and review fee to be unreasonable. Plaintiff and the Agency currently are discussing whether Plaintiff can narrow this item of his request.

If Plaintiff continues to seek all of the e-mails referred to in paragraph 37(6) of the Complaint, the Agency expects that a small number of these e-mails may be accessible to Plaintiff under the FOIA, but that most of the e-mails would be exempt from disclosure under FOIA Exemptions 2, 3, 5, or 7(A)[2], (C) or (E), 5 U.S.C. 552(b)(2), (b)(3), (b)(5), (b)(7)(A), (C), (E), and/or will not be accessible to Plaintiff under the Privacy Act because they are not contained in a system of records.

    3.    <u>Items 7 through 12</u>

The Agency has not yet given Plaintiff a final response to items 7 through 12 of the December 30 request. The Agency's FOIA office currently is reviewing records responsive to this request and expects to provide a response to Plaintiff before the scheduling conference. The Agency expects that a small number of documents (all or most of which Plaintiff already has received through other avenues or in response to other requests) will be released to Plaintiff, but that most of the documents will not be accessible to Plaintiff under the Privacy Act because they are not contained in a system of records, and/or will be withheld from disclosure under FOIA Exemptions 2, 3, 5, 6 or 7(A)[3].

---

[2] As discussed further below, the Agency is in the process of determining whether Exemption 7(A) continues to apply to the investigation at issue.

[3] Exemption 7(A) would continue to apply certain records sought under these items, regardless of whether the Agency decides to close its ongoing investigation by the Division of Enforcement, because the exemption applies to documents from an ongoing investigation by the Agency's Office of Inspector General.

B.   The March 21 Request (Complaint ¶40)

The Agency has contended that items 1 through 7, 9, and 11 of the March 21 request are exempt from disclosure under Exemption 7(A). The records sought are records or information that were compiled for purposes of a law enforcement investigation by the Agency, and production of these records could reasonably have been expected to interfere with enforcement proceedings. Disclosure of some of these records also could constitute an unwarranted invasion of personal privacy or may disclose investigative techniques or guidelines for law enforcement investigations.

The Agency currently is assessing, and expects to decide within the next few weeks, whether this investigation should be closed in full or in part. Based on the investigative record to date, the staff of the Agency's Division of Enforcement does not expect to recommend taking enforcement action. Agency officials need to review the record of the investigation to determine whether any additional testimony or documents need to be gathered before the investigation can be closed and decide whether disclosure of these records still could reasonably be expected to interfere with enforcement proceedings. If all or part of the investigation is closed, then Exemption 7(A) will no longer apply to some or all of the requested records, although other FOIA exemptions (namely, Exemptions 5, 7(C) or 7(E), or 8) may still apply. If and when the Agency closes the investigation, the Agency will ask the Court to remand the request covered by paragraph 40 of the Complaint to the Agency's FOIA office for further processing, including

processing of any Confidential Treatment Requests that may apply to documents that the FOIA office proposes to release.

                                  Respectfully submitted,

                                  MELINDA HARDY, D.C. Bar No. 431906
                                Assistant General Counsel

                                  _____/s/_____

                                  LAURA WALKER, D.C. Bar No. 445455
                                  Senior Counsel

                                  THOMAS J. KARR, D.C. Bar No. 426340
                                  Assistant General Counsel

                                  Securities and Exchange Commission
                                  100 F Street, N.E.
                                  Washington, D.C. 20549-9612
                                  (202)551-5180

Dated: October 6, 2006