UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY AGUIRRE<br><br>      Plaintiff,<br>v.<br><br>SECURITIES AND EXCHANGE<br>   COMMISSION,<br><br>      Defendant. | Case No. 1:02-cv-1260-ESH |

### DECLARATION OF SUSAN MARKEL

I, Susan Markel, declare as follows:

1. I am the Chief Accountant for the Commission's Division of Enforcement ("Division"). That position is a Senior Officer position. I have been the Chief Accountant since June 2003, and I have been employed by the Commission since May 1994.

2. In 2005, I coordinated the deliberations of the compensation committee for the Division. The compensation committee was composed of Senior Officers from the Division and under the Commission's Performance Management Process was responsible for comparing employee contributions and assessing the accomplishments of employees. The committee's process culminated in a recommendation to the Director of the Division as to the number of steps each employee should receive as merit pay. Employees could receive up to three steps as merit pay.

3. During the meeting of the compensation committee, the members of the compensation committee used a spreadsheet that listed all the non-supervisory employees in the Division, along with information about their supervisors, their position, their current grade and

step, and for recent employees the date they started employment at the Commission. Gary Aguirre is listed on that spreadsheet.

4. The spreadsheet included a column showing whether each employee's supervisor had provided a summary of the employee's contributions as well as columns showing the recommendations that each employee's immediate supervisor had made regarding the employee's contributions. For each employee, supervisors could say that the employee had (1) made contributions of the highest quality, (2) made contributions of high quality, (3) made contributions of quality, or (4) made no significant contribution beyond an acceptable level of performance.

5. The spreadsheet also shows the number of steps each employee received in 2004 and has columns for the recommendations of the compensation committee. For all but the final version of the spreadsheet approved by the Director of the Division, those columns reflect the deliberations of the compensation committee. The spreadsheet also contains statistics at the end that show how many employees received different numbers of steps, and that information could be broken down by supervisor. The statistics aided the committee's deliberations as it sought an appropriate distribution of steps.

6. After the compensation committee finished its deliberations, it made a recommendation to the Director of the Division regarding the merit steps each employee should receive. After the Director reviewed the spreadsheet and we made whatever adjustments were necessary following her review, we sent a final version of the spreadsheet to the Commission's Office of Human Resources.

7. After the compensation committee met, I obtained draft spreadsheets from some

2

committee members. I have nineteen copies of the spreadsheet (several of which are identical) in addition to the final spreadsheet sent to the Office of Human Resources. Some of the drafts do not have all the columns printed out, and the final version, in particular, omits information about supervisory recommendations. Also, some of the drafts have some rows highlighted to show employees that warranted some extra attention. Mr. Aguirre's name is not highlighted in any of the spreadsheets.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 8, 2007 in Washington, D.C.

_____
Susan Markel