UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY AGUIRRE,  )<br>  )<br>    Plaintiff,  )<br>  v.  )<br>  )<br>SECURITIES AND EXCHANGE  )<br>COMMISSION,  )<br>  )<br>    Defendant.  )  | Case No. 1:02-cv-1260-ESH |

## DECLARATION OF WILLIAM LENOX

I, William Lenox, declare as follows:

1. I am Ethics Counsel and Designated Agency Ethics Official in the Office of the General Counsel of the Securities and Exchange Commission ("Commission"). I work in the Commission's Washington, D.C. headquarters office. I have been employed in this capacity with the Commission since approximately April 2004. My principal responsibilities include drafting, commenting on, and implementing regulations concerning ethical conduct issues.

2. On January 31, 2006, I was contacted by the U.S. Office of Government Ethics ("OGE") concerning a Freedom of Information Act ("FOIA") request that had been made to OGE. In processing the request, OGE located records that originated with the Commission. OGE referred these records to my office for processing by the Commission.

3. The referred records include three documents. All three documents concern a Commission regulation titled, "Regulation Concerning Conduct of Members and Employees of the Securities and Exchange Commission." ("the Conduct Regulation"). **Document 1** is a

February 14, 2000 fax consisting of a one-page memo to Stuart Rick (OGE) from Audrey Bredhoff (SEC) with proposed revisions to the Conduct Regulation to address comments the Commission had previously received from Ricks and an 18-page revised draft version of the Conduct Regulation; **Document 2** is a February 28, 2000 fax consisting of a one-page memo to Stuart Rick (OGE) from Audrey Bredhoff (SEC) that outlines proposed revisions to the Conduct Regulation and a 17-page revised draft version of the Conduct Regulation; and **Document 3** is an April 14, 2000 fax titled "SEC 4-14-00 Revised Draft and Responses to OGE's 3/17/00 Comments." It consists of one cover page describing Commission comments and a 16-page "attached revised draft" of the Conduct Regulation.

4. All three documents concern draft revisions to the Conduct Regulation that were considered by the Commission and by OGE. Commission staff created the records at issue in advance of any decision to revise this rule. The documents reflect individual staff views on whether and how possible revisions to the Conduct Regulation should be formulated and contain staff comments and opinions. The documents thus reflect advice to the agency decisionmakers on possible changes to the Conduct Regulation. The documents do not reference Mr. Aguirre.

5. The proposed changes to the Conduct Regulation were not publicly disclosed, and no final decision on these changes has been made. To date, the changes to the Conduct Regulation continue to be contemplated and deliberated by the Commission, and these draft documents continue to be integral to those discussions.

6. Disclosure of the documents to the public would likely inhibit the staff's candor in making recommendations on draft documents and discussing comments and alternatives on rule changes.

7. This office also conducted a reasonable search for documents concerning the proposed

rulemaking, and has not located any additional documents responsive to Mr. Aguirre's request.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 8, 2007 in Washington, D.C.

_____
William Lenox