## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY AGUIRRE ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 1:02-cv-1260-ESH |
| ) | |
| SECURITIES AND EXCHANGE ) | |
| COMMISSION, ) | |
| ) | |
| Defendant. ) | |

## DECLARATION OF MELINDA HARDY

I, Melinda Hardy, declare as follows:

1.    I am an Assistant General Counsel in the Office of the General Counsel of the Securities and Exchange Commission ("Commission").  I have been employed in this capacity with the Commission since approximately December 1998.  I am one of the attorneys who is handling the above-captioned litigation for the Commission.

2.    Exhibit 1 hereto is a true and correct copy of a letter dated December 30, 2005 from Gary Aguirre, a former employee of the Commission, to the Commission's Office of Filings and Informational Services requesting documents from the Commission pursuant to the Freedom of Information Act ("FOIA") and the Privacy Act.

3.    Exhibit 2 hereto is a true and correct copy of a letter dated September 8, 2006 from Brenda Fuller, a FOIA/Privacy Act Branch Chief, to Aguirre.

4.    Exhibit 3 hereto is a true and correct copy of a letter dated February 16, 2006 from Brenda Fuller, a FOIA/Privacy Act Branch Chief, to Aguirre.

5.    Exhibit 4 hereto is a true and correct copy of a letter dated May 23, 2006 from

Richard Humes, Associate General Counsel in the Commission's Office of the General Counsel, to Aguirre.

6.      Exhibit 5 hereto is a true and correct copy of a letter dated October 11, 2006 from Brenda Fuller, a FOIA/Privacy Act Branch Chief, to Aguirre.

7.      Exhibit 6 hereto is a true and correct copy of a letter dated January 8, 2007 from Richard Humes, Associate General Counsel in the Commission's Office of the General Counsel, to Scott A. Hodes and Joanne Royce, counsel for Aguirre.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on January 8, 2007 in Washington, D.C.

_____
Melinda Hardy

# Exhibit 1

*Modified*
**SCANNED**
*06-00014 FOPA*

GARY J. AGUIRRE

**VIA EMAIL, FAX TO 703-914-1149 AND REGULAR MAIL**

December 30, 2005

Kenneth A. Fogash
Associate Executive Director
Office of Fillings and Informational Services
US Securities and Exchange Commission
Operations Center Mail Stop 0-5
6432 General Green Way
Alexandria, VA 22312-2413

Re: Request for Records Pursuant to the Freedom of Information Act and the Privacy Act

Dear Mr. Fogash:

This request is intended to supersede and replace my request for information pursuant to the Privacy Act as stated in my letter of December 27, 2005.

In accordance with the applicable provisions of the Freedom of Information Act and the Privacy Act, I hereby request access to and copies of the documents, records, and files relating to, concerning, or the subject of my applications for employment to the Securities and Exchange Commission ("SEC") during the period from May 2003 through July 2004, my employment by the SEC from September 7, 2004, through September 2, 2005, the SEC's decision to terminate my employment effective September 2, 2005, and my obligations during and after my employment regarding nonpublic information.

The records specified below are believed to be in the possession of the SEC's Division of Employment, Office of the General Counsel, Office of Equal Employment Opportunity, Office of Human Resources, Office of Information Technology, and the SEC staff and officials identified below.

Regarding the above subject, I am requesting that you include the following records:

1) The Commission's Compliance Manual as identified 29 CFR Section 1611.13(c);

2) All communications and any records of communications between and any employee of the SEC and any employee of the US Office of Government Ethics ("OGE") during 2005 relating to 17 CFR 200.735-3;

3) All communications and any records of communications between and any employee of the SEC and any employee of the OGE relating to SEC rules and regulations applicable to departing employees;

4) All records relating to any discussion, dispute, controversy or communications

between OGE and the SEC relating to the enforceability of CFR 200.735-3;

5) All records relating to relating to the Securities and Exchange Commissions rules and regulations applicable to departing employees;

6) All references to Gary J. Aguirre ("Aguirre") in whatever manner, including (but not limited to) "Gary Aguirre," "Aguirre," "Mr. Aguirre," "Gary," GJA," and "GA" in the electronic mail to or from the following officials and staff:

    a) Chairman Christopher Cox for the period from July 1, 2005, through the present;

    b) Commissioners Paul S. Atkins, Cynthia A. Glassman and Annette L. Nazareth for the period from June 1, 2005, though the present;

    c) Commissioner Roel C. Campos for the period from September 1, 2004, through the present;

    d) Stephen Cutler for the period from May 1, 2004, through the date of his departure from the SEC;

    e) Linda Thomsen for the period from May 1, 2004, through the present;

    f) Paul Berger for the period from May 1, 2004, through the present;

    g) David Kornblau for the period from May 1, 2003, through the date of his departure from the SEC;

    h) James Clarkson for the period from May 1, 2003, through the present;

    i) Richard Humes for the period from May 1, 2003, through the present;

    j) Deborah Balducchi for the period from May 1, 2003, through the present;

    k) Richard Grime from May 1, 2003, through the present;

    l) Charles Cain from August 1, 2004, through the present;

    m) Mark Kreitman for the period from May 1, 2003, through the present;

    n) Robert Hanson for the period from January 1, 2005, through the present;

    o) Kevin O'Rourke for the period from October , 2004, through the present;

    p) James Eichner for the period from May 1, 2005, through the present;

    q) Liban Jama for the period from May 1, 2005, through the present;

    r) Selecting officials and staff who participated in the decisions to reject Aguirre's applications for the openings identified in Attachment A;

    s) All staff of the Office of Human Resources who were assigned any responsibility for the job announcements identified in Attachment A;

7) All records relating to Aguirre's merit pay increase for the 2004 through 2005 evaluation period, including (but not limited to) electronic or hard copy documents to or from his supervisors, electronic or hard copy documents to or from the committee members who authorized Aguirre's merit pay increase, transmittal letters, memorandums, emails, notes of the compensation committee, and all other documents generated in implementing such merit pay increase;

8) All records containing information regarding Aguirre's evaluation or performance as an employee or the purported reasons for the termination of his employment including (but not limited to) employee performance files, personnel security

files, compensation review files, personnel discipline files, personnel termination files, or any other file;

9) All records including (but not limited to) employee performance files, personnel security files, compensation review files, personnel discipline files, personnel termination files, or any other file containing information regarding Aguirre's performance as an employee or the purported causes of his termination;

10) All written or electronic communications or record of any communications relating to Aguirre's merit pay increase for the 2004 through 2005 evaluation period to or from Christopher Cox, Linda Thomsen, Paul Berger, James Clarkson, Richard Humes, Deborah Balducchi, Mark Kreitman, Robert Hanson, Richard Grime, Charles Cain or any other SEC staff member of official;

11) All records relating to the SEC's termination of Aguirre's employment, including (but not limited) to electronic or hard copy documents to or from his supervisors, transmittal letters, memorandums, emails, notes or memorandums of any meeting during which such possibility was discussed, and all other documents generated in carrying out such termination;

12) All records relating to the SEC's termination of Aguirre's employment to or from Christopher Cox, Linda Thomsen, Paul Berger, James Clarkson, Richard Humes, Deborah Balducchi, Mark Kreitman, Robert Hanson, Richard Grime, and Charles Cain;

13) All records recording any statement taken by Delores Ruffin, a contractor retained by the SEC's Office of Equal Employment, from Aguirre, Christopher Cox, Linda Thomsen, Paul Berger, James Clarkson, Richard Humes, Deborah Balducchi, Mark Kreitman, Robert Hanson, Richard Grime, Charles Cain and any other person relating to Aguirre;

14) All records prepared or maintained by the SEC in connection with the EEO counseling of Aguirre between July 22, 2005 and the present, including any statement or any record of any statement from any SEC employee and Gary J. Aguirre;

15) The complete investigation file in the SEC-EEO No. 20-04-04;

16) All records indicating the identities of all persons to whom any offer of employment, conditional or otherwise, was made for any of the positions described in the vacancy announcements listed in Attachment A;

17) The employment applications, including (but not limited) Curriculum Vitae and the qualification ranking factors statement submitted by each person to whom an employment offer was made, conditional or otherwise, in relation to the positions described in the vacancy announcements listed in Attachment A;

3

18) All written or electronic communications or records of any communications between the Office of Human Resources and the selecting official in relation to any of the positions described in vacancy announcements listed in Attachment A;

19) All written or electronic communications or record of any communications between the selecting official and any other SEC staff person regarding the applicants for each position described in the vacancy announcements listed in Attachment A;

20) The best qualified list or similar list ranking the applicants for each position described in the vacancy announcements listed in attachment A;

21) The contract, including any amendments thereto, between Leigh van Zon ("van Zon") and the SEC regarding Ms. Van Zon's services relating to the EEO Complaint;

22) Any written or electronic communication or record of any communication between any SEC EEO staff member and van Zon relating to the subject matter of the SEC-EEO No. 20-04-04 from April 16, 2004, to the present;

23) Any written or electronic communication or record of any communication between any SEC staff member and van Zon relating to the subject matter of the SEC-EEO No. 20-04-04 from April 16, 2004, to the present;

24) Any record relating to the subject matter of the SEC-EEO No. 20-04-04 obtained from any person from April 16, 2004, to the present;

25) An index of all public records maintained by the EEO;

26) All written or electronic communications or record of any communications between any EEO employee or agent and any person relating to the subject matter of SEC-EEO No. 20-04-04 from April 16, 2004, to the present;

27) All written or electronic communications or record of any communications between any EEO employee or agent and any other SEC staff person relating to the subject matter of the SEC-EEO No. 20-04-04 from April 16, 2004, to the present.

28) All FOIA requests for information relating to Eastman Kodak Company during 2005;

29) Any written communication, or any record of any communication, between any employee of the SEC and any employee (including administrative judges and their staffs) of the Equal Employment Opportunity Commission , relating to *Gary J. Aguirre v. William H. Donaldson, Chairman Securities and Exchange Commission,* EEOC No. 100-2005000413X.

4

I will pay the reasonable research and duplication costs, but not to exceed $1000 without further authorization, for documents produced pursuant FOIA. I will pay all duplication costs, but not to exceed $1000 without further authorization, for documents produced pursuant to the Privacy Act.

Sincerely,


Gary J. Aguirre

**Simpson, Teresa**

| | |
|---|---|
| **From:** | Gary Aguirre [gjaguirre@cs.com] |
| **Sent:** | Thursday, January 12, 2006 9:56 AM |
| **To:** | Simpson, Teresa |
| **Cc:** | gjaguirre@cs.com |
| **Subject:** | Attachment A |

Ms. Simpson:

From our conversation this morning, I understand that the General Counsel's requested you to contact me for a copy of Attachment A to my request of December 30, 2005.

Please treat the Attachment A to this email as Attachment A to my request of December 30, 2005, pursuant to FOIA and the Privacy Act.

Your courtesy is appreciated.

Gary Aguirre

01/17/2006

| ANNOUN. NO. | LEVEL | PLACE OF EMPLOYMENT | CLOSING DATE |
|---|---|---|---|
| 03-118-DC | SK-16 | Washington | 5/16/03 |
| None | SK14 | San Francisco | 6/20/03 |
| 03-167-SF | SK-12-14 | Washington | 7/11/03 |
| 03-171-DC | SK14-16 | Los Angeles | 7/28/03 |
| 03-189-TR | SK-14 | New York | 8/11/03 |
| 03-194-MB | SK-14 | Washington | 8/22/03 |
| 03-195-DC | SK-14 | Washington | 9/03/03 |
| 03-206-DC | SK-16 | Washington | 9/08/03 |
| 03-208-DC | SK-14 | San Francisco | 9/04/03 |
| 03-228-DC Reposting | SK-16 | Los Angeles | Unknown |
| 03-245-TR | SK-14 | New York | Unknown |
| 03-251-DC | SK17 | Los Angeles | 11-07-03 |
| 03-256-TR | SK16 | New York | 11/20/03 |
| 03-268-DW | SK-16 | Chicago | Unknown |
| 03-323-DW | SK-16 | Chicago | Unknown |
| 04-027-DP | SK-16 | Washington | 02-20-04 |
| 04-069-DC | SK-16 | Washington | 4-16-04 |
| 04-076-DP | SK-14 | Washington | 3/29/04 |
| 04-077-MK | SK-17 | Miami | 4/5/04 |
| 04-88-MB | SK-16 | Washington | 3/31/04 |
| 03-268-DW | SK—16 | Chicago | 11/06/03 |
| 04-060-DP | SK-12-14 | Washington | 3/11/04 |
| Special App. | SK-14 | New York | 3/1/04 (submittal) |

| 04-083-DJ | SK-14 | Fort Worth | 3/29/04 |
| 04-128-MK | SK 16 | Miami | 6/4/04 |
| 04-148-DC | SK 14 | Washington | 6/28/04 |
| 04-154-DP Reposting | SK-12-14 | Washington | Unknown |

**Attachment A**

# Exhibit 2



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
STATION PLACE
100 F STREET, NE
WASHINGTON, DC 20549

**OFFICE OF FILINGS AND**
**INFORMATION SERVICES**

Mail Stop 5100                          September 8, 2006

Mr. Gary Aguirre
1528 Corcoran St, NW
Washington, DC 20549

     Re:   Freedom of Information Act (FOIA), 5 U.S.C. § 552
          Request No. 06-00014-FOPA

Dear Mr. Aguirre:

    Further reference is made to your December 30, 2005,
FOIA/Privacy Act request for certain records, listed as
Items 1 through 29, regarding your employment with the
Commission.

    According to our records, we responded to Item 1 and
Items 15-25 on January 26, 2006. A response was provided to
Item 28 on January 4, 2006.

    As to Items 2-5 and Items 26 and 27, we find these
items of your request to be duplicative of your prior FOIA
Request Nos. 06-2847-FOIA/06-00227-APP and 05-02695-FOIA/05-
00154-APP, which were responded to on February 16, 2006 and
December 2, 2005, respectively.  Please refer to those
letters for our responses.

    In response to Item 6, we find that your request is
voluminous and may warrant multi-track processing and
payment confirmation based on the following information.  In
order to partially process item 6 and retrieve & review the
e-mail records, our Office of Information Technology has
advised that 39 months of e-mails must be retrieved and
restored for 19 users.  The estimated cost of computer time
would be approximately $15,000 (at an actual cost of $385
per month).  Once e-mails have been restored, the FOIA staff
will begin review of those e-mails requiring a minimum of
800 hours at $28 per hour ($31,200).  The estimated cost is
in accordance with the Commission's enclosed fee schedule.

06-00014-FOPA, pg.2

The total cost of search and review is estimated to be
$46,200.  Please note that you will be charged fees even if
the data located is subsequently determined to be exempt
from release under the FOIA.

    You may want to consider narrowing the scope of your
request to fewer subjects or narrow the timeframe.  If you
would like to narrow the scope of your request please notify
me in writing and provide the revised parameters.  If you
would like staff to proceed with processing item 6, as
originally written, please provide a written confirmation
indicating your willingness to pay the estimated fees. Your
confirmation should also be directed to me.

    In response to Items 7 – 14 and Item 29, we have
interpreted these items to be overlapping.  According to our
research, some of these responsive documents have been
provided to you either from other Commission staff or
through prior FOIA requests.  Nevertheless, we can provide
you with the duplicative documents as well as any additional
non-exempt records identified.  We are currently in the
process of reviewing documentation gathered in response to
items 7 through 14 and 29, and will provide a final release
determination within the next 30 work days.


                    Sincerely,


                    Brenda L. Fuller
                    FOIA/Privacy Act Branch Chief



Enclosure:Fee Schedule



## U.S. Securities and Exchange Commission

## Schedule of Fees for Records Services
## (See 17 CFR 200.80(e))

### How To Order Documents

Members of the public can arrange to receive copies of materials maintained in the Public Reference Room by describing specific documents and authorizing charges in writing. Written requests must include name(s), date(s), and subject matter and a statement of willingness to pay copying and shipping charges. Address inquiries to: *Securities and Exchange Commission, Public Reference Room, MS 0102, 100 F Street NE, Washington, DC 20549-2521*; by email publicinfo@sec.gov or fax (202) 777-1027. All written requests for copying of documents granted under the Freedom of Information Act ("FOIA") should be directed to: Securities and Exchange Commission, FOIA Office, 100 F Street NE, Mail Stop 5100, Washington, DC 20549. The following rates have been established between a commercial contract copier and the Commission and apply to requests made through the Public Reference Room.

| Rates of Service: | Paper to Paper (per page) |
|---|---|
| Regular Service | $0.24 |
| Regular Service orders will be shipped within seven business days after the contractor receives the order, the material to be copied, and the customer's payment in advance. | |
| Priority Service | $0.36 |
| Priority Service orders will be shipped by the close of business of the normal work day following receipt of the order by the contractor, the material to be copied, and the customer's payment in advance. **Priority Service does not include FOIA requests.** | |

Please note that all paper facsimile copies of documents are reproduced on 8 1/2" x 11" pages, regardless of the size of the original.

### Payment Procedures for Contractor Copying and Delivery

Copying requests to the Public Reference Room must be in writing and must contain a statement of willingness to pay for services at the regular or priority rate plus postage or other applicable delivery costs. The contractor will provide an estimate of charges. Payment of these charges must be made in advance by acceptable credit card or check to the contractor, not to the Commission, before copying can be done. Copying of materials released pursuant to FOIA must be arranged through the FOIA Office.

### Charges for Commission Services

Copies of Commission documents that require locating, reviewing, and making available for inspection or copying are provided in accordance with

the following:

- First half hour: no fee

- Fees for each additional one-half hour or fraction thereof are charged according to grade level of the employee performing the above services and are subject to any applicable FOIA fee regulations:

  GS-11 or below - per half hour $ 8.00

  GS-12 or above - per half hour $14.00

- Attestation with Commission Seal: per Seal $4.00

## Payment Procedures for Commission Services

Payment for the above Commission services must be made by check or money order payable to "Securities and Exchange Commission." Address payments to:

> Securities and Exchange Commission
> Office of the Comptroller
> Mail Stop 0-3
> 6432 General Green Way
> Alexandria, VA 22312

## Public Reference Copying Facilities

In addition to the copying services described, the contractor maintains customer-operated copiers in SEC public reference facilities. These machines can be used to make immediate copies of materials available for inspection at posted rates. (Sales taxes, when applicable, are additional.)

## Public Reference Document and Subscription Services

The contractor offers additional paper reproduction services pursuant to the contract. Non-contract regulated paper copies and related SEC document research are offered through Thomson Research Services. Thomson Financial also offers Thomson Research a Web-based subscription product not regulated by the contract. Thomson Research features the most comprehensive collection of critical company information and analyst research reports from industry leading sources including: Disclosure Public Corporate Filings-The largest collection of scanned regulatory filings with over 3 million images going back 35 years, consisting of registration statements and prospectuses under the Securities Act of 1933, registration and listing applications under the Securities Exchange Act of 1934, annual reports to shareholders, definitive proxies and information statements, tender offers and acquisition reports, and filings on Forms 6-K, 8-K, 10-K, 10-Q, 20-F, and N-SAR, under the Securities Exchange Act of 1934 and the Investment Company Act of 1940. Subscriptions may be customized according to user requirements and specifications. The cost of subscription services varies according to the types of service and volume.

FOIA- Schedule of Fees for Records Services
Case 1:06-cv-01260-ESH   Document 14-7   Filed 01/08/2007   Page 17 of 34
Page 3 of 3

## Public Reference Magnetic and Video Tape Services

Contractor provided services include magnetic tape of insider information captured from SEC Forms 3, 4, and 5, previously provided by the National Archives and Records Administration (NARA), at the cost of $90.00 per tape.

The contractor supplying these services will supply information and price lists upon request. Please address requests for information and all orders for non-regulated services to: Thomson Research Services, 1455 Research Blvd., 3rd Floor, Rockville, MD 20850 (Telephone: toll free 1-800-638-8241), not to the Commission.

*http://www.sec.gov/foia/feesche.htm*

```
*************** -COMM. JOURNAL- ******************** DATE SEP-08-2006 ***** TIME 16:47 ********

         MODE = MEMORY TRANSMISSION              START=SEP-08 16:46   END=SEP-08 16:47

           FILE NO.=500

   STN    COMM.    ONE-TOUCH/    STATION NAME/EMAIL ADDRESS/TELEPHONE NO.    PAGES    DURATION
   NO.              ABBR NO.

   001    OK       ₅            2023280562                                  006/006  00:01:18


                                                    -SEC FOIA OFFICE          -

   ***** UF-8000 v2 ******************** -          - ***** -    202 772 9336- *********
```



### U.S. Securities and Exchange Commission

**Freedom of Information/Privacy Act Office**
Station Place
100 F Street, NE
Washington, DC 20549
Main: 202-551-8300
Fax: 202-772-9337(6)

# Fax

| | | | |
|---|---|---|---|
| To: Gary Aguirre | From: Brenda Frella | | |
| Fax: 202-328-0562 | Pages: 5 | | |
| Phone: 202-232-1803 | Date: Sep 8, 2006 | | |
| Re: | CC: | | |

☐ Urgent   ☐ For Review   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

● Comments:



**U.S. Securities and Exchange Commission**

**Freedom of Information/Privacy Act Office**
**Station Place**
**100 F Street, NE**
**Washington, DC 20549**
**Main: 202-551-8300**
**Fax: 202-772-9337(6)**

# Fax

| | | | |
|---|---|---|---|
| **To:** *Gary Aguirre* | | **From:** *Brenda Fuller* | |
| **Fax:** *202-328-0862* | | **Pages:** *3* | |
| **Phone:** *202-232-1803* | | **Date:** *Sep 8, 2006* | |
| **Re:** | | **CC:** | |

☐ **Urgent**     ☐ **For Review**     ☐ **Please Comment**     ☐ **Please Reply**     ☐ **Please Recycle**

● **Comments:**

# Exhibit 3



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
OPERATIONS CENTER
6432 GENERAL GREEN WAY
ALEXANDRIA, VA 22312-2413

*SCANNED*

OFFICE OF FILINGS AND
INFORMATION SERVICES

Mail Stop O-5                    February 16, 2006

Gary J. Aguirre
1528 Corcoran Street, NW
Washington, DC 20009

        RE:  Freedom of Information Act (FOIA), 5 U.S.C. § 552
             Request No. **06-02847-FOIA**

Dear Mr. Aguirre:

     This letter is in reference to your FOIA request sent to
the Office of Government Ethics (OGE) on January 31, 2006, and
forwarded to our office February 10, 2006, for certain informa-
tion listed as Items 1 through 4 of your request.  As you know,
OGE forwarded to our office for a release determination records
that originated from the Commission.

     We completed our review of the records, and have determined
to withhold 54 pages in their entirety that are deliberative and
pre-decisional in nature and as such are exempt from disclosure
under the Exemption 5.  The FOIA at 5 U.S.C. § 552(b)(5), 17 CFR
§ 200.80(b)(5) permits agencies to invoke the deliberative
process privilege which serves to prevent injury to the quality
of agency decisions as well as the decision making process.

     You have the right to appeal this decision to our General
Counsel under 5 U.S.C. § 552(a)(6), 17 CFR § 200.80(d)(5) and
(6).  Your appeal must be in writing, clearly marked "Freedom of
Information Act Appeal," and should identify the requested
records.  The appeal may include facts and authorities you
consider appropriate.

     Send your appeal to the FOIA/Privacy Act Office, Securities
and Exchange Commission, Operations Center, 6432 General Green
Way, Mail Stop O-5, Alexandria, VA 22312-2413, or deliver it to

Gary J. Aguirre
February 16, 2006
Page 2


Room 1418 at that address.  Also, send a copy to our General
Counsel, Securities and Exchange Commission, 100 F Street, NE,
Washington, DC 20549, or deliver it to Room 1120 at that
address.

    If you have any questions, please call Teresa D. Simpson of
my staff at (202) 551-8322.

                             Sincerely,
                             FOIA/Privacy Act Officer


By:    *Brenda L. Fuller*
                   Brenda L. Fuller
                   FOIA/Privacy Act Branch Chief

Exhibit 4



*CA*

**UNITED STATES**
## SECURITIES AND EXCHANGE COMMISSION
**WASHINGTON, D.C.  20549**

OFFICE OF THE
GENERAL COUNSEL

# FILE

Stop 9612                                                     May 23, 2006

# SCANNED

RECEIVED
2006 JUN -2 A 6: 24
SEC FOIA/PA BRANCH

Gary J. Aguirre
1528 Corcoran Street
Washington, D.C. 20009


Re      Freedom of Information Act (FOIA) Request No. 2006-2847 as referred by the
        Office of Government Ethics

        *(06-60227-Appl)*

Dear Mr. Aguirre:

        I am responding to your April 5, 2006, Freedom of Information Act appeal of the
decision of the FOIA/Privacy Act Officer, Securities and Exchange Commission, denying access
to certain records related to 17 CFR 200.735-3. On February 16, 2006, the FOIA Officer
withheld those records under Exemption 5, 5 U.S.C. 552(b)(5), 17 CFR 200.80(b)(5).[1] I have
considered your appeal and concur with the FOIA Officer's determination.

        On December 27, 2005, you asked the U.S. Office of Government Ethics ("OGE") for
records "relating to 17 CFR 200.35-3 created from January 1, 2000 to the present," among other
records. OGE identified approximately 54 pages of records (the "SEC-originated records")
which had originated with the Commission. OGE also informed you that those SEC-originated
record were referred to the Commission "for its direct FOIA response to you." The FOIA
Officer asserted FOIA Exemption 5 to withhold the SEC-originated records.

        I have reviewed the SEC-originated records which consist of staff memoranda, staff
proposed changes to a rule, OGE comments on the proposed changes, drafts incorporating or
addressing those comments, among other materials. The FOIA Officer found that the
deliberative process privilege embodied in Exemption 5 protects these records. Under this

---

        [1]Exemption 5 permits an agency to withhold "inter-agency or intra-agency
memorandums or letters which would not be available by law to a party  . . . in litigation with
the agency." 5 U.S.C. 552(b)(5), 17 CFR 200.80(b)(5); *see also NLRB v. Sears Roebuck & Co.*,
421 U.S. 132, 149 (1975) (reasonable to construe Exemption 5 to protect those documents that
are privileged in the context of civil discovery).

Gary J. Aguirre
May 23, 2006
Page 2

exemption, intra-agency and inter-agency memoranda that reflect deliberations amongst agency personnel may be withheld from public disclosure. Such deliberative materials are protected from public release so that agency staff may freely engage in the candid, frank and open interchange of ideas critical to decisionmaking as well as preventing confusion in the public as to the basis for a decision. *See, e.g., City of Virginia Beach v. Dept. of Commerce*, 995 F. 2d 1247, 1252-53 (4th Cir. 1993).

To be protected under the deliberative process privilege, a document must be either "inter-agency or intra-agency" in nature, predecisional and deliberative. *See, e.g., Wolfe v. Dept. of Health and Human Services*, 839 F.2d 768, 774 (D.C. Cir. 1988). I find that the threshold requirement of Exemption 5 is met as the documents constitute "inter-agency or intra-agency memorandums" that Commission staff prepared to suggest possible changes to a Commission rule and to solicit comments by OGE staff.

The second consideration under Exemption 5 is whether the information sought is predecisional and deliberative. *Access Reports v. Dept. of Justice*, 926 F.2d 1192, 1194 (D.C. 1991). A predecisional document is one designed to assist agency decision makers in arriving at their decisions and which contains the opinions of the writer rather than the policy of the agency. *Formaldehyde Institute v. HHS*, 889 F.2d 1118, 1120 (D.C. Cir. 1989) (material is predecisional when it is part of the process leading to a final decision on an issue). In demonstrating the predecisional aspect, it suffices to establish "what deliberative process is involved, and the role played by the documents in issue in the course of that process." *Coastal States Gas Corp. v. Dept. of Energy*, 617 F.2d 854, 868 (D.C. Cir. 1980). An agency must also show that the document makes recommendations or expresses opinions on matters facing the agency. *Mapother v. Dept. of Justice*, 3 F.3d 1533, 1537 (D.C. Cir. 1993). Exemption 5 generally covers drafts, recommendations, proposals, suggestions, discussions and other subjective documents that reflect the consultative process. *Coastal States*, 617 F.2d at 866.

Commission staff created the records at issue in advance of any decision to revise this rule. The SEC-originated records comprise efforts by Commission staff to suggest revisions to a Commission rule which did not come to fruition. Moreover, these records describe staff assumptions and opinions, activities and evaluations regarding the merits of such rule change. The records reflect individual views on whether and how possible revisions to this rule should be formulated and contain the writer's comments and opinions. Staff also solicited OGE staff's view and comments on those proposed revisions. Thus, these materials comprise predecisional deliberative information, the disclosure of which would comprise the Commission's decision-making and consultative processes.

You have the right to seek judicial review of my determination by filing a complaint in the United States District Court for the District of Columbia or in the district where you reside or have your principal place of business. *See* 5 U.S.C. 552(a)(4)(B). If you have any questions

Gary J. Aguirre
May 23, 2006
Page 3


regarding my determination, please call Celia Jacoby, Senior Counsel, at 202-551-5158.

For the Commission
by delegated authority,

Richard M. Humes
Associate General Counsel

# Exhibit 5



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
STATION PLACE
100 F STREET, NE
WASHINGTON, DC 20549

**OFFICE OF FILINGS AND**
**INFORMATION SERVICES**

BY MAIL, E-MAIL, AND FACSIMILE: (202) 328-0562

Mail Stop 5100                    October 11, 2006

Mr. Gary Aguirre
1528 Corcoran St., NW
Washington, DC  20009

        RE:  Freedom of Information Act (FOIA), 5 U.S.C. § 552
             Privacy Act (PA), 5 U.S.C. § 552a
             Request No. 06-00014-FOPA

Dear Mr. Aguirre:

    This letter further responds to your December 30, 2005
request, as cited above.

    By electronic mail dated October 5, 2006, you informed
Mrs. Felecia Taylor of the FOIA staff that you were in the
process of working out an agreement with our General
Counsel's Office regarding item 6 of your request.
Therefore, we will suspend work on that until you have
reached an agreement.  Regarding item 29, we will not
produce the Commission's summary judgment motion, marked
exhibits in relation to that motion, the proposed order of
other documents that were provided to you as part of the
summary judgment motion.  If we identify any other items
responsive to this portion of your request, they will be
reviewed under the FOIA.

    We have completed our consultation with other
Commission staff and our review of the responsive records
concerning items 7-14 and 29.  Access is granted to records
that may be responsive to your request, except for records
generated by the Office of Inspector General, staff
handwritten notes, deliberative intra-agency memoranda,

Mr. Gary Aguirre
October 11, 2006
Page Two

deliberative internal electronic mails, employees names,
and Compensation Committee spreadsheets, exempt from
disclosure under the Privacy Act, 5 U.S.C. § 552(j)(2) and
(k)(2), 17 CFR § 200.312(a)(1) and (b)(1), and/or one of
more of the following FOIA Exemptions 2, 3, 5, and 6, 17
CFR § 200.80(b)(2), (3), (5), and (6), for the reasons
discussed below.

   The Inspector General records are among certain
investigatory records which are categorically exempt from
release under the PA, 5 U.S.C. § 552a(j)(2) and (k)(2), 17
CFR § 200.312(a)(1) and (b)(1), which specifically protects
from disclosure records maintained by the Office of
Inspector General which contain information pertaining to
criminal law enforcement investigations and investigative
material compiled for law enforcement purposes.

   The records obtained from the Inspector General's
Office are specifically exempt under Section 7(b) of the
Inspector General Act of 1978, as amended.  As such, they
are also exempted from disclosure by statute within FOIA
Exemption 3.

   By contrast, nonpublic investigatory records may be
accessible under the FOIA, 5 U.S.C. § 552.  Therefore, we
have considered your request under the FOIA, as required by
5 U.S.C. 552a(b)(2).  These Inspector General records are
also exempt from disclosure under 5 U.S.C. § 552(b)(7)(A),
17 CFR § 200.80(b)(7)(i).  This exemption protects from
disclosure records compiled for law enforcement purposes,
the release of which could reasonably be expected to
interfere with enforcement activities.  Since Exemption
7(A) protects the records from disclosure, we have not
determined if other exemptions apply.  Therefore, we
reserve the right to assert other exemptions which may
apply.

Mr. Gary Aguirre
October 11, 2006
Page Three

The deliberative internal electronic mails, staff handwritten notes, and deliberative intra-agency memorandum are an integral part of the predecisional deliberative process, and some contain advice given to the Commission or senior staff, by its attorneys. Therefore, they are protected from disclosure by the deliberative process and/or attorney-client privileges embodied in FOIA Exemption 5.

We are also withholding employees names contained in the Compensation Committee spreadsheets, under Exemption 6. Release of this information would constitute a clearly unwarranted invasion of personal privacy.

Please contact Mrs. Taylor of my staff by telephone at (202) 551-8349 or by e-mail at taylorf@sec.gov, to arrange for duplication of the releasable material.

With respect to the withheld information, approximately 615 pages, (excluding the Office of the Inspector General records), you have the right to appeal our decision to our General Counsel under 5 U.S.C. § 552(a)(6), 17 CFR § 200.80(d)(5) and (6). Your appeal must be in writing, clearly marked "Freedom of Information Act Appeal," and should identify the requested records. The appeal may include facts and authorities you consider appropriate.

Send your appeal to the FOIA/Privacy Act Office of the Securities and Exchange Commission located at Station Place, 100 F Street NE, Mail Stop 5100, Washington, D.C. 20549, or deliver it to Room 1120 at that address. Also, send a copy to the SEC Office of the General Counsel, Mail Stop 9612, or deliver it to Room 1120 at the Station Place address.

Mr. Gary Aguirre
October 11, 2006
Page Four

        Thank you for your authorization of October 5, 2006 for
continued processing of your FOIA request.  As advised, you
have already incurred $1,000 in search and review fees.  We
will continue our review with any records deemed to be
responsive to the remaining item 6, and will notify you of
the final cost not to exceed the additional $1,500 in search
and review fees authorized.  An invoice for all search,
review, and copying fees will accompany our final response
to your December 30 request.

        In the interim, if you have any questions, please
contact Mrs. Taylor.

                        Sincerely,
                        FOIA/Privacy Act Officer


                        Brenda L. Fuller
                by:     Brenda L. Fuller
                        FOIA/Privacy Act Branch Chief

cc:  Scott A. Hodes, Esq.
     P.O. Box 42002
     Washington, DC  20015

     Joanne Royce
     Government Accountability Project
     1612 K Street, NW, Suite 1100
     Washington, DC  20006

# Exhibit 6



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C. 20549

OFFICE OF THE
GENERAL COUNSEL

January 8, 2007

Scott A. Hodes, Esq.
P.O. Box 42002
Washington, D.C. 20015

Joanne Royce, Esq.
Government Accountability Project
1612 K Street, N.W., Suite 1100
Washington, D.C. 20006

Re:    Freedom of Information Act Request No. 06-00014-FOPA;
       *Aguirre v. SEC*, No. 1:06-cv-01260-ESH (D.D.C.)

Dear Mr. Hodes and Ms. Royce:

I have reviewed the FOIA Office's October 11, 2006 decision, in response to the above-referenced FOIA request, to withhold "records generated by the Office of Inspector General, staff handwritten notes, deliberative intra-agency memoranda, deliberative internal electronic mails, employees names, and Compensation Committee spreadsheets." I have decided, for the reasons discussed below, to make a discretionary release of all of the documents except the compensation committee spreadsheets and the documents from the Office of Inspector General's ongoing investigation.

Although I have no reason to believe the decisions of the FOIA Office were incorrect at the time they were made, circumstances have now changed. Because Commission staff, including Mr. Aguirre's supervisors identified below, discussed their deliberations and their actions with respect to Mr. Aguirre at the December 5, 2006 hearing before the Senate Committee on the Judiciary, the staff does not have a continuing need to keep confidential its predecisional deliberations regarding the termination of Mr. Aguirre's employment. The documents that are now being disclosed will be redacted to withhold names, e-mail addresses, phone numbers, street addresses, and social security numbers of Commission staff and of third parties. However, the following persons' names will not be redacted as they appeared at the December 5, 2006 Senate Committee hearing:  Linda Thomsen, Paul Berger, Mark Kreitman, Robert Hanson, and John Mack.  The Commission is withholding the names and identifying information about third parties under Exemption 6 of the FOIA, 5 U.S.C. 552(b)(6).  Reliance on Exemption 6 is appropriate to protect privacy interests of these third parties because there has been significant media interest in Mr. Aguirre's claims regarding the termination of his employment, and disclosure of the names and identifying information in the documents the Commission is now releasing would subject individuals named in the documents to unwanted

Mr. Hodes and Ms. Royce
January 8, 2007
Page 2

and distracting inquiries from the media and anyone else who may be interested in Mr. Aguirre's employment at the Commission. Also, the Commission does not have an obligation to release the names and identifying information under the Privacy Act because the documents were not maintained in a system of records, and the Privacy Act does not require release of personal information concerning other Commission employees. 5 U.S.C. 552a(d).

The Commission is continuing to withhold various provisional versions of the compensation committee spreadsheets under Exemptions 5 and 6 of the FOIA, 5 U.S.C. 552(b)(5), (6). However, the Commission will release the columns of the final version of the spreadsheet that provide the final decision regarding the number of merit steps each employee would receive. Mr. Aguirre does not have a right to the spreadsheets under the Privacy Act because they were not maintained in a system of records, do not pertain to Mr. Aguirre within the meaning of the Act, and contain personal information concerning other Commission employees that is not required to be disclosed under the Act. 5 U.S.C. 552a(d).

Although the Commission is disclosing documents from the OIG's initial investigation of Mr. Aguirre's claims conducted in 2005, the Commission is continuing to withhold the documents generated in the ongoing OIG investigation under Exemption 7(A) of the FOIA, 5 U.S.C. 552(b)(7)(A). Also, Mr. Aguirre does not have a right to those documents under the Privacy Act because they do not pertain to him within the meaning of the Act and, even if they did pertain to him, they are exempt from disclosure. *See* 5 U.S.C. 552a(d), (k)(2); 17 C.F.R. 200.313(b)(1).

If you have any questions regarding my determination, please call me at 202-551-5140.

For the Commission
    by delegated authority,

Richard M. Humes
Associate General Counsel