UNITED STATES DISTRICT COURT
FOR THE DISTICT OF COLUMBIA

| | | |
|---|---|---|
| | ) | |
| Gary Aguirre, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.:  06-1260 (ESH) |
| | ) | |
| Securities and Exchange | ) | |
| Commission, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**DEFENDANT'S STATUS REPORT AND PROPOSED BRIEFING SCHEDULE**

Pursuant to the Court's July 16, 2007 Order requiring the parties to submit a new briefing schedule, the parties have agreed on the following deadlines:

Sept. 28, 2007          SEC summary judgment brief and Vaughn index

Nov. 2, 2007            Aguirre's summary judgment brief and opposition

Nov. 27, 2007           SEC opposition and reply

Dec. 11, 2007           Aguirre reply

The parties have not be able to agree on the scope of the summary judgment briefs.  The Securities and Exchange Commission ("Commission") proposes that the summary judgment briefs address all the issues raised by Mr. Aguirre's complaint with the exception of whether the Commission has properly withheld documents subject to confidential treatment claims where the Commission is still processing those confidential treatment claims.  At this time, the Commission is still processing confidential treatment claims as to nine transcripts and one e-mail.  Some of the confidential treatment

requesters have told the Commission's FOIA Office that they will appeal any adverse

final decision and will also bring court actions under the Administrative Procedures Act.

For documents subject to confidential treatment requests, summary judgment

briefing should not occur until the Commission issues a decision on any administrative

appeal.  Waiting for a decision on the administrative appeal serves two purposes.  First,

until the Commission has decided what documents or portions of documents are exempt,

it cannot present its position in court.  This is not a circumstance in which the

Commission can quickly or easily determine its position because it must depend on the

substantiations provided by the persons seeking confidential treatment.  Moreover,

hundreds of pages of transcripts are at issue, and both the confidential treatment

requesters and the Commission must conduct a line-by-line review of each transcript.

The requesters have sought to have material on virtually every page of each transcript

withheld.[1]

The Commission's process for resolving confidential treatment disputes provides

for a preliminary decision by the FOIA Office, a final decision by the FOIA Office, and a

decision on an appeal to the Office of the General Counsel.  *See* 17 C.F.R. 200.83(d), (e)

(describing process for substantiating a confidential treatment request and appealing from

an adverse decision).  That process is time-consuming, but is important as the

Commission and the confidential treatment requesters need to exchange their positions so

that the confidential treatment requesters can understand and provide the type of

substantiation the Commission requires.  The FOIA Office has now issued preliminary

---

[1] The confidential treatment requesters have asked the Commission to withhold the entire
transcripts, but the Commission's preliminary decisions deny that request, making a
detailed review of each transcript necessary.

decisions on all of the confidential treatment requests and has issued final decisions

regarding two transcripts. Thus, we believe that the administrative process (including

appeals) is likely to be complete before the end of 2007.

The second reason for waiting for the completion of the administrative process is

that until it is done and the confidential treatment requesters have sought any judicial

relief they may seek, it will be difficult to establish a reasonable process for resolving the

conflicts among Aguirre, the confidential treatment requesters, and the Commission. We

do not know in what court the confidential treatment requesters may seek relief,[2] and

what specific claims they will make in court. Once they bring those claims, we can work

to establish what court needs to address what issues, in what order, and under what

standard of review.[3]

Mr. Aguirre has suggested that even if the SEC does not seek summary judgment

with respect to documents for which confidential treatment is being sought, he will seek

summary judgment regarding those documents. Such an approach will not advance the

litigation. The Commission cannot disclose the documents while it is processing the

confidential treatment requests, so Mr. Aguirre has no valid claim that the SEC has

improperly withheld any of the documents. *See GTE Sylvania, Inc. v. Consumers Union

of the U.S., Inc.*, 445 U.S. 375 (1980) (agency did not improperly withhold documents

when a district court order barred release of the documents to a FOIA requester); *Peter*

---

[2]   The APA provides generally, "The form of proceeding for judicial review is the
special statutory review proceeding relevant to the subject matter in a court specified by
statute or, in the absence or inadequacy thereof, any applicable form of legal action . . . in
a court of competent jurisdiction." 5 U.S.C. 703.

[3]   The FOIA provides for de novo review of agency decisions, 5 U.S.C. 552(a)(4)(B), but
decisions regarding confidential treatment are reviewed under the APA's arbitrary and
capricious standard. *Tripp v. Dep't of Defense*, 193 F. Supp. 2d 229, 238 (D.D.C. 2002).

*Hand Brewing Co. v. SEC*, No. 81-1991, 2 GDS ¶ 82,205 (D.D.C. Feb. 26, 1982)

(dismissing FOIA case because SEC could not release documents pending determination

in related reverse FOIA case) (Exhibit 1 hereto).[4]

Respectfully Submitted,


_____/s/_____
Melinda Hardy, D.C. Bar No. 431906
Assistant General Counsel

Laura Walker, D.C. Bar No. 445455
Senior Counsel

Noelle Frangipane
Senior Counsel

Securities and Exchange Commission
100 F St., N.E.
Washington, D.C. 20549-9612
(202) 551-5140

---

[4]   The related case is *Jos. Schlitz Brewing Co. v. SEC*, 548 F. Supp. 6 (D.D.C. 1982).