# Exhibit 1

(*Peter Hand Brewing Co. v. SEC*, No. 81-1991 (D.D.C. Feb. 26, 1982))

4-13-82

Floramo v. U.S. Parole Comm.
Cite as: 2 GDS ¶82,205

82,595

Because the Court is persuaded that the salient factor scores are part of investigatory files compiled for law enforcement purposes and, that release of these scores would involve an unwarranted invasion of personal privacy, summary judgment is appropriate for the defendant.[1] The Parole Commission's records are compiled for law enforcement purposes and serve important law enforcement objectives. Sadowski Affidavit, ¶ 3. In applying exemption (b)(7)(C) to these records, the Court must weigh the privacy interest against any public interest in disclosure. Fund for Constitutional Government v. National Archives & Records Service, 656 F.2d 856, 862-63 (D.C. Cir. 1981); Common Cause v. National Archives & Records Service, 628 F.2d 179, 182-83 (D.C. Cir. 1980); see Department of Air Force v. Rose, 425 U.S. 352, 361 (1976); Getman v. NLRB, 450 F.2d 670, 674 (D.C. Cir. 1971). This balancing depends on the particular facts and circumstances of the individual case. See Fund for Constitutional Government, supra, 656 F.2d at 866.

In this case, the Court can see no public interest to be served by releasing the salient factor scores of other prisoners to this plaintiff.[2] On the other hand, there is a very direct privacy interest implicated in the salient factor scores since they can reveal such personal details as drug dependency and employment or school history. See Rural Housing Alliance v. U.S. Dep't of Agriculture, 498 F.2d 73, 77 (D.C. Cir. 1974). Moreover, these personal factors are not segregable from the offense severity factor, which might otherwise be disclosable, because the two kinds of factors go together into a single score. Sadowski Affidavit, ¶ 3. Similar reasoning justifies withholding of the parole guideline range used to compute salient factor scores.

CONCLUSION

The plaintiff has received all of the information to which he is entitled under FOIA. Consequently, the Court grants summary judgment for the defendant.

Order

Upon consideration of defendant's motion for summary judgment, the affidavits in support thereof, and the entire record herein, and for the reasons stated in the accompanying memorandum, it is by the Court this 22nd day of January, 1982,

ORDERED that defendant's motion for summary judgment be, and hereby is, granted; and it is further

ORDERED that judgment be entered for defendant and against plaintiff in this case.

---

**182,206**

PETER HAND BREWING CO. v. SECURITIES AND EXCHANGE COMMISSION (D.D.C. 1982) CA 81-1991, 2-25-82, filed 2-26-82.

Requester's FOIA action dismissed since SEC hadn't improperly withheld [¶200,001-4(B)] from requester SEC's file on target company because government had to wait for determination in second case involving target company [¶182,203] [See also ¶10,052].

PENN, D.J.:

Order

The plaintiff filed this case pursuant to the Freedom of Information Act (FOIA), 5 USC §552. The matter now comes before the Court on defendants' motion to dismiss the complaint. After giving careful consideration to the motion and the opposition thereto, the Court concludes that the motion should be granted. The Commission has not "improperly withheld" from plaintiff the Commission's file on Schlitz Brewing Company because the SEC was unable to release the requested documents pending a determination in Jos. Schlitz Brewing Co. v. SEC, Civil No. 81-1491 (D.D.C.). See GTE Sylvania, Inc. v Consumers Union, 100 S.Ct. 1194, 1200 (1980); Kissinger v Reporters' Committee for Freedom of the Press, 100 SC 960,

---

[Footnote ¶82,205] 1. Consequently, the Court need not address the applicability of exemption (b)(6). In passing, it should be noted that one of the factors involved in salient factor scores is a defendant's drug use, an element that might make these files "similar files" under 5 USC §552b(6). Cf. Rural Housing Alliance v U.S. Dep't of Agriculture, 498 F.2d 73, 77 (D.C. Cir. 1974) (exemption 6 applies to files containing information such as marital status, alcohol consumption, or reputation). See also Wine Hobby U.S.A. v United States Internal Revenue Service, 502 F.2d 133, 137 (3d Cir. 1974).

2. This is even more evident with regard to the eight prisoners whose names appear by coincidence on the list with one of Floramo's codefendants. Indeed, information about these persons is outside the scope of Floramo's FOIA request since these persons have no relationship to the review of Floramo's eligibility for parole. Thus, the privacy interests of these individuals clearly outweighs the interest in disclosure of information about them. See Owens v U.S. Attorney General, C.A. No. 80-2428, Mem. at 3-4 (D.D.C. July 31, 1981). Similar considerations

968-969(1980). The Jos. Schlitz case has now been dismissed.

In view of the above, it is hereby ORDERED, that defendant's motion to dismiss is granted, and it is further ORDERED that this case is dismissed.

## ¶82,207

**John B. DOYLE, Jr. v Phyllis S. WILSON**, Administrator, Deborah Salter, Chief Clerk, and Officer Conrad of the New Castle Police Department (D Del. 1982) Civ. Act. No. 81-145, 1-19-82.

State's practice of requiring disclosure of Social Security numbers for purpose of securing refund of motor vehicle fine violated Section 7 of the Privacy Act since: (1) government didn't show that mandatory disclosure was incident to administration of state's motor vehicle law or that disclosure was required under a statute adopted prior to effective date of Privacy Act; (2) individual wasn't informed that disclosure was mandatory pursuant to state procedure and that number would be used only for identification purposes.

John B. Doyle, Jr., pro se.

Malcolm S. Cobin, Deputy Attorney General, Wilmington, Delaware, for defendants, Phyllis S. Wilson and Deborah Salter; Jonathan B. Taylor, New Castle County Department of Law, Wilmington, Delaware, for defendant, Officer Kenneth Conrad.

### Opinion

LATCHUM, Chief Judge:

In this §1983 suit, plaintiff, John B. Doyle, Jr., has filed a two-count complaint seeking compensatory and punitive damages from two employees of the Justice of the Peace Court and a New Castle County Police Officer for alleged deprivation of his constitutional rights, arising from two separate incidents. In addition, plaintiff asks this Court to enjoin the police officer and any other employees of the police department from further unspecified harassment and from causing him additional damages. Plaintiff's claims were tried to the Court on December 8, 1981. This opinion represents the Court's findings of fact and conclusions of law pursuant to Rule 52(a), F.R.Civ.P.

1. *Social Security Number Claim*

On October 20, 1980, Doyle was issued a summons by a New Castle County police officer for failure to remain stopped at a

$19.50. Doyle paid the sum, but appealed the conviction to Superior Court. On March 17, 1981, the Deputy Attorney General filed a notice of nolle prosequi with the Superior Court citing insufficient evidence as the basis for the dismissal of the appeal.

Thereafter, Doyle sent his wife to Justice of the Peace Court No. 11 to obtain a refund of the $19.50 which Doyle had previously paid. Mrs. Doyle was advised by Deborah Salter, Chief Clerk of the Court, that because over 30 days had passed since the fine had been paid, a cash refund could not be given and it would be necessary to request the State Treasurer to issue a check to Doyle. For this purpose, the clerk's office would submit a routine voucher to the State Treasurer's office containing Doyle's name, address, phone number and social security number for identification purposes, and information pertinent to the court proceeding and the subsequent nolle prosequi. Salter requested Mrs. Doyle to have her husband contact the clerk's office directly to prepare the necessary papers.

Doyle subsequently telephoned Salter, but refused to reveal his social security number. When Salter asked Doyle the reason for his refusal, Doyle replied that it was "none of her business" and that it was "a private matter." On March 30, 1981, Salter duly submitted the refund voucher without Doyle's social security number. One day later, Salter received a memorandum from Phyllis Wilson, a secretary in the Administrative Office of the Justice of the Peace Court, through which the voucher had been routed, advising her that the State Treasurer's Office would not accept the voucher without the recipient's social security number. A copy of this memorandum was transmitted to Doyle.

Doyle filed this suit on April 4, 1981, alleging that his right to privacy had been infringed by the Justice of the Peace Court's refusal to refund the $19.50 without disclosure of his social security number. (Docket Item ["D.I."] 1) The complaint, as originally filed, sought compensatory and punitive damages from, and an award of costs and attorney's fees against, the State of Delaware, and an order enjoining the Police Department of New Castle County from any further harassment of Doyle. On June 22, 1981, this Court dismissed plaintiff's complaint on grounds of sovereign immunity, inadequate factual basis for jurisdiction, lack of per-