## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GARY AGUIRRE ) 
                             )
           Plaintiff, )
v. )     Case No.  1:02-cv-1260-ESH
                             )
SECURITIES AND EXCHANGE )
COMMISSION, )
                             )
           Defendant. )

## SECOND DECLARATION OF MELINDA HARDY

I, Melinda Hardy, declare as follows:

1.      I am an Assistant General Counsel in the Office of the General Counsel of the Securities and Exchange Commission ("Commission"). I have been employed in this capacity with the Commission since approximately December 1998. I am one of the attorneys who is handling the above-captioned litigation for the Commission. I am also one of the attorneys who has handled the production to the Senate of documents relating to the Commission's investigation of Pequot Capital Management and the termination of Gary Aguirre's employment with the Commission.

2.      Exhibit 1 hereto is a true and correct copy of a letter dated December 30, 2005 from Gary Aguirre to the Commission's Office of Filings and Informational Services requesting documents from the Commission pursuant to the Freedom of Information Act ("FOIA") and the Privacy Act.

3.      Exhibit 2 hereto is a true and correct copy of a letter dated March 21, 2006 from Gary Aguirre to the Commission's FOIA/Privacy Act Office requesting documents from the

Commission pursuant to the FOIA and the Privacy Act.

4.      Exhibit 3 hereto is a true and correct copy of a letter dated March 29, 2006 from Brenda Fuller, FOIA/Privacy Act Branch Chief, to Gary Aguirre.

5.      Exhibit 4 hereto is a true and correct copy of a letter dated May 23, 2006 from Richard M. Humes, Associate General Counsel in the Commission's Office of the General Counsel, to Gary Aguirre.

6.      Exhibit 5 hereto is a true and correct copy of a letter dated September 8, 2006 from Brenda Fuller, FOIA/Privacy Act Branch Chief, to Gary Aguirre.

7.      Exhibit 6 hereto is a true and correct copy of a letter dated February 16, 2006 from Brenda Fuller, FOIA/Privacy Act Branch Chief, to Gary Aguirre.

8.      Exhibit 7 hereto is a true and correct copy of a letter dated May 23, 2006 from Richard Humes, Associate General Counsel in the Commission's Office of the General Counsel, to Gary Aguirre.

9.      Exhibit 8 hereto is a true and correct copy of a letter dated April 24, 2006 from Teresa D. Simpson, Legal Research Specialist in the FOIA/Privacy Act Office, to Gary Aguirre.

10.     Exhibit 9 hereto is a true and correct copy of a letter dated October 11, 2006 from Brenda Fuller, FOIA/Privacy Act Branch Chief, to Gary Aguirre.

11.     Exhibit 10 hereto is a true and correct copy of a letter dated January 8, 2007 from Richard Humes, Associate General Counsel in the Commission's Office of the General Counsel, to Scott A. Hodes and Joanne Royce, counsel for Gary Aguirre.

12.     Exhibit 11 hereto is a true and correct copy of a letter dated October 11, 2006 from Scott Hodes to Laura Walker, Senior Counsel in the Commission's Office of the General Counsel, and Brenda Fuller, FOIA/Privacy Act Branch Chief.

13.     Exhibit 12 hereto is a true and correct copy of a letter dated August 2, 2006 from Senator Charles E. Grassley, Chairman, Committee on Finance, and Senator Arlen Specter, Chairman, Committee on the Judiciary, to Christopher Cox, Chairman, Securities and Exchange Commission.

14.     Exhibit 13 hereto is a true and correct copy of a letter dated September 11, 2007 from Scott Hodes to Melinda Hardy.

15.     Exhibit 14 is the Commission's Vaughn Index. The Vaughn Index contains all documents that the Commission is withholding under an exemption listed in 5 U.S.C. 552(b) in full or in part, except the index does not list documents that were produced in part where the only redacted information is names, other personal identifying information such as addresses and phone numbers, and medical information that was redacted under Exemptions 6 and/or 7(C). Information regarding those redactions is evident from the face of the produced documents. The documents listed on the Vaughn Index were withheld in their entirety unless the Index indicates otherwise.

16.     Exhibit 15 hereto is a true and correct copy of a letter dated June 29, 2007 from Melinda Hardy to Scott Hodes.

17.     Exhibit 16 hereto is a true and correct copy of Exhibit 48 to the report entitled "The Firing of an SEC Attorney and the Investigation of Pequot Capital Management" prepared by the minority staffs of the Senate Committees on Finance and on the Judiciary.

18.     Exhibit 17 hereto is a true and correct copy of a letter dated May 1, 2007 from Richard Humes to Scott Hodes.

19.     Exhibit 18 hereto is a true and correct copy of a letter dated May 18, 2007 from Melinda Hardy to Scott Hodes.

20.     Exhibit 19 hereto is a true and correct copy of a letter dated July 26, 2007 from Melinda Hardy to Scott Hodes.

21.     I have reviewed or supervised the review of all documents that the Commission's Office of Legislative Affairs sent to the Senate Committees on Finance and on the Judiciary in connection with those Committees' inquiries regarding the Commission's investigation of Pequot Capital Management and the termination of Gary Aguirre's employment at the Commission ("Senate production"). I have also reviewed all of the documents that the Commission's Office of Inspector General produced to the Senate Committees on Finance and on the Judiciary in connection with those Committees' inquiries regarding the Commission's investigation of Pequot Capital Management and the termination of Gary Aguirre's employment at the Commission ("OIG Senate production").

22.     There are 632 pages in the Senate production that are duplicates of documents that the Commission provided from the Senate production on May 1, 2007. There are also 1388 pages that are either duplicates of other documents the Commission has provided or that are not responsive to Aguirre's FOIA request (as Aguirre has defined those requests for purposes of this litigation). Documents that are not responsive were not produced to the Senate Committees in response to category one of the August 2, 2006 letter and do not relate to Aguirre's merit pay increase, evaluation, performance, or termination. The non-responsive documents include, without limitation, documents relating to Aguirre's hiring, to his EEO claim regarding decisions not to hire him, and to his request for "official time" to work on his EEO litigation.

23.     The Senate production includes drafts of correspondence and subpoenas that were on a shared computer drive used for the Pequot investigation (the "J drive") dated after the termination of Aguirre's employment. I have searched (with assistance from the persons who

had created the files) paper files from the Pequot investigation for final versions of correspondence and subpoenas, and on September 28, 2007, I provided those final versions to Aguirre. The Pequot files did not contain final versions of all drafts that had been produced to the Senate.

24.     The Senate production is not organized or indexed so that documents can be retrieved by the names of individuals, and the production does not come within a larger system organized by the name of individuals.

25.     Based on my review of documents from the OIG Senate production and of the cover letters the OIG sent with the documents, there are 430 pages of the OIG Senate production that are duplicates of documents the Commission previously provided to Aguirre in response to items seven through twelve of his December 30, 2005 request. The OIG Senate production also includes 636 pages that are not responsive to category one of the Senate Committees' August 2, 2005 letter or otherwise responsive to portions of Aguirre's FOIA requests at issue in this litigation.

26.     The documents in the Senate production and in the OIG Senate production that the Commission has not provided to Aguirre or listed on the Vaughn Index are either documents that are duplicates of produced documents or documents that are not responsive to Aguirre's FOIA requests (as modified in this litigation) because they were not produced to the Senate Committees in response to category one of their August 2, 2006 letter and do not relate to Aguirre's merit pay increase, evaluation, performance, or termination.

27.     In redacting documents under Exemptions 6 and 7(C), Commission staff did not redact the names of current or former Commission staff who testified before the Senate (Linda Thomsen, Paul Berger, Mark Kreitman, Robert Hanson, Eric Ribelin, ane Gary Aguirre) or the

names of Arthur Samberg and John Mack.

28.    The Senate Committees requested information from the Commission about what information should be withheld from the public before they issued their final report in August 2007.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 1, 2007 in Washington, D.C.

_____
Melinda Hardy

# Exhibit 1

GARY J. AGUIRRE

*Modified*
**SCANNED**
06-00014 FOPA

**VIA EMAIL, FAX TO 703-914-1149 AND REGULAR MAIL**

December 30, 2005

Kenneth A. Fogash
Associate Executive Director
Office of Fillings and Informational Services
US Securities and Exchange Commission
Operations Center Mail Stop 0-5
6432 General Green Way
Alexandria, VA 22312-2413

FOIA/PA BRANCH
06 JAN - 3 PH 3:35
RECEIVED

Re: Request for Records Pursuant to the Freedom of Information Act and the Privacy Act

Dear Mr. Fogash:

This request is intended to supersede and replace my request for information pursuant to the Privacy Act as stated in my letter of December 27, 2005.

In accordance with the applicable provisions of the Freedom of Information Act and the Privacy Act, I hereby request access to and copies of the documents, records, and files relating to, concerning, or the subject of my applications for employment to the Securities and Exchange Commission ("SEC") during the period from May 2003 through July 2004, my employment by the SEC from September 7, 2004, through September 2, 2005, the SEC's decision to terminate my employment effective September 2, 2005, and my obligations during and after my employment regarding nonpublic information.

The records specified below are believed to be in the possession of the SEC's Division of Employment, Office of the General Counsel, Office of Equal Employment Opportunity, Office of Human Resources, Office of Information Technology, and the SEC staff and officials identified below.

Regarding the above subject, I am requesting that you include the following records:

1) The Commission's Compliance Manual as identified 29 CFR Section 1611.13(c);

2) All communications and any records of communications between and any employee of the SEC and any employee of the US Office of Government Ethics ("OGE") during 2005 relating to 17 CFR 200.735-3;

3) All communications and any records of communications between and any employee of the SEC and any employee of the OGE relating to SEC rules and regulations applicable to departing employees;

4) All records relating to any discussion, dispute, controversy or communications

between OGE and the SEC relating to the enforceability of CFR 200.735-3;

5) All records relating to relating to the Securities and Exchange Commissions rules and regulations applicable to departing employees;

6) All references to Gary J. Aguirre ("Aguirre") in whatever manner, including (but not limited to) "Gary Aguirre," "Aguirre," "Mr. Aguirre," "Gary," GJA," and "GA" in the electronic mail to or from the following officials and staff:

    a) Chairman Christopher Cox for the period from July 1, 2005, through the present;

    b) Commissioners Paul S. Atkins, Cynthia A. Glassman and Annette L. Nazareth for the period from June 1, 2005, though the present;

    c) Commissioner Roel C. Campos for the period from September 1, 2004, through the present;

    d) Stephen Cutler for the period from May 1, 2004, through the date of his departure from the SEC;

    e) Linda Thomsen for the period from May 1, 2004, through the present;

    f) Paul Berger for the period from May 1, 2004, through the present;

    g) David Kornblau for the period from May 1, 2003, through the date of his departure from the SEC;

    h) James Clarkson for the period from May 1, 2003, through the present;

    i) Richard Humes for the period from May 1, 2003, through the present;

    j) Deborah Balducchi for the period from  May 1, 2003, through the present;

    k) Richard Grime from May 1, 2003, through the present;

    l) Charles Cain from August 1, 2004, through the present;

    m) Mark Kreitman for the period from May 1, 2003, through the present;

    n) Robert Hanson for the period from January 1, 2005, through the present;

    o) Kevin O'Rourke for the period from October , 2004, through the present;

    p) James Eichner for the period from May 1, 2005, through the present;

    q) Liban Jama for the period from May 1, 2005, through the present;

    r) Selecting officials and staff who participated in the decisions to reject Aguirre's applications for the openings identified in Attachment A;

    s) All staff of the Office of Human Resources who were assigned any responsibility for the job announcements identified in Attachment A;

7) All records relating to Aguirre's merit pay increase for the 2004 through 2005 evaluation period, including (but not limited to) electronic or hard copy documents to or from his supervisors, electronic or hard copy documents to or from the committee members who authorized Aguirre's merit pay increase, transmittal letters, memorandums, emails, notes of the compensation committee, and all other documents generated in implementing such merit pay increase;

8) All records containing information regarding Aguirre's evaluation or performance as an employee or the purported reasons for the termination of his employment including (but not limited to) employee performance files, personnel security

2

files, compensation review files, personnel discipline files, personnel termination files, or any other file;

9)  All records including (but not limited to) employee performance files, personnel security files, compensation review files, personnel discipline files, personnel termination files, or any other file containing information regarding Aguirre's performance as an employee or the purported causes of his termination;

10) All written or electronic communications or record of any communications relating to Aguirre's merit pay increase for the 2004 through 2005 evaluation period to or from Christopher Cox, Linda Thomsen, Paul Berger, James Clarkson, Richard Humes, Deborah Balducchi, Mark Kreitman, Robert Hanson, Richard Grime, Charles Cain or any other SEC staff member of official;

11) All records relating to the SEC's termination of Aguirre's employment, including (but not limited) to electronic or hard copy documents to or from his supervisors, transmittal letters, memorandums, emails, notes or memorandums of any meeting during which such possibility was discussed, and all other documents generated in carrying out such termination;

12) All records relating to the SEC's termination of Aguirre's employment to or from Christopher Cox, Linda Thomsen, Paul Berger, James Clarkson, Richard Humes, Deborah Balducchi, Mark Kreitman, Robert Hanson, Richard Grime, and Charles Cain;

13) All records recording any statement taken by Delores Ruffin, a contractor retained by the SEC's Office of Equal Employment, from Aguirre, Christopher Cox, Linda Thomsen, Paul Berger, James Clarkson, Richard Humes, Deborah Balducchi, Mark Kreitman, Robert Hanson, Richard Grime, Charles Cain and any other person relating to Aguirre;

14) All records prepared or maintained by the SEC in connection with the EEO counseling of Aguirre between July 22, 2005 and the present, including any statement or any record of any statement from any SEC employee and Gary J. Aguirre;

15) The complete investigation file in the SEC-EEO No. 20-04-04;

16) All records indicating the identities of all persons to whom any offer of employment, conditional or otherwise, was made for any of the positions described in the vacancy announcements listed in Attachment A;

17) The employment applications, including (but not limited) Curriculum Vitae and the qualification ranking factors statement submitted by each person to whom an employment offer was made, conditional or otherwise, in relation to the positions described in the vacancy announcements listed in Attachment A;

3

18) All written or electronic communications or records of any communications between the Office of Human Resources and the selecting official in relation to any of the positions described in vacancy announcements listed in Attachment A;

19) All written or electronic communications or record of any communications between the selecting official and any other SEC staff person regarding the applicants for each position described in the vacancy announcements listed in Attachment A;

20) The best qualified list or similar list ranking the applicants for each position described in the vacancy announcements listed in attachment A;

21) The contract, including any amendments thereto, between Leigh van Zon ("van Zon") and the SEC regarding Ms. Van Zon's services relating to the EEO Complaint;

22) Any written or electronic communication or record of any communication between any SEC EEO staff member and van Zon relating to the subject matter of the SEC-EEO No. 20-04-04 from April 16, 2004, to the present;

23) Any written or electronic communication or record of any communication between any SEC staff member and van Zon relating to the subject matter of the SEC-EEO No. 20-04-04 from April 16, 2004, to the present;

24) Any record relating to the subject matter of the SEC-EEO No. 20-04-04 obtained from any person from April 16, 2004, to the present;

25) An index of all public records maintained by the EEO;

26) All written or electronic communications or record of any communications between any EEO employee or agent and any person relating to the subject matter of SEC-EEO No. 20-04-04 from April 16, 2004, to the present;

27) All written or electronic communications or record of any communications between any EEO employee or agent and any other SEC staff person relating to the subject matter of the SEC-EEO No. 20-04-04 from April 16, 2004, to the present.

28) All FOIA requests for information relating to Eastman Kodak Company during 2005;

29) Any written communication, or any record of any communication, between any employee of the SEC and any employee (including administrative judges and their staffs) of the Equal Employment Opportunity Commission , relating to *Gary J. Aguirre v. William H. Donaldson, Chairman Securities and Exchange Commission,* EEOC No. 100-2005000413X.

4

I will pay the reasonable research and duplication costs, but not to exceed $1000 without further authorization, for documents produced pursuant FOIA. I will pay all duplication costs, but not to exceed $1000 without further authorization, for documents produced pursuant to the Privacy Act.

Sincerely,

Gary J. Aguirre

**Simpson, Teresa**

| | |
|---|---|
| **From:** | Gary Aguirre [gjaguirre@cs.com] |
| **Sent:** | Thursday, January 12, 2006 9:56 AM |
| **To:** | Simpson, Teresa |
| **Cc:** | gjaguirre@cs.com |
| **Subject:** | Attachment A |

Ms. Simpson:

From our conversation this morning, I understand that the General Counsel's requested you to contact me for a copy of Attachment A to my request of December 30, 2005.

Please treat the Attachment A to this email as Attachment A to my request of December 30, 2005, pursuant to FOIA and the Privacy Act.

Your courtesy is appreciated.

Gary Aguirre

| ANNOUN. NO. | LEVEL | PLACE OF EMPLOYMENT | CLOSING DATE |
|---|---|---|---|
| 03-118-DC | SK-16 | Washington | 5/16/03 |
| None | SK14 | San Francisco | 6/20/03 |
| 03-167-SF | SK-12-14 | Washington | 7/11/03 |
| 03-171-DC | SK14-16 | Los Angeles | 7/28/03 |
| 03-189-TR | SK-14 | New York | 8/11/03 |
| 03-194-MB | SK-14 | Washington | 8/22/03 |
| 03-195-DC | SK-14 | Washington | 9/03/03 |
| 03-206-DC | SK-16 | Washington | 9/08/03 |
| 03-208-DC | SK-14 | San Francisco | 9/04/03 |
| 03-228-DC Reposting | SK-16 | Los Angeles | Unknown |
| 03-245-TR | SK-14 | New York | Unknown |
| 03-251-DC | SK17 | Los Angeles | 11-07-03 |
| 03-256-TR | SK16 | New York | 11/20/03 |
| 03-268-DW | SK-16 | Chicago | Unknown |
| 03-323-DW | SK-16 | Chicago | Unknown |
| 04-027-DP | SK-16 | Washington | 02-20-04 |
| 04-069-DC | SK-16 | Washington | 4-16-04 |
| 04-076-DP | SK-14 | Washington | 3/29/04 |
| 04-077-MK | SK-17 | Miami | 4/5/04 |
| 04-88-MB | SK-16 | Washington | 3/31/04 |
| 03-268-DW | SK—16 | Chicago | 11/06/03 |
| 04-060-DP | SK-12-14 | Washington | 3/11/04 |
| Special App. | SK-14 | New York | 3/1/04 (submittal) |

| | | | |
|---|---|---|---|
| 04-083-DJ | SK-14 | Fort Worth | 3/29/04 |
| 04-128-MK | SK 16 | Miami | 6/4/04 |
| 04-148-DC | SK 14 | Washington | 6/28/04 |
| 04-154-DP Reposting | SK-12-14 | Washington | Unknown |

**Attachment A**

# Exhibit 2

# GARY J. AGUIRRE

**VIA EMAIL TO FOIAPA@SEC.GOV AND FAX TO 703-914-1149 AND MAIL**

March 21, 2006

US Securities and Exchange Commission
FOIA/Privacy Act Office, Mail Stop 0-5
6432 General Green Way
Alexandria, VA 22312-2413

06-04033 - FOIA

Re: Request for Records Pursuant to the Freedom of Information Act and the Privacy Act

Dear Madam or Sir:

In accordance with the applicable provisions of the Freedom of Information Act and the Privacy Act, I hereby request access to and copies of any records[1] concerning or relating to any the investigation conducted by the Division of Enforcement of the Securities and Exchange Commission ("SEC") during 2004, 2005 or 2006 in investigation File No. HO 9818 (In the Matter of Trading in Certain Securities, hereafter "HO 9818") in relation to trading by Pequot Capital Management ("PCM") in the securities of Heller Financial, Inc. ("HF"), or General Electric Company ("GE"), prior to the public announcement on July 30, 2001 ("Public Announcement") that GE would make a tender offer for the common stock of HF. The records specified below are believed to be in the possession of the Offices of the Commissioners, the Division of Enforcement, the Office of Information Technology, and the SEC staff and officials identified below.

Regarding the above subject, I am requesting that you include the following records:

1) All correspondence and other written communications, including electronic mail, and records of oral communications, including phone calls, in HO 9818 containing references to PCM in whatever manner, including (but not limited to) Pequot Capital Management, PQ or Pequot to or from or otherwise involving the following officials and staff:

a) Chairman Christopher Cox ("Cox") for the period from June 1, 2005, through the present;
b) Stephen Cutler ("Cutler") for the period from January 1, 2005, through the date of his departure from the SEC;

---

[1] The term "record or records" means all writings and other tangible forms of expression in your possession, custody or control, including drafts or finished versions, originals, copies or annotated copies, however created, produced or stored (manually, mechanically, electronically, or otherwise), including but not limited to books, papers, files, notes, account statements, confirmations, reports, correspondence, memoranda, reports, electronic mail, telephone bills, messages or logs, notes or minutes of conversations or meetings, contracts, agreements, calendars, date books, diaries, schedules, itineraries, magnetic tape, tape recordings, disks, diskettes, disk packs and other electronic media, microfilm, microfiche, fields of information and storage devices.

1528 CORCORAN ST. NW • WASHINGTON, DC • 20009
PHONE: 202-232-1803 • FAX: 202-328-0562

   c) Linda Thomsen ("Thomsen") for the period from January 1, 2005, through the present;

   d) Paul Berger ("Berger") for the period from October 1, 2004, through the present;

   e) Richard Grime ("Grime") from September 2004, through the present;

   f) Charles Cain ("Cain") from September 1, 2004, through the present;

   g) Gary J. Aguirre ("Aguirre") for the period from September 1, 2004, through the date of his departure from the SEC;

   h) Mark Kreitman ("Kreitman") for the period from January 1, 2005, through the present;

   i) Robert Hanson ("Hanson") for the period from January 1, 2005, through the present;

   j) Kevin O'Rourke ("O'Rourke") for the period from January 1, 2005, through the present;

   k) James Eichner ("Eichner") for the period from January 1, 2005, through the present;

   l) Liban Jama ("Jama") for the period from January 1, 2005, through the present;

   m) Eric Ribelin ("Ribelin") for the period from October 1, 2004, through the present;

   n) Joseph Cella ("Cella") for the period from October 1, 2004, through the present.

2) All correspondence and other written communications, including electronic mail, and records of oral communications, including phone calls, in HO 9818 containing references to Arthur Samberg in whatever manner, including (but not limited to) Samberg or PCM's CEO to or from or otherwise involving the following officials and staff:

   a) Cox for the period from June 1, 2005, through the present;

   b) Cutler for the period from January 1, 2005, through the date of his departure from the SEC;

   c) Thomsen for the period from January 1, 2005, through the present;

   d) Berger for the period from October 1, 2004, through the present;

   e) Grime from September 2004, through the present;

   f) Cain from September 1, 2004, through the present;

   g) Aguirre for the period from September 1, 2004, through the date of his departure from the SEC;

   h) Kreitman for the period from January 1, 2005, through the present;

   i) Hanson for the period from January 1, 2005, through the present;

   j) O'Rourke for the period from January 1, 2005, through the present;

   k) Eichner for the period from January 1, 2005, through the present;

   l) Jama for the period from January 1, 2005, through the present;

   m) Ribelin for the period from October 1, 2004, through the present;

   n) Cella for the period from October 1, 2004, through the present.

3) All correspondence and other written communications, including electronic mail, and records of oral communications, including any communications with Mary Jo

2

White or Gary Lynch, containing references to John J. Mack in whatever manner
to or from or otherwise involving the following officials and staff:

a) Cox for the period from June 1, 2005, through the present;
b) Cutler for the period from January 1, 2005, through the date of his departure
from the SEC;
c) Thomsen for the period from January 1, 2005, through the present;
d) Berger for the period from October 1, 2004, through the present;
e) Grime from September 2004, through the present;
f) Cain from September 1, 2004, through the present;
g) Aguirre for the period from September 1, 2004, through the date of his
departure from the SEC;
h) Kreitman for the period from January 1, 2005, through the present;
i) Hanson for the period from January 1, 2005, through the present;
j) O'Rourke for the period from January 1, 2005, through the present;
k) Eichner for the period from January 1, 2005, through the present;
l) Jama for the period from January 1, 2005, through the present;
m) Ribelin for the period from October 1, 2004, through the present;
n) Cella for the period from October 1, 2004, through the present.

4) The transcripts of, and any exhibits marked or referred to, during any testimony,
either sworn or unsworn, of Arthur Samberg or John J. Mack in HO 9818.

5) The transcripts of the testimony of any other person who staff questioned in HO
9818 about his or her providing any information about HF or GE to any agent,
employee or officer of PCM prior to July 30, 2001.

6) The transcripts of the testimony of any employee of PCM who staff questioned in
HO 9818 about receiving any information about HF or GE prior to July 30, 2001.

7) All records, including electronic messages, generated during 2005 or 2006 relating to the subject whether the testimony of Mack would be taken in HO 9818
in connection with the investigation of PCM's trading in the common stock of GE
and HF before the July 30 public announcement.

8) All correspondence and other written communications, including electronic mail,
and records of oral communications, including phone calls, produced by PCM,
Credit Suisse, Credit Suisse First Boston, and Morgan Stanley in HO 9818
referring to Mack or Samberg.

9) All correspondence and other written communications, including electronic mail,
and records of oral communications, including phone calls, between Mary Jo
White and Thomsen relating to or referring to Mack from June 1, 2005, to the
present.

10) All records obtained by the SEC in 2005 or 2006 in HO 9818 relating to the
investigation of possible insider trading by any investment adviser, hedge fund or

3

other person in the common stocks of GE or HF prior to the Public Announcement.

11) All electronic mail of Aguirre.

I will pay the reasonable research and duplication costs, but not to exceed $1000 without further authorization, for documents produced pursuant FOIA. I will pay all duplication costs, but not to exceed $1000 without further authorization, for documents produced pursuant to the Privacy Act.

Sincerely,

Gary J. Aguirre

4

# Exhibit 3



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
OPERATIONS CENTER
6432 GENERAL GREEN WAY
ALEXANDRIA, VA 22312-2413

OFFICE OF FILINGS AND
INFORMATION SERVICES

**SCANNED**

**FILE**

Mail Stop O-5                    March 29, 2006


Gary J. Aguirre
1528 Corcoran Street, NW
Washington, DC  20009

> RE:  Freedom of Information Act (FOIA), 5 U.S.C. § 552
>      Request No. **06-04033-FOIA**

Dear Mr. Aguirre:

   This letter responds to your FOIA request dated March 21, 2006, and received in this office on March 23, 2006, for certain records relating to the Commission's investigation of Trading in Certain Securities (HO-9818).

   After consulting with Commission staff, we have determined to withhold records that may be responsive to your request under 5 U.S.C. § 552(b)(7)(A), 17 CFR § 200.80(b)(7)(i).  This exemption protects from disclosure records compiled for law enforcement purposes, the release of which could reasonably be expected to interfere with enforcement activities.  Since Exemption 7(A) protects the records from disclosure, we have not determined if other exemptions apply.  Therefore, we reserve the right to assert other exemptions when Exemption 7(A) no longer applies.

   Because the underlying circumstances may change, we may later disclose some of the exempt records.  If you wish, you may request them again six months from the date of this letter.

   You have the right to appeal this decision to our General Counsel under 5 U.S.C. § 552(a)(6), 17 CFR § 200.80(d)(5) and (6). Your appeal must be in writing, clearly marked "Freedom of Information Act Appeal," and should identify the requested

Gary J. Aguirre
March 29, 2006
Page 2


records.  The appeal may include facts and authorities you
consider appropriate.

     Send your appeal to the FOIA/Privacy Act Office, Securities
and Exchange Commission, Operations Center, 6432 General Green
Way, Mail Stop O-5, Alexandria, VA 22312-2413, or deliver it to
Room 1418 at that address.  Also, send a copy to our General
Counsel, Securities and Exchange Commission, 100 F Street, NE,
Washington, DC 20549, or deliver it to Room 1120 at that
address.

     If you have any questions, please call Teresa D. Simpson of
my staff at (202) 551-8322.

                              Sincerely,
                              FOIA/Privacy Act Officer


                    By:   _Brenda L. Fuller_____
                          Brenda L. Fuller
                          FOIA/Privacy Act Branch Chief

Exhibit 4



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C.  20549

OFFICE OF THE
GENERAL COUNSEL

Stop 9612                                    May 23, 2006

Gary J. Aguirre
1528 Corcoran Street, N.W.
Washington, D.C. 20009

Re:    Appeal, Freedom of Information Act ("FOIA") Request No. 2006-4033

Dear Mr. Aguiree:

        I am responding to your April 5, 2006, Freedom of Information Act appeal of the
decision by the FOIA/Privacy Officer, Securities and Exchange Commission, denying your
request for documents related to an investigation file (HO-9818).  On March 29, 2006, the FOIA
Officer denied your request pursuant to FOIA Exemption 7(A).  I have considered your appeal
and it is denied.

        Exemption 7(A) authorizes the withholding of "records or information compiled for law
enforcement purposes, but only to the extent that production of such law enforcement records or
information . . . could reasonably be expected to interfere with enforcement proceedings."  5
U.S.C. 552(b)(7)(A), 17 CFR 200.80(b)(7)(i); *see OKC Corp. v. Williams*, 489 F. Supp. 576,
584-86 (N.D. Tex. 1980) (the Commission is not required under FOIA to disclose requested
investigatory materials directly tied to a pending investigation); *NLRB v. Robbins Tire and
Rubber Co.*, 437 U.S. 214, 232 (1978) (Congress intended that Exemption 7(A) would apply
"whenever the Government's case in court * * * would be harmed by the premature release of
evidence or information"); *National Public Radio v. Bell*, 431 F. Supp. 509, 514-14 (D.D.C.
1977) (Congress intended that Exemption 7(A) would apply where disclosure may impede any
necessary investigation prior to court proceedings); *In re Dept. of Justice*, 999 F.2d 1302, 1308
(8th Cir. 1993) (en banc) (government may proceed on a categorical basis under Exemption
7(A)).  Commission attorneys responsible for the HO-9818 investigation have confirmed that the
requested information is being used in an active law enforcement proceeding and that its release
at this time would interfere with that proceeding.  Thus, I find that Exemption 7(A) was properly
asserted.

        You suggest that the Commission has waived this exemption by releasing to you a
"contribution statement" you prepared as part of the evaluation of your job performance under

Gary J. Aguirre
May 23, 2006
Page 2

the Commission's performance management program.[1]  Significantly, you have not cited any authority to support your waiver argument.  Because this "contribution statement" was neither prepared for investigative purposes nor recompiled into the investigative file, I find that no waiver has occurred.  Further, there is ample judicial precedent supporting my finding that your possession of your "contribution statement" does not waive the protection of Exemption 7(A).  *See Kansi v. Dept. of Justice,* 11 F. Supp. 2d 42, 45 (D.D.C. 1998) (even if information was actually disclosed to a local prosecutor, such disclosure would not waive Exemption 7(A) protection); *Glick v. Dept. of Justice,* 1991 U.S. Dist. LEXIS 12619 at *12 (D.D. C. June 20, 1991) (fact that agency provided documents in discovery does not waive confidentiality of information under FOIA Exemptions 7(C) and 7(D)); *Crooker v. BATF,* 789 F.2d 64, 65 n.1 (D.C. Cir. 1986) (the government did not waive Exemption 7(A) when it presented some of the requested material at a parole revocation hearing); *Erb v. Dept. of Justice,* 572 F. Supp. 954, 956 (W.D. Mich. 1983) (disclosure of F.B.I. report to county prosecutor does not constitute a waiver of Exemption 7(A)); *McGilvra v. National Transportation Safety Board,* 840 F. Supp. 100, 102 (D. Colo. 1993) (disclosure of investigatory materials to parties to an investigation is not a "public" disclosure under FOIA which would waive Exemption 3).

Should you have a continuing interest in this information, you may contact the FOIA Office within six months of the date of this letter to determine whether the status of the Commission's law enforcement proceeding has changed.  As Exemption 7(A) precludes the release of such information at this time, no determination has been made concerning the applicability of any other FOIA exemption.  Accordingly, when Exemption 7(A) is no longer applicable, the Commission reserves the right to review the information to assert any other applicable exemption.

You have the right to seek judicial review of my determination by filing a complaint in the United States District Court for the District of Columbia or in the district where you reside or have your principal place of business.  *See* 5 U.S.C. 552(a)(4)(B).  If you have any questions regarding my determination, please call Celia Jacoby, Senior Counsel, at 202-551-5158.

For the Commission by
delegated authority,

Richard M. Humes
Associate General Counsel

---

[1] I also note that you remain under a continuing obligation not to disclose non-public information obtained during the course of your employment. *See* 17 CFR 230.122; 17 CFR 200.735-3(b)(7). Thus, the fact that you are aware of this investigation and information contained in the file is not a public disclosure under FOIA.

# Exhibit 5



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
STATION PLACE
100 F STREET, NE
WASHINGTON, DC 20549

**OFFICE OF FILINGS AND**
**INFORMATION SERVICES**

Mail Stop 5100                    September 8, 2006

Mr. Gary Aguirre
1528 Corcoran St, NW
Washington, DC 20549

     Re:  Freedom of Information Act (FOIA), 5 U.S.C. § 552
         Request No. 06-00014-FOPA

Dear Mr. Aguirre:

    Further reference is made to your December 30, 2005,
FOIA/Privacy Act request for certain records, listed as
Items 1 through 29, regarding your employment with the
Commission.

    According to our records, we responded to Item 1 and
Items 15-25 on January 26, 2006. A response was provided to
Item 28 on January 4, 2006.

    As to Items 2-5 and Items 26 and 27, we find these
items of your request to be duplicative of your prior FOIA
Request Nos. 06-2847-FOIA/06-00227-APP and 05-02695-FOIA/05-
00154-APP, which were responded to on February 16, 2006 and
December 2, 2005, respectively. Please refer to those
letters for our responses.

    In response to Item 6, we find that your request is
voluminous and may warrant multi-track processing and
payment confirmation based on the following information. In
order to partially process item 6 and retrieve & review the
e-mail records, our Office of Information Technology has
advised that 39 months of e-mails must be retrieved and
restored for 19 users. The estimated cost of computer time
would be approximately $15,000 (at an actual cost of $385
per month). Once e-mails have been restored, the FOIA staff
will begin review of those e-mails requiring a minimum of
800 hours at $28 per hour ($31,200). The estimated cost is
in accordance with the Commission's enclosed fee schedule.

06-00014-FOPA, pg.2

The total cost of search and review is estimated to be
$46,200. Please note that you will be charged fees even if
the data located is subsequently determined to be exempt
from release under the FOIA.

You may want to consider narrowing the scope of your
request to fewer subjects or narrow the timeframe. If you
would like to narrow the scope of your request please notify
me in writing and provide the revised parameters. If you
would like staff to proceed with processing item 6, as
originally written, please provide a written confirmation
indicating your willingness to pay the estimated fees. Your
confirmation should also be directed to me.

In response to Items 7 - 14 and Item 29, we have
interpreted these items to be overlapping. According to our
research, some of these responsive documents have been
provided to you either from other Commission staff or
through prior FOIA requests. Nevertheless, we can provide
you with the duplicative documents as well as any additional
non-exempt records identified. We are currently in the
process of reviewing documentation gathered in response to
items 7 through 14 and 29, and will provide a final release
determination within the next 30 work days.

Sincerely,

Brenda L. Fuller
FOIA/Privacy Act Branch Chief

Enclosure:Fee Schedule



Home | Previous Page

**U.S. Securities and Exchange Commission**

## Schedule of Fees for Records Services
## (See 17 CFR 200.80(e))

### How To Order Documents

Members of the public can arrange to receive copies of materials maintained in the Public Reference Room by describing specific documents and authorizing charges in writing. Written requests must include name(s), date(s), and subject matter and a statement of willingness to pay copying and shipping charges. Address inquiries to: *Securities and Exchange Commission, Public Reference Room, MS 0102, 100 F Street NE, Washington, DC 20549-2521*; by email publicinfo@sec.gov or fax (202) 777-1027. All written requests for copying of documents granted under the Freedom of Information Act ("FOIA") should be directed to: Securities and Exchange Commission, FOIA Office, 100 F Street NE, Mail Stop 5100, Washington, DC 20549. The following rates have been established between a commercial contract copier and the Commission and apply to requests made through the Public Reference Room.

| Rates of Service: | Paper to Paper (per page) |
|---|---|
| Regular Service | $0.24 |
| Regular Service orders will be shipped within seven business days after the contractor receives the order, the material to be copied, and the customer's payment in advance. | |
| Priority Service | $0.36 |
| Priority Service orders will be shipped by the close of business of the normal work day following receipt of the order by the contractor, the material to be copied, and the customer's payment in advance. **Priority Service does not include FOIA requests.** | |

Please note that all paper facsimile copies of documents are reproduced on 8 1/2" x 11" pages, regardless of the size of the original.

### Payment Procedures for Contractor Copying and Delivery

Copying requests to the Public Reference Room must be in writing and must contain a statement of willingness to pay for services at the regular or priority rate plus postage or other applicable delivery costs. The contractor will provide an estimate of charges. Payment of these charges must be made in advance by acceptable credit card or check to the contractor, not to the Commission, before copying can be done. Copying of materials released pursuant to FOIA must be arranged through the FOIA Office.

### Charges for Commission Services

Copies of Commission documents that require locating, reviewing, and making available for inspection or copying are provided in accordance with

the following:

- First half hour: no fee

- Fees for each additional one-half hour or fraction thereof are charged according to grade level of the employee performing the above services and are subject to any applicable FOIA fee regulations:

  GS-11 or below - per half hour $ 8.00

  GS-12 or above - per half hour $14.00

- Attestation with Commission Seal: per Seal $4.00

### Payment Procedures for Commission Services

Payment for the above Commission services must be made by check or money order payable to "Securities and Exchange Commission." Address payments to:

Securities and Exchange Commission
Office of the Comptroller
Mail Stop 0-3
6432 General Green Way
Alexandria, VA 22312

### Public Reference Copying Facilities

In addition to the copying services described, the contractor maintains customer-operated copiers in SEC public reference facilities. These machines can be used to make immediate copies of materials available for inspection at posted rates. (Sales taxes, when applicable, are additional.)

### Public Reference Document and Subscription Services

The contractor offers additional paper reproduction services pursuant to the contract. Non-contract regulated paper copies and related SEC document research are offered through Thomson Research Services. Thomson Financial also offers Thomson Research a Web-based subscription product not regulated by the contract. Thomson Research features the most comprehensive collection of critical company information and analyst research reports from industry leading sources including: Disclosure Public Corporate Filings-The largest collection of scanned regulatory filings with over 3 million images going back 35 years, consisting of registration statements and prospectuses under the Securities Act of 1933, registration and listing applications under the Securities Exchange Act of 1934, annual reports to shareholders, definitive proxies and information statements, tender offers and acquisition reports, and filings on Forms 6-K, 8-K, 10-K, 10-Q, 20-F, and N-SAR, under the Securities Exchange Act of 1934 and the Investment Company Act of 1940. Subscriptions may be customized according to user requirements and specifications. The cost of subscription services varies according to the types of service and volume.

### Public Reference Magnetic and Video Tape Services

Contractor provided services include magnetic tape of insider information captured from SEC Forms 3, 4, and 5, previously provided by the National Archives and Records Administration (NARA), at the cost of $90.00 per tape.

The contractor supplying these services will supply information and price lists upon request. Please address requests for information and all orders for non-regulated services to: Thomson Research Services, 1455 Research Blvd., 3rd Floor, Rockville, MD 20850 (Telephone: toll free 1-800-638-8241), not to the Commission.

*http://www.sec.gov/foia/feesche.htm*

Home | Previous Page                                     Modified: 10/25/2005

```
*************** -COMM. JOURNAL- ******************** DATE SEP-08-2006 ***** TIME 16:47 ********

        MODE = MEMORY TRANSMISSION              START=SEP-08 16:46    END=SEP-08 16:47

        FILE NO.=500

STN   COMM.    ONE-TOUCH/    STATION NAME/EMAIL ADDRESS/TELEPHONE NO.    PAGES    DURATION
NO.            ABBR NO.

001    OK       ᴈ            2023280562                                 006/006   00:01:18


                                            -SEC FOIA OFFICE          -

***** UF-8000 v2 ******************** -        - ***** -    202 772 9336- *********
```



**U.S. Securities and Exchange Commission**

Freedom of Information/Privacy Act Office
Station Place
100 F Street, NE
Washington, DC 20549
Main: 202-551-8300
Fax: 202-772-9337(6)

# Fax

| | |
|---|---|
| To: Gary Aguirre | From: Brenda Fuller |
| Fax: 202-328-0862 | Pages: 5 |
| Phone: 202-232-1803 | Date: Sep 8 2006 |
| Re: | CC: |

☐ Urgent  ☐ For Review  ☐ Please Comment  ☐ Please Reply  ☐ Please Recycle

● Comments:



**U.S. Securities and Exchange Commission**

**Freedom of Information/Privacy Act Office**
**Station Place**
**100 F Street, NE**
**Washington, DC 20549**
**Main: 202-551-8300**
**Fax: 202-772-9337(6)**

# Fax

| | | | |
|---|---|---|---|
| **To:** Gary Aguirre | **From:** Brenda Fuller | | |
| **Fax:** 202-328-0862 | **Pages:** 5 | | |
| **Phone:** 202-232-1803 | **Date:** Sep 8, 2006 | | |
| **Re:** | **CC:** | | |

☐ **Urgent**   ☐ **For Review**   ☐ **Please Comment**   ☐ **Please Reply**   ☐ **Please Recycle**

● **Comments:**

# Exhibit 6



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
OPERATIONS CENTER
6432 GENERAL GREEN WAY
ALEXANDRIA, VA 22312-2413

SCANNED

OFFICE OF FILINGS AND
INFORMATION SERVICES

Mail Stop O-5                              February 16, 2006

Gary J. Aguirre
1528 Corcoran Street, NW
Washington, DC 20009

     RE:  Freedom of Information Act (FOIA), 5 U.S.C. § 552
        Request No. **06-02847-FOIA**

Dear Mr. Aguirre:

    This letter is in reference to your FOIA request sent to
the Office of Government Ethics (OGE) on January 31, 2006, and
forwarded to our office February 10, 2006, for certain informa-
tion listed as Items 1 through 4 of your request.  As you know,
OGE forwarded to our office for a release determination records
that originated from the Commission.

    We completed our review of the records, and have determined
to withhold 54 pages in their entirety that are deliberative and
pre-decisional in nature and as such are exempt from disclosure
under the Exemption 5.  The FOIA at 5 U.S.C. § 552(b)(5), 17 CFR
§ 200.80(b)(5) permits agencies to invoke the deliberative
process privilege which serves to prevent injury to the quality
of agency decisions as well as the decision making process.

    You have the right to appeal this decision to our General
Counsel under 5 U.S.C. § 552(a)(6), 17 CFR § 200. 80(d)(5) and
(6).  Your appeal must be in writing, clearly marked "Freedom of
Information Act Appeal," and should identify the requested
records.  The appeal may include facts and authorities you
consider appropriate.

    Send your appeal to the FOIA/Privacy Act Office, Securities
and Exchange Commission, Operations Center, 6432 General Green
Way, Mail Stop O-5, Alexandria, VA 22312-2413, or deliver it to

Gary J. Aguirre
February 16, 2006
Page 2


Room 1418 at that address.  Also, send a copy to our General
Counsel, Securities and Exchange Commission, 100 F Street, NE,
Washington, DC 20549, or deliver it to Room 1120 at that
address.

　　　If you have any questions, please call Teresa D. Simpson of
my staff at (202) 551-8322.

　　　　　　　　　　Sincerely,
　　　　　　　　　　FOIA/Privacy Act Officer



By: _____
　　　Brenda L. Fuller
　　　FOIA/Privacy Act Branch Chief

Exhibit 7

*TS advised*

*CU*

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**WASHINGTON, D.C. 20549**

OFFICE OF THE
GENERAL COUNSEL

**FILE**

Stop 9612                                                    May 23, 2006

**SCANNED**

RECEIVED
2006 JUN -2 A 6: 24
SEC
FOIA/PA BRANCH

Gary J. Aguirre
1528 Corcoran Street
Washington, D.C. 20009

Re    Freedom of Information Act (FOIA) Request No. 2006-2847 as referred by the
      Office of Government Ethics

*(06-60227-App)*

Dear Mr. Aguirre:

I am responding to your April 5, 2006, Freedom of Information Act appeal of the
decision of the FOIA/Privacy Act Officer, Securities and Exchange Commission, denying access
to certain records related to 17 CFR 200.735-3.  On February 16, 2006, the FOIA Officer
withheld those records under Exemption 5, 5 U.S.C. 552(b)(5), 17 CFR 200.80(b)(5).[1]  I have
considered your appeal and concur with the FOIA Officer's determination.

On December 27, 2005, you asked the U.S. Office of Government Ethics ("OGE") for
records "relating to 17 CFR 200.35-3 created from January 1, 2000 to the present," among other
records.  OGE identified approximately 54 pages of records (the "SEC-originated records")
which had originated with the Commission.  OGE also informed you that those SEC-originated
record were referred to the Commission "for its direct FOIA response to you."  The FOIA
Officer asserted FOIA Exemption 5 to withhold the SEC-originated records.

I have reviewed the SEC-originated records which consist of staff memoranda, staff
proposed changes to a rule, OGE comments on the proposed changes, drafts incorporating or
addressing those comments, among other materials.  The FOIA Officer found that the
deliberative process privilege embodied in Exemption 5 protects these records.  Under this

---

[1]Exemption 5 permits an agency to withhold "inter-agency or intra-agency
memorandums or letters which would not be available by law to a party . . . in litigation with
the agency."  5 U.S.C. 552(b)(5), 17 CFR 200.80(b)(5); *see also NLRB v. Sears Roebuck & Co.*,
421 U.S. 132, 149 (1975) (reasonable to construe Exemption 5 to protect those documents that
are privileged in the context of civil discovery).

Gary J. Aguirre
May 23, 2006
Page 2

exemption, intra-agency and inter-agency memoranda that reflect deliberations amongst agency personnel may be withheld from public disclosure. Such deliberative materials are protected from public release so that agency staff may freely engage in the candid, frank and open interchange of ideas critical to decisionmaking as well as preventing confusion in the public as to the basis for a decision. *See, e.g., City of Virginia Beach v. Dept. of Commerce*, 995 F. 2d 1247, 1252-53 (4th Cir. 1993).

To be protected under the deliberative process privilege, a document must be either "inter-agency or intra-agency" in nature, predecisional and deliberative. *See, e.g., Wolfe v. Dept. of Health and Human Services*, 839 F.2d 768, 774 (D.C. Cir. 1988). I find that the threshold requirement of Exemption 5 is met as the documents constitute "inter-agency or intra-agency memorandums" that Commission staff prepared to suggest possible changes to a Commission rule and to solicit comments by OGE staff.

The second consideration under Exemption 5 is whether the information sought is predecisional and deliberative. *Access Reports v. Dept. of Justice*, 926 F.2d 1192, 1194 (D.C. 1991). A predecisional document is one designed to assist agency decision makers in arriving at their decisions and which contains the opinions of the writer rather than the policy of the agency. *Formaldehyde Institute v. HHS*, 889 F.2d 1118, 1120 (D.C. Cir. 1989) (material is predecisional when it is part of the process leading to a final decision on an issue). In demonstrating the predecisional aspect, it suffices to establish "what deliberative process is involved, and the role played by the documents in issue in the course of that process." *Coastal States Gas Corp. v. Dept. of Energy*, 617 F.2d 854, 868 (D.C. Cir. 1980). An agency must also show that the document makes recommendations or expresses opinions on matters facing the agency. *Mapother v. Dept. of Justice*, 3 F.3d 1533, 1537 (D.C. Cir. 1993). Exemption 5 generally covers drafts, recommendations, proposals, suggestions, discussions and other subjective documents that reflect the consultative process. *Coastal States*, 617 F.2d at 866.

Commission staff created the records at issue in advance of any decision to revise this rule. The SEC-originated records comprise efforts by Commission staff to suggest revisions to a Commission rule which did not come to fruition. Moreover, these records describe staff assumptions and opinions, activities and evaluations regarding the merits of such rule change. The records reflect individual views on whether and how possible revisions to this rule should be formulated and contain the writer's comments and opinions. Staff also solicited OGE staff's view and comments on those proposed revisions. Thus, these materials comprise predecisional deliberative information, the disclosure of which would comprise the Commission's decision-making and consultative processes.

You have the right to seek judicial review of my determination by filing a complaint in the United States District Court for the District of Columbia or in the district where you reside or have your principal place of business. *See 5 U.S.C. 552(a)(4)(B)*. If you have any questions

Gary J. Aguirre
May 23, 2006
Page 3

regarding my determination, please call Celia Jacoby, Senior Counsel, at 202-551-5158.

For the Commission
by delegated authority,

Richard M. Humes
Associate General Counsel

# Exhibit 8



**UNITED STATES**
## SECURITIES AND EXCHANGE COMMISSION
OPERATIONS CENTER
6432 GENERAL GREEN WAY
ALEXANDRIA, VA 22312-2413

**SCANNED**

OFFICE OF FILINGS AND
INFORMATION SERVICES

Mail Stop O-5                          April 24, 2006

Gary J. Aguirre
1528 Corcoran Street, NW
Washington, DC  20009

     RE:  Freedom of Information Act (FOIA), 5 U.S.C. § 552
          Request No. **06-04533-FOIA/PA**

Dear Mr. Aguirre:

    Final reference is made to your April 11, 2006 request in
which you were seeking copies of your EPF file and your personnel
file.

    Enclosed please find a copy of your official personnel file.
With regard to your EPF file, Commission staff has advised that you
have been provided with the original EPF file, and that the
Division of Enforcement does not maintain a copy, nor does any
other Commission office.  Further, we identified a Performance Plan
and Evaluation Form dated June 1, 2005 (two pages) that may not
have been provided to you at the time you received your EPF file, a
copy of which is enclosed.

    To the extent that your request sought responses to various
questions, the FOIA only provides a right to obtain access to
federal agency records, except to the extent that such records (or
portions) of them are protected from public disclosure by one of
its nine exemptions.  Thus, we cannot answer the questions you
posed in your April 11, 2006 communication.

    If you have any questions, please call me at (202) 551-8322.

                Sincerely,

                Teresa D. Simpson
                Lead Research Specialist
                FOIA/Privacy Act Office

Enclosures

# Exhibit 9



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
STATION PLACE
100 F STREET, NE
WASHINGTON, DC 20549

OFFICE OF FILINGS AND
INFORMATION SERVICES

BY MAIL, E-MAIL, AND FACSIMILE: (202) 328-0562

Mail Stop 5100                    October 11, 2006

Mr. Gary Aguirre
1528 Corcoran St., NW
Washington, DC 20009

   RE:  Freedom of Information Act (FOIA), 5 U.S.C. § 552
     Privacy Act (PA), 5 U.S.C. § 552a
     Request No. 06-00014-FOPA

Dear Mr. Aguirre:

  This letter further responds to your December 30, 2005
request, as cited above.

  By electronic mail dated October 5, 2006, you informed
Mrs. Felecia Taylor of the FOIA staff that you were in the
process of working out an agreement with our General
Counsel's Office regarding item 6 of your request.
Therefore, we will suspend work on that until you have
reached an agreement.  Regarding item 29, we will not
produce the Commission's summary judgment motion, marked
exhibits in relation to that motion, the proposed order of
other documents that were provided to you as part of the
summary judgment motion.  If we identify any other items
responsive to this portion of your request, they will be
reviewed under the FOIA.

  We have completed our consultation with other
Commission staff and our review of the responsive records
concerning items 7-14 and 29.  Access is granted to records
that may be responsive to your request, except for records
generated by the Office of Inspector General, staff
handwritten notes, deliberative intra-agency memoranda,

Mr. Gary Aguirre
October 11, 2006
Page Two

deliberative internal electronic mails, employees names,
and Compensation Committee spreadsheets, exempt from
disclosure under the Privacy Act, 5 U.S.C. § 552(j)(2) and
(k)(2), 17 CFR § 200.312(a)(1) and (b)(1), and/or one of
more of the following FOIA Exemptions 2, 3, 5, and 6, 17
CFR § 200.80(b)(2), (3), (5), and (6), for the reasons
discussed below.

The Inspector General records are among certain
investigatory records which are categorically exempt from
release under the PA, 5 U.S.C. § 552a(j)(2) and (k)(2), 17
CFR § 200.312(a)(1) and (b)(1), which specifically protects
from disclosure records maintained by the Office of
Inspector General which contain information pertaining to
criminal law enforcement investigations and investigative
material compiled for law enforcement purposes.

The records obtained from the Inspector General's
Office are specifically exempt under Section 7(b) of the
Inspector General Act of 1978, as amended. As such, they
are also exempted from disclosure by statute within FOIA
Exemption 3.

By contrast, nonpublic investigatory records may be
accessible under the FOIA, 5 U.S.C. § 552. Therefore, we
have considered your request under the FOIA, as required by
5 U.S.C. 552a(b)(2). These Inspector General records are
also exempt from disclosure under 5 U.S.C. § 552(b)(7)(A),
17 CFR § 200.80(b)(7)(i). This exemption protects from
disclosure records compiled for law enforcement purposes,
the release of which could reasonably be expected to
interfere with enforcement activities. Since Exemption
7(A) protects the records from disclosure, we have not
determined if other exemptions apply. Therefore, we
reserve the right to assert other exemptions which may
apply.

Mr. Gary Aguirre
October 11, 2006
Page Three

The deliberative internal electronic mails, staff
handwritten notes, and deliberative intra-agency memorandum
are an integral part of the predecisional deliberative
process, and some contain advice given to the Commission or
senior staff, by its attorneys.  Therefore, they are
protected from disclosure by the deliberative process
and/or attorney-client privileges embodied in FOIA
Exemption 5.

We are also withholding employees names contained in
the Compensation Committee spreadsheets, under Exemption 6.
Release of this information would constitute a clearly
unwarranted invasion of personal privacy.

Please contact Mrs. Taylor of my staff by telephone at
(202) 551-8349 or by e-mail at taylorf@sec.gov, to arrange
for duplication of the releasable material.

With respect to the withheld information,
approximately 615 pages, (excluding the Office of the
Inspector General records), you have the right to appeal our
decision to our General Counsel under 5 U.S.C. § 552(a)(6),
17 CFR § 200.80(d)(5) and (6).  Your appeal must be in
writing, clearly marked "Freedom of Information Act Appeal,"
and should identify the requested records.  The appeal may
include facts and authorities you consider appropriate.

Send your appeal to the FOIA/Privacy Act Office of the
Securities and Exchange Commission located at Station Place,
100 F Street NE, Mail Stop 5100, Washington, D.C. 20549, or
deliver it to Room 1120 at that address.  Also, send a copy
to the SEC Office of the General Counsel, Mail Stop 9612, or
deliver it to Room 1120 at the Station Place address.

Mr. Gary Aguirre
October 11, 2006
Page Four

Thank you for your authorization of October 5, 2006 for continued processing of your FOIA request. As advised, you have already incurred $1,000 in search and review fees. We will continue our review with any records deemed to be responsive to the remaining item 6, and will notify you of the final cost not to exceed the additional $1,500 in search and review fees authorized. An invoice for all search, review, and copying fees will accompany our final response to your December 30 request.

In the interim, if you have any questions, please contact Mrs. Taylor.

Sincerely,
FOIA/Privacy Act Officer


by:    Brenda L. Fuller
       FOIA/Privacy Act Branch Chief

cc:    Scott A. Hodes, Esq.
       P.O. Box 42002
       Washington, DC  20015

       Joanne Royce
       Government Accountability Project
       1612 K Street, NW, Suite 1100
       Washington, DC  20006

Exhibit 10



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C. 20549

OFFICE OF THE
GENERAL COUNSEL

January 8, 2007

Scott A. Hodes, Esq.
P.O. Box 42002
Washington, D.C. 20015

Joanne Royce, Esq.
Government Accountability Project
1612 K Street, N.W., Suite 1100
Washington, D.C. 20006

Re:    Freedom of Information Act Request No. 06-00014-FOPA;
       *Aguirre v. SEC*, No. 1:06-cv-01260-ESH (D.D.C.)

Dear Mr. Hodes and Ms. Royce:

I have reviewed the FOIA Office's October 11, 2006 decision, in response to the above-referenced FOIA request, to withhold "records generated by the Office of Inspector General, staff handwritten notes, deliberative intra-agency memoranda, deliberative internal electronic mails, employees names, and Compensation Committee spreadsheets." I have decided, for the reasons discussed below, to make a discretionary release of all of the documents except the compensation committee spreadsheets and the documents from the Office of Inspector General's ongoing investigation.

Although I have no reason to believe the decisions of the FOIA Office were incorrect at the time they were made, circumstances have now changed. Because Commission staff, including Mr. Aguirre's supervisors identified below, discussed their deliberations and their actions with respect to Mr. Aguirre at the December 5, 2006 hearing before the Senate Committee on the Judiciary, the staff does not have a continuing need to keep confidential its predecisional deliberations regarding the termination of Mr. Aguirre's employment. The documents that are now being disclosed will be redacted to withhold names, e-mail addresses, phone numbers, street addresses, and social security numbers of Commission staff and of third parties. However, the following persons' names will not be redacted as they appeared at the December 5, 2006 Senate Committee hearing: Linda Thomsen, Paul Berger, Mark Kreitman, Robert Hanson, and John Mack. The Commission is withholding the names and identifying information about third parties under Exemption 6 of the FOIA, 5 U.S.C. 552(b)(6). Reliance on Exemption 6 is appropriate to protect privacy interests of these third parties because there has been significant media interest in Mr. Aguirre's claims regarding the termination of his employment, and disclosure of the names and identifying information in the documents the Commission is now releasing would subject individuals named in the documents to unwanted

Mr. Hodes and Ms. Royce
January 8, 2007
Page 2

and distracting inquiries from the media and anyone else who may be interested in Mr. Aguirre's employment at the Commission. Also, the Commission does not have an obligation to release the names and identifying information under the Privacy Act because the documents were not maintained in a system of records, and the Privacy Act does not require release of personal information concerning other Commission employees. 5 U.S.C. 552a(d).

The Commission is continuing to withhold various provisional versions of the compensation committee spreadsheets under Exemptions 5 and 6 of the FOIA, 5 U.S.C. 552(b)(5), (6). However, the Commission will release the columns of the final version of the spreadsheet that provide the final decision regarding the number of merit steps each employee would receive. Mr. Aguirre does not have a right to the spreadsheets under the Privacy Act because they were not maintained in a system of records, do not pertain to Mr. Aguirre within the meaning of the Act, and contain personal information concerning other Commission employees that is not required to be disclosed under the Act. 5 U.S.C. 552a(d).

Although the Commission is disclosing documents from the OIG's initial investigation of Mr. Aguirre's claims conducted in 2005, the Commission is continuing to withhold the documents generated in the ongoing OIG investigation under Exemption 7(A) of the FOIA, 5 U.S.C. 552(b)(7)(A). Also, Mr. Aguirre does not have a right to those documents under the Privacy Act because they do not pertain to him within the meaning of the Act and, even if they did pertain to him, they are exempt from disclosure. *See* 5 U.S.C. 552a(d), (k)(2); 17 C.F.R. 200.313(b)(1).

If you have any questions regarding my determination, please call me at 202-551-5140.

For the Commission
by delegated authority,

Richard M. Humes
Associate General Counsel

# Exhibit 11

SCOTT A. HODES, ATTORNEY AT LAW
POST OFFICE BOX 42002
WASHINGTON, DC 20015
WWW.INFOPRIVACYLAW.COM

MEMBER DC AND MD BARS

(301) 404-0502

INFOPRIVACYLAW@YAHOO.COM

October 11, 2006

Ms. Laura Walker
Senior Counsel
Securities and Exchange Commission
100 F Street, N.E.
Washington, DC  20549-9612

Ms. Brenda L. Fuller
FOIA/Privacy Act Branch Chief
Securities and Exchange Commission
Station Place
100 F Street, N.E.
Washington, D.C.  20549

VIA FACSIMILE

                        Aguirre v. SEC, Civ. No. 06-1260 (ESH)

Dear Ms. Walker and Ms. Fuller:

This letter responds to Ms. Walker's letter of October 10, 2006, which accepted our proposal "to define the records sought under item 6 of Mr. Aguirre's December 30 request and his entire March 21 request as those that the agency has produced or will produce to the Judiciary and Finance Committees under category one on page 2 of the August 2, 2006 letter of Senators Grassley and Specter" for production under the FOIA.

Mr. Aguirre agrees to this narrowing of the above-described requests, providing it applies to records produced for the Senate as of the date of this letter and those that will be produced in the future to the Senate pursuant to the August 2 letter.

Thank you for your time and consideration.  Please contact me if you have any further questions concerning this matter.

Sincerely,

Scott A. Hodes

Cc: Joanne Royce
     Gary Aguirre

Exhibit 12

# United States Senate
### WASHINGTON, DC 20510

August 2, 2006

**Via Electronic Transmission**

The Honorable Christopher Cox
Chairman
U.S. Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549

Dear Chairman Cox:

As members of the United States Senate, and as Chairman of the Committee on Finance and Chairman of the Committee on the Judiciary, we write today continuing our oversight of matters related to the Enforcement Division of the Securities and Exchange Commission (SEC).

On April 17, 2006, Senator Grassley and Senator Shelby wrote to you regarding allegations that an investigation of insider trading by the hedge fund Pequot Capital Management (PCM) had been suspended for political reasons. In response to that letter, Linda Thomsen met with Finance Committee staff and provided a confidential briefing on May 3, 2006, regarding the status of ongoing investigations. During this briefing, SEC staff cited a SEC policy which restricts discussion of active, ongoing investigations. SEC staff indicated that the matter had been referred to the Office of the Inspector General (SEC/OIG) and that SEC/OIG conducted a complete and thorough review and had subsequently closed the case.

Shortly thereafter, Senator Grassley's Finance Committee Staff met with the SEC/OIG and requested a copy of the SEC/OIG's closeout memorandum. At a third meeting, held at SEC headquarters on June 15, 2006, SEC/OIG allowed Finance Committee staff to see the final six page closeout memorandum prepared by SEC/OIG, however Finance Committee staff was not allowed to retain a copy. Finance Committee staff also viewed an additional two page summary memorandum describing the SEC Enforcement Divisions actions to-date, which was prepared by an SEC staff member at the Commission's request.

Further oversight of this matter continued on June 28, 2006, when Senator Specter held a Judiciary Committee hearing entitled "Hedge Funds and Independent Analysts: How Independent are Their Relationships?" At the hearing, Mr. Gary Aguirre, a former SEC attorney, testified regarding experience working on the PCM matter at SEC, and his alleged termination for objecting to the SEC's failure to aggressively pursue the case. Following the Judiciary Committee hearing, our staffs began working together to better understand the Enforcement Division and procedures at the SEC for investigating and prosecuting violations of the federal securities laws.

1

Despite the SEC's cooperation thus far, many questions regarding the handling of the PCM matter remain unanswered. For example, the quality of the SEC/OIG investigation and the SEC summary memoranda are of particular concern. Both reviews were troubling for numerous reasons, including but not limited to the following:

(1)  Mr. Aguirre, the complainant, was never interviewed by either SEC staff or that of the SEC/OIG,

(2)  SEC and SEC/OIG staff were seemingly unaware of the existence of certain material documents,

(3)  The SEC and SEC/OIG were seemingly unaware of one or more meetings that were material to the investigation, and,

(4)  SEC and SEC/OIG accounts of certain events were inconsistent, incomplete, and contradicted by documentary evidence.

Accordingly, we hereby request that the SEC produce the following documents and information to facilitate our ongoing review of this matter:

(1)  All documents created by SEC or SEC/OIG staff related to the investigation of Pequot Capital Management (PCM) including but not limited to all communications or records of communications in any form, such as email, sent or received by any of the following individuals:

      a.  Gary Aguirre
      b.  Eric Ribelin
      c.  Mark Kreitman
      d.  Robert Hanson
      e.  Linda Thomsen
      f.  Paul Berger
      g.  Joseph Cella
      h.  James Eichner

(2)  All documents related to the termination of the employment of Mr. Gary Aguirre including but not limited all communications in any form, such as email sent or received by any of the above named individuals.

These requests include, but are not limited to, the following records:

a.  The full employment personnel file of Mr. Gary Aguirre, both formal and informal.

b.  All documents, communications, or records of communications, in any form, such as email, sent or received by Linda Thomsen or Mary Jo White that relate to Gary Aguirre, John Mack, Pequot Capital Management, or Morgan Stanley.

c.  The SEC/OIG Closing Memorandum (file # OIG-431), prepared by Ms. Kelly J. Andrews, Associate Counsel to Inspector General.

d.  The memorandum presented to Finance Committee Staff on June 15, 2006 prepared by Mr. Walter Ricciardi, Deputy Director, Division of Enforcement.

e.  All communications or records of communications in any form, such as email, sent or received by any representative of the SEC or Mr. Arthur Samberg, or any designated representative of Mr. Samberg.

f.  All communications or records of communications in any form such as email, sent or received by SEC or SEC/OIG staff regarding Congressional inquiries related to Mr. Gary Aguirre.

Additionally, we request that you make the following SEC staff members available for interviews:

(1) Mark Kreitman
(2) Robert Hanson
(3) Linda Thomsen
(4) Eric Ribelin
(5) Joseph Cella
(6) James Eichner

Please advise the aforementioned individuals that they have the right to speak directly and independently to Congress, or to a Committee of Congress, without interference from the SEC if they wish, in accordance with 5 U.S.C. § 7211. Retaliation against these individuals, or any other SEC employees, who communicate with Congress in reference to this matter, or any other, will not be tolerated. Such conduct is further punishable by 18 U.S.C. § 1505 and false statements and perjury are likewise punishable pursuant to 18 U.S.C. § 1001. Further, under 5 U.S.C. § 2302(b)(8), a federal employee authorized to take any personnel action may not take any personnel action against an employee because of protected whistleblowing.

Please also note that P.L. 109-115 enunciates a government-wide prohibition on the use of appropriated funds to pay the salary of any federal official who prohibits or threatens to prevent a federal employee from communicating with Congress, regardless of whether the employee or Congress initiated the contact.

We respectfully request that all SEC employees involved directly or indirectly with this matter be immediately provided with a copy of this letter to inform them of their right to speak and to cooperate with Congress. All SEC employees should be informed that no documents, records, data or information related, directly or indirectly, to this matter shall be destroyed, modified, removed or otherwise made inaccessible to Congress. Further, if any SEC employee believes that they have been subject to

3

retaliation for meeting with Congressional staff and/or for anything associated with the ongoing investigation of this matter, the employee should contact our staffs immediately.

Finally, it has come to our attention that recently, both the SEC and the SEC/OIG have reopened investigations into this matter. Based upon our review of the SEC/OIG's previous investigation, we have serious concerns regarding whether SEC/OIG is capable of conducting a re-investigation worthy of any public confidence.

We thank you in advance for your continued cooperation as we review this important matter. Please have your staff coordinate with ours for delivery of the requested documents no later than close of business on August 15, 2006. Further, the individual contacting our staff should be prepared to schedule interviews with the requested SEC staff members. Any questions or concerns should be directed to Emilia DiSanto or Nick Podsiadly of Senator Grassley's staff at (202) 224-4515, or Harold Kim, Seema Singh or Hannibal Kemerer of Senator Specter's staff at (202) 224-5225.

Sincerely,

Charles E. Grassley
United States Senator
Chairman, Committee on
Finance

Arlen Specter
United States Senator
Chairman, Committee on the
Judiciary

Enclosures

Cc:     The Honorable Paul S. Atkins
        The Honorable Roel C. Campos
        The Honorable Annette L. Nazareth
        The Honorable Kathleen L. Casey
        The Honorable Walter Stachnik, Inspector General

## GENERAL INSTRUCTIONS

1.  Please note that, for purposes of responding to this document request, the term "document" should be interpreted in accordance with the general definitions attached to this letter.

2.  In complying with this document request, produce all responsive documents that are in your possession, custody, or control, whether held by you or your past or present agents, employees, and representatives acting on your behalf. In addition, produce documents that you have a legal right to obtain, documents that you have a right to copy or have access to, and documents that you have placed in the temporary possession, custody, or control of any third party.

3.  No documents, records, data or information requested by the Committees shall be destroyed, modified, removed or otherwise made inaccessible to the Committee.

4.  If the document request cannot be complied with in full, it shall be complied with to the extent possible, which shall include an explanation of why full compliance is not possible.

5.  In complying with this document request, respond to each enumerated request by repeating the enumerated request and identifying the responsive document(s).

6.  In the event that a document is withheld on the basis of privilege, provide the following information concerning any such document: (a) the privilege asserted; (b) the type of document; (c) the general subject matter; (d) the date, author and addressee; and (e) the relationship of the author and addressee to each other.

7.  Each document produced shall be produced in a form that renders the document susceptible of copying.

8.  It shall not be a basis for refusal to produce documents that any other person or entity also possesses non-identical or identical copies of the same document.

9.  If any document responsive to this request was, but no longer is, in your possession, custody, or control, identify the document (stating its date, author, subject and recipients) and explain the circumstances by which the document ceased to be in your possession, or control.

10. This request is continuing in nature. Any document, record, compilation of data or information, not produced because it has not been located or discovered by the return date, shall be produced immediately upon location or discovery subsequent thereto.

All documents shall be Bates stamped sequentially and produced sequentially.

1

## GENERAL DEFINITIONS

1.    The term "Securities and Exchange Commission" or "SEC" means the United States Securities and Exchange Commission as defined in 15 U.S.C § 78d, the Commission, the Commissioners, any staff member, including but not limited to, officers, attorneys, economists, examiners, and any other employee or contract employee of the Commission.

2.    The term "document" means any written, recorded, or graphic matter of any nature whatsoever, regardless of how recorded, and whether original or copy, including, but not limited to the following: memoranda, reports, statistical or analytical reports, books, manuals, instructions, financial reports, working papers, records notes, letters, notices, confirmations, telegrams, receipts, appraisals, pamphlets, magazines, newspapers, prospectuses, interoffice and intra office communications, electronic mail (E-mail), contracts, cables, notations of any type of conversation, telephone call, meeting or other communication, bulletins, printed matter, computer printouts, teletypes, invoices, transcripts, diaries, analyses, returns, summaries, minutes, bills, accounts, estimates, projections, comparisons, messages, correspondence, press releases, circulars, financial statements, reviews, opinions, offers, studies and investigations, questionnaires and surveys, and work sheets (and all drafts, preliminary versions, alterations, modifications, revisions, changes, and amendments of any of the foregoing, as well as any attachments or appendices thereto), and graphic or oral records or representations of any kind (including without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings and motion pictures), and electronic, mechanical, and electric records or representations of any kind (including, without limitation, tapes, cassettes, discs, and recordings) and other written, printed, typed, or other graphic or recorded matter of any kind or nature, however produced or reproduced, and whether preserved in writing, film, tape, disc, or videotape. A document bearing any notation not a part of the original text is to be considered a separate document. A draft or non-identical copy is a separate document within the meaning of this term.

3.    The term "records" is to be construed in the broadest sense and shall mean any written or graphic material, however produced or reproduced, of any kind or description, consisting of the original and any non-identical copy (whether different from the original because of notes made on or attached to such copy or otherwise) and drafts and both sides thereof, whether printed or recorded electronically or magnetically or stored in any type of data bank, including, but not limited to, the following: correspondence, memoranda, records, summaries of personal conversations or interviews, minutes or records of meetings or conferences, opinions or reports of consultants, projections, statistical statements, drafts, contracts, agreements, purchase orders, invoices, confirmations, telegraphs, telexes, agendas, books, notes, pamphlets, periodicals, reports, studies, evaluations, opinions, logs, diaries, desk calendars, appointment books, tape

recordings, video recordings, e-mails, voice mails, computer tapes, or other computer stored matter, magnetic tapes, microfilm, microfiche, punch cards, all other records kept by electronic, photographic, or mechanical means, charts, photographs, notebooks, drawings, plans, inter-office communications, intra-office and intra-departmental communications, transcripts, checks and canceled checks, bank statements, ledgers, books, records or statements of accounts, and papers and things similar to any of the foregoing, however denominated.

4.    The terms "relate," "related," "relating," or "regarding" as to any given subject means anything that discusses, concerns, reflects, constitutes, contains, embodies, identifies, deals with, or is any manner whatsoever pertinent to that subject, including but not limited to documents concerning the preparation of other documents.

5.    The terms "and" and "or" shall be construed broadly and either conjunctively or disjunctively to bring within the scope of this document request any information which might otherwise be construed to be outside its scope. The singular includes plural number, and vice versa to bring within the scope of this document request any information which might otherwise be construed to be outside its scope. The masculine includes the feminine and neuter genders to bring within the scope of this document request any information that might otherwise be construed to be outside its scope.

6.    The term "communication" means each manner or means of disclosure or exchange of information, regardless of means utilized, whether oral, written, electronic, by document or otherwise, and whether face to face, in a meeting, by telephone, mail, telexes, discussions, releases, personal delivery, or otherwise. Documents that typically reflect a "communication" include handwritten notes, telephone memoranda slips, daily appointment books and diaries, bills, checks, correspondence and memoranda, and includes all drafts of such documents.

Exhibit 13

SCOTT A. HODES, ATTORNEY AT LAW
POST OFFICE BOX 42002
WASHINGTON, DC 20015
WWW.INFOPRIVACYLAW.COM

MEMBER DC AND MD BARS                                                    INFOPRIVACYLAW@YAHOO.COM

(301) 404-0502

September 11, 2007

Melinda Hardy
Assistant General Counsel
Securities and Exchange Commission
100 F Street, N.E.
Washington, DC  20549-9612

VIA First class mail and E-MAIL

Aguirre v. SEC (Civ. No. 06-1260) (ESH)

Dear Ms. Hardy:

This letter concerns our meeting of September 6, 2007, during which we discussed Mr.
Aguirre's potential withdrawal of certain issues in this matter. As I stated during the
meeting, I would formalize his position on these matters with a follow up letter. This letter
is intended to memorialize which issues Mr. Aguirre will withdraw at this time based on
the information you have made available in the Vaughn index and the documents produced.
Because of the complexity of this matter, I may overlook an issue in presenting his
position. In that case, it should not be interpreted as a waiver or concession. We are also
seeking additional information and clarifications so informed decisions can be made to
further narrow the issues.

1) *Documents the SEC has provided the Senate and withheld from Mr. Aguirre under an
   assertion of FOIA Exemption 5.* In general, based on available information, Mr.
   Aguirre will not dispute the application of Exemption 5 as specified in your Vaughn
   index, with these exceptions:

   a) The SEC waived *all* exemptions, including Exemption 5, by voluntarily
      producing the documents described in the Vaughn index and other documents to
      the Senate.

   b) Exemption 5 does not apply to the Draft Conduct Regulation Documents.

   c) Those "drafts" where no final version of the document was produced. You
      contend that the Senate did not seek final versions of these documents, but only
      the "drafts" contained on the J-Drive and only such "drafts" were provided to
      the Senate. You then object to producing the drafts based on Exemption 5.

   Mr. Aguirre does not believe that the Senate's request or the SEC's response
   were limited in the way you suggest. He also requests a clarification of your
   position with these questions: Does not the SEC require its Enforcement staff to
   post the final version of the electronic copies in question to the J-Drive? How

are you defining a "draft"? Would your definition include a document identical to the final document but unsigned? Would your definition include a final version of document but without SEC printed letterhead? Can you offer any explanation why the final documents were not included in the J-Drive? Did the SEC staff involved simply violate internal SEC procedures? Until he has considered your answers to these questions, he will continue to contest the withholding of documents labeled as "drafts" pursuant to Exemption 5.

2.) Mr. Aguirre may withdraw his demand for documents where you have asserted FOIA Exemption 7(A) for other (non-Pequot) investigations referenced in Bates Stamped Document 0002179. But your position seems to raise an inconsistency. The documents produced to the Senate under paragraph 2 of the August 2 letter, and thus subject to our stipulation, sought documents relating to the Pequot investigation. Your position suggests that the document was treated as a Pequot-related document for the Senate, but not for Mr. Aguirre's FOIA request. Why did you produce 0002179 to the Senate if it did not relate to the Pequot investigation? For example, did the SEC believe that the Senate may have thought the document was connected to the Pequot investigation? Please clarify. Further, Mr. Aguirre continues to contest the SEC's use of Exemption 7(A) on the Office of Inspector General Investigation.

3.) My client will not seek the two documents for which you are asserting FOIA Exemption 8.

4.) As to the documents withheld pursuant to FOIA Exemptions 6 and 7(C), my client is not interested in purely personal information such as home addresses, phone numbers, social security numbers and birth dates. However, Mr. Aguirre believes that the identities of these third parties as well as the business information of these individuals should be released, and he will contest the withholdings of this material. By way of compromise, we would be willing to limit the release of names to those identified by the Senate report as a way of compromise on this issue.

5.) Mr. Aguirre continues to be interested in the material undergoing a confidential treatment analysis, and will vigorously seek the release of this information.

6.) The draft Vaughn index now indicates that at least 1530 pages of material have not been accounted for. This presents two separate issues.

First, there has been considerable correspondence relating to 1) the number of documents the SEC provided to the Senate which it withheld from Mr. Aguirre and 2) the propriety of withholding these documents from Mr. Aguirre. Your June 29 letter stated your last position—that there were approximately 1000 documents in this category. Your Vaughn index implies the existence of more than 1500 documents. Please provide us immediately with a description of the other 500 plus documents similar to the description in your June 29 letter.

Additionally, we believe that many of these documents are responsive to Mr. Aguirre's request. For instance, certain of the documents described in your June 29, 2007 letter, we believe are responsive to the request. These three categories are:

    a) Documents regarding Paul Berger leaving the Commission. (43 pages)

    b) Documents regarding compensation committee. (3 pages)

    c) E-mails which you have described by the date (8/1/05) and pages (366 pages). We only seek the emails that relate to the Pequot investigation or Mr. Aguirre's employment as stated in the respective requests.

7.) Mr. Aguirre seeks the seven unreleased transcripts and the exhibits from those transcripts. Further, he will request that the witnesses' names and positions with their employers be disclosed. You have contended that the Senate only sought the exhibits that were attached to the transcripts of John Mack and Arthur Samberg. We have been unable to verify that fact, so we cannot withdraw out position at this time.

8.) My client does not withdraw his requests for documents sought under the Privacy Act.

Subject to further information from you as requested above, this concludes my client's obligation of narrowing the material at issue in this case, as instructed by the Court. If you have any further questions regarding this matter, feel free to contact me at your convenience.

Sincerely,

Scott A. Hodes

cc: Gary J. Aguirre

# Exhibit 14

## VAUGHN INDEX
Aguirre v. SEC, No. 06-1260 (D.D.C.)

### SENATE PRODUCTION

| | DATE | BEG BATES | END BATES | FROM | TO | TITLE/TYPE OF DOCUMENT | FOIA EXEMPTION | PAGE COUNT | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 31-May-06 | SEC0001651 | SEC0001652 | Office of Human Relations | | Request for Personnel Action | b6 | 2 | Form with information necessary for processing Paul Berger's resignation from the Commission. |
| 2 | 1-Aug-06 | SEC0001820 | SEC0001984 | John J. Mack | N/A | Transcript | being processed for CT | 165 | Transcript of investigative testimony; witness claims entire transcript exempt under FOIA. |
| 3 | 23-Jun-06 | SEC0001993 | SEC0001993 | Staff Attorney | Mark Kreitman | Pursuant to Your Request | b5 | 1 | Email re: staff review of evidence collected during investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 4 | 23-Jun-06 | SEC0001994 | SEC0001994 | Mark Kreitman | Deputy Director, et al | Ongoing Investigation | b5 | 1 | Email re: staff review of evidence collected during investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 5 | 23-Jun-06 | SEC0001995 | SEC0001995 | Deputy Director | Mark Kreitman, et al | RE: Ongoing Investigation | b5 | 1 | Email re: staff review of evidence collected during investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 6 | 23-Jun-06 | SEC0001996 | SEC0001996 | Deputy Director | Deputy Director, et al | RE: Ongoing Investigation | b5 | 1 | Email re: staff review of evidence collected during investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 7 | 27-Jul-06 | SEC0002003 | SEC0002004 | Deputy Director | Mark Kreitman | RE: Aguirre Letter | b5 | 2 | Email re: witness testimony and evidence gathered. Contains attorney work product, reveals pre-decisional deliberative process. |
| 8 | | SEC0002006 | SEC0002018 | Staff Attorney | N/A | Testimony Outline - John Mack | b5 | 13 | Draft outline of witness questions. Contains attorney work product, reveals pre-decisional deliberative process. |

## VAUGHN INDEX
### Aguirre v. SEC, No. 06-1260 (D.D.C.)

| # | DATE | BEG BATES | END BATES | FROM | TO | TYPE OF DOCUMENT | FOIA EXEMPTION | PAGE COUNT | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|
| 9 | | SEC0002019 | SEC0002033 | Staff Attorney | N/A | Testimony Outline - John Mack | b5 | 15 | Draft outline of witness questions. Contains attorney work product, reveals pre-decisional deliberative process. |
| 10 | 06-Jul-06 | SEC0002034 | SEC0002038 | Deputy Director | Robert Hanson, et al | RE: Mack Testimony | b5 | 5 | Email re: staff review of evidence collected during investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 11 | 07-Jul-06 | SEC0002039 | SEC0002043 | Robert Hanson | Deputy Director | RE: Mack Testimony | b5 | 5 | Email re: staff review of evidence collected during investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 12 | 07-Jul-06 | SEC0002044 | SEC0002048 | Deputy Director | Robert Hanson | RE: Mack Testimony | b5 | 5 | Email re: staff review of evidence collected during investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 13 | 07-Jul-06 | SEC0002049 | SEC0002057 | Robert Hanson | Deputy Director | RE: Mack Testimony | b5 | 9 | Email re: staff review of evidence collected during investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 14 | | SEC0002058 | SEC0002059 | Staff Attorney | N/A | none | b5 | 2 | Draft memo from staff attorney re: investigative activities from Sept. 2005 to March 2006. Contains attorney work product information, reveals pre-decisional deliberative process. |
| 15 | | SEC0002060 | SEC0002067 | Pequot Investigative Team | N/A | Pequot Investigative Chronology Since Mid-September 2005 | b5 | 8 | Draft memo re: investigative activities from Sept. 2005 to June 2006. Contains attorney work product, reveals pre-decisional deliberative process. |

VAUGHN INDEX
Aguirre v. SEC, No. 06-1260 (D.D.C.)

| | DATES | BEG BATES | END BATES | FROM | TO | TITLE/TYPE OF DOCUMENT | FOIA EXEMPTION | PAGE COUNT | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|
| 16 | | SEC0002068 | SEC0002072 | Staff Attorney | N/A | Attachment To Subpoena To John Mack | b5 | 5 | Draft of subpoena attachment. Contains attorney work product, reveals pre-decisional deliberative process. |
| 17 | | SEC0002073 | SEC0002086 | Staff Attorney | N/A | Testimony Outline - John Mack | b5 | 14 | Draft outline of witness questions. Contains attorney work product, reveals pre-decisional deliberative process. |
| 18 | 27-Jul-06 | SEC0002087 | SEC0002087 | Mark Kreitman | Joanne Royce | Re: Aguirre v SEC | b5 | 1 | Draft letter to outside counsel. Contains attorney work product, reveals pre-decisional deliberative process. |
| 19 | 25-Jul-06 | SEC0002108 | SEC0002122 | Mark Kreitman | Staff Attorney, et al | CSFB | b5 | 15 | Email transmitting draft outline of witness questions. Contains attorney work product, reveals pre-decisional deliberative process. |
| 20 | | SEC0002123 | SEC0002127 | Staff Attorney | N/A | Attachment To Subpoena To John Mack | b5 | 5 | Draft of subpoena attachment. Contains attorney work product, reveals pre-decisional deliberative process. |
| 21 | 25-Jul-06 | SEC0002129 | SEC0002129 | Mark Kreitman | Staff Attorney, Robert Hanson | CSFB | b5 | 1 | Email pertaining to witness questions. Contains attorney work product, reveals pre-decisional deliberative process. |
| 22 | 01-Aug-06 | SEC0002143 | SEC0002154 | Robert Hanson | N/A | Staff Handwritten Notes | b5 | 12 | Notes of Commission staff, taken during witness examination. Contains attorney work product, reveals pre-decisional deliberative process. |
| 23 | 29-Jun-06 | SEC0002155 | SEC0002155 | Robert Hanson | N/A | Staff Handwritten Notes | b5 | 1 | Notes of Commission staff re: Pequot and other investigations. Contains attorney work product, reveals pre-decisional deliberative process. |

10/1/2007

VAUGHN INDEX
Aguirre v. SEC, No. 06-1260 (D.D.C.)

| # | DATE | BEG BATES | END BATES | FROM | TO | DOCUMENT NAME/TYPE OF DOCUMENT | TOTAL EXEMPTION | PAGE COUNT | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|
| 24 | | SEC0002156 | SEC0002157 | Robert Hanson | N/A | Staff Handwritten Notes | b5 | 2 | Notes of Commission staff used to prepare for meeting with supervisors. Contains attorney work product, reveals pre-decisional deliberative process. |
| 25 | 28-Jun-06 | SEC0002158 | SEC0002161 | Robert Hanson | N/A | Staff Handwritten Notes | b5 | 4 | Notes of Commission staff, taken during meeting with counsel for Pequot. Contains attorney work product, reveals pre-decisional deliberative process. |
| 26 | 14-Jul-06 | SEC0002164 | SEC0002164 | Deputy Director | Robert Hanson, Staff Attorney, Deputy Directors | Re: Pequot | b5 | 1 | Email re: staff review of investigation process. Contains attorney work product, reveals pre-decisional deliberative process. |
| 27 | | SEC0002171 | SEC0002173 | Deputy Director | N/A | Staff Handwritten Notes | b5 | 3 | Handwritten staff notes from investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 28 | 19-Jul-06 | SEC0002176 | SEC0002176 | Staff | Deputy Directors | Pequot Subpoenas | b5 | 1 | Email re: internal impressions of investigation progress. Contains attorney work product, reveals pre-decisional deliberative process. |
| 29 | 19-Jul-06 | SEC0002177 | SEC0002177 | Deputy Director | Deputy Director, Staff | Re: Pequot subpoenas | b5 | 1 | Email re: internal impressions of investigation progress. Contains attorney work product, reveals pre-decisional deliberative process. |
| 30 | 24-Jul-06 | SEC0002179 | SEC0002179 | Deputy Director | N/A | Notes | b5, b7A | 1 | Printout with handwritten notations concerning Pequot investigation and other investigations, some of which are ongoing. Contains attorney work product, reveals pre-decisional deliberative process. |
| 31 | | SEC0002251 | SEC0002266 | Staff Attorney | N/A | Testimony Outline - John Mack | b5 | 16 | Draft outline of witness questions. Contains attorney work product, reveals pre-decisional deliberative process. |

10/1/2007

Page 4

VAUGHN INDEX
Aguirre v. SEC, No. 06-1260 (D.D.C.)

| NO. | DATE | BEG. BATES | END. BATES | FROM | TO | TITLE/TYPE OF DOCUMENT | FOIA EXEMPTION | PAGE COUNT | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|
| 32 | | SEC0002267 | SEC0002277 | Staff Attorney | N/A | Testimony Outline | b5 | 11 | Draft outline of witness questions. Contains attorney work product, reveals pre-decisional deliberative process. |
| 33 | | SEC0002278 | SEC0002288 | Staff Attorney | N/A | Testimony Outline | b5 | 11 | Draft outline of witness questions. Contains attorney work product, reveals pre-decisional deliberative process. |
| 34 | | SEC0002289 | SEC0002299 | Staff Attorney | N/A | Testimony Outline | b5 | 11 | Draft outline of witness questions. Contains attorney work product, reveals pre-decisional deliberative process. |
| 35 | | SEC0002300 | SEC0002310 | Staff Attorney | N/A | Testimony Outline | b5 | 11 | Draft outline of witness questions. Contains attorney work product, reveals pre-decisional deliberative process. |
| 36 | | SEC0002311 | SEC0002320 | Staff Attorney | N/A | Testimony Outline | b5 | 10 | Draft outline of witness questions. Contains attorney work product, reveals pre-decisional deliberative process. |
| 37 | 27-Jul-06 | SEC0002321 | SEC0002373 | Witness | N/A | Transcript | 7c | 53 | Transcript redacted to remove names, personal identifying info, and other information in which witness has privacy interest. |
| 38 | 27-Jul-06 | SEC0002374 | SEC0002487 | Witness | N/A | Transcript | 7c | 114 | Transcript redacted to remove names, personal identifying info, and other information in which witness has privacy interest. |
| 39 | 17-Aug-06 | SEC0002488 | SEC0002679 | Witness | N/A | Transcript | being processed for CT | 192 | CT |
| 40 | 1-Aug-06 | SEC0002680 | SEC0002845 | John J. Mack | N/A | Transcript | being processed for CT | 166 | CT |

10/1/2007

VAUGHN INDEX
Aguirre v. SEC, No. 06-1260 (D.D.C.)

| # | DATE | BEG BATES | END BATES | FROM | TO | RE/TITLE/TYPE OF DOCUMENT | FOIA EXEMPTION | PAGE COUNT | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|
| 41 | 20-Jun-06 | SEC0002848 | SEC0002854 | Mark Kreitman | Robert Hanson | Smart Idea From [] --re Pequot | b5 | 7 | Email and memorandum regarding an investigative technique, containing internal deliberation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 42 |  | SEC0002860 | SEC0002860 | Mark Kreitman | Deputy Director, et al | Ongoing Investigation | b5 | 1 | Email re: staff review of evidence collected during investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 43 | 23-Jun-06 | SEC0002861 | SEC0002861 | Deputy Director | Deputy Director et al | Re: Ongoing Investigation | b5 | 1 | Email re: staff review of evidence collected during investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 44 | 7-Jul-06 | SEC0002862 | SEC0002867 | Robert Hanson | Deputy Director | RE: Mack Testimony | b5 | 6 | Email re: staff review of evidence collected during investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 45 |  | SEC0002868 | SEC0002875 | Staff Attorney | N/A | statement of facts | b5 | 8 | Summary of evidence collected during investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 46 | 14-Jul-06 | SEC0002876 | SEC0002876 | Robert Hanson | Deputy Director | Attachments: chron since sept.doc;wells facts.doc | b5 | 1 | Email re: staff review of evidence collected during investigation and progress and direction of investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 47 | 24-Jul-06 | SEC0002885 | SEC0002885 | Deputy Director | Robert Hanson | Re: Pequot | b5 | 1 | Email re: discussion of effect of tolling agreement. Contains attorney work product, reveals pre-decisional deliberative process. |

## VAUGHN INDEX
Aguirre v. SEC, No. 06-1260 (D.D.C.)

| | DATE | BEG BATES | END BATES | FROM | TO | SUBJECT/TYPE OF DOCUMENT | FOIA EXEMPTION | PAGE COUNT | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|
| 48 | 25-Jul-06 | SEC0002892 | SEC0002893 | Staff Attorney | Robert Hanson | RE: Pequot | b5 | 2 | Email re: discussion of effect of tolling agreement. Contains attorney work product, reveals pre-decisional deliberative process. |
| 49 | | SEC0002920 | SEC0002934 | Staff Attorney | N/A | Testimony Outline-- John Mack | b5 | 15 | Draft outline of witness questions. Contains attorney work product, reveals pre-decisional deliberative process. |
| 50 | 14-Nov-05 | SEC0002938 | SEC0002938 | Staff Attorney | Staff Analyst | Possible tippers | b5 | 1 | Email re: witness information. Contains attorney work product, reveals pre-decisional deliberative process. |
| 51 | 14-Aug-06 | SEC0002958 | SEC0002958 | Staff Attorney | Robert Hanson | RE: I got your message re: [] I will call her | b5 | 1 | Email re: analysis of evidence collected during investigation and progress and direction of investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 52 | 15-Aug-06 | SEC0002961 | SEC0002966 | Robert Hanson | Staff Attorney | Re: Testimony outline testimony for [] is Thursday at 9 am in room 11) | b5 | 6 | Email re: draft outline of witness questions and impressions and advice of staff attorneys as to testimony. Contains attorney work product, reveals pre-decisional deliberative process. |
| 53 | 15-Aug-06 | SEC0002967 | SEC0002972 | Robert Hanson | Staff Attorney | Re: Testimony outline for [] (testimony is Thursday at 9 am in room 11) | b5 | 6 | Email re: draft outline of witness questions and impressions and advice of staff attorneys as to testimony. Contains attorney work product, reveals pre-decisional deliberative process. |
| 54 | 15-Aug-06 | SEC0002977 | SEC0002982 | Staff Attorney | Robert Hanson | Re: Testimony outline for [] (testimony is Thursday at 9 am in room 11) | b5 | 6 | Email re: draft outline of witness questions and impressions and advice of staff attorneys as to testimony. Contains attorney work product, reveals pre-decisional deliberative process. |

VAUGHN INDEX
Aguirre v. SEC, No. 06-1260 (D.D.C.)

| DATE | BATES BEGIN | END BATES | FROM | TO | TITLE/TYPE OF DOCUMENT | FOIA EXEMPTION | PAGE COUNT | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 55 | 7-Jul-06 | SEC0002983 | SEC0002988 | Staff Attorney | Robert Hanson | RE: Mack Testimony | b5 | 6 | Email re: staff review of evidence collected during investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 56 | 19-Jul-06 | SEC0002989 | SEC0002990 | Staff Attorney | Robert Hanson | FW: Pequot pending matters | b5 | 2 | Email re: summary of pending matters and dates certain events took place. Contains attorney work product, reveals pre-decisional deliberative process. |
| 57 | | SEC0002999 | SEC0003011 | Staff Attorney | N/A | Testimony Outline -- John Mack | b5 | 13 | Draft outline of witness questions. Contains attorney work product, reveals pre-decisional deliberative process. |
| 58 | | SEC0003013 | SEC0003025 | Staff Attorney | N/A | Testimony Outline -- John Mack | b5 | 13 | Draft outline of witness questions and impressions and advice of staff attorneys as to testimony. Contains attorney work product, reveals pre-decisional deliberative process. |
| 59 | | SEC0003027 | SEC0003040 | Staff Attorney | N/A | Testimony Outline -- John Mack | b5 | 14 | Draft outline of witness questions and impressions and advice of staff attorneys as to testimony. Contains attorney work product, reveals pre-decisional deliberative process. |
| 60 | | SEC0003042 | SEC0003056 | Staff Attorney | N/A | Testimony Outline -- John Mack | b5 | 15 | Draft outline of witness questions and impressions and advice of staff attorneys as to testimony. Contains attorney work product, reveals pre-decisional deliberative process. |
| 61 | 25-Jul-06 | SEC0003057 | SEC0003064 | Mark Kreitman | Robert Hanson | Mack Subpoena | b5 | 8 | Email transmitting draft subpoena with tracked changes. Contains attorney work product, reveals pre-decisional deliberative process. |

VAUGHN INDEX
Aguirre v. SEC, No. 06-1260 (D.D.C.)

| | DATE | SEC BATES | END BATES | FROM | TO | PRIMARY TYPE OF DOCUMENT | FOIA EXEMPTION | PAGE COUNT | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|
| 62 | | SEC0003066 | SEC0003079 | Unknown | N/A | Testimony Outline | b5 | 14 | Draft outline of witness questions and impressions and advice of staff attorneys as to testimony. Contains attorney work product, reveals pre-decisional deliberative process. |
| 63 | 25-Jul-06 | SEC0003088 | SEC0003088 | Robert Hanson | Staff Attorney | FW: Pequot | b5 | 1 | Email re: tolling agreement. Contains attorney work product, reveals pre-decisional deliberative process. |
| 64 | | SEC0003122 | SEC0003131 | Staff Attorney | N/A | Testimony Outline | b5 | 10 | Draft outline of witness questions and impressions and advice of staff attorneys as to testimony. Contains attorney work product, reveals pre-decisional deliberative process. |
| 65 | | SEC0003132 | SEC0003141 | Staff Attorney | N/A | Testimony Outline | b5 | 10 | Draft outline of witness questions and impressions and advice of staff attorneys as to testimony. Contains attorney work product, reveals pre-decisional deliberative process. |
| 66 | 15-Aug-06 | SEC0003142 | SEC0003147 | Robert Hanson | Staff Attorney | Re: Testimony outline (testimony is Thursday at 9 am in room 11) | b5 | 6 | Email re: draft outline of witness questions and impressions and advice of staff attorneys as to testimony. Contains attorney work product, reveals pre-decisional deliberative process. |
| 67 | 4-Aug-06 | SEC0003148 | SEC0003149 | Staff Attorney | N/A | Attachment To August 4, 2006 Subpoena To Credit Suisse First Boston | b5 | 2 | Draft attachment to subpoena with handwritten notation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 68 | 8-Sep-06 | SEC0003157 | SEC0003253 | Witness | N/A | Transcript | being processed for CT | 97 | |

Page 9

10/1/2007

VAUGHN INDEX
Aguirre v. SEC, No. 06-1260 (D.D.C.)

| | BEG. BATES | END. BATES | DATE | FROM | TO | TITLE/TYPE OF DOCUMENT | FOIA EXEMPTION | PAGE COUNT | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|
| 69 | SEC0003254 | SEC0003388 | 7-Sep-06 | Witness | N/A | Transcript | being processed for CT | 135 | |
| 70 | SEC0003389 | SEC0003389 | 27-Jun-05 | Outside counsel | Linda Thomsen | CT request for Morgan Stanley emails | being processed for CT | 1 | |
| 71 | SEC0003390 | SEC0003415 | 27-Jun-05 | John J. Mack and Arthur Samberg | Arthur Samberg and John J. Mack | Morgan Stanley E-mails | b7c | 26 | Personal emails between Mack and Samberg. Withheld in their entirety to protect privacy interests. |
| 72 | SEC0003690 | SEC0003690 | 14-Jul-05 | Paul Berger | Linda Thomsen | Priorities and Front Burner Items | 5 | 1 | Portion of email containing discussions of matters other than Pequot that were priorities or front burner items redacted. Redacted portions contain attorney work product and reveal pre-decisional deliberations. |
| 73 | SEC0003713 | SEC0003734 | | John J. Mack | N/A | Exhibits 150-151: Calendars | b7c | 22 | Personal calendars. Withheld in their entirety to protect privacy interests. |
| 74 | SEC0003735 | SEC0003738 | | John J. Mack | N/A | Exhibit 152: Travel Itinerary | b7c | 4 | Itinerary listing names and phone numbers and reflecting personal travel decisions. Withheld in their entirety to protect privacy interests. |
| 75 | SEC0003739 | SEC0003739 | 3-Jul-01 | Outside counsel | John Mack | Exhibit 153: Fax coversheet | b7c | 1 | Withheld in entirety because no meaningful information remaining after redaction of names and fax and phone numbers. |
| 76 | SEC0003740 | SEC0003740 | 16-Jul-01 | John J. Mack | Credit Suisse Group | Exhibit 154: Employment Agreement | b7c | 1 | Withheld in entirety to protect privacy interests. |
| 77 | SEC0003741 | SEC0003741 | 9-May-01 | Art Samberg | John J. Mack | Exhibit 155: RE: Dinner | b7c | 1 | Personal emails between Mack and Samberg re investments and other personal matters. Withheld in their entirety to protect privacy interests. |

## VAUGHN INDEX
### Aguirre v. SEC, No. 06-1260 (D.D.C.)

| | DATE | BEG BATES | END BATES | FROM | TO | AUTHOR/TYPE OF DOCUMENT | FOIA EXEMPTION | PAGE COUNT | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|
| 78 | 11-May-01 | SEC0003742 | SEC0003742 | Art Samberg | Pequot Employee | Exhibit 156 | b7c | 1 | Email re possible investment by Mack. Withheld in entirety to protect personal financial information. |
| 79 | 4-Jun-01 | SEC0003743 | SEC0003755 | John J. Mack | Pequot Partners Fund, L.P. | Exhibits 157-158: Limited Partnership Agreement | b7c | 13 | Withheld in entirety to protect personal financial information. |
| 80 | 8-Oct-01 | SEC0003756 | SEC0003756 | Pequot Employee | John J. Mack | Exhibit 159: Letter | b7c | 1 | Letter transmitting documents regarding investment by Mack. Withheld in entirety to protect personal financial information. |
| 81 | 19-May-01 | SEC0003757 | SEC0003757 | Arthur Samberg | John J. Mack | Exhibit 160: e-mail | b7c | 1 | Email exchange re investment by Mack. Withheld in entirety to protect personal financial information. |
| 82 | 30-May-01 | SEC0003758 | SEC0003758 | Arthur Samberg | Pequot Employee | Exhibit 161 | b7c | 1 | Email re investment by Mack. Withheld in entirety to protect personal financial information. |
| 83 | 22-Oct-01 | SEC0003759 | SEC0003763 | Pequot Private Equity Partners III, LLC | Pequot Private Equity III Limited Partners | Exhibit 162: Third Quarter 2001 Review | being processed for CT | 5 | |
| 84 | 20-Jun-01 | SEC0003764 | SEC0003764 | Art Samberg | Pequot Employee | Exhibit 163: e-mail | b7c | 1 | Email re Mack investment and sender's family's health. Withheld in entirety to protect personal financial and medical information. |
| 85 | 20-Jun-01 | SEC 0003765 | SEC 0003765 | Art Samberg | Pequot Employee | Exhibit 164: e-mail | b7c | 1 | Email re dinner with Mack and other social matters. Withheld in entirety to protect personal financial and social information. |
| 86 | 6-Jul-01 | SEC0003766 | SEC0003767 | Pequot Employee | Pequot Employee | Exhibit 165: e-mail RE: Calendars | being processed for CT | 2 | |

10/1/2007

## VAUGHN INDEX
### Aguirre v. SEC, No. 06-1260 (D.D.C.)

| # | DATE | BEG BATES | END BATES | FROM | TO | TITLE/TYPE OF DOCUMENT | FOIA EXEMPTION | PAGE COUNT | DESCRIPTION |
|---|------|-----------|-----------|------|-----|------------------------|----------------|------------|-------------|
| 87 | 13-Jul-01 | SEC0003768 | SEC0003768 | Art Samberg | Family Member | Exhibit 166: e-mail RE: John Mack | being processed for CT | 1 | |
| 88 | 17-Jul-01 | SEC0003769 | SEC0003769 | Art Samberg | Pequot Employee | Exhibit 167: e-mail | b7c | 1 | Withheld in entirety to protect personal financial information. |
| 89 | 30-Jun-01 | SEC0003770 | SEC0003770 | Art Samberg | Pequot Employee | Exhibit 20: e-mail | b7c | 1 | Withheld in entirety to protect personal financial information. |
| 90 | | SEC0003771 | SEC0003798 | Eric Ribelin | N/A | Handwritten Notes | b5 | 28 | Notes of Commission staff, regarding many aspects of investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 91 | | SEC0003800 | SEC0003835 | Eric Ribelin | N/A | Handwritten Notes | b5 | 36 | Notes of Commission staff, regarding many aspects of investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 92 | | SEC0003836 | SEC0003838 | | N/A | Spreadsheet | b5 | 3 | Spreadsheet regarding SRO referrals to SEC. Contains attorney work product, reveals pre-decisional deliberative process. |
| 93 | | SEC0003839 | SEC0003853 | Eric Ribelin | N/A | Handwritten Notes | b5 | 15 | Notes of Commission staff, regarding many aspects of investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 94 | | SEC0003864 | SEC0003874 | Eric Ribelin | N/A | Handwritten Notes | b5 | 11 | Notes of Commission staff, regarding many aspects of investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 95 | | SEC0004614 | SEC0004614 | | | Privilege Log for Calendar Production | b7c | 1 | Privilege Log containing personal information about witnesses. |
| 96 | 14-Apr-05 | SEC0004617 | SEC0004621 | Outside counsel | Gary Aguirre | Exhibit A to correspondence | b7c | 5 | List of persons affiliated with or related to the Thomson Corporation. Certain documents withheld. |

VAUGHN INDEX
Aguirre v. SEC, No. 06-1260 (D.D.C.)

| DATE | BEG BATES | END BATES | FROM | TO | TITLE/TYPE OF DOCUMENT | FOIA EXEMPTION | PAGE COUNT | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 97 | 20-Sep-04 | SEC0004719 | SEC0004721 | Gary Aguirre | NASD | Letter W/ Fax Cover & confirmation | b8 | 3 | Letter regarding operating lunchtime, report from NASD |
| 98 | 14-Nov-05 | SEC0004919 | SEC0004923 | Two staff analysts & Eric Ribelin | File | Memorandum | b5 | 5 | Memo from staff attorneys analyzing evidence. Contains attorney work product, reveals pre-decisional deliberative process. |
| 99 | 14-Nov-05 | SEC0004924 | SEC0004924 | Eric Ribelin | Two staff analysts | E-mails | b5 | 1 | Email re: analysis of evidence collected during investigation and progress and direction of investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 100 | 21-Oct-05 | SEC0004928 | SEC0004928 | staff | Eric Ribelin | E-mail RE: p.p.s. | b6 | 1 | Email regarding rumor of Berger resignation. |
| 101 | 21-Oct-05 | SEC0004929 | SEC0004929 | staff | Eric Ribelin | E-mail – corroborating info? | b6 | 1 | Email regarding rumor of Berger resignation. |
| 102 | 12-May-05 | SEC0004931 | SEC0004931 | staff | Eric Ribelin | E-mail RE: hot off the presses | b6 | 1 | Email regarding rumor of Berger resignation. |
| 103 | 12-May-05 | SEC0004932 | SEC0004932 | staff | Eric Ribelin | E-mail RE: hot off the presses | b6 | 1 | Email regarding rumor of Berger resignation. |
| 104 | 16-Feb-06 | SEC0004980 | SEC0004981 | staff | staff | E-mail RE: [ ]'s Signature Board | b6 | 2 | Email regarding rumor of Berger resignation and discussion of other matters. |
| 105 | 16-Feb-06 | SEC0004982 | SEC0004983 | staff | staff | E-mail RE: [ ]'s Signature Board | b6 | 2 | Email regarding rumor of Berger resignation and discussion of other matters. |
| 106 | 16-Feb-06 | SEC0004984 | SEC0004986 | staff | staff | E-mail RE: [ ]'s Signature Board | b6 | 3 | Email regarding rumor of Berger resignation and discussion of other matters. |

## VAUGHN INDEX
### Aguirre v. SEC, No. 06-1260 (D.D.C.)

| # | DATE | BEG. BATES | END. BATES | FROM | TO | TITLE/TYPE OF DOCUMENT | FOIA EXEMPTION | PAGE COUNT | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|
| 107 | 16-Feb-06 | SEC0004987 | SEC0004987 | staff | staff | E-mail RE: [ ]'s Signature Board | b6 | 1 | Email regarding rumor of Berger resignation and discussion of other matters. |
| 108 | 16-Feb-06 | SEC0004988 | SEC0004989 | staff | staff | E-mail RE: [ ]'s Signature Board | b6 | 2 | Email regarding rumor of Berger resignation and discussion of other matters. |
| 109 | 16-Feb-06 | SEC0004990 | SEC0004992 | staff | staff | E-mail RE: [ ]'s Signature Board | b6 | 3 | Email regarding rumor of Berger resignation and discussion of other matters. |
| 110 | 28-Jun-05 | SEC0004995 | SEC0004996 | staff | Linda Thomsen | E-mail Re: Call from IG at Education re: [ ] | b5, b6 | 2 | Email referring to Berger's replacement and response to that inaccurate statement. Reveals pre-decisional deliberative process and contains personal reactions. |
| 111 | 28-Jun-05 | SEC0004997 | SEC0004998 | Paul Berger | Linda Thomsen | E-mail Re: Call from IG at Education re: [ ] | b5, b6 | 2 | Email referring to Berger's replacement and response to that inaccurate statement. Reveals pre-decisional deliberative process and contains personal reactions. |
| 112 | 27-Jun-05 | SEC0005002 | SEC0005002 | Outside counsel | Linda Thomsen | E-mail re: Morgan Stanley | being processed for CT | 1 | |
| 113 | 18-May-06 | SEC0005008 | SEC0005008 | Paul Berger | non-SEC attorney | Email RE: Congrats! | b6 | 1 | Personal email congratulating Berger on new job and Berger's response. |
| 114 | 16-May-06 | SEC0005009 | SEC0005009 | Paul Berger | non-SEC attorney | Email RE: GREAT!! | b6 | 1 | Personal email congratulating Berger on new job and Berger's response. |
| 115 | 30-May-06 | SEC0005011 | SEC0005011 | Paul Berger | Debevoise staff | Email RE: NYC Travel | b6 | 1 | Personal email regarding travel. |
| #### | 31-Jan-05 | SEC0005012 | SEC0005012 | person outside SEC | Paul Berger | Email | b6 | 1 | Personal email commenting on a another attorney's move to a new law firm. |

VAUGHN INDEX
Aguirre v. SEC, No. 06-1260 (D.D.C.)

| | DATE | BEG BATES | END BATES | FROM | TO | ENTRY/TYPE OF DOCUMENT | FOIA EXEMPTION | PAGE COUNT | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|
| 117 | 01-Aug-05 | SEC0005013 | SEC0005013 | Mark Kreitman | | Supplemental Evaluations | b6 | 1 | Evaluation of an employee other than Aguirre redacted from document. Contains information in which employee has personal privacy interest. |
| 118 | 01-Aug-05 | SEC0005015 | SEC0005015 | Mark Kreitman | | Supplemental Evaluations | b6 | 1 | Evaluation of an employee other than Aguirre redacted from document. Contains information in which employee has personal privacy interest. |
| 119 | 01-Aug-05 | SEC0005017 | SEC0005017 | Mark Kreitman | | Supplemental Evaluations | b6 | 1 | Evaluation of an employee other than Aguirre redacted from document. Contains information in which employee has personal privacy interest. |
| 120 | 01-Aug-05 | SEC0005019 | SEC0005019 | Mark Kreitman | | Supplemental Evaluations | b6 | 1 | Evaluation of an employee other than Aguirre redacted from document. Contains information in which employee has personal privacy interest. |
| 121 | 01-Aug-05 | SEC0005021 | SEC 0005021 | Mark Kreitman | | Supplemental Evaluations | b6 | 1 | Evaluation of an employee other than Aguirre redacted from document. Contains information in which employee has personal privacy interest. |
| 122 | 01-Aug-05 | SEC0005023 | SEC0005023 | Mark Kreitman | | Supplemental Evaluations | b6 | 1 | Evaluation of an employee other than Aguirre redacted from document. Contains information in which employee has personal privacy interest. |
| 123 | 01-Aug-05 | SEC0005282 | SEC0005282 | Mark Kreitman | | Supplemental Evaluations | b6 | 1 | Evaluation of an employee other than Aguirre redacted from document. Contains information in which employee has personal privacy interest. |

VAUGHN INDEX
Aguirre v. SEC, No. 06-1260 (D.D.C.)

| NO. | DATES | BEG BATES | END BATES | FROM | TO | NAME/TYPE OF DOCUMENT | FOIA EXEMPTION | PAGE COUNT | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|
| 124 | 01-Aug-05 | SEC0005285 | SEC0005285 | Mark Kreitman | | Supplemental Evaluations | b6 | 1 | Evaluation of an employee other than Aguirre redacted from document. Contains information in which employee has personal privacy interest. |
| 125 | | SEC0005860 | SEC0005860 | Staff Attorney | N/A | Pequot To Do List | b5 | 1 | To-do list for investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 126 | 22-Sep-05 | SEC0005861 | SEC0005861 | Staff Attorney | N/A | Invest Plan | b5 | 1 | List of tasks for investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 127 | | SEC0005862 | SEC0005864 | Staff Attorney | N/A | Pequot-Wash Sales | b5 | 3 | Outline of evidence collected and to-do list for investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 128 | | SEC0005865 | SEC0005865 | Staff Attorney | N/A | Pequot Case Status | b5 | 1 | Outline of evidence collected and to-do list for investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 129 | | SEC0005866 | SEC0005866 | Staff Attorney | N/A | Pequot Issues | b5 | 1 | List of evidence issues in investigation requiring follow-up. Contains attorney work product, reveals pre-decisional deliberative process. |
| 130 | | SEC0005867 | SEC0005867 | Staff Attorney | N/A | Wash Trades | b5 | 1 | To-do list for investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 131 | 16-Nov-06 | SEC0005868 | SEC0005870 | Staff Attorney | N/A | Typed notes | b5 | 3 | To-do list for investigation. Contains attorney work product, reveals pre-decisional deliberative process. |

VAUGHN INDEX
Aguirre v. SEC, No. 06-1260 (D.D.C.)

| DATES | BEG BATES | END BATES | FROM | TO | TITLE/TYPE OF DOCUMENT | FOIA EXEMPTION | PAGE COUNT | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 132 | 16-Nov-06 | SEC0005871 | SEC0005873 | Staff Attorney | N/A | Typed notes | b5 | 3 | To-do list for investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 133 | | SEC0005874 | SEC0005886 | Staff Attorney | File | Memorandum- In the Matter of Certain Securities File No. HO-9818/Wells Outline for Arthur Samberg | b5 | 13 | Draft memo analyzing evidence gathered in investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 134 | | SEC0005887 | SEC0005896 | Staff Attorney | File | Memorandum- In the Matter of Certain Securities File No. HO-9818/Wells Outline for witness | b5 | 10 | Draft memo analyzing evidence gathered in investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 135 | | SEC0005906 | SEC0005906 | Robert Hanson | N/A | Spreadsheet | b5 | 1 | Lists of trades in Astra Zenica and Par Pharmaceuticals. Contains attorney work product, reveals pre-decisional deliberative process. |
| 136 | | SEC0005907 | SEC0005911 | Staff | N/A | Spreadsheet | b5 | 5 | Spreadsheet prepared by SEC staff to analyze trading. Contains attorney work product. |
| 137 | | SEC0005912 | SEC0005941 | Staff | N/A | Spreadsheet | b5 | 30 | Spreadsheet prepared by SEC staff to analyze trading. Contains attorney work product. |
| 138 | | SEC0005942 | SEC0005949 | Staff | N/A | Spreadsheet | b5 | 8 | Spreadsheet prepared by SEC staff to analyze trading. Contains attorney work product. |

VAUGHN INDEX
Aguirre v. SEC, No. 06-1260 (D.D.C.)

| ITEM | DATE | BEG BATES | END BATES | FROM | TO | TITLE/TYPE OF DOCUMENT | FOIA EXEMPTION | PAGE COUNT | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|
| 139 | | SEC0005950 | SEC0006175 | Staff | N/A | new king type of trade - yellows and blues only corrected.XLS | b5 | 226 | Spreadsheet prepared by SEC staff to analyze trading. Contains attorney work product. |
| 140 | | SEC0006176 | SEC0006252 | Staff | N/A | Spreadsheet | b5 | 77 | Spreadsheet prepared by SEC staff to analyze trading. Contains attorney work product. |
| 141 | | SEC0006253 | SEC0006478 | Staff | N/A | new king type of trade - yellows and blues only.XLS | b5 | 226 | Spreadsheet prepared by SEC staff to analyze trading. Contains attorney work product. |
| 142 | | SEC0006479 | SEC0006704 | Staff | N/A | New king type of trade.XLS | b5 | 226 | Spreadsheet prepared by SEC staff to analyze trading. Contains attorney work product. |
| 143 | | SEC0006705 | SEC0006726 | Staff | N/A | Spreadsheet | b5 | 22 | Spreadsheet prepared by SEC staff to analyze trading. Contains attorney work product. |
| 144 | | SEC0006727 | SEC0006728 | Gary Aguirre | | Attorney worksheet | b7c | 2 | Attorney worksheet containing contact information for witnesses and representatives. |
| 145 | 21-Nov-05 | SEC0006729 | SEC0006729 | Staff Attorney | Outside counsel | Letter | b5 | 1 | Draft letter to outside counsel pertaining to production of evidence. Contains attorney work product, reveals pre-decisional deliberative process. |
| 146 | 20-Dec-05 | SEC0006730 | SEC0006730 | Staff Attorney | Outside counsel | Letter | b5 | 1 | Draft letter to outside counsel pertaining to evidence produced. Contains attorney work product, reveals pre-decisional deliberative process. |
| 147 | 18-Jan-06 | SEC0006731 | SEC0006731 | Staff Attorney | Outside counsel | Letter | b5 | 1 | Draft letter to outside counsel pertaining to production of evidence. Contains attorney work product, reveals pre-decisional deliberative process. |

10/1/2007

VAUGHN INDEX
Aguirre v. SEC, No. 06-1260 (D.D.C.)

| ID/DATE | BEG BATES | END BATES | FROM | TO | LETTER/TYPE OF DOCUMENT | FOIA EXEMPTION | PAGE COUNT | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 148 20-Jan-06 | SEC0006732 | SEC0006732 | Staff Attorney | Outside counsel | Letter | b5 | 1 | Draft letter to outside counsel pertaining to certain evidence presented during witness testimony and privilege claimed. Contains attorney work product, reveals pre-decisional deliberative process. |
| 149 01-Feb-06 | SEC0006733 | SEC0006733 | Staff Attorney | Asst. U.S. Attorney | Letter | b5 | 1 | Draft letter to outside counsel pertaining to testimony. Contains attorney work product, reveals pre-decisional deliberative process. |
| 150 13-Feb-06 | SEC0006734 | SEC0006734 | Staff Attorney | Outside counsel | Letter | b5 | 1 | Draft letter to outside counsel pertaining to witness testimony. Contains attorney work product and reveals pre-decisional deliberative process. |
| 151 14-Feb-06 | SEC0006735 | SEC0006736 | Staff Attorney | Citigroup Global Markets | Letter | b5 | 2 | Draft letter pertaining to production of evidence. Contains attorney work product, reveals pre-decisional deliberative process. |
| 152 28-Feb-06 | SEC0006737 | SEC0006737 | Staff Attorney | Outside counsel | Letter | b5 | 1 | Draft letter pertaining to production of evidence. Contains attorney work product, reveals pre-decisional deliberative process. |
| 153 03-Feb-06 | SEC0006738 | SEC0006739 | Staff Attorney | Outside counsel | Letter | b5 | 2 | Draft letter to outside counsel pertaining to witness testimony. Contains attorney work product and reveals pre-decisional deliberative process. |
| 154 | SEC0006740 | SEC0006742 | Staff Attorney | Outside counsel | Letter | b5 | 3 | Draft letter to outside counsel pertaining to witness testimony. Contains attorney work product and reveals pre-decisional deliberative process. |

VAUGHN INDEX
Aguirre v. SEC, No. 06-1260 (D.D.C.)

| | DATE | BEG BATES | END BATES | TO | FROM | FULL/TYPE OF DOCUMENT | FOIA EXEMPTION | PRIV COUNT | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|
| 155 | | SEC0006743 | SEC0006743 | Outside counsel | Staff Attorney | Letter | b5 | 1 | Draft letter to outside counsel pertaining to privileges asserted in production of evidence. Contains attorney work product and reveals pre-decisional deliberative process. |
| 156 | 01-Mar-06 | SEC0006744 | SEC0006745 | Outside counsel | Staff Attorney | Letter | b5 | 2 | Draft letter to outside counsel pertaining to privileges asserted in production of evidence. Contains attorney work product and reveals pre-decisional deliberative process. |
| 157 | 20-Mar-06 | SEC0006746 | SEC0006747 | Citigroup Global Markets | Staff Attorney | Letter | b5 | 2 | Draft letter pertaining to production of evidence. Contains attorney work product, reveals pre-decisional deliberative process. |
| 158 | 29-Mar-06 | SEC0006748 | SEC0006748 | Outside counsel | Staff Attorney | Letter | b5 | 1 | Draft letter to outside counsel re: tolling agreement. Contains attorney work product and reveals pre-decisional deliberative process. |
| 159 | 31-Mar-06 | SEC0006750 | SEC0006750 | Outside counsel | Staff Attorney | Letter | b5 | 1 | Draft letter to outside counsel re: tolling agreement. Contains attorney work product and reveals pre-decisional deliberative process. |
| 160 | 31-Mar-06 | SEC0006751 | SEC0006751 | Outside counsel | Staff Attorney | Letter | b5 | 1 | Draft letter to outside counsel re: tolling agreement. Contains attorney work product and reveals pre-decisional deliberative process. |
| 161 | 20-Apr-06 | SEC0006754 | SEC0006754 | Goldman Sachs | Staff Attorney | Letter | b5 | 1 | Draft letter to outside counsel pertaining to production of evidence. Contains attorney work product, reveals pre-decisional deliberative process. |

VAUGHN INDEX
Aguirre v. SEC, No. 06-1260 (D.D.C.)

| | BATES | END BATES | FROM | TO | TYPE OF DOCUMENT | FOIA EXEMPTION | PAGE COUNT | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 162 | 02-May-06 | SEC0006755 | SEC0006755 | Staff Attorney | Goldman Sachs | Letter | b5 | 1 | Draft letter memorializing agreement to produce documents. Contains attorney work product, reveals pre-decisional deliberative process. |
| 163 | 30-May-06 | SEC0006756 | SEC0006756 | Staff Attorney | Outside counsel | Letter | b5 | 1 | Draft letter to outside counsel pertaining to witness testimony. Contains attorney work product and reveals pre-decisional deliberative process. |
| 164 | 06-Jun-06 | SEC0006757 | SEC0006757 | Staff Attorney | Outside counsel | Letter | b5 | 1 | Draft letter to outside counsel pertaining to preservation of evidence. Contains attorney work product, reveals pre-decisional deliberative process. |
| 165 | 13-Jun-06 | SEC0006758 | SEC0006758 | Staff Attorney | Outside counsel | Letter | b5 | 1 | Draft letter to outside counsel pertaining to preservation of evidence. Contains attorney work product, reveals pre-decisional deliberative process. |
| 166 | 13-Sep-05 | SEC0006759 | SEC0006759 | Staff Attorney | On Site E-Discovery | Letter | b5 | 1 | Draft letter pertaining to production of evidence. Contains attorney work product, reveals pre-decisional deliberative process. |
| 167 | 13-Sep-05 | SEC0006761 | SEC0006760 | Staff Attorney | Outside counsel | Letter | b5 | 2 | Draft letter to outside counsel pertaining to request for confidential treatment. Contains attorney work product, reveals pre-decisional deliberative process. |
| 168 | X-Sep-05 | SEC0006762 | SEC0006762 | Staff Attorney | Outside counsel | Letter | b5 | 1 | Draft letter to outside counsel pertaining to request for confidential treatment. Contains attorney work product, reveals pre-decisional deliberative process. |

10/1/2007

VAUGHN INDEX
Aguirre v. SEC, No. 06-1260 (D.D.C.)

| | DATE | BEG. BATES | END. BATES | FROM | TO | TITLE/TYPE OF DOCUMENT | FOIA EXEMPTION | PAGE COUNT | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|
| 169 | X-Oct-05 | SEC0006763 | SEC0006764 | Staff Attorney | Outside counsel | Letter | b5 | 2 | Draft letter to outside counsel pertaining to production of evidence. Contains attorney work product, reveals pre-decisional deliberative process. |
| 170 | 20-Oct-05 | SEC0006765 | SEC0006767 | Staff Attorney | Outside counsel | Letter | b5 | 3 | Draft letter to outside counsel pertaining to production of evidence. Contains attorney work product, reveals pre-decisional deliberative process. |
| 171 | 27-Oct-05 | SEC0006768 | SEC0006768 | Staff Attorney | Bloomberg Tradebook, LLC | Letter | b5 | 1 | Draft letter pertaining to production of evidence. Contains attorney work product, reveals pre-decisional deliberative process. |
| 172 | 02-Nov-05 | SEC0006769 | SEC0006770 | Staff Attorney | Outside counsel | Letter | b5 | 2 | Draft letter to outside counsel pertaining to production of evidence. Contains attorney work product, reveals pre-decisional deliberative process. |
| 173 | 03-Nov-05 | SEC0006771 | SEC0006772 | Staff Attorney | Outside counsel | Letter re: Pequot Capital Management | b5 | 2 | Draft letter to outside counsel pertaining to production of evidence. Contains attorney work product, reveals pre-decisional deliberative process. |
| 174 | | SEC0006773 | SEC0006777 | Staff | | Match trd summary.xls | b5 | 5 | Spreadsheet prepared by SEC staff to analyze trading.  Contains attorney work product. |
| 175 | | SEC0006778 | SEC0006782 | Staff Attorney | | Spreadsheets | b5 | 5 | Spreadsheets prepared by SEC staff attorney to analyze trading. Contains attorney work product and reveals pre-decisional deliberative process. |
| 176 | | SEC0006783 | SEC0006784 | Staff Attorney | | Interview Outline | b5 | 2 | Draft outline of witness questions. Contains attorney work product, reveals pre-decisional deliberative process. |
| 177 | | SEC0006785 | SEC0006786 | Staff Attorney | | Interview Outline | b5 | 2 | Draft outline of witness questions. Contains attorney work product, reveals pre-decisional deliberative process. |

## VAUGHN INDEX
### Aguirre v. SEC, No. 06-1260 (D.D.C.)

| DINS | DATES | BEG BATES | END BATES | FROM | TO | TITLE/TYPE OF DOCUMENT | FOIA EXEMPTION | PAGE COUNT | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|
| 178 | | SEC0006787 | SEC0006789 | Staff Attorney | | 2nd Proffer | b5 | 3 | Draft outline of witness questions. Contains attorney work product, reveals pre-decisional deliberative process. |
| 179 | | SEC0006790 | SEC0006792 | Staff Attorney | | Witness Microsoft Emails | b5 | 3 | Draft outline of evidence collected during investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 1+A30 280 | 12-Jan-05 | SEC0006793 | SEC0006793 | Staff Attorney | Outside counsel | Letter | b5 | 1 | Draft letter to outside counsel pertaining to witness testimony. Contains attorney work product and reveals pre-decisional deliberative process. |
| 181 | 15-Nov-06 | SEC0006794 | SEC0006796 | Pequot Investigative Team | | Outline | b5 | 3 | To do list for investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 182 | | SEC0006797 | SEC0006797 | Staff Attorney | | PEQUOT TO DO LIST | b5 | 1 | To-do list for investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 183 | | SEC0006798 | SEC0006808 | Staff Attorney | | Testimony Outline | b5 | 11 | Draft outline of witness questions. Contains attorney work product, reveals pre-decisional deliberative process. |
| 184 | | SEC0006809 | SEC0006818 | Staff Attorney | | Testimony Outline | b5 | 10 | Draft outline of witness questions. Contains attorney work product, reveals pre-decisional deliberative process. |
| 185 | | SEC0006819 | SEC0006829 | Staff Attorney | | Testimony Outline | b5 | 11 | Draft outline of witness questions. Contains attorney work product, reveals pre-decisional deliberative process. |
| 186 | | SEC0006830 | SEC0006856 | Staff Attorney | | Testimony Outline - Arthur Samberg | b5 | 27 | Draft outline of witness questions. Contains attorney work product, reveals pre-decisional deliberative process. |

10/1/2007

VAUGHN INDEX
Aguirre v. SEC, No. 06-1260 (D.D.C.)

| BATES | BEG. BATES | END BATES | FROM | TO | TITLE/TYPE OF DOCUMENT | FOIA EXEMPTION | PAGE COUNT | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 187 | SEC0006857 | SEC0006869 | Staff Attorney | | Testimony Outline | b5 | 13 | Draft outline of witness questions. Contains attorney work product, reveals pre-decisional deliberative process. |
| 188 | SEC0006870 | SEC0006880 | Staff Attorney | | Testimony Outline | b5 | 11 | Draft outline of witness questions. Contains attorney work product, reveals pre-decisional deliberative process. |
| 189 | SEC0006881 | SEC0006891 | Staff Attorney | | Testimony Outline | b5 | 11 | Draft outline of witness questions. Contains attorney work product, reveals pre-decisional deliberative process. |
| 190 | SEC0006892 | SEC0006902 | Staff Attorney | | Testimony Outline | b5 | 11 | Draft outline of witness questions. Contains attorney work product, reveals pre-decisional deliberative process. |
| 191 | SEC0006903 | SEC0006918 | Staff Attorney | | Testimony Outline - John Mack | b5 | 16 | Draft outline of witness questions. Contains attorney work product, reveals pre-decisional deliberative process. |
| 192 | SEC0006919 | SEC0006919 | Staff Attorney | | Microsoft Employees To Be Identified | b5 | 1 | Draft outline of information needed for investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 193 | SEC0006920 | SEC0006920 | Staff Attorney | | Typed notes | b5 | 1 | Draft outline of evidence collected during investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 194 | SEC0006921 | SEC0006921 | Staff Attorney | | Pequot Hires From Firms of Interest | b5 | 1 | Draft outline of evidence collected during investigation. Contains attorney work product, reveals pre-decisional deliberative process. |

10/1/2007

VAUGHN INDEX
Aguirre v. SEC, No. 06-1260 (D.D.C.)

| DATE | BEG BATES | END BATES | FROM | TO | TITLE/TYPE OF DOCUMENT | FOIA EXEMPTION | PAGE COUNT | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 195 | SEC0006922 | SEC0006922 | Staff | | Typed notes | b5 | 1 | Information about Pequot employee. Contains attorney work product, reveals pre-decisional deliberative process. |
| 196 | SEC0006923 | SEC0006923 | Staff attorney | | Typed notes | b5 | 1 | Draft outline of evidence collected during investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 197 | SEC0006924 | SEC0006924 | Staff attorney | | Names from Email | b5 | 1 | Draft outline of evidence collected during investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 198 | SEC0006925 | SEC0006926 | Staff attorney | | Calls Around Time of Tips | b5 | 2 | Draft outline of evidence collected during investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 199 | SEC0006927 | SEC0006927 | Staff attorney | | Typed notes | b5 | 1 | Draft list of witness names collected during investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 200 | SEC0006928 | SEC0006935 | Staff attorney | | Typed notes | b5 | 8 | Draft outline of evidence collected during investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 201 | SEC0006936 | SEC0006937 | Staff attorney | | Notes For Tolling Call | b5 | 2 | Attorney notes pertaining to evidence collected during investigation. Contains attorney work product, reveals pre-decisional deliberative process. |

10/1/2007

## VAUGHN INDEX
Aguirre v. SEC, No. 06-1260 (D.D.C.)

| | DATE | BEG BATES | END BATES | FROM | TO | AUTHOR/TYPE OF DOCUMENT | FOIA EXEMPTION | PAGE COUNT | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|
| 202 | | SEC0006938 | SEC0006939 | Staff attorney | | XP Chronology | b5 | 2 | Draft outline of evidence collected during investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 203 | | SEC0006940 | SEC0006941 | Staff Attorney | N/A | Memorandum | b5 | 2 | Draft memo from staff attorney re: investigative activities from Sept. 2005 to March 2006. Contains attorney work product, reveals pre-decisional deliberative process. |
| 204 | | SEC0006942 | SEC0006944 | Staff attorney | | Pequot Investigative Chronology Since Mid-September 2005 | b5 | 3 | Draft chronology referencing information and evidence collected during investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 205 | 17-Feb-06 | SEC0006945 | SEC0006946 | Mark J. Kreitman | Outside counsel | Letter | b5 | 2 | Draft letter to outside counsel pertaining to meeting. Contains attorney work product, reveals pre-decisional deliberative process. |
| 206 | 13-Dec-05 | SEC0006947 | SEC0006948 | Mark J. Kreitman | Outside counsel | Letter | b5 | 2 | Draft letter to outside counsel pertaining to meeting. Contains attorney work product, reveals pre-decisional deliberative process. |
| 207 | 04-Aug-06 | SEC0006949 | SEC0006962 | Staff Attorney | CFSB | Letter w/ subpoena attachments & facsimile cover | b5 | 14 | Draft letter transmitting subpoena. Contains attorney work product, reveals pre-decisional deliberative process. |
| 208 | 19-May-06 | SEC0006963 | SEC0006966 | Staff Attorney | Outside counsel | Letter w/ subpoenas & facsimile cover | b5 | 4 | Draft letter transmitting subpoena. Contains attorney work product, reveals pre-decisional deliberative process. |

10/1/2007

VAUGHN INDEX
Aguirre v. SEC, No. 06-1260 (D.D.C.)

| | DATE | SEC BATES | END BATES | FROM | TO | TITLE/TYPE OF DOCUMENT | TOTAL EXEMPTION | PAGE COUNT | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|
| 209 | 07-Apr-06 | SEC0006967 | SEC0006973 | Staff Attorney | Goldman Sachs | Letter w/ subpoena attachments & facsimile cover | b5 | 7 | Draft letter transmitting subpoena. Contains attorney work product, reveals pre-decisional deliberative process. |
| 210 | 19-Dec-05 | SEC0006974 | SEC0006980 | Staff Attorney | Microsoft Corporation | Letter w/ subpoena attachments & facsimile cover | b5 | 7 | Draft subpoena attachments and letter transmitting subpoena. Contains attorney work product, reveals pre-decisional deliberative process. |
| 211 | 11-Jan-06 | SEC0006981 | SEC0006982 | Staff attorney | Sprint Corporation | Attachment to Subpoena. | b5 | 2 | Draft subpoena attachments. Contains attorney work product, reveals pre-decisional deliberative process. |
| 212 | 12-Jan-06 | SEC0006983 | SEC0006989 | Staff Attorney | Sprint Communications | Letter w/ subpoena attachments | b5 | 7 | Draft letter and subpoena. Contains attorney work product, reveals pre-decisional deliberative process. |
| 213 | 11-Jan-06 | SEC0006990 | SEC0006991 | Staff Attorney | Sprint Communications | Letter | b5 | 2 | Draft letter concerning subpoena. Contains attorney work product, reveals pre-decisional deliberative process. |
| 214 | 17-Jan-06 | SEC0006992 | SEC0006997 | Staff Attorney | Verizon | Letter w/ subpoena attachments | b5 | 6 | Draft letter and subpoena. Contains attorney work product, reveals pre-decisional deliberative process. |
| 215 | 17-Jan-06 | SEC0006998 | SEC0007003 | Staff Attorney | Cellco Partnership | Letter w/ subpoena attachments | b5 | 6 | Draft letter and subpoena. Contains attorney work product, reveals pre-decisional deliberative process. |
| 216 | 15-Nov-06 | SEC0007004 | SEC0007005 | Staff Attorney | Outside counsel | Draft subpoena | b5 | 2 | Draft subpoena attachment. Contains attorney work product, reveals pre-decisional deliberative process. |
| 217 | 24-Feb-06 | SEC0007006 | SEC0007008 | Staff attorney | Outside counsel | Subpoena with attachments | b5 | 3 | Draft subpoena. Contains attorney work product, reveals pre-decisional deliberative process. |

VAUGHN INDEX
Aguirre v. SEC, No. 06-1260 (D.D.C.)

| ITEM | BEG BATES | END BATES | DATE | FROM | TO | NAME/TYPE OF DOCUMENT | FOIA EXEMPTION | PAGE COUNT | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|
| 218 | SEC0007009 | SEC0007011 | 15-Dec-05 | Staff attorney | Outside counsel | Letter transmitting subpoena | b5 | 3 | Draft of letter transmitting subpoena. Contains attorney work product, reveals pre-decisional deliberative process. |
| 219 | SEC0007012 | SEC0007013 | 24-Feb-06 | Staff attorney | Outside counsel | Letter | b5 | 2 | Draft of letter confirming acceptance of service on behalf of client. Contains attorney work product, reveals pre-decisional deliberative process. |
| 220 | SEC0007014 | SEC0007015 | 19-Dec-05 | Staff attorney | Outside counsel | Letter | b5 | 2 | Draft of letter confirming acceptance of service on behalf of client. Contains attorney work product, reveals pre-decisional deliberative process. |
| 221 | SEC0007016 | SEC0007017 | 15-Nov-06 | Staff attorney | Outside counsel | Subpoena transmittal | b5 | 2 | Draft subpoena transmittal letter. Contains attorney work product, reveals pre-decisional deliberative process. |
| 222 | SEC0007018 | SEC0007021 | 28-Jul-06 | Staff attorney | Outside counsel | Subpoena with attachments | b5 | 4 | Draft subpoena and transmittal letter. Contains attorney work product, reveals pre-decisional deliberative process. |
| 223 | SEC0007022 | SEC0007025 | 24-Jul-06 | Staff attorney | Morgan Stanley | Subpoena/with attachments | b5 | 4 | Draft subpoena and transmittal letter. Contains attorney work product, reveals pre-decisional deliberative process. |
| 224 | SEC0007026 | SEC0007029 |  | Staff attorney | Morgan Stanley | Subpoena | b5 | 4 | Draft subpoena. Contains attorney work product, reveals pre-decisional deliberative process. |
| 225 | SEC0007030 | SEC0007032 | 01-Sep-06 | Staff attorney | Outside counsel | Subpoena and transmittal | b5 | 3 | Draft subpoena and transmittal letter. Contains attorney work product, reveals pre-decisional deliberative process. |
| 226 | SEC0007033 | SEC0007033 | 28-Jul-06 | Staff attorney | Outside counsel | Letter | b5 | 1 | Draft subpoena transmittal letter. Contains attorney work product, reveals pre-decisional deliberative process. |

VAUGHN INDEX
Aguirre v. SEC, No. 06-1260 (D.D.C.)

| | DATES | BEG BATES | END BATES | FROM | TO | TITLE/TYPE OF DOCUMENT | FOIA EXEMPTION | PAGE COUNT | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|
| 227 | 07-Feb-06 | SEC0007034 | SEC0007037 | Staff Attorney | Outside counsel | Letter | b5 | 4 | Draft subpoena and transmittal letter. Contains attorney work product, reveals pre-decisional deliberative process. |
| 228 | 09-Mar-06 | SEC0007038 | SEC0007039 | Staff Attorney | Outside counsel | Letter | b5 | 2 | Draft subpoena transmittal letter. Contains attorney work product, reveals pre-decisional deliberative process. |
| 229 | 09-Mar-06 | SEC0007040 | SEC0007042 | Staff Attorney | Outside counsel | Subpoena | b5 | 3 | Draft subpoena. Contains attorney work product, reveals pre-decisional deliberative process. |
| 230 | 06-Oct-05 | SEC0007043 | SEC0007044 | Staff Attorney | Outside counsel | Letter | b5 | 2 | Draft subpoena transmittal letter. Contains attorney work product, reveals pre-decisional deliberative process. |
| 231 | 06-Oct-05 | SEC0007045 | SEC0007047 | Staff Attorney | Outside counsel | Subpoena | b5 | 3 | Draft subpoena. Contains attorney work product, reveals pre-decisional deliberative process. |
| 232 | 07-Feb-06 | SEC0007048 | SEC0007048 | Staff Attorney | Outside counsel | Subpoena | b5 | 1 | Draft subpoena. Contains attorney work product, reveals pre-decisional deliberative process. |
| 233 | 09-Jan-05 | SEC0007049 | SEC0007050 | Staff Attorney | Outside counsel | Subpoena | b5 | 2 | Draft subpoena and transmittal letter. Contains attorney work product, reveals pre-decisional deliberative process. |
| 234 | | SEC0007051 | SEC0007059 | Staff Attorney | Outside counsel | Subpoena | b5 | 9 | Draft subpoena. Contains attorney work product, reveals pre-decisional deliberative process. |
| 235 | | SEC0007060 | SEC0007063 | Staff Attorney | Outside counsel | Subpoena and attachment | b5 | 4 | Draft subpoena and attachment. Contains attorney work product, reveals pre-decisional deliberative process. |
| 236 | 04-Aug-06 | SEC0007064 | SEC0007064 | Staff Attorney | Outside counsel | Subpoena transmittal | b5 | 1 | Draft subpoena transmittal letter. Contains attorney work product, reveals pre-decisional deliberative process. |

10/1/2007

VAUGHN INDEX
Aguirre v. SEC, No. 06-1260 (D.D.C.)

| DATE | BEG BATES | END BATES | FROM | TO | TITLE/TYPE OF DOCUMENT | FOIA EXEMPTION | PAGE COUNT | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 237 | 04-Jan-06 | SEC0007065 | SEC0007071 | Staff Attorney | Outside counsel | Subpoena | b5 | 7 | Draft subpoena and transmittal letter. Contains attorney work product, reveals pre-decisional deliberative process. |
| 238 | 23-Mar-06 | SEC0007072 | SEC0007074 | Mark J. Kreitman | Outside counsel | Letter w/Tolling Agreement | b5 | 3 | Draft tolling agreement and transmittal letter. Contains attorney work product, reveals pre-decisional deliberative process. |
| 239 | 23-Mar-06 | SEC0007075 | SEC0007079 | Mark J. Kreitman | Outside counsel | Letter w/Tolling Agreement | b5 | 5 | Draft tolling agreement and transmittal letter. Contains attorney work product, reveals pre-decisional deliberative process. |
| 240 | 22-Mar-06 | SEC0007080 | SEC0007082 | Mark J. Kreitman | File | Letter w/ Tolling Agreement | b5 | 3 | Draft tolling agreement and transmittal letter. Contains attorney work product, reveals pre-decisional deliberative process. |
| 241 | | SEC0007083 | SEC0007095 | Staff Attorney | File | Memorandum - Wells Outline for Arthur Samberg | b5 | 13 | Draft memorandum containing analysis of evidence. Contains attorney work product, reveals pre-decisional deliberative process. |
| 242 | | SEC0007096 | SEC0007107 | Staff Attorney | File | Memorandum - Wells Outline | b5 | 12 | Draft memorandum containing analysis of evidence. Contains attorney work product, reveals pre-decisional deliberative process. |
| 243 | 08-Aug-05 | SEC0007112 | SEC0007117 | Staff Attorney | Outside counsel | Subpoena and transmittal | b5 | 6 | Draft subpoena and transmittal letter. Contains attorney work product, reveals pre-decisional deliberative process. |
| 244 | 17-May-05 | SEC0007122 | SEC0007123 | Staff Attorney | Outside counsel | Letter | b5 | 2 | Draft letter to outside counsel pertaining to production of evidence. Contains attorney work product, reveals pre-decisional deliberative process. |

VAUGHN INDEX
Aguirre v. SEC, No. 06-1260 (D.D.C.)

| DATE | BEG BATES | END BATES | TO | FROM | CC | AUTHOR/TYPE OF DOCUMENT | DATE/AUTHOR/TYPE OF DOCUMENT | FOIA EXEMPTION | PAGE COUNT | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|
| 245 | 09-Sep-05 | SEC0007126 | SEC0007127 | Staff Attorney | Outside counsel | | Letter | b5 | 2 | Draft letter to outside counsel pertaining to production of evidence. Contains attorney work product, reveals pre-decisional deliberative process. |
| 246 | | SEC0007128 | SEC0007129 | Gary Aguirre | N/A | | List of witnesses and representatives | b7c | 2 | Table containing contact information for witnesses and representatives. |
| 247 | | SEC0007130 | SEC0007134 | Staff Attorney | N/A | | Draft witness questions | b5 | 5 | Draft witness questions from staff attorney. Contains attorney work product, reveals pre-decisional deliberative process. |
| 248 | | SEC0007135 | SEC0007138 | Staff Attorney | N/A | | Draft interview outline | b5 | 4 | Draft witness questions from staff attorney. Contains attorney work product, reveals pre-decisional deliberative process. |
| 249 | | SEC0007139 | SEC0007139 | Staff Attorney | N/A | | Pequot Issues | b5 | 1 | List of evidence issues in investigation requiring follow-up. Contains attorney work product, reveals pre-decisional deliberative process. |
| 250 | | SEC0007140 | SEC0007140 | Staff Attorney | N/A | | Pequot Case Status | b5 | 1 | Outline of issues requiring action in investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 251 | | SEC0007143 | SEC0007143 | Staff Attorney | N/A | | Pequot Case Status | b5 | 1 | Outline of issues requiring action in investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 252 | | SEC0007144 | SEC0007144 | Staff Attorney | N/A | | Typed notes | b5 | 1 | Draft outline of evidence collected during investigation. Contains attorney work product, reveals pre-decisional deliberative process. |

10/1/2007

## VAUGHN INDEX
Aguirre v. SEC, No. 06-1260 (D.D.C.)

| DATE | BEG BATES | END BATES | FROM | TO | TITLE/TYPE OF DOCUMENT | FOIA EXEMPTION | PAGE COUNT | DESCRIPTION | |
|------|-----------|-----------|------|-----|------------------------|----------------|------------|-------------|---|
| 253 | | SEC0007145 | SEC0007145 | Staff Attorney | N/A | Typed notes | b5 | 1 | Draft outline of evidence collected during investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 254 | | SEC0007146 | SEC0007146 | Staff Attorney | N/A | Typed notes | b5 | 1 | Draft outline of evidence collected during investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 255 | | SEC0007147 | SEC0007149 | Staff Attorney | N/A | Pequot - Wash Sales | b5 | 3 | Legal analysis, investigation plan, and to do list for investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 256 | 22-Sep-05 | SEC0007150 | SEC0007150 | Staff Attorney | N/A | Invest Plan | b5 | 1 | List of tasks for investigation. Contains attorney work product, reveals deliberative process. |
| 257 | | SEC0007151 | SEC0007158 | Staff Attorney | Outside counsel | Subpoena and transmittal | b5 | 8 | Draft subpoena and transmittal letter. Contains attorney work product, reveals pre-decisional deliberative process. |
| 258 | 30-Jan-02 | SEC0007159 | SEC0007162 | NYSE Staff | NYSE Staff | Report | b8 | 4 | Examination report prepared by financial institution for SEC regarding trading in Heller. |
| 259 | 16-Sep-04 | SEC0007170 | SEC0007202 | Staff analyst | Gary Aguirre | Fw: Elite | b5 | 33 | Email transmitting investigative plan, list of potential wintesses/defendants, and evidence gathered during investigation. Contains attorney work product, reveals pre-decisional deliberative process. |
| 260 | 23-May-05 | SEC0007203 | SEC0008006 | | | Samberg transcripts and exhibits | being processed for CT | 804 | |

VAUGHN INDEX
Aguirre v. SEC, No. 06-1260 (D.D.C.)

## OIG Senate Production

| | DATE | BEG BATES | END BATES | FROM | TO | ENTITY/TYPE OF DOCUMENT | TOTAL EXEMPTION | PAGE COUNT | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|
| 261 | 28-Apr-06 | 12 | 13 | n/a | n/a | Draft of semi-annual report | b5 | 2 | Draft document revealing pre-decisional deliberative process. |
| 262 | 28-Apr-06 | 14 | 15 | n/a | n/a | Draft of semi-annual report | b5 | 2 | Draft document revealing pre-decisional deliberative process. |
| 263 | 28-Apr-06 | 16 | 17 | n/a | n/a | Draft of semi-annual report | b5 | 2 | Draft document revealing pre-decisional deliberative process. |
| 264 | 28-Apr-06 | 18 | 19 | n/a | n/a | Draft of semi-annual report | b5 | 2 | Draft document revealing pre-decisional deliberative process. |
| 265 | 28-Apr-06 | 20 | 21 | n/a | n/a | Draft of semi-annual report | b5 | 2 | Draft document revealing pre-decisional deliberative process. |
| 266 | 28-Apr-06 | 22 | 23 | n/a | n/a | Draft of semi-annual report | b5 | 2 | Draft document revealing pre-decisional deliberative process. |
| 267 | 28-Apr-06 | 24 | 25 | n/a | n/a | Draft of semi-annual report | b5 | 2 | Draft document revealing pre-decisional deliberative process. |
| 268 | 28-Apr-06 | 26 | 27 | n/a | n/a | Draft of semi-annual report | b5 | 2 | Draft document revealing pre-decisional deliberative process. |
| 269 | 18-May-06 | 528 | 529 | OIG staff | OIG staff | Email - RE: audit issues identified in closing memo | b5 | 2 | Email regarding status of audit of evaluation process. Reveals pre-decisional deliberative process. |
| 270 | 18-May-06 | 530 | 531 | OIG staff | OIG staff | Email - RE: audit issues identified in closing memo | b5 | 2 | Email regarding status of audit of evaluation process. Reveals pre-decisional deliberative process. |
| 271 | 18-May-06 | 532 | 533 | OIG staff | OIG staff | Email - RE: audit issues identified in closing memo | b5 | 2 | Email regarding status of audit of evaluation process. Reveals pre-decisional deliberative process. |

10/1/2007

VAUGHN INDEX
Aguirre v. SEC, No. 06-1260 (D.D.C.)

| | DATES | BEG BATES | END BATES | FROM | TO | TITLE / TYPE OF DOCUMENT | FOIA EXEMPTION | PAGE COUNT | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|
| 272 | 18-May-06 | 534 | 535 | OIG staff | OIG staff | Email – RE: audit issues identified in closing memo | b5 | 2 | Email regarding status of audit of evaluation process. Reveals pre-decisional deliberative process. |
| 273 | 18-May-06 | 536 | 537 | OIG staff | OIG staff | Email – RE: audit issues identified in closing memo | b5 | 2 | Email regarding status of audit of evaluation process. Reveals pre-decisional deliberative process. |
| 274 | 18-May-06 | 538 | 539 | OIG staff | OIG staff | Email – RE: audit issues identified in closing memo | b5 | 2 | Email regarding status of audit of evaluation process. Reveals pre-decisional deliberative process. |
| 275 | 23-May-06 | 540 | 541 | OIG staff | OIG staff | Email – RE: audit issues identified in closing memo | b5 | 2 | Email regarding status of audit of evaluation process. Reveals pre-decisional deliberative process. |
| 276 | 24-May-06 | 542 | 544 | OIG staff | OIG staff | Email – RE: audit issues identified in closing memo | b5 | 3 | Email regarding status of audit of evaluation process. Reveals pre-decisional deliberative process. |
| 277 | 24-Jul-06 | 545 | 551 | OIG staff | OIG staff | Email – Audit Program.doc | b5 | 7 | Email with audit plan attached. Reveals pre-decisional deliberative process. |
| 278 | 24-Jul-06 | 552 | 552 | OIG staff | OIG staff | Email – closing memo – Aguirre | b5 | 1 | Email regarding scope of audit. Reveals pre-decisional deliberations. |
| 279 | 15-Aug-06 | 553 | 554 | OIG staff | OIG staff | Email – RE: Expert advise on performance management | b5 | 2 | Email regarding resources for audit. Reveals pre-decisional deliberations. |
| 280 | 14-Aug-06 | 635 | 635 | OIG staff | OIG staff | Email – RE: Expert advise on performance management | b5 | 1 | Email regarding resources for audit. Reveals pre-decisional deliberations. |

Page 34

10/1/2007

VAUGHN INDEX
Aguirre v. SEC, No. 06-1260 (D.D.C.)

| BATES | BEG BATES | END BATES | FROM | TO | TITLE/TYPE OF DOCUMENT | FOIA EXEMPTION | PAGE COUNT | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 281 | undated | 636 | 641 | n/a | n/a | Enforcement Performance Management Audit Program | b5 | 6 | Audit plan. Reveals pre-decisional deliberations. |
| 282 | 17-Jul-06 | 642 | 643 | n/a | n/a | Entrance Conference | b5 | 2 | Memorandum regarding meeting about planning for the audit. Reveals pre-decisional deliberations. |
| 283 | 16-Aug-06 | 644 | 644 | n/a | OIG staff | Phone Conversation | b5 | 1 | Memorandum regarding scope of audit. Reveals pre-decisional deliberations. |
| 284 | 24-Jul-06 | 645 | 645 | OIG staff | OIG staff | Email - closing memo - Aguirre | b5 | 1 | Email regarding scope of audit. Reveals pre-decisional deliberations. |
| 285 | 26-Jul-06 | 646 | 646 | OIG staff | OIG staff | Email - RE: closing memo- Aguirre | b5 | 1 | Email regarding scope of audit. Reveals pre-decisional deliberations. |
| 286 | 26-Jul-06 | 647 | 647 | OIG staff | OIG staff | Email - RE: closing memo- Aguirre | b5 | 1 | Email regarding scope of audit. Reveals pre-decisional deliberations. |
| 287 | 26-Jul-06 | 648 | 648 | OIG staff | OIG staff | Email - RE: closing memo- Aguirre | b5 | 1 | Email regarding scope of audit. Reveals pre-decisional deliberations. |
| 288 | 26-Jul-06 | 649 | 649 | OIG staff | OIG staff | Email - RE: closing memo- Aguirre | b5 | 1 | Email regarding scope of audit. Reveals pre-decisional deliberations. |
| 289 | 23-Aug-06 | 705 | 705 | OIG | OIG staff | Email - FW: Letter to Chairman Cox, 8/23/2006 | b5 | 1 | Portion of email containing pre-decisional deliberations regarding handling of email to Cox. |
| 290 | 23-Aug-06 | 707 | 707 | OIG staff | OIG staff | Email - FW: Letter to Chairman Cox, 8/23/2006 | b5 | 1 | Portion of email containing pre-decisional deliberations regarding handling of email to Cox. |
| 291 | 23-Aug-06 | 709 | 709 | OIG staff | Inspector General | Email - FW: Letter to Chairman Cox, 8/23/2006 | b5 | 1 | Portion of email containing pre-decisional deliberations regarding handling of email to Cox. |

VAUGHN INDEX
Aguirre v. SEC, No. 06-1260 (D.D.C.)

| BATES | DATE | BEG BATES | END BATES | FROM | TO | TITLE/TYPE OF DOCUMENT | FOIA EXEMPTION | PAGE COUNT | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|
| 292 | 23-Aug-06 | 711 | 711 | Inspector Genera | OIG staff | Email - RE: Letter to Chairman Cox, 8/23/2006 | b5 | 1 | Portion of email containing pre-decisional deliberations regarding handling of email to Cox. |
| 293 | undated | 1284 | 1284 | OIG staff | OIG staff | Handwritten note | b5 | 1 | Note regarding edits to draft memo closing OIG 2005 investigation relating to Aguirre's termination. Reveals pre-decisional deliberations. |
| 294 | 18-Nov-05 | 1285 | 1292 | OIG staff | OIG staff | Handwritten note and handwritten edits on draft Memorandum | b5 | 8 | Draft memo closing OIG 2005 investigation relating to Aguirre's termination with supervisor's edits. Reveals pre-decisional deliberations. |
| 295 | 28-Nov-05 | 1293 | 1299 | OIG staff | OIG staff | Handwritten edits on draft Memorandum | b5 | 7 | Draft memo closing OIG 2005 investigation relating to Aguirre's termination with supervisor's edits. Reveals pre-decisional deliberations. |

10/1/2007

VAUGHN INDEX
Aguirre v. SEC, No. 06-1260 (D.D.C.)

## Items 2-5 of December 30, 2005 Request

| BATES | BEG BATES | END BATES | FROM | TO | BRIEF TYPES OF DOCUMENT | FOIA EXEMPTION | PAGE COUNT | DESCRIPTION |
|-------|-----------|-----------|------|-----|------------------------|----------------|------------|-------------|
| 296 | 14-Feb-00 | | | | Draft conduct regulation | b5 | | Fax consisting of a one-page memo to Office of Government Ethics (OGE) from SEC staff member with proposed revisions to the Conduct Regulation to address comments the SEC had previously received from OGE and an 18-page revised draft version of the Conduct Regulation. |
| 297 | 28-Feb-00 | | | | Draft conduct regulation | b5 | | Fax consisting of a one-page memo to OGE from SEC staff member that outlines proposed revisions to the Conduct Regulation and a 17-page revised draft version of the Conduct Regulation. |
| 298 | 14-Apr-00 | | | | Draft conduct regulation | b5 | | Fax titled "SEC 4-14-00 Revised Draft and Responses to OGE's 3/17/00 Comments." It consists of one cover page describing SEC comments and a 16 page "attached revised draft" of the Conduct Regulation. |

10/1/2007

VAUGHN INDEX
Aguirre v. SEC, No. 06-1260 (D.D.C.)

## Items 7-12 of December 30, 2005 Request

| BATES | BEG BATES | END BATES | FROM | TO | NATURE/TYPE OF DOCUMENT | FOIA EXEMPTION | PAGE COUNT | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 299 | 01-Aug-05 AGUIRRE 00021 | AGUIRRE 00021 | Mark Kreitman | | Supplemental Evaluations | b6 | | Evaluation of an employee other than Aguirre redacted from document. Contains information in which employee has personal privacy interest. |
| 300 | 01-Aug-05 AGUIRRE 00023 | AGUIRRE 00023 | Mark Kreitman | | Supplemental Evaluations | b6 | | Evaluation of an employee other than Aguirre redacted from document. Contains information in which employee has personal privacy interest. |
| 301 | 01-Aug-05 AGUIRRE 00025 | AGUIRRE 00025 | Mark Kreitman | | Supplemental Evaluations | b6 | | Evaluation of an employee other than Aguirre redacted from document. Contains information in which employee has personal privacy interest. |

# Exhibit 15



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C. 20549

OFFICE OF THE
GENERAL COUNSEL

June 29, 2007

By Electronic Delivery

Scott A. Hodes
Post Office Box 42002
Washington, D.C. 20015
infoprivacylaw@yahoo.com

Re:    *Aguirre v. SEC*, Civ. No. 06-1260 (ESH)

Dear Mr. Hodes:

I am writing in response to your June 5, 2007 letter to further explain the relationship between the documents the Commission has produced to Mr. Aguirre and the documents it has produced to the Senate. I will also address your request for additional information about certain documents.

In my May 18 letter, I referred to the approximately 625 pages that the Commission had provided to Mr. Aguirre between April 24, 2006 and January 29, 2007. Those documents were provided in response to items 7-14 and 29 of Mr. Aguirre's December 30, 2005 request. Each of those items concerns personnel actions relating to Mr. Aguirre's employment at the Commission and documents related to Mr. Aguirre's formal and informal EEO claims. Those 625 pages are distinct from the approximately 600 pages that Mr. Humes described in his May 1, 2007 letter to you as "duplicates of documents being provided to Mr. Aguirre." Those 600 pages are duplicates of the documents provided with Mr. Humes' May 1 letter, which are documents responsive to category one of the August 2, 2006 letter from Senators Grassley and Specter to Chairman Cox. Those documents pertain to the Pequot investigation. My May 18 letter did not address the 600 pages referred to in Mr. Humes' May 1 letter because the purpose of the May 18 letter was to address your questions about the approximately 2000 pages that Mr. Humes' May 1 letter said were not responsive to category one of the August 2 letter from Senators Grassley and Specter. Mr. Humes' May 1 letter properly listed the 600 pages of duplicates and the 2000 pages of non-responsive documents as separate and distinct categories.

Your June 5 letter suggests that Mr. Humes and I have provided different reasons for not producing to Mr. Aguirre the 625 pages discussed in my May 18 letter. That is not true. Mr. Humes explained in his May 1 letter that the Commission's production to Mr. Aguirre of documents it had provided to the Senate did not include approximately 2000 pages that "were produced to the Senate, but not in response to category one of the August 2, 2006 letter." Then,

Mr. Hodes
June 29, 2007
Page 2

in a letter dated May 14, 2007, you asked me to explain why Mr. Aguirre had not received those 2000 pages. My May 18 letter described the 2000 pages that were not responsive to category one and explained that 625 pages of documents Mr. Aguirre had previously received in response to his FOIA request were likely included in those 2000 pages. That letter did not provide any different reason for not including the 625 pages in the May 1 production than Mr. Humes had provided in his May 1 letter.

With respect to the approximately 375 pages that my May 18 letter describes as duplicates, I discussed those documents to explain why the Senate production had approximately 1000 pages responsive to category 2 of the August 2 letter from Senators Grassley and Specter while the Commission has produced 625 pages of documents (excluding 420 pages produced from Office of Inspector General files) in response to Mr. Aguirre's FOIA requests regarding personnel issues. We recognize that the Senate request and Mr. Aguirre's FOIA request sought similar documents. As my May 18 letter states, the 375 pages are likely duplicates of the 625 pages Mr. Aguirre has already received.

In light of these explanations, it is not clear why the detailed description you request is necessary or reasonable. Moreover, Mr. Aguirre has requested the entire Senate production in his Merit Systems Protection Board proceeding, and we will likely agree to produce the approximately 1000 documents the Commission provided to the Senate in response to category 2 of the August 2 letter from Senators Grassley and Specter as long as an adequate protective order or confidentiality agreement is in place. That production will likely be more useful than any detailed description we would provide in verifying that the Commission has satisfied its FOIA obligations.

You have also requested a generic description of the approximately 1000 pages in the Senate production that were not responsive to categories 1 or 2 of the August 2 letter from Senators Grassley and Specter. Those documents fit into the following categories:

Correspondence between Aguirre and the Senate or Commission (15 pages)
Ethics guidance and information (348 pages)
Documents Aguirre already has relating to EEO claims (122 pages)
Enforcement organizational charts (9 pages)
Resumes of individuals who testified in the Senate investigation (24 pages)
Documents regarding Paul Berger leaving Commission (43 pages)
Memos and letters regarding Senate production (29 pages)
Subpoena log created for Senate (4 pages)
Inventory of Pequot's network back-up tapes (27 pages)
Documents regarding compensation committee procedures (3 pages)
E-mails from 8/1/05 (366 pages)
E-mails regarding complaint of another employee (3 pages)

Mr. Hodes
June 29, 2007
Page 3

The Commission was not required to produce any of these in response to items 2 through 5 or 7 through 12 of Mr. Aguirre's December 30, 2005 FOIA/Privacy Act request except that some of the ethics information may be responsive to item 5 requesting "records relating to the Securities and Exchange Commission's rules and regulations applicable to departing employees." The ethics information provided to the Senate contains documents regarding negotiating for employment and post-employment restrictions. Some of the EEO documents may also be responsive to Mr. Aguirre's FOIA request, but all the EEO documents are ones Mr. Aguirre provided himself or that were sent to him by the Commission's EEO Office or by the EEOC. If Mr. Aguirre is interested in obtaining either the ethics or EEO documents, we will have the FOIA Office process those documents.

Finally, you have asked for information about the confidential treatment requests. There are twelve confidential treatment requests being processed. Fried, Frank, Harris, Shriver & Jacobson, LLP made four of the requests; Davis Polk & Wardwell made two of the requests; Credit Suisse made three of the requests; Sullivan & Cromwell made one request; and Morgan Stanley made two of the requests. The FOIA Office has received substantiation on all of the requests. On June 6, 2007, it issued a final decision on two of the requests determining that confidential treatment is warranted. I have asked the FOIA Office to assure that Mr. Aguirre receives notification of that decision. The FOIA Office is continuing to work on the other ten. To the extent confidential treatment requests are denied, the FOIA Office will initially send a preliminary decision, and the confidential treatment requester will have ten calendar days to submit supplemental arguments. Once the FOIA Office issues a final decision, the confidential treatment requester will have ten days to appeal to the Commission's General Counsel. After the General Counsel issues a final decision, the confidential treatment requester must commence an action in federal court within ten calendar days to prevent disclosure of the documents. *See* 17 C.F.R. 200.83(e).

Very truly yours,

Melinda Hardy
Assistant General Counsel
202-551-5149

# Exhibit 16

496

# EXHIBIT NUMBER 48

497

**Hardy, Melinda**

| | |
|---|---|
| From: | Kreitman, Mark J. |
| Sent: | Monday, August 01, 2005 12:13 PM |
| To: | Hanson, Robert |
| Attachments: | 8-05 Supplemental Evaluations.doc |

8-05 Supplemental
Evaluations....

1

SEC 00005281

498

Supplemental Evaluations:

Aguirre:  Gary works very hard, puts in long hours, and is dedicated to his
work.  But he is resistant to supervision and insufficiently cognizant of
institutional protocol and possible programmatic impact of his investigative
methods.  For example, though he feels competent to manage the Pequot
investigation on his own, certain subpoenas he prepared required revision,
inter alia, to avoid violating privacy statutes and he has, by failing to consult
with his branch chief, inaccurately stated Commission policy in
communication with defense counsel.  His manner has, on more than a few
occasions, drawn complaints from opposing counsel which, though not in
itself an indication of inappropriate conduct, raises a question because of
their frequency and consistency.  Other staff attorneys find it difficult to
work with him; his desire to maintain complete control of his single
investigation seems to preclude full and open sharing of his legal analyses.
He has difficulty explaining the significance of evidence his investigation
uncovered in linear fashion and expresses resentment at what he
inaccurately perceives as attempts by his supervisors to thwart his
success.

████████████ puts in long hours, takes advantage of expertise available
throughout the Commission, and develops creative investigative models.
He occasionally has difficulty, however, working within a structured
organizational framework and fails adequately to consult his supervisors
with respect to tactical and strategic decisions.  For example, he has
dispatched subpoenas without first clearing them with his branch chief, and
taken legal positions without full consideration of conflicting decisions.

SEC 00005282

499

Filename:       8-05 Supplemental Evaluations.doc
Directory:        C:\Documents and Settings\HardyM\Local
    Settings\Temporary Internet Files\OLK38
Template:        C:\Documents and
    Settings\HardyM\Application
    Data\Microsoft\Templates\Normal.dot
Title:      .           Supplemental Evaluations:
Subject:
Author:                 kreitmanm
Keywords:
Comments:
Creation Date:    08/01/2005 10:54:00 AM
Change Number: 1
Last Saved On:    08/01/2005 12:12:00 PM
Last Saved By:    kreitmanm
Total Editing Time:      79 Minutes
Last Printed On:  11/06/2006 4:23:00 PM
As of Last Complete Printing
    Number of Pages:    1 (approx.)
    Number of Words:    256 (approx.)
    Number of Characters:      1,460 (approx.)

SEC 00005283

500

**Hardy, Melinda**

| | |
|---|---|
| From: | Hanson, Robert |
| Sent: | Monday, August 01, 2005 1:14 PM |
| To: | Kreitman, Mark J. |
| Subject: | RE: |
| | |
| Attachments: | 8-05 bob changes.doc |



8-05 bob
changes.doc (33 KB)

| | |
|---|---|
| From: | Kreitman, Mark J. |
| Sent: | Monday, August 01, 2005 12:13 PM |
| To: | Hanson, Robert |
| Subject: | |

<< File: 8-05 Supplemental Evaluations.doc >>

1

SEC 00005284

501

Supplemental Evaluations:

Aguirre:  Gary works very hard, puts in long hours, and is dedicated to his
work.  He is willing to go the extra mile.  But he is resistant to supervision
and insufficiently aware of institutional protocol and possible programmatic
impact of his investigative methods.  For example, though he feels
competent to manage the Pequot investigation on his own, certain
subpoenas he issued required retraction to avoid violating privacy statutes
and he has, by failing to consult with his branch chief, inaccurately stated
Commission policy in communication with defense counsel.  His manner
has drawn complaints from opposing counsel which, though not in itself an
indication of inappropriate conduct, raises a question because of their
frequency and consistency (don't think we should allege if it only raises a
question).  His desire to maintain complete control of his investigation
seems to preclude full and open sharing of information with others.  He has
difficulty explaining the significance of evidence his investigation uncovered
in a clear and well-organized manner and expresses resentment at what he
inaccurately perceives as attempts by his supervisors to thwart his
success.

████████████ puts in long hours, takes advantage of expertise available
throughout the Commission, and develops creative investigative models.
He has excellent analytical skills.  He has difficulty, however, working within
a structured organizational framework and fails adequately to solicit his
supervisors with respect to tactical and strategic decisions.  For example,
he has dispatched subpoenas without first clearing them with his branch
chief, and taken legal positions without full consideration of conflicting
decisions.  Often he seems to focus on individual interests rather than
soliciting others' input to ensure shared understanding of priorities and
concerns.

Deleted: cognizant

Deleted: prepared
Deleted: revision
Deleted: .
Deleted: interacts
Deleted: .
Deleted: .
Deleted: on more than a few occasions.
Deleted: Other staff attorneys find it difficult to work with him; his
Deleted: single
Deleted: of
Deleted: his legal analyses
Deleted: linear fashion

Deleted: occasionally
Deleted: consult

SEC 00005285

502

Filename:        8-05 bob changes.doc
Directory:       C:\Documents and Settings\HardyM\Local
    Settings\Temporary Internet Files\OLK38
Template:        C:\Documents and
    Settings\HardyM\Application
    Data\Microsoft\Templates\Normal.dot
Title:           Supplemental Evaluations:
Subject:
Author:          kreitmanm
Keywords:
Comments:
Creation Date:   08/01/2005 1:13:00 PM
Change Number: 2
Last Saved On:   08/01/2005 1:13:00 PM
Last Saved By:   US
Total Editing Time:    3 Minutes
Last Printed On:  11/06/2006 4:33:00 PM
As of Last Complete Printing
    Number of Pages:   1
    Number of Words:   311 (approx.)
    Number of Characters:    1,777 (approx.)

SEC 00005286

Exhibit 17



UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C. 20549

OFFICE OF THE
GENERAL COUNSEL

May 1, 2007

Scott A. Hodes, Esq.
1410 Aintree Dr.
Rockville, MD 20850

Re:    Freedom of Information Act Request Nos. 06-00014-FOPA, 06-04033-FOIA;
       *Aguirre v. SEC*, No. 1:06-cv-01260-ESH (D.D.C.)

Dear Mr. Hodes:

On October 11, 2006, in a letter to Laura Walker, you agreed "to define the records sought under item 6 of Mr. Aguirre's December 30 request and his entire March 21 request as those that the agency has produced or will produce to the Judiciary and Finance Committees under category one on page 2 of the August 2, 2006 letter of Senators Grassley and Specter." The FOIA Office has processed that request, and I have reviewed their determinations because, as I explained in my January 8, 2007 letter to you regarding Request No. 06-00014-FOPA, I have decided to make a discretionary release of many of the documents Mr. Aguirre has requested. The discretionary release includes documents that are related to the decision to terminate Mr. Aguirre's employment and documents that relate to his claims regarding the Commission investigation of trading practices of Pequot Capital Management, Inc. during the summer of 2005.

In light of my decision to make a discretionary release, we will produce to you staff e-mails, notes, and other internal documents dated before September 6, 2005; non-privileged staff e-mails and notes dated on or after September 6, 2005; subpoenas; correspondence with persons outside the Commission; and the Commission's Formal Order and Supplemental Orders. Those documents will be redacted to withhold names, e-mail addresses, phone numbers, street addresses, social security numbers, and medical information of Commission staff and of third parties. However, the following persons' names will not be redacted as they appeared at the December 5, 2006 Senate Committee hearing: Linda Thomsen, Paul Berger, Mark Kreitman, and Robert Hanson. Also we have not redacted Arthur Samberg's and John Mack's names because of the publicity they have already received. The Commission is withholding the names, identifying information, and other personal information under Exemptions 6 and 7(C) of the FOIA, 5 U.S.C. 552(b)(6), (7)(C). Reliance on these exemptions is appropriate to protect privacy interests of these third parties because there has been significant media interest in Mr. Aguirre's claims regarding the termination of his employment, and disclosure of the names and identifying information in the documents the Commission is now releasing would subject individuals named in the documents to unwanted and distracting inquiries from the media and others.

Mr. Hodes
May 1, 2007
Page 2

At this time the Commission is providing to you approximately 2000 of the 8006 pages of documents it has produced to the Senate. The remaining pages fall within several different categories: (1) documents that were produced to the Senate, but not in response to category one of the August 2, 2006 letter identified above (approximately 2000 documents); (2) duplicates of documents being provided to Mr. Aguirre (approximately 600 pages); (3) internal Commission documents created after the termination of Mr. Aguirre's employment that are exempt under Exemption 5 because they are protected by the work-product doctrine and the deliberative process and attorney client privileges (approximately 1600 pages); (4) documents that come within Exemption 8 because they contain reports from self-regulatory organizations (approximately 10 pages); and (5) documents, primarily testimony transcripts and exhibits from 2006, for which confidential treatment requests are being processed (approximately 1800 pages), *see* 17 C.F.R. 200.83. With respect to the documents subject to confidential treatment requests, the substantiations that the FOIA Office has received are voluminous, so it has not yet completed its analysis.

If you have any questions regarding my determination, please call me at 202-551-5140.

For the Commission
    by delegated authority,

Richard M. Humes
Associate General Counsel

Exhibit 18



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C.  20549

OFFICE OF THE
GENERAL COUNSEL

May 18, 2007

<u>By Electronic Delivery</u>

Scott A. Hodes
Post Office Box 42002
Washington, D.C. 20015
infoprivacylaw@yahoo.com

  Re: *Aguirre v. SEC*, Civ. No. 06-1260 (ESH)

Dear Mr. Hodes:

  In your letter to me dated May 14, 2007, you ask us to explain why you have not received all 2000 pages of documents in the Senate production that are not responsive to category one of the August 2, 2006 letter from Senators Grassley and Specter to Chairman Cox. Your May 14 letter indicates that you believe that all documents in the Senate production would also be responsive to Mr. Aguirre's FOIA requests. That is not correct. Although the August 2 letter from Senators Grassley and Specter sought documents that are in many respects similar to the documents Mr. Aguirre sought in his FOIA requests, Senate staff made several additional requests that the Commission complied with by producing approximately 1000 pages of documents. Those Senate staff requests were not under category 2 of the August 2 letter from Senators Grassley and Specter. Further, those requests sought documents that were not responsive to Mr. Aguirre's FOIA requests.

  Mr. Aguirre likely has received all of the documents in the Senate production responsive to category two of the August 2 letter from Senators Grassley and Specter. Although we have not conducted a page-by-page comparison of the Senate production and the production responsive to Mr. Aguirre's FOIA claims, documents were gathered at close to the same time for both productions, and it is our understanding that documents gathered by Commission staff in response to category two in the August 2 letter were provided to both the FOIA office and the Commission staff handling the Senate production. The documents Mr. Aguirre was provided include the OPF provided to him by the FOIA Office on or about April 24, 2006 (approximately 120 pages), documents provided to Mr. Aguirre by the FOIA Office on or about October 11, 2006 (approximately 230 pages), and documents provided by the Office of the General Counsel on or about January 29, 2007 (approximately 275 pages).[1] Thus, he has approximately 625 pages

---

  [1] Mr. Aguirre also has received approximately 420 pages from the Commission's Office of Inspector General's closed investigation. The Office of the General Counsel produced those documents to Mr. Aguirre on or about February 5, 2007. Those documents were also provided to

that should also be in the Senate production.

The documents in the Senate production that are not responsive to category two that I have not yet described are duplicates. In producing e-mails and other documents to the Senate, out of an abundance of caution, Commission staff often did not eliminate duplicates or similar documents that appeared to be duplicates. Thus, an e-mail that Mr. Aguirre sent to three people could have been produced more than three times because each recipient could have provided it from the e-mails the recipients had available on their computers and additional copies could have been on back-up tapes. In contrast, in the January 29, 2007 production by the Office of the General Counsel to you, we removed duplicates to simplify and speed up the redaction process. It is far from surprising that there are approximately 375 pages of e-mails and other documents relating to Mr. Aguirre's merit pay increase, evaluation, employee performance files, and termination that are duplicates. Indeed, while we believe it is unduly burdensome to count duplicates at this time, a quick review of our files indicates that in the Senate production there are at least five copies of Mr. Aguirre's September 2, 2005 letter to Chairman Cox and at least three copies of Mr. Aguirre's October 11, 2005 letter to Chairman Cox.

In your May 14 letter you also indicate that you would like more information about the additional withheld documents. However, it is not clear whether you would like some general information so that we could promptly engage in settlement discussion or whether you would like to proceed to summary judgment briefing. We can discuss the general nature of the documents at any time.

With respect to summary judgment briefing (including preparation of a *Vaughn* index), we believe it is premature to set a briefing schedule until processing of the confidential treatment requests is complete. At this point, we cannot estimate when that will be complete because it depends on whether other parties seek to challenge any decisions we make to reject their confidential treatment requests.

Very truly yours,

Melinda Hardy
Assistant General Counsel
202-551-5149

---

the Senate, but they are not included in the 8006 pages Mr. Humes referred to in his May 1 letter because the Office of Inspector General provided them to the Senate in its own production, separate from the Commission's general production.

# Exhibit 19



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C.  20549

OFFICE OF THE
GENERAL COUNSEL

July 26, 2007

By Electronic Delivery

Scott A. Hodes
Post Office Box 42002
Washington, D.C. 20015
infoprivacylaw@yahoo.com

        Re:    *Aguirre v. SEC*, Civ. No. 06-1260 (ESH)

Dear Mr. Hodes:

        I am writing to propose a briefing schedule for summary judgment motions and to respond to your July 19, 2007 letter. We propose the following schedule:

| | |
|---|---|
| Sept. 28, 2007 | SEC summary judgment brief |
| Oct. 26, 2007 | Aguirre's summary judgment brief and opposition |
| Nov. 16, 2007 | SEC opposition and reply |
| Dec. 7, 2007 | Aguirre reply |

We propose that the summary judgment briefs address all the issues raised by Mr. Aguirre's complaint with the exception of whether the SEC has properly withheld documents subject to confidential treatment claims where the SEC is still processing those confidential treatment claims. At this time, the Commission's FOIA Office is continuing to process confidential treatment claims on seven transcripts and on one e-mail.[1] The SEC's FOIA Office has issued preliminary decisions on six of the transcripts and on the e-mail. It anticipates issuing preliminary decisions on the remaining transcript soon. The FOIA Office expects to receive responses regarding four preliminary decisions on transcripts this week, but it may not receive any additional responses until the end of August. After it receives responses, it will issue a final decision, and confidential treatment requesters will have the opportunity to appeal that decision to the Commission's Office of the General Counsel. That process will, at a minimum, take two to three more months, and it is not reasonable to conduct summary judgment briefing until the end of that process because no one will be able to define the issues with any certainty until the Commission has resolved the confidential treatment requests. Briefing based on hypothetical decisions and possibilities will waste the resources of all parties involved, including the court.

---

        [1] The four other confidential treatment requests the FOIA Office was processing were granted and could be addressed in the summary judgment briefs.

Mr. Hodes
July 26, 2007
Page 2

It is not unreasonable that the confidential treatment substantiation process has taken several months. Hundreds of pages of transcripts are at issue, and both the confidential treatment requesters and the Commission must conduct a line-by-line review. In this case, the requesters have sought to have material on virtually every page of each transcript withheld.[2] Many of the issues raised by the confidential treatment requesters are not clear cut, and the FOIA Office has spent a great deal of time addressing the complicated issues raised by the confidential treatment requests.

In addition to discussing a briefing schedule, your July 19, 2007 letter makes three requests that we will comply with. First, the FOIA Office is preparing the ethics documents for release, and they will be sending them to you soon. (The documents have the bates nos. SEC 1423-1626, 1672-1812, 1817-19.) Second, we can provide you documents from the August 1, 2005 e-mails that relate to the investigation of Pequot. We did not provide them earlier because they do not come within the scope of the request. They are not documents that "the agency has produced or will produce . . . under category one"; they were produced pursuant to a separate request. Third, we will compare the FOIA production and the Senate production to determine whether the Senate production contains any additional documents responsive to items 7 through 12 of Mr. Aguirre's December 30, 2005 FOIA/Privacy Act request. We will provide copies of any documents Mr. Aguirre has not already received pursuant to his FOIA requests, though we will withhold any documents or parts of documents that are subject to FOIA exemptions.

Very truly yours,

Melinda Hardy
Assistant General Counsel
202-551-5149

Enclosure

---

[2] They have also asked the Commission to withhold the entire transcripts, but the Commission's preliminary decisions deny that request, making a detailed review of each transcript necessary.