UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Gary Aguirre, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.:  06-1260 (ESH) |
| ) | |
| Securities and Exchange Commission, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE

Pursuant to LcvR7(h), Plaintiff hereby responds to Defendant Securities and Exchange Commission ("SEC") statement of material facts not in genuine dispute and states the following additional facts:

1. Said allegation is irrelevant because only paragraphs 2 through 12 of the December 30, 2005, were alleged in this case and paragraph 6 was superseded by an agreement between the parties on October 11, 2006.

2. Said allegation is irrelevant because an agreement between the parties on October 11, 2006 superseded this request.

3. Deny

4. Said allegation is now irrelevant because Defendant has produced records providing information sought by Plaintiff.

5. Said allegation is now irrelevant because Defendant has produced records providing information sought by Plaintiff and Plaintiff no longer seeks these records.

6. Said allegation is now irrelevant because Defendant has produced records providing information sought by Plaintiff and Plaintiff no longer seeks these records.

7. Said allegation is now irrelevant because Defendant has produced records providing information sought by Plaintiff and Plaintiff no longer seeks these records.

8. Said allegation is now irrelevant because Defendant has produced records providing information sought by Plaintiff and Plaintiff no longer seeks these records.

9. Admit that Defendant has released records, but otherwise deny.

10. Deny

11. Deny

12. Said allegation is irrelevant because Plaintiff has never sought personnel records of other employees and because the single spreadsheet Defendant withholds regarding Plaintiff has no material information.

13. Said allegation is irrelevant because Plaintiff has never sought personnel records of other employees and because the single spreadsheet Defendant withholds regarding Plaintiff has no material information.

14. Said allegation is irrelevant because Plaintiff has never sought personnel records of other employees and because the single spreadsheet Defendant withholds regarding Plaintiff has no material information.

15. Said allegation is irrelevant because Plaintiff has never sought personnel records of other employees and because the single spreadsheet Defendant withholds regarding Plaintiff has no material information.

16. Said allegation is irrelevant because Plaintiff has never sought personnel records of other employees and because the single spreadsheet Defendant withholds regarding Plaintiff has no material information.

17. Said allegation is irrelevant because Plaintiff has never sought personnel records of other employees and because the single spreadsheet Defendant withholds regarding Plaintiff has no material information.

18. Said allegation is irrelevant because Plaintiff has never sought personnel records of other employees and because the single spreadsheet Defendant withholds regarding Plaintiff has no material information.

19. This allegation is irrelevant because Plaintiff dos not seek records in the Inspector's investigatory files relating to the alleged ongoing investigation. Plaintiff does seek copies of all records responsive to Plaintiff's requests, including records provided by the OIG to senior officials within the Division of Enforcement.

20. This allegation is irrelevant because Plaintiff dos not seek records in the Inspector's investigatory files relating to the alleged ongoing investigation. Plaintiff does seek copies of all records responsive to Plaintiff's requests, including records provided by the OIG to senior officials within the Division of Enforcement.

21. Admit.

22. Admit that the agreement refers to the information contained in said allegation, but deny that it was limited to that language. The agreement is amplified to include the examples of information contained in the successive paragraphs of the August 2, 2006, letter.

23. Said allegation states no material facts since it is irrelevant which division of the Securities and Exchange Commission delivered records to the Senate.

24. Said allegation states no material facts since because the SEC's subjective intent in providing records to the Senate is irrelevant and because Plaintiff was not a party to those communications.

25. Said allegation states no material facts because the subject of the Senate and SEC discussions cannot bind Plaintiff.

26. Plaintiff denies that the SEC conducted an adequate search for any records.

27. Plaintiff admits that Defendant redacted some names but not others on the records it released. Plaintiff admits that Defendant SEC did not redact the names of Linda Thomsen, Paul Berger, Mark Kreitman, Robert Hanson, Eric Ribelin, and Gary Aguirre, Arthur Samberg and John Mack from some records, but denies that Defendant's allegations were limited to the items of information alleged in said allegation.

28. Admit that the Defendant withheld names and identifying information on persons mentioned in the records it released, but denies that the redactions were limited to personal information and denies that disclosing their names would subject those individuals to any media attention they would not otherwise receive.

29. Deny.

30. Deny.

### Statement of Supplemental Facts

1) **The SEC has unreasonably delayed the release of seven transcripts described in its Vaughn index**

   a) The SEC created a report, which it calls a case closing report, explaining its decision to close its insider trading and market manipulation investigation of Pequot Capital Management without filing an action against anyone. Plaintiff's memorandum in support of Plaintiff's cross-motion for summary judgment and opposition to Defendant's motion for summary judgment ("Plaintiff's memorandum") cited the SEC's case closing report at p. 3.

b) The SEC released its case closing report, dated November 30, 2006, to the public on approximately December 4, 2006. Plaintiff's memorandum cites Director Thomsen's testimony, to which the case closing report was attached, before the Senate Judiciary Committee at p. 23.

c) The case closing report describes nine transcripts among other evidence as support for its decision to close its insider trading investigation of Pequot Capital Management without filing an action against anyone. Plaintiff's memorandum cited the SEC case closing report at p. 8.

d) The SEC has released only two of the nine transcripts identified in the case closing report. With respect to the seven transcripts that have not been released, the Vaughn index contains only this statement: "being processed for CT." See Defendant's Vaughn Index items 39, 40, 68, 69, and 260, attached as Defendant's Ex. 14 to Second Declaration of Melinda Hardy.

e) Section 200.83 of Title 17 of the Code of Federal Regulations contemplates a timely processing by the SEC of request for confidential treatment.

f) Any reasonable time period for compliance with 17 CFR §200.83 has expired.

2) **The public interest in disclosure of the names in the two CSFB transcripts outweighs any privacy interest under Exemption 7(C) in redacting those names.**

a) The Senate Judiciary Committee and the Senate Finance Committee conducted an intensive investigation for more than one year, including the review of approximately 10,000 pages of documents, the taking of more than 30 interviews, and the holding of two Senate Committee on the Judiciary hearings, and the publication of its report, *The Firing of an SEC Attorney and the Investigation of Pequot Capital Management*. Plaintiff's memorandum cited the Senate Report at p. 5.

b) The New York Times has published approximately 20 articles, commentaries, or editorials dealing with the SEC's investigation of Pequot Capital Management. Plaintiff's declaration refers to the New York Times articles at p. 17.

c) The Wall Street Journal has published about 20 articles, commentaries, or editorials dealing with this subject. Plaintiff's declaration refers to The Wall Street Journal articles at p. 17.

d) Linda Thomsen, The Director of the Division of Enforcement, testified in her December 5, 2006, testimony before the Senate Judiciary Committee that the Commissioners approved the release of the SEC's case closing report to the public because of "public attention" to the SEC's handling of its investigation of Pequot Capital Management. Plaintiff's memorandum cited Director Thomsen's testimony at p. 23.

e) Hundreds of articles have been written in the electronic and print media over the past 18 months in connection with the SEC's handling of the Pequot investigation, in particular whether it gave John Mack preferential treatment, and Plaintiff's firing. See Plaintiff's declaration at p. 16.

f) The Senate Report focuses on whether the SEC gave preferential treatment to John Mack in connection with Pequot's trading in General Electric and Heller Financial and whether Plaintiff was fired for questioning that preferential treatment. See Plaintiff's memorandum at footnote 3.

g) The allegation that the SEC gave favored or preferential treatment to John Mack would violate applicable federal regulations, adopted pursuant to federal code, governing the conduct of the members and staff of the SEC. Plaintiff's memorandum cited the applicable federal regulations in footnote 52.

    h) SEC Chairman Christopher Cox stated that "the allegations of improper conduct in this matter are utterly inconsistent with the mission and professionalism of the agency …". Plaintiff's memorandum cited Chairman Christopher Cox at p. 43.

    i) The SEC denies it gave Mack preferential treatment by claiming in took the testimony of those who could have informed Mack of the GE-Heller merger. Plaintiff's memorandum cited the SEC claim at p. 26.

    j) The redacted portion of the CSFB transcripts will demonstrate the SEC took the examinations of the wrong CSFB officials and has misstated core facts to the public in its case closing report regarding the facts upon which it relied in explaining its decision to close its investigation of John Mack in relation to Pequot's trading in GE and Heller. Plaintiff's memorandum at pp. 27-8.

    k) The names of the individuals, redacted from the CSFB transcripts, have been disclosed in records released by the Senate. Plaintiff's memorandum refers to the Senate report and the CSFB transcripts at footnote 111.

3) **The public interest in disclosure of the Mack itinerary and calendar, to the extent it related to his contacts with Credit Suisse and CSFB officials, outweighs any privacy interest under Exemption 7(C) in withholding that information**

    a) Plaintiff incorporates fact statements 2(a) through 2(i).

    b) The Mack calendar and itinerary will demonstrate the SEC took the examinations of the wrong CSFB officials and has misstated core facts to the public in its case closing report regarding the facts upon which it relied in explaining its decision to close its investigation of Mack in relation to Pequot's trading in GE and Heller. Plaintiff's memorandum refers to the Mack calendar and itinerary at p. 28.

c) The names of these third parties have been disclosed in records released by the Senate. Plaintiff's memorandum refers to the Senate report and the CSFB transcripts at footnote 111.

4) **The public policy in releasing the names of Liban Jama and James Eichner and any senior Enforcement officials who worked in the Pequot investigation far outweighs the privacy interest in withholding those names.**

   a) Plaintiff incorporates fact statements 2(a) through 2(i).

   b) Plaintiff's memorandum at p. 30.

5) **The SEC should produce the original of Plaintiff's Enforcement Performance File.**

   a) Plaintiff's declaration paragraphs 10 through 29.

6) **The SEC has failed to conduct an adequate search for the records requested in requests 7 through 12 of Plaintiff's September 30, 2005, letter.**

   a) SEC has failed to describe in its moving papers how it conducted its search for these records.

   b) The SEC has failed to release numerous records and also failed to describe those records in its Vaughn index, which is further evidence of its inadequate search. Plaintiff's memorandum at p. 42.

December 4, 2007                                      Respectfully Submitted,

                                                     _____/s/_____
                                                     Scott A. Hodes, D.C. Bar #430375
                                                     P.O. Box 42002
                                                     Washington, D.C.  20015
                                                     301-404-0502

                                                     _____/s/_____
                                                     Gary J. Aguirre, CA Bar#38927
                                                     402 West Broadway, Suite 400
                                                     San Diego, CA  92101
                                                     619-595-3197

                                                     Attorneys for Plaintiff