# Exhibit 4

to Third Hardy Declaration

*SEC v. Aguirre*, 06-cv-01260 (D.D.C.)



**OFFICE OF THE
GENERAL COUNSEL**

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

December 18, 2007

Scott Tucker, Esq.
Morgan Stanley
1633 Broadway
New York, NY 10019

Re:   Confidential Treatment Request Appeals of Morgan Stanley,
      Freedom of Information Act Request No. 06-00014-FOPA

Dear Mr. Tucker:

On behalf of the Commission, pursuant to delegated authority, I have considered your appeals from the Freedom of Information Act ("FOIA") Officer's determination to release two documents from Debevoise & Plimpton LLP to Commission staff. Those documents bear bates numbers SEC 3389 and SEC 5002. The FOIA Officer's action resulted from FOIA Request No. 06-00014-FOPA, filed by Gary Aguirre. You have asserted that those documents should be withheld in their entirety under Exemption 3 of the FOIA. As discussed below, the decision of the FOIA Officer is reversed, and your confidential treatment request is granted because the documents come within Exemption 3.

Exemption 3 authorizes the withholding of matters "specifically exempted from disclosure by statute . . . provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. 552(b)(3). A statute comes within Exemption 3 if it satisfies just one of the three tests contained in the exemption. *Association of Retired R.R. Workers, Inc. v. U.S. R.R. Retirement Bd.*, 830 F.2d 331, 334 (D.C. Cir. 1987). Thus, if a statute satisfies the second part of subsection (B) by identifying "particular types of matters to be withheld," it comes within Exemption 3 even if it authorizes the agency to disclose information in certain circumstances. *See, e.g., Times Publishing Co. v. U.S. Dep't of Commerce*, 236 F.3d 1286 (11th Cir. 2001); *Medina-Hincapie v. Dep't of State*, 700 F.2d 737 (D.C. Cir. 1983); *Iron and Sears v. Dann*, 606 F.2d 1215 (D.C. Cir. 1979).

You argue that Section 210(b) of the Investment Advisers Act, 15 U.S.C. 80b-10(b), is an Exemption 3 statute and that your documents can be withheld under Exemption 3. Section 210(b), in relevant part, provides:

> Subject to the provisions of subsections (c) and (d) of section 80b-9 of this title and section 78x(c) of this title, the Commission, or any member, officer, or

Mr. Tucker
December 14, 2007
Page 2

>employee thereof, shall not make public the fact that any examination or investigation under this subchapter is being conducted, or the results of or any facts ascertained during any such examination or investigation; and no member, officer, or employee of the Commission shall disclose to any person other than a member, officer, or employee of the Commission any information obtained as a result of any such examination or investigation except with the approval of the Commission.

Thus, Section 210(b) limits disclosure of two different categories of documents. The first clause of the statute refers to "the fact that any examination or investigation under this subchapter is being conducted, or the results of or any facts ascertained during any such examination or investigation." The second clause refers to "any information obtained as a result of any such examination or investigation."

The second clause of Section 210(b) appears most applicable here as the documents at issue constitute information obtained in an investigation under the Investment Advisers Act. Thus, it is necessary to determine whether the second clause satisfies any of the three tests in Exemption 3. I have determined that it satisfies the "particular types" test in Exemption 3(B) because the clause prohibits disclosure of documents in two specific circumstances in which the Commission gathers information: investigations or examinations of investment advisers. Section 210(b) is also comparable to many other statutes that courts have found meet the "particular types" test in Exemption 3(B) even though they use "rather all-embracing language" to describe the protected class of documents. *Seymour v. Barabba*, 559 F.2d 806, 808 (D.C. Cir. 1977) (statute protecting "the information furnished under the provisions of this Title [federal census laws]" refers to a "particular type of matter to be withheld"). *See also Central Intelligence Agency v. Sims*, 471 U.S. 159, 167-68 (1985) (statute requiring CIA "to protect 'intelligence sources and methods,' clearly 'refers to particular types of matters'"); *Times Publishing*, 236 F.3d at 1289 (statute regarding "information obtained for the purpose of consideration of, or concerning, [export] license applications under this Act" is an Exemption 3 statute); *Medina-Hincapie*, 700 F.2d at 742 (statute regarding records "pertaining to the issuance or refusal of visas or permits to enter the United States" is an Exemption 3 statute); *Iron and Sears*, 606 F.2d at 1220 (statute regarding patent applications and information concerning them is an Exemption 3 statute).

Therefore, I find that Exemption 3 protects the documents at issue.

For these reasons, the decision of the FOIA Officer is reversed, and your confidential treatment request for the documents bearing bates numbers SEC 3389 and SEC 5002 is granted.[1]

---

[1] I have considered all of your contentions. I have rejected or sustained them to the extent that they are inconsistent or in accord with the views expressed in this decision.

Mr. Tucker
December 14, 2007
Page 3

If you have any questions regarding this determination, please contact Melinda Hardy (202-551-5149) or Noelle Frangipane (202-551-5142).

                                          For the Commission,
                                              by delegated authority,

                                          Richard M. Humes
                                          Associate General Counsel

cc:    Gary Aguirre
       Scott Hodes