UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GARY AGUIRRE | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:06-cv-1260-ESH |
| | ) | |
| SECURITIES AND EXCHANGE COMMISSION, | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF WALTER G. RICCIARDI

I, Walter G. Ricciardi, declare as follows:

1. I am the Deputy Director of the Division of Enforcement ("Enforcement") of the Securities and Exchange Commission ("Commission"). I have been employed with the Commission since April 2004. My principal responsibilities are to assist the Division Director in the overall supervision of the Commission's nationwide Enforcement program.

2. I make this declaration based on personal knowledge of the Commission's Enforcement program and the policies and practices of Enforcement generally.

3. Witnesses often express concern about possible public disclosure of their testimony, especially when they discuss commercial and financial information. Virtually every person who provides to the Commission documents or testimony containing commercial or financial information requests confidential treatment of that information pursuant to the Commission's regulations. 17 C.F.R. 200.83.

4. The Commission's willingness and ability to protect commercial and financial

information (unless it is relevant to actions brought against alleged wrongdoers brought by the Commission or the US) is important to the Commission's ability to obtain detailed commercial and financial information from witnesses. Witnesses who believe that the details of their testimony will become matters of public record are likely to be less candid and forthcoming with details than those who believe the testimony will be used solely by the Commission or other federal regulators.

5. When Enforcement staff takes witness testimony, they often obtain detailed commercial or financial information that may not be material in litigation but may be necessary as staff make determinations about the significance of other information obtained. If staff obtain only general information, they will encounter more difficulty in fully understanding the businesses and circumstances they investigate, and the investigative process will become more difficult.

6. If witnesses believed that commercial or financial information could not be protected under the Freedom of Information Act except upon a showing of potential harm from competitors, witnesses would likely avoid mentioning or discussing commercial or financial information, especially if there are details that the staff may not specifically inquire about. Because hedge fund advisers, like Pequot, tend to consider secrecy and privacy to be of the utmost importance, a decision requiring disclosure in this case may have a particularly strong impact on the Commission's ability to get detailed commercial and financial information from such advisers.

7. Obtaining commercial and financial information from witnesses is central to most of the Commission's investigations.

I declare under penalty of perjury that the foregoing is true and correct. Executed on

January 11, 2008 in Washington, D.C.

                                                  _/s/ Walter G. Ricciardi_____
                                                  Walter G. Ricciardi