UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY AGUIRRE<br><br>       Plaintiff,<br>v.<br><br>SECURITIES AND EXCHANGE<br>  COMMISSION,<br><br>       Defendant. | Case No. 1:06-cv-1260-ESH |

### THIRD DECLARATION OF MELINDA HARDY

I, Melinda Hardy, declare as follows:

    1.    I am an Assistant General Counsel in the Office of the General Counsel of the Securities and Exchange Commission ("Commission"). I have been employed in this capacity with the Commission since approximately December 1998. I am one of the attorneys who is handling the above-captioned litigation for the Commission.

    2.    Exhibit 1 hereto is a true and correct copy of a letter dated December 18, 2007 from Richard M. Humes, Associate General Counsel in the Commission's Office of the General Counsel, to Audrey Strauss, Esq., Matt T. Morley, Esq., and Brian T. Sumner, Esq. regarding the confidential treatment request appeals of Fried, Frank, Harris, Shriver & Jacobson LLP.

    3.    Exhibit 2 hereto is a true and correct copy of a letter dated December 18, 2007 from Mr. Humes to Neal A. Potischman, Esq. regarding the confidential treatment request appeal of Davis Polk & Wardwell.

    4.    Exhibit 3 hereto is a true and correct copy of a letter dated December 18, 2007 from Mr. Humes to Steven R. Peikin, Esq. and Natalie N. Kuehler, Esq. regarding the

confidential treatment request appeal of Sullivan & Cromwell LLP.

5.   Exhibit 4 hereto is a true and correct copy of a letter dated December 18, 2007 from Mr. Humes to Scott Tucker, Esq. regarding the confidential treatment request appeals of Morgan Stanley.

6.   Exhibit 5 hereto is a true and correct copy of a letter dated August 24, 2007 from Melinda Hardy to Scott Hodes.

7.   Exhibit 6 hereto is a true and correct copy of the Commission's Order Directing Private Investigation and Designating Officers to Take Testimony for Investigation HO-9818 with the names of individuals redacted to protect their privacy interests.

8.   I have reviewed memoranda from the Office of the Inspector General ("OIG") to the Commission that mention the termination of the employment of Gary Aguirre. Those memoranda do not relate to carrying out the termination and only briefly describe Aguirre's allegations and the OIG investigation.

9.   To protect privacy interests, personal information such as medical information, complaints about job performance, information pertaining to personal finances, information that reveals personal views or opinions that could be deemed embarrassing, and information strictly about individuals' personal and family life has been redacted from the documents provided to Aguirre in response to the FOIA requests at issue in this litigation.

10.   The three transcripts withheld in their entirety under Exemption 7(C) (*see* Exhibits 1 & 3 hereto) do not contain any information about Samberg's financial dealings with Mack.

11.   The information withheld under Exemption 4 (*see* Exhibit 1 hereto) consists of

approximately 524 lines from 4 transcripts.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 14, 2008 in Washington, D.C.

          /s/ Melinda Hardy
          Melinda Hardy