# Exhibit 2

## to Third Hardy Declaration

*SEC v. Aguirre*, 06-cv-01260 (D.D.C.)



UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C. 20549

OFFICE OF THE
GENERAL COUNSEL

December 18, 2007

Neal A. Potischman, Esq.
Davis Polk & Wardwell
1600 El Camino Real
Menlo Park, California 94025

      Re:    Confidential Treatment Request Appeal of Davis Polk & Wardwell,
             Freedom of Information Act Request No. 06-00014-FOPA

Dear Mr. Potischman:

      On behalf of the Commission, pursuant to delegated authority, I have considered your appeal from the Freedom of Information Act ("FOIA") Officer's determination to release portions of a testimony transcript.[1] The FOIA Officer's action resulted from FOIA Request No. 06-00014-FOPA, filed by Gary Aguirre. You have asserted that the transcript should be withheld from disclosure in its entirety pursuant to Exemptions 3, 6 and 7(C) of the FOIA. As discussed below, the decision of the FOIA Officer is affirmed in part and reversed in part, and your confidential treatment request is granted because the transcript comes within Exemption 3. In addition Exemption 7(C) protects the documents at issue in part, as explained further below.

## I.    Exemption 3

      Exemption 3 authorizes the withholding of matters "specifically exempted from disclosure by statute . . . provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. 552(b)(3). A statute comes within Exemption 3 if it satisfies just one of the three tests contained in the exemption. *Association of Retired R.R. Workers, Inc. v. U.S. R.R. Retirement Bd.*, 830 F.2d 331, 334 (D.C. Cir. 1987). Thus, if a statute satisfies the second part of subsection (B) by identifying "particular types of matters to be withheld," it comes within Exemption 3 even if it authorizes the agency to disclose information in certain circumstances. *See, e.g., Times Publishing Co. v. U.S. Dep't of Commerce*, 236 F.3d 1286 (11th Cir. 2001); *Medina-Hincapie v. Dep't of State*, 700 F.2d 737 (D.C. Cir. 1983); *Iron and Sears v. Dann*, 606 F.2d 1215 (D.C. Cir. 1979).

      You argue that Section 210(b) of the Investment Advisers Act, 15 U.S.C. 80b-10(b), is an

---

    [1] There are two versions of the transcript, the original transcript and a corrected version. Both versions are the subject of the FOIA request.

Mr. Potischman
December 14, 2007
Page 2

Exemption 3 statute and that the transcript can be withheld under Exemption 3.  Section 210(b), in relevant part, provides:

> Subject to the provisions of subsections (c) and (d) of section 80b-9 of this title and section 78x(c) of this title, the Commission, or any member, officer, or employee thereof, shall not make public the fact that any examination or investigation under this subchapter is being conducted, or the results of or any facts ascertained during any such examination or investigation; and no member, officer, or employee of the Commission shall disclose to any person other than a member, officer, or employee of the Commission any information obtained as a result of any such examination or investigation except with the approval of the Commission.

Thus, Section 210(b) limits disclosure of two different categories of documents.  The first clause of the statute refers to "the fact that any examination or investigation under this subchapter is being conducted, or the results of or any facts ascertained during any such examination or investigation."  The second clause refers to "any information obtained as a result of any such examination or investigation."

The second clause of Section 210(b) appears most applicable here as the transcript at issue contains information obtained in an investigation under the Investment Advisers Act. Thus, it is necessary to determine whether the second clause satisfies any of the three tests in Exemption 3.  I have determined that it satisfies the "particular types" test in Exemption 3(B) because the clause prohibits disclosure of documents in two specific circumstances in which the Commission gathers information:  investigations or examinations of investment advisers. Section 210(b) is also comparable to many other statutes that courts have found meet the "particular types" test in Exemption 3(B) even though they use "rather all-embracing language" to describe the protected class of documents.  *Seymour v. Barabba*, 559 F.2d 806, 808 (D.C. Cir. 1977) (statute protecting "the information furnished under the provisions of this Title [federal census laws]" refers to a "particular type of matter to be withheld").  *See also Central Intelligence Agency v. Sims*, 471 U.S. 159, 167-68 (1985) (statute requiring CIA "to protect 'intelligence sources and methods,' clearly 'refers to particular types of matters'"); *Times Publishing*, 236 F.3d at 1289 (statute regarding "information obtained for the purpose of consideration of, or concerning, [export] license applications under this Act" is an Exemption 3 statute); *Medina-Hincapie*, 700 F.2d at 742 (statute regarding records "pertaining to the issuance or refusal of visas or permits to enter the United States" is an Exemption 3 statute); *Iron and Sears*, 606 F.2d at 1220 (statute regarding patent applications and information concerning them is an Exemption 3 statute).

Therefore, I find that Exemption 3 protects the transcript at issue.

Mr. Potischman
December 14, 2007
Page 3

## II.    Exemption 7(C)

### A.    Overview of Exemption 7(C)

Exemption 7(C) protects "records or information compiled for law enforcement purposes" if their disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. 552(b)(7)(C). Thus, if records are compiled for law enforcement purposes, FOIA does not require disclosure if disclosure could reasonably be expected to result in an "unwarranted invasion of personal privacy." That analysis requires a balancing of privacy interests and the public interest. *See, e.g., National Archives and Records Admin. v. Favish*, 541 U.S. 157, 171 (2004) ("The term 'unwarranted' requires us to balance the family's privacy interest against the public interest in disclosure.").

Exemption 7(C) recognizes the stigma potentially associated with law enforcement investigations and affords witnesses, suspects, and investigators broad privacy rights. *Fund for Constitutional Government v. National Archives and Records Service*, 656 F.2d 856, 862 (D.C. Cir. 1981); *see also Fitzgibbon v. CIA,* 911 F.2d 755, 767 (D.C. Cir. 1990) (recognizing the "'strong interest' . . . 'in not being associated unwarrantedly with alleged criminal activity'"). The Supreme Court has held "as a categorical matter" that the release of law enforcement records containing information about a private citizen "can reasonably be expected to invade that citizen's privacy." *U.S. Dep't of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 780 (1989). The Court has gone on to state that "the FOIA's central purpose is to ensure that the *Government's* activities be opened to the sharp eye of public scrutiny, not that information about *private citizens* that happens to be in the warehouse of the Government be so disclosed." *Id.* at 774; *see also Carpenter v. Dep't of Justice*, 470 F.3d 434, 438 (1st Cir. 2006) ("The central purpose of the FOIA is to reveal government action, not to expose the actions of private third parties and their participation in law enforcement to the public."). Thus, Exemption 7(C) provides broad protection for the names of individuals and other identifying information in records compiled in a law enforcement file.

Courts have also recognized privacy interests in other matters about individuals including, for example, medical information, allegations of wrongdoing that were never prosecuted, and employment record and evaluation history. *See, e.g., Dunkelberger v. Dep't of Justice*, 906 F.2d 779, 781 (D.C. Cir. 1990); *Bast v. U.S. Dep't of Justice*, 665 F.2d 1251, 1254 (D.C. Cir. 1981). However, the concept of privacy interests does not appear to expand to anything about a person. Privacy interests generally relate either to "intimate details of [individuals'] lives" or "embarrassing disclosures." *Rural Housing Alliance v. U.S. Dep't of Agriculture*, 498 F.2d 73, 77 (D.C. Cir. 1973) (describing scope of Exemption 6). Also, "[i]nformation relating to business judgments and relationships does not qualify for exemption. . . . This is so even if disclosure might tarnish someone's professional reputation." *Washington Post Co. v. U.S. Dep't of Justice*, 863 F.2d 96, 100 (D.C. Cir. 1988); *see also Center to Prevent*

Mr. Potischman
December 14, 2007
Page 4

*Handgun Violence v. U.S. Dep't of the Treasury*, 981 F. Supp. 2d 20, 23-24 (D.D.C. 1997) (Exemption 7(C) does not apply to "[i]nformation relating to business judgments and relationships" when the information does not implicate any business actor in a crime.").

Privacy interests may exist even if some information related to the matter at issue has already been released. For example, in *Kimberlin v. Dep't of Justice*, 139 F.3d 944, 949 (D.C. Cir. 1998), the D.C. Circuit held that, notwithstanding the fact that the press had reported that an Assistant United States Attorney had been investigated and punished, he retained a privacy interest "in avoiding disclosure of the details of the investigation, of his misconduct, and of his punishment" and that "official confirmation of what has been reported in the press and the disclosure of additional details could reasonably be expected to constitute an unwarranted invasion of . . . personal privacy." *Id.* at 949. However, where the specific information at issue is "freely available" to the public, there is not a privacy interest. *See Reporters Committee*, 489 U.S. at 763-64 (defining "private" as "intended for or restricted to the use of a particular person or group or class of persons: not freely available to the public").

In balancing public and private interests, the public interest served by the release of information must be "the preservation of 'the citizens' right to be informed about what their government is up to.'" *Beck v. Dep't of Justice*, 997 F.2d 1489, 1492 (D.C. Cir. 1993) (quoting *Reporters Comm.*, 489 U.S. at 773). "Information that 'reveals little or nothing about an agency's own conduct' does not further the statutory purpose; thus the public has no cognizable interest in the release of such information." *Id.* Names and identifying information rarely further that purpose. *See id.* ("The identity of one or two individual relatively low-level government wrongdoers, released in isolation, does not provide information about the agency's own conduct."). Courts that have balanced privacy interests and public interests have routinely recognized that agencies can withhold names and identifying information.[2] Courts have also recognized that where a FOIA requester seeks information about alleged government misconduct, the requester cannot rely on mere speculation to establish public interest. *Favish*, 541 U.S. at 174.

---

[2] *See, e.g., Safecard Services, Inc. v. SEC*, 926 F.2d 1197, 1206 (D.C. Cir. 1991) (holding under Exemption 7(C) that usually names and addresses of private individuals in investigative files can be withheld); *National Assoc. of Retired Fed. Employees*, 879 F.2d at 875-79 (protecting names and addresses of federal retirees under Exemption 6); *American Civil Liberties Union v. FBI*, 429 F. Supp. 2d 179, 192-93 (D.D.C. 2006) (protecting names and identifying data under Exemptions 6 and 7(C)); *Miller v. Dep't of the Navy*, 383 F. Supp. 2d 5, 13-15 (D.D.C. 2005) (protecting personal identifying information about investigators, the subject of the investigation, and witnesses in connection with an Inspector General report under Exemption 6); *Edmonds v. FBI*, 272 F. Supp. 2d 35, 52-53 (D.D.C. 2003) (protecting names and identifying data under Exemptions 6 and 7(C)).

Mr. Potischman
December 14, 2007
Page 5

### B.    Application of the Foregoing Legal Principles

There is no question that the transcript and exhibits at issue here were compiled for law enforcement purposes.[3]  Therefore, I must determine what information is subject to a privacy interest and then, for that information, balance the relevant privacy interest and public interest to determine whether disclosure of the records could reasonably be expected to result in an "unwarranted invasion of personal privacy."

### 1.    Privacy Interests

In light of the law described above, I have made the following determinations about what information is subject to a privacy interest.

### a.    Information Already Publicly Available

The transcript at issue contains testimony from John Mack.  Some pages of the transcript have been made public in a report entitled "The Firing of an SEC Attorney and the Investigation of Pequot Capital Management" prepared by the minority staffs of the Senate Committees on Finance and on the Judiciary and released in August 2007 ("Senate Report").[4]  Because the Senate Report and the December 5 hearing are, in the words of *Reporters Committee*, "freely available," were discussed in articles in major newspapers, and are recent, the pages that have been made public are not private within the meaning of Exemption 7(C) and consequently cannot be withheld under that exemption.  The Senate Report contains pages 1-2, 26-45, 50-51, 100, 102, and 113 of the transcript.

The Senate Report and other publicly available documents[5] also contain additional information from the Commission's investigation, including, among other things, facts relating to Mr. Mack's friendship with Arthur Samberg, some of Mr. Mack's investments, and the hiring of Mr. Mack as the Chief Executive Officer of Credit Suisse First Boston.  The Senate Report

---

[3]  Because the transcript comes within Exemption 7(C), it is not necessary to address the similar, but less expansive, protection provided by Exemption 6.

[4]  The report is at  www.finance.senate.gov/sitepages/leg/LEG%202007/36960.pdf.

[5]  Other documents are contained in the record of a December 5, 2006 hearing before the Senate Committee on the Judiciary.  Among other things, that record contains testimony from one former and two current members of the Commission's staff, and that testimony provides some information about the Pequot investigation.  The record is at http://frwebgate.access.gpo.gov/cgi-bin/useftp.cgi?IPaddress=162.140.64.184&filename=35458. pdf&directory=/diska/wais/data/109_senate_hearings.

Mr. Potischman
December 14, 2007
Page 6

clearly reports that Commission staff investigated whether Mr. Mack had inside information; whether, if he had any such information, he passed it to Mr. Samberg; and whether Mr. Samberg traded on the basis of any information he received from Mr. Mack. *See, e.g.*, Senate Report at 15-16, 24-26, 41-44, 47 & Exhs. 1, 17, 19, 21, 22, 35, 55. In light of these disclosures, Mr. Mack no longer has a privacy interest we can protect in not being associated with a law enforcement matter or in the specific facts disclosed in the Senate Report. For these reasons, Exemption 7(C) does not provide a basis to withhold Mr. Mack's identity, the focus of the Commission's investigation, or other matters specifically disclosed in the Senate Report.

### b.    Information that Is Not Publicly Available

For information that is not publicly available, some categories of information clearly are subject to a privacy interest. First, it is clear that individuals have a privacy interest in not being associated with a law enforcement investigation, so there is a privacy interest in the identity of individuals who are either not mentioned at all in the Senate Report or mentioned only briefly. Second, individuals clearly have a privacy interest in other personal information such as medical information, complaints about their job performance, and information pertaining to their personal finances.

However, some of the information you seek to protect does not come within any of those categories. In your appeal, you seek protection for information such as the fact that Mr. Mack retained people for professional services. You do not provide any basis for claiming a privacy interest in such topics, and I find no reason to view any such information as private. It does not reveal any intimate or embarrassing details and is not the type of information that people generally seek to protect. Also, to the extent information concerns Mr. Mack's business dealings, including the circumstances surrounding CSFB's decision to hire Mr. Mack, it is not entitled to any privacy protection because it concerns business judgments and relationships. I have determined that it is appropriate to recognize a privacy interest in matters other than those listed in the prior paragraph only to the extent the transcript reveals personal views or opinions that could be deemed embarrassing and information strictly about Mr. Mack's personal and family life.

### 2.    Public Interest

For all the information identified above as being subject to a privacy interest, it is necessary to balance the privacy interest with the public interest in disclosure of the information. Mr. Aguirre has alleged that there is a public interest in disclosure of the information he seeks because he alleges that the records he seeks "will demonstrate that the most senior SEC officials violated these mandates [relating to impartiality in enforcement of the securities laws] by giving favored, special and thus unlawful treatment to an individual . . . who has powerful political connections, in an SEC investigation of significant importance to the nation's capital markets."

Mr. Potischman
December 17, 2007
Page 7

Complaint ¶ 6, *Aguirre v. SEC*, No. 06-CV-1260 (D.D.C.). Assuming *arguendo* there is a public interest, that possible public interest does not outweigh any of the privacy interests I have found because the information does not pertain to whether Mr. Mack received any special treatment. Congress included transcripts and exhibits (or excerpts thereof) pertaining to whether Mr. Mack received special treatment in the Senate Report, and I have determined that it is not necessary to release any additional information in which individuals have a legitimate privacy interest. Thus, I find that in balancing the privacy interests identified above and the public interest, all private information should be withheld.

In conclusion, I find that the portions of the Mack transcript and exhibits attached hereto that are marked in yellow are being withheld under Exemption 7(C).

## III.    Documents for Which the FOIA Officer Granted Confidential Treatment

In light of my decisions above, I have reviewed the FOIA Officer's decision to withhold certain documents for which you had requested confidential treatment to determine whether the FOIA Officer's decisions are consistent with the conclusions reached here. I have determined that all of the documents for which you have requested confidential treatment can be withheld in their entirety under Exemption 3. However, I have also determined that some documents that the FOIA Officer determined could be withheld in their entirety under Exemption 7(C) can only be withheld in part under that exemption. Those documents, which were used as exhibits in testimony Commission staff took from Mr. Mack, have the following bates numbers: SEC 3735-38 and SEC 3740. While names, personal identifying information, phone numbers, and e-mail addresses can be redacted under Exemption 7(C) of the FOIA if they have not already been made public,[6] the remaining portions of the documents do not come within any exemption. These documents are attached hereto and are marked to show the information that can be redacted under Exemption 7(C). In reviewing these documents, I have considered the arguments contained in your appeal. If, however, these documents raise any issues that were not in your appeal, please notify me of those issues within ten calendar days.

## CONCLUSION

For the reasons explained above, the decision of the FOIA Officer is affirmed in part and

_____

   [6] Much of the information in SEC 3735-38 has already been made public because the pages of the Mack transcript included in the Senate Report discuss that document in detail.

Mr. Potischman
December 14, 2007
Page 8

reversed in part, and your confidential treatment request is granted.[8]  Because the documents at
issue in this appeal are also at issue in Mr. Aguirre's ongoing FOIA litigation against the
Commission, it may be necessary for you to provide a declaration to support the Commission's
decision to withhold documents.  If you do not provide a declaration or any other support the
Commission may require, the Commission could be required to abandon reliance on some
positions adopted above.  If you have any questions regarding this determination, please contact
Melinda Hardy (202-551-5149) or Noelle Frangipane (202-551-5142).

                                        For the Commission
                                            by delegated authority,

                                        Richard M. Humes
                                        Associate General Counsel

Enclosures

cc (w/o enclosures):    Gary Aguirre
                        Scott Hodes

---

[8] I have considered all of your contentions.  I have rejected or sustained them to the
extent that they are inconsistent or in accord with the views expressed in this decision.