# Exhibit 6

to Third Hardy Declaration

*SEC v. Aguirre*, 06-cv-01260 (D.D.C.)

NON-PUBLIC

UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION

January 6, 2005

| | |
|---|---|
| In the Matter of Trading in Certain Securities | : ORDER DIRECTING PRIVATE<br>: INVESTIGATION AND<br>: DESIGNATING OFFICERS<br>: TO TAKE TESTIMONY |
| File No. HO-9818 | : |

I.

The Commission's official public files disclose that:

A. Before its acquisition by The Thomson Corporation ("Thomson") in April 2003, Elite Information Group ("Elite") was a Delaware corporation headquartered in Los Angeles, California. Elite provided business management software for law firms and professional services companies. Its common stock was registered under Section 12(g) of the Securities Exchange Act of 1934 ("Exchange Act") and traded on the NASDAQ National Market System.

B. AstraZeneca PLC ("Astra") is a UK company headquartered in London, England. Astra develops, manufactures and markets pharmaceutical products. Astra is subject to the reporting and other requirements of the Commission applicable to foreign issuers. Its American Depositary Shares are listed on the New York Stock Exchange.

C. Par Pharmaceutical Companies, Inc. ("Par") is a New Jersey Corporation headquartered in Spring Valley, New York. Par manufactures and distributes a broad line of generic drugs. Its common stock is registered pursuant to Section 12(b) of the Exchange Act and is listed on the New York Stock Exchange.

II.

Members of the staff have reported information to the Commission which tends to show that:

A. Certain persons, directly or indirectly, in connection with the purchase or sale of the securities of Elite, Astra, Par and other issuers, may have employed devices, schemes or artifices to defraud; may have made untrue statements of material facts, or may have omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or may have engaged in acts, practices or courses

of business which operated or would operate as a fraud or deceit upon any person, in that, among other things:

1. Such persons may have effected transactions in the securities of Elite while in possession of material nonpublic information concerning the acquisition of Elite by Thomson;

2. Such persons may have effected transactions in the securities of Astra and Par while in possession of material nonpublic information concerning a court decision affecting said parties' rights to manufacture, sell or distribute certain drugs;

3. Such persons may have effected transactions in the securities of Par while in possession of material nonpublic information concerning a future earnings announcement;

4. Such persons may have communicated such material nonpublic information to other persons who thereafter effected transactions in the securities of Elite, Astra, Par, and other issuers.

B. At a time when Elite and Thomson may have taken substantial steps to commence a tender offer for outstanding Elite shares, certain persons, directly or indirectly, may have made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or may have engaged in fraudulent, deceptive, or manipulative acts or practices, in connection with a cash tender offer for Elite securities or a request or invitation for tender, or a solicitation of security holders in opposition to or in favor of any such offer, request, or invitation, in that, such persons may have effected transactions in Elite securities while in possession of material, nonpublic information relating to such tender offer, which such persons knew or had reason to know had been acquired directly or indirectly from:

1. the offering person;

2. the issuer of the securities sought or to be sought by such tender offer; or

3. any officer, director, partner, or employee or any person acting on behalf of the offering person or issuer.

C. Certain persons, subject to the Investment Advisers Act of 1940 ("Advisers Act"), may have failed to establish, maintain, and enforce written policies and procedures reasonably designed, taking into consideration the nature of such investment adviser's business, to prevent the misuse in violation of the Advisers Act, or the rules or regulations thereunder, of material, nonpublic information by such investment adviser or any person associated with such investment adviser.

SEC 00007164

D.   While engaged in the acts and practices referred to in Paragraphs II.A through II.C above, such persons may have made use of the means or instrumentalities of interstate commerce or of the mails, or of the facilities of a national securities exchange.

### III.

The Commission, having considered the information provided by the staff, and deeming such acts and practices, if true, to be in possible violation of Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, Section 14(e) of the Exchange Act and Rule 14e-3 promulgated thereunder, and Section 204A of the Advisers Act, finds it necessary and appropriate and hereby:

**ORDERS**, pursuant to Section 21(a) of the Exchange Act and Section 209(a) of the Advisers Act, that a private investigation be conducted to determine whether the aforesaid persons or any other persons have engaged in, are engaging in, or are about to engage in any of the aforesaid acts or practices, or acts or practices of similar purport or object; and;

**FURTHER ORDERS**, pursuant to Section 21(b) of the Exchange Act and Section 209(b) of the Advisers Act, that for the purposes of such investigation, Paul R. Berger, [    ] Gary J. Aguirre, [    ] Eric J. Ribelin, [    ] and each of them, be, and hereby are designated officers of the Commission and are empowered to administer oaths and affirmations, subpoena witnesses, compel their attendance, take evidence, require the production of books, papers, correspondence, memoranda, contracts, agreements or any other records deemed relevant or material to the inquiry, and to perform all other duties in connection therewith as prescribed by law.

By the Commission.

Jonathan G. Katz
Secretary

By: *J. Lynn Taylor*
Assistant Secretary

3

SEC 00007165