UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GARY AGUIRRE )
)
)
)
Plaintiff, )
v. ) Case No. 1:06-cv-1260-ESH
)
SECURITIES AND EXCHANGE )
COMMISSION, )
)
Defendant. )

**DECLARATION OF CHARLES STAIGER**

I, Charles Staiger, declare as follows:

1. I am the Supervisory Program Analyst in the Division of Enforcement ("Enforcement") of the Securities and Exchange Commission ("Commission"). I work in the Commission's Washington, D.C. headquarters office. I have been employed in this capacity at all times relevant to the matters addressed herein My principal responsibilities include human resources, procurement and various administrative functions.

2. I make this declaration based on personal knowledge of the personnel policies and procedures routinely used in Enforcement and the disposition of records compiled in connection with Enforcement personnel matters.

3. Based on my familiarity with the personnel records maintained by Enforcement, there are no files called "Enforcement Personnel Files."

4. Pursuant to the Commission's Personnel Operating Policies and Procedures (POPPS) Manual, Enforcement maintains an Employee Performance File (EPF) for each current Enforcement staff member. A true and correct copy of the relevant POPPS Manual section is

attached hereto as Exhibit A.

5.  As required by the POPPS Manual, an employee's EPF is maintained for the employee during his/her tenure with the Commission.

6.  The POPPS Manual directs that in the event that an employee separates from the Commission, the contents of each EPF folder will be destroyed. As a courtesy, Enforcement mails the EPF to employees approximately 60 days after their departure in lieu of destruction.

7.  In this case, Mr. Aguirre was given his original EPF and all documents in it on or about September 22, 2005. I received an email confirming this fact from our administrative contact. A copy of that email is attached hereto as Exhibit B.

8.  Although Mr. Aguirre received is original EPF, copies of the documents maintained in the EPF were still in other files at the Commission.

9.  On October 6, 2005, I sent Mr. Aguirre an email confirming that he was indeed given the EPF maintained by Enforcement. A copy of the email is Exhibit 10 to Mr. Aguirre's December 4, 2007 Declaration.

10.  There were four documents generated prior to plaintiff's separation which had not been filed in his EPF at the time his EPF was given to him. Those documents were mailed to plaintiff on October 5, 2005. That letter is attached hereto as Exhibit C.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 11, 2008 in Washington, D.C.

_____
Charles Staiger

# Exhibit A

SECURITIES AND EXCHANGE COMMISSION  
Office of the Personnel  
Washington, D.C. 20549

SECR 6-9  
June 6, 1984  
Effective July 1, 1984

Personnel

## EMPLOYEE PERFORMANCE FILE

This regulation establishes the Securities and Exchange Commission's Employee Performance File (EPF) System. It assigns responsibilities and procedures for its maintenance, use, and disposition. It applies to all personnel except members of the Senior Executive Service (SES). This regulation implements Pub. L. 95-454 as codified in 5 U.S.C., and 5 CFR 292, 293, 297, OPM Privacy Act Systems of Records OPM GOVT. 2, and 5 U.S.C. 552b. In case of conflict, this regulation takes precedence over any existing documentation that deals with the personal privacy and rights of individuals regarding their personnel records except for disclosures of personal information required by 5 U.S.C. 552, as amended.

1. **Terms Explained:**

    a. Custodian. An individual delegated authority and responsibility for maintaining EPFs.

    b. Documentation. That collection or group of material which supports the employee's performance file (see attachment 1).

    c. Maintain. Includes collect, use, establish or disseminate.

    d. File. Means any item, collection, or grouping of performance related documentation about an individual that is kept by the Commission.

2. **Responsibilities:**

    a. The Director of Personnel is responsible for the EPF system for all non-SES employees (e.g., GS, GM, and wage grade).

    b. The Secretary of the Performance Review Board is responsible for the EPF system for SES members according to the Commission's SES Performance Appraisal and Compensation System.

3. **Delegations of Authority.** The Director of Personnel is delegated authority:

    a. To establish EPFs for all employees; and

---

Supersedes SECR 6-9, April 25, 1983  
OPR: PD/Bill Ford  
Approved by: James C. Foster  
Editor: Rogell W. Burkett  
**DISTRIBUTION:** B

    b. To issue instructions and guidelines governing their maintenance and use.

    c. To monitor and evaluate this regulation for adequacy and compliance.

    d. To take corrective action, as necessary.

    e. To redelegate authorities and responsibilities, as appropriate.

    f. To conduct periodic audits.

4. **Redelegation of Authority:**

    a. In the HQ, Administrative Officers are responsible for maintaining EPFs on employees assigned to their respective Divisions and Offices.

    b. In the Regional and Branch Offices, Administrative Officers are responsible for establishing and maintaining EPFs for employees assigned to their respective offices.

    c. The Division Director, Office Head or comparable level official is responsible for establishing and maintaining EPFs in his or her activity where there is no Administrative Officer. However, this individual may redelegate his or her authority provided the delegation is in writing, and a copy is placed in the EPF Procedures File.

    d. When employees are redelegated authority and responsibility for maintaining EPFs they are responsible to the Director of Personnel for maintenance of the documentation according to this regulation.

5. **Policy:**

    a. The original or record copy of the EPF for each employee is maintained by the Administrative Officer because:

        (1) The record of performance must be readily accessible to the supervisor/manager to support or complete request for personnel administrative actions; and

        (2) Privacy Act considerations as well as maintenance requirements of this and other regulations pertaining to EPFs dictate that control and accountability for the EPF system be maintained by a designated employee other than the individual's supervisor; and

        (3) Within the Commission, Administrative Officers are the central focal point for all administrative actions to and from the Office of Personnel, and thus are ideally situated to maintain the files.

 b. Duplicate copies of EPF documentation may be maintained by Branch Offices according to this regulation. However, Regional Administrators must:

  (1) Provide, in writing, that duplicate copies of EPF documentation are authorized; and

  (2) Ensure that a copy of the authorization is maintained in the EPF Procedures File.

6. **Automated Files.** The overall performance appraisal rating for each employee, as covered by this regulation, will be entered into the Random Access Personnel Information and Dissemination (RAPID) System, and will be retained for five years, at which time the data will be placed in archival storage for an indefinite period. The data will be used:

 a. To calculate and make merit pay determinations.

 b. To conduct audits and periodically monitor each EPF.

 c. To conduct analytical studies of Commission-wide activities.

 d. Historical data will be used solely for statistical purposes and not for making decisions on the rights, benefits, or entitlements of individuals.

7. **EPF Procedures File.** Custodians will establish and maintain an EPF Procedures File. The file will contain only those documents necessary to properly maintain EPFs, including:

 a. A copy of this regulation and all pertinent instructions issued by those employees identified in paragraphs 3 and 4.

 b. The Employee Performance Appraisal Folder, for this purpose, will be provided by the Office of Personnel.

 c. Once an EPF is established, it remains valid for the duration of the employee's tenure with the Commission.

 d. If an employee is transferred from one organization to another within the Commission, the custodian of the gaining organization must secure the transferring employee's EPF from the custodian in the losing organization.

 e. EPF's may be transferred in sealed envelopes with the notation, "To be Opened by Addressee Only." In addition, the transfer may be accomplished in person, or placed in regular mail channels, via special messenger.

8. **Flow of Documents.** The custodian will attach the EPF material appropriate to a particular personnel action and forward the same

for consideration. Those items which can be retained only in the EPF (Performance Standards and ratings for candidates for published vacancies, merit pay ratings, adverse action materials, etc.) will be retained by the Office of Personnel and kept and/or discarded as required by the program for which the EPF material was submitted. Further guidance on the flow of a personnel action involving EPF material, is contained in attachment 2, table 1.

9. **EPF Contents and Routine Uses.** Documentation described in attachment 1 may be placed in the EPF. This documentation is maintained to ensure that all appropriate documentation relating to an employee's performance is retained and is available:

    a. To any supervisor or manager to which the employee is assigned.

    b. To those employees assigned to the Office of Personnel who have a need for the documentation in the performance of their official duties.

    c. To those employees on whom the EPFs are maintained.

    d. To investigative or law enforcement activities in response to a written request.

    e. To equal Employment Opportunity (EEO) personnel when a written request is made in connection with investigations into alleged or possible discrimination practices.

    f. To anyone, if the subject of the EPF provides specific written consent by signing a release or some other instrument; general consent is not enough.

*NOTES: 1) Access to EPFs under the routine uses in subparagraph's 9d, e, and f must be recorded on SEC Form 1494, Accounting of Disclosure.
   2) If in doubt about release of or access to documentation in the EPF, consult the Office of Personnel, Privacy Act Officer, or Freedom of Information Act Officer, as appropriate.

10. **Filing and Safeguarding EPFs.** An OF 86, Personal Data Warning Label, must be affixed to each EPF folder. In addition, the EPFs must be:

    a. Filed in alphabetical order; and

    b. Stored in lockable metal file cabinets or a secured room with access limited to those whose official duties require access.

11. **Retention and Disposal Criteria.**

    a. Employee Performance Appraisals are retained for three years except as indicated in paragraph 11b, and are disposed of by tearing into pieces, shredding or burning. (See SECR 6-4, Perfor-

SECR 6-9, June 6, 1984                                                                 5

mance Appraisal System). Each year, in conjunction with the preparation of annual performance appraisals, the custodian will remove and destroy all documentation that is in excess of three years old. Extraneous documentation may be given to the individual concerned, upon request.

    b. Performance Appraisals and related documentation must be destroyed immediately after the employee completes one year of satisfactory performance from the date of a proposed adverse action, if any.

    c. Folders of employees separated from the Commission will be retained for future use; however, the contents of each folder will be destroyed as prescribed in paragraph 11a, no later than 30 days after the employee has been separated.

12. **Forms Implemented.** This regulation implements the use of:

    a. OF 86, Personnel Data Warning Label

    b. SF 52, Request for Personnel Action

    c. SF 182, Request, Authorization Agreement and Certification of Training

    d. SEC Form 1494, Accounting of Disclosures

    e. SEC Form 48, Recommendation for Award or Quality Increase

    f. SEC Form 2045, Performance Appraisal System Worksheet Signature Page

    g. SEC Form 2046, Job Elements and Performance Standards Worksheet

    h. SEC Form 2047, Recorded and Rating of Performance Accomplishments

    i. SEC Form 2048, Summary Ratings for Supervisors and Managers
                           Summary Ratings for Non-Supervisors
                           (This is one form with supervisors covered one side of the page and non-supervisors on the opposite side of the page.)

*Richard J. Kanyan*
RICHARD J. KANYAN, Director
Office of Administrative Services

2 Attachments
1. Contents of Employee Performance Files
2. Flow of Documents, Table 1

6                                      SECR 6-9, Attachment 1, June 6, 1984

## *CONTENTS OF EMPLOYEE PERFORMANCE FILES

1. SEC Form 1494, Accounting of Disclosures

2. SEC Form 2045, Peformance Appraisal System Worksheet Signature Page

3. SEC Form 2046, Job Elements and Performance Standards Worksheet

4. SEC Form 2047, Recorded and Rating of Performance Accomplishments

5. SEC Form 2048, Summary Ratings for Supervisors and Managers
   Summary Rating for Non-Supervisors
   (This is one form with supervisors covered on one side of the page and non-supervisors on the opposite side of the page.)

6. Copy of SF 52, Request for Personnel Action, and supporting documentation (for a personnel action that is <u>not</u> effected).

7. SF 182, Request, Authorization Agreement and Certification of training (that is performance related <u>and</u> that is for eight hours or less).

8. Evaluations of performance or effectiveness related to other personnel programs such as 90 day, 9 month and supervisory probation reports, WGI certificates, etc.

9. Promotion/Award Justifications (i.e., SEC Form 48, Recommendation for Award or Quality Increase)

10. Individual Development Plans

11. Any document regarding decisions or recommendations of Executive Resources Board related to the performance of non-SES staff.

12. Letters of Commendation/Appreciation.

NOTE: Work or production records, supervisory notes, records of discussion, etc., which are not required by SEC policy to be maintained on an on-going basis, should <u>not</u> be placed in the EPF. Only Items listed above should be retained in the EPF.

**TABLE 1**

**Flow of Documents**

| RULE | A<br>WHEN THE PERSONNEL ACTION INVOLVES | B<br>THEN |
|---|---|---|
| 1 | Performance appraisal worksheets, rating sheets, etc. | The custodian will file the documents in the EPF and make xerox copies, as required. |
| 2 | Wage grade increases, promotion incentive awards, etc., | The custodian will attach proper certification/justification, including the summary performance sheet, to the personnel action request and forward the documentation to the Office of Personnel. After the documentation has been processed, the Office of Personnel will return the documents to the custodian. |
| 3 | Merit pay ratings, rating for candidates for published vacancies, adverse actions, etc. | The custodian will submit the documentation to the Office of Personnel for retention. |
| 4 | Letters of commendations | The custodian will file a copy of the commendation in the EPF. |
| 5 | Requests for training | The custodian will submit the request to the Office of Personnel for processing. Upon completion, the request will be returned to the custodian. |
| 6 | 90 day reports, 9 month reports, supervisory reports, etc., | The custodian will file the documentation in the EPF. |
| 7 | Individual development plans | |

# Exhibit B

[       ]

From:   [       ]
Sent:   Wednesday, October 05, 2005 2:00 PM
To:     [                    ]
Subject: G. Aguirre

[       ]

On or around September 22, 2005, Gary Aguirre called me to request that I meet him in the lobby at Station Place to give him his EPF folder that was kept in the Division of Enforcement. The contents of the folder included his initial job application and the personnel actions (excepted appointment – 9/7/04, reassignment to a different organization within the Division, and pay adjustments – monetary increases). The performance rating was not included because it had not been returned to the Administrative Office due to the recent processing.

[       ]

U.S. Securities and Exchange Commission
Division of Enforcement
[       ]

# Exhibit C



UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

October 5, 2005

Mr. Gary Aguirre
1528 Corcoran Street NW
Washington, D.C. 20009

Dear Gary:

    Enclosed are the remaining documents you requested. They include your accomplishments statement, Robert Hanson's summary statement, Mark Kreitman's summary statement, and your performance plan and evaluation.

Sincerely,

[ - ]

[ ] - 10-5-05
Your copy. Sent today via mail.
[ ]

AGUIRRE 000277