UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Gary Aguirre, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 06-1260 (ESH) |
| ) | |
| Securities and Exchange ) | |
| Commission, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO EXCEED THE 25 PAGE LIMIT IN HIS REPLY TO DEFNDANT'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGEMENT**

Plaintiff, in the above-captioned case hereby moves, pursuant to LCvR 7(e), for leave to exceed the 25 page limit in his Reply to Defendant Security and Exchange Commission's Opposition to Aguirre's Cross-Motion for Summary Judgment and Reply to Aguirre's Opposition to its Motion for Summary Judgment ("Reply Memorandum"). For the reasons demonstrated below, Plaintiff seeks up to an additional 20 pages in his Reply Memorandum. Defendant, through counsel, has indicated that Defendant will not file any opposition to this motion.

Plaintiff's Reply Memorandum is due on March 21, 2008 and is the sole remaining brief in this matter. On January 14, 2008, the SEC filed a single memorandum as its opposition to Plaintiff's cross-motion for summary judgment and as its reply to Plaintiff's opposition memorandum ("SEC Memorandum").

The SEC Memorandum raised three entirely new and major contentions: (1) the SEC *first* urged Exemption 3 as a basis for withholding 1,812 pages of Pequot records; (2) the SEC *first* urged Exemption 4 as a basis for withholding records; and (3) the SEC

*first* addressed the adequacy of its search for records relating to Plaintiff's employment and firing. Declaration of Scott A. Hodes, ("Hodes Decl.), ¶2. As the SEC did not assert Exemption 3 in its moving papers, Plaintiff had no opportunity to respond to these contentions in his opposition memorandum. Id., ¶3. Further, since the SEC had never hinted that it would rely on Exemption 3 at any time before Plaintiff filed his motion for summary judgment on December 6, 2007, Plaintiff had no reason to address this exemption in his moving papers. Id.

The SEC asserts Exemption 3 as grounds for withholding 1,812 pages of records described in a table at pages 9 and 10 of the SEC's Memorandum. Id. ¶4. These 1,812 pages relating to the Pequot investigation are the most significant records sought by Plaintiff in this litigation relating and include seven key transcripts, including the transcripts of the examinations of Arthur Samberg ("Samberg") and John Mack ("Mack"). Id. Each of these transcripts was cited by the SEC in its case closing report, which it made publicly available, as a basis for closing the Pequot investigation. Id. These records also include all of the exhibits marked at the examinations of Mack and Samberg. Id. Plaintiff believes there are multiple factual and legal reasons why Exemption 3 may not be asserted by the SEC as grounds for withholding these records. Id.

Additionally, the SEC has also for the *first* time addressed in its Memorandum the adequacy of its search for records relating to Plaintiff's employment and firing. Id., ¶5. Aside from records relating to the Pequot investigation, records relating to Plaintiff's employment and firing are the only other records sought in this litigation. Id. This subject—Plaintiff's employment and firing—was one of the two subjects addressed in the

August 3, 2007, joint report by the Senate Finance Committee and Senate Judiciary Committee.  Id.  Plaintiff believes that the search for these records by the SEC is inadequate and will, for the first time, address the SEC's description of its search in his Reply Memorandum.

Finally, the SEC is also asserting Exemption 4 for the first time as a basis for withholding what it calls "confidential commercial and financial information." (See SEC Memorandum at 3.)  Id., ¶6.  Once again, Plaintiff believes there are multiple legal and factual reasons why Exemption 4 may not be relied upon by the SEC in withholding Pequot records.  Id.

Thus, in order to properly respond to these new issues, as well as the other issues raised in the SEC's Memorandum, Plaintiff seeks an extension of the 25-page limitation for a reply brief.  Since the SEC's new contentions are directed at the primary issues in this case, and since there are multiple grounds for responding to those contentions, Plaintiff respectfully requests that the page limitation be extended from 25 to 45 pages.

Wherefore, Plaintiff seeks leave to file a Reply Memorandum up to 45 pages in length.  A proposed Order is attached hereto.

Dated March 3, 2008                                  Respectfully Submitted,


                                                      _____/s/_____
Scott A. Hodes, D.C. Bar #430375
P.O. Box 42002
Washington, D.C.  20015
301-404-0502

                                                      _____/s/_____
Gary J. Aguirre, CA Bar#38927
402 West Broadway, Suite 400
San Diego, CA  92101
619-595-3197

Attorneys for Plaintiff