UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Gary Aguirre, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 06-1260 (ESH) |
| | ) | |
| Securities and Exchange | ) | |
| Commission, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

DECLARATION OF SCOTT HODES

I, Scott Hodes, declare:

1) I am the co-counsel in this action.

2) Both parties have filed summary judgment motions in this matter. All memorandums have been filed except Plaintiff's reply memorandum, which is due on March 21, 2008.

3) On January 14, 2008, the SEC filed a single memorandum as its opposition to Plaintiff's cross-motion for summary judgment and as its reply to Plaintiff's opposition memorandum ("SEC Memorandum"). The SEC Memorandum raised three entirely new and major contentions: (1) the SEC *first* urged Exemption 3 as a basis for withholding 1,812 pages of Pequot records; (2) the SEC *first* urged Exemption 4 as a basis for withholding records; and (3) the SEC *first* addressed the adequacy of its search for records relating to Plaintiff's employment and firing.

4) Since the SEC did not assert Exemption 3 in its moving papers, Plaintiff had no opportunity to respond to these contentions in his opposition memorandum. Since the SEC had never hinted that it would rely on Exemption 3 at any time before Plaintiff filed his motion for

summary judgment on December 6, 2007, Plaintiff had no reason to address this exemption in his moving papers.

5)  The SEC asserts Exemption 3 as grounds for withholding 1,812 pages of records described in a table at pages 9 and 10 of the SEC's Memorandum.  These are the most significant records sought by Plaintiff in this litigation relating to the Pequot investigation.  They include seven key transcripts, including the transcripts of the examinations of Arthur Samberg ("Samberg") and John Mack ("Mack").  Each of these transcripts was cited by the SEC in its case closing report, which it made publicly available, as a basis for closing the Pequot investigation.  These records also include all of the exhibits marked at the examinations of Mack and Samberg.  Plaintiff believes there are multiple factual and legal reasons why Exemption 3 may not be asserted by the SEC as grounds for withholding these records.

6)  The SEC has also for the *first* time addressed in its Memorandum the adequacy of its search for records relating to Plaintiff's employment and firing.  Aside from records relating to the Pequot investigation, records relating to Plaintiff's employment and firing are the only other records sought in this litigation.  This subject—Plaintiff's employment and firing—was one of the two subjects addressed in the August 3, 2007, joint report by the Senate Finance Committee and Senate Judiciary Committee.

7)  The SEC is also asserting Exemption 4 for the first time as a basis for withholding what it calls "confidential commercial and financial information." (See SEC Memorandum at 3.)  Once again, Plaintiff believes there are multiple legal and factual reasons why Exemption 4 may not be relied upon by the SEC in withholding Pequot records.

Dated:  March 3, 2008                                Respectfully Submitted,


_____/s/_____
Scott A. Hodes, Attorney at Law

P.O. Box 42002
Washington, D.C.  20015
301-404-0502

Attorney for Plaintiff