# Exhibit 41

## to Second Aguirre Declaration

*Aguirre v. SEC*, 06-cv-01260 (D.D.C.)



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**WASHINGTON, D.C. 20549**

OFFICE OF THE
GENERAL COUNSEL

March 3, 2008

<u>By Electronic Delivery</u>

Gary J. Aguirre
402 West Broadway, Suite 400
San Diego, CA 92101
gjaguirre2@aol.com

      Re:    *Aguirre v. SEC*, Civ. No. 06-1260 (ESH)

Dear Mr. Aguirre:

      In your February 21, 2008 e-mail to me you sought information about two matters: (1) a receipt documenting access to your OPF (SEC 215) that the Commission produced with your OPF in your case before the Merit Systems Protection Board ("MSPB") but did not provide in response to your FOIA requests seeking your OPF, and (2) the information withheld from transcripts under Exemption 4.

      With respect to the first matter, on or about April 24, 2006, the FOIA Office provided your OPF in response to your April 11, 2006 FOIA/Privacy Act request. The FOIA Office's normal practice, which it appears they followed here, would be to get a copy of your OPF from the Commission's Office of Human Resources ("OHR"). Staff in OHR have informed me that receipts like SEC 215 are ministerial documents that are temporarily attached to OPFs but are not a part of the OPF. They are deemed nonresponsive to requests for OPFs. Thus, staff in OHR do not include receipts in response to requests for copies of an OPF.

      We would object to production of SEC 215 in connection with your summary judgment reply in the above-captioned case. It appears that you received SEC 215 in the document production in your case before the MSPB and that the document has not in anyway been made public. Consequently, SEC 215 is subject to paragraph 3 of the protective order that you consented to in the MSPB case. Paragraph 3 provides, in relevant part, that you will use confidential materials like SEC 215 "<u>solely</u> for the purpose of the prosecution, settlement or appeal of this case, and for no other purpose, with the exception that [you] may disclose 'confidential material' to members of the United States Senate or the United States House of Representatives, or members of their staffs." Under the plain language of that provision, you cannot use SEC 215 in the FOIA action.

      We also believe it would not be appropriate to identify the sections of four transcripts that

Mr. Aguirre
March 3, 2008
Page 2

the Commission decided to withhold under Exemption 4. As the protective order states, your MSPB and FOIA cases should be handled separately. Blurring the line between the two cases raises the danger that exempt material could be improperly disclosed.

Very truly yours,

Melinda Hardy
Assistant General Counsel
202-551-5149

cc: Scott Hodes