# Exhibit 51

## to Second Aguirre Declaration

*Aguirre v. SEC*, 06-CV-1260 (D.D.C.)

SCOTT A. HODES, ATTORNEY AT LAW
POST OFFICE BOX 42002
WASHINGTON, DC 20015
WWW.INFOPRIVACYLAW.COM

MEMBER DC AND MD BARS

INFOPRIVACYLAW@YAHOO.COM

(301) 404-0502

June 5, 2007

Melinda Hardy
Assistant General Counsel
Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549-9612

VIA FACSIMILE and E-MAIL

Aguirre v. SEC (Civ. No. 06-1260) (ESH)

Dear Ms. Hardy:

By this letter, I respond to your letter of May 18, 2007, and propose a critical step in resolving this matter without court intervention.

Your May 18 letter offers a rationale why the SEC produced 2000 pages of documents to Senate staff in connection with its investigations of Mr. Aguirre's allegations, while refusing to produce those same documents in response to Mr. Aguirre's FOIA requests of December 30, 2005 (as modified by our agreement), and February 21, 2006.

As I understand your explanation, you have divided the 2000 pages of documents into three categories. The first category consists of 1000 pages of documents which were produced to the Senate staff, but, according to you, are not responsive to Senators Grassley's and Specter's August 2 letter. But there is a second issue: Is the SEC also representing that none of these 1000 pages of documents are responsive to paragraphs 7 through 12 of Mr. Aguirre's request of December 30, 2005, which, for example, called for "any record . . . containing any information regarding Aguirre's performance as an employee. . ."? If they are responsive to these requests, they should have been produced.

The second category consists of 625 pages of documents which the SEC contends were included in documents previously provided to Mr. Aguirre. However, Mr. Humes stated in his May 1, 2007, letter that these same documents were withheld on a different theory, i.e., that they "were produced to the Senate, but not in response to category one of the August 2, 2006 letter…(approximately 2000 documents)." Additionally, Mr. Humes's letter described a separate category of approximately 600 pages of documents which he claimed were not being produced to Mr. Aguirre because they had been previously produced to him. In sum, the second category of documents described in your May 18 letter creates a clear discrepancy with Mr. Humes's May 1 letter on this point. While Mr. Humes's letter states that approximately 600 pages were withheld on the theory, your second category suggests that over 1200 pages were withheld on this theory. Hence, in our judgment, prudence requires that I request further clarification.

Your third category consists of 375 pages of documents which you claim are "duplicates" of pages previously provided to Mr. Aguirre. However, calling them "duplicates" of documents provided to Mr. Aguirre is just another way of describing your second category of documents which I addressed in the previous paragraph. My analysis there would seem equally applicable here. Once again, prudence requires me to seek some further clarification.

To move this matter ahead, and in an effort to resolve the above issues without court intervention, we request that you provide us the following information:

> 1) A generic description of the Category 1 documents (approximately 1000 pages) which you provided to the Senate, but not pursuant to the August 2, 2006, letter, along with the dates those documents were provided to the Senate and the dates they were requested by the Senate.
>
> 2) A concise statement that none of the Category 1 documents were responsive to Mr. Aguirre's December 30, 2005, request.
>
> 3) A detailed description of the documents comprising Categories 2 and 3 (625 pages and 375 pages respectively), as well as the 600 pages of Category 2 of Mr. Humes's May 1, 2007 letter, along with their bates numbers, so that we can verify that these documents were previously produced to Mr. Aguirre, despite what appears to be an inconsistency between Mr. Humes's letter and your letter on this point.

Additionally, so that we can work with you in setting a briefing schedule that will resolve all of the issues in the case; we would like to know more details of the confidential treatment requests of submitters of information. While it is our position that none of this material should be treated as confidential business information, we are aware of your responsibility toward the submitter of the information. Please inform us of the number of these requests you are working on, their status, the identity of the submitters, the dates submitters have been or will be informed of your decisions and the dates by which they must file reverse-FOIA actions to protect their information.

Thank you for your cooperation in this matter.

Sincerely,

Scott A. Hodes

cc: Gary J. Aguirre