UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Gary Aguirre, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.:  06-1260 (ESH) |
| | ) | |
| Securities and Exchange | ) | |
| Commission, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE AND PLAINTIFF'S STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

*A.  Plaintiffs Response to SEC Statement of Material Facts*

Pursuant to LcvR7(h) and 56.1, Plaintiff hereby responds to Defendant Securities and Exchange Commission ("SEC") supplemental statement of material facts not in genuine dispute and states the following additional facts:

**Adequacy of Search**

1) Plaintiff's response to SEC's Supplemental Fact 1. Plaintiff denies said allegation. The SEC statement that it "queried" six offices of the SEC does not constitute an adequate search on its face. The SEC also fails to state that it contacted the SEC's Office of Information Technology as requested by Plaintiff in his request of December 30, 2005. See Exhibit 1 to Second Declaration of Melinda Hardy (Second Hardy Decl.).

2) Plaintiff's response to SEC's Supplemental Fact 2. Plaintiff denies said allegation. Plaintiff's request of December 30, 2005, to the extent relevant in this case, sought the following records:

1

In accordance with the applicable provisions of the Freedom of Information Act and the Privacy Act, I hereby request access to and copies of the documents, records, and files relating to, concerning, or the subject of my applications for employment to the Securities and Exchange Commission ("SEC") during the period from May 2003 through July 2004, my employment by the SEC from September 7, 2004, through September 2, 2005, the SEC's decision to terminate my employment effective September 2, 2005, and my obligations during and after my employment regarding nonpublic information.

The records specified below are believed to be in the possession of the SEC's Division of Employment, Office of the General Counsel, Office of Equal Employment Opportunity, Office of Human Resources, Office of Information Technology, and the SEC staff and officials identified below.…

7) All records relating to Aguirre's merit pay increase for the 2004 through 2005 evaluation period, including (but not limited to) electronic or hard copy documents to or from his supervisors, electronic or hard copy documents to or from the committee members who authorized Aguirre's merit pay increase, transmittal letters, memorandums, emails, notes of the compensation committee, and all other documents generated in implementing such merit pay increase;

8) All records containing information regarding Aguirre's evaluation or performance as an employee or the purported reasons for the termination of his employment including (but not limited to) employee performance files, personnel security files, compensation review files, personnel discipline files, personnel termination files, or any other file;

9) All records including (but not limited to) employee performance files, personnel security files, compensation review files, personnel discipline files, personnel termination files, or any other file containing information regarding Aguirre's performance as an employee or the purported causes of his termination;

10) All written or electronic communications or record of any communications relating to Aguirre's merit pay increase for the 2004 through 2005 evaluation period to or from Christopher Cox, Linda Thomsen, Paul Berger, James Clarkson, Richard Humes, Deborah Balducchi, Mark Kreitman, Robert Hanson, Richard Grime, Charles Cain or any other SEC staff member of official;

11) All records relating to the SEC's termination of Aguirre's employment, including (but not limited) to electronic or hard copy documents to or from his supervisors, transmittal letters, memorandums, emails, notes or memorandums of any meeting during which such possibility was discussed, and all other documents generated in carrying out such termination;

12) All records relating to the SEC's termination of Aguirre's employment to or from Christopher Cox, Linda Thomsen, Paul Berger, James Clarkson, Richard Humes, Deborah Balducchi, Mark Kreitman, Robert Hanson, Richard Grime, and Charles Cain;

See Third Hardy Decl., Exhibit 1.

2

3) Plaintiff's response to SEC's Supplemental Fact 3. The SEC's allegation is irrelevant, since Plaintiff's request was not limited to records which "relate to carrying out the termination…" The records as described by the SEC come within the scope of the records sought by Plaintiff as alleged in his response to paragraph V above. Plaintiff otherwise denies this allegation.

4) Plaintiff's response to SEC's Supplemental Fact 4. The SEC's allegation is irrelevant, since the SEC knows that Plaintiff is seeking his employment personnel files. See Second Aguirre Declaration, ¶36.

5) Plaintiff's response to SEC's Supplemental Fact 5. Plaintiff denies said allegation. See Second Aguirre Declaration, ¶35 and First Aguirre Decl. ¶¶10-13, 22-26, and 28-30.

6) Plaintiff's response to SEC's Supplemental Fact 6. The POPPS manual speaks for itself. Plaintiff denies that the SEC followed this manual. See Second Aguirre Decl., ¶36.

7) Plaintiff's response to SEC's Supplemental Fact 7. Plaintiff denies said allegation. See Second Aguirre Declaration, ¶35 and First Aguirre Decl. ¶¶10-13, 22-26, and 28-30.

**Exemption 3**

8) Plaintiff's response to SEC's Supplemental Fact 8. The allegation that the Commission "determined that documents obtained as a result of an investigation under the investment Advisers Act come within exemption 3" is irrelevant and a conclusion of law. Otherwise, Plaintiff denies said allegation. Plaintiff alleges that the records sought in this case were obtained by the SEC pursuant to an investigation under the Exchange Act. See Second Aguirre Decl. ¶¶ 1-13.

9) Plaintiff's response to SEC's Supplemental Fact 9. Admit that Pequot Capital Management was a registered investment adviser.

10) Plaintiff's response to SEC's Supplemental Fact 10. Plaintiff denies that the quoted language correctly states the terms of the order. The terms of such order speak for themselves. Said allegation is also irrelevant because the records sought by Plaintiff were not obtained through an investigation under the Advisers Act. See Ex. 6 to Third Hardy Decl.

**Exemption 4**

11) Plaintiff's response to SEC's Supplemental Fact 11. Plaintiff admits that the SEC is withholding information under Exemption 4, but otherwise denies this allegation.

12) Plaintiff's response to SEC's Supplemental Fact 12. Plaintiff denies said allegation. Plaintiff further alleges that the declaration of Walter G. Ricciardi contains conclusions, speculation, and no factual statements and is therefore irrelevant to any issue in this case.

13) Plaintiff's response to SEC's Supplemental Fact 13. Plaintiff alleges that the statements are speculative and unsupported by any evidence submitted by the SEC in this matter. Otherwise, Plaintiff denies this allegation.

14) Plaintiff's response to SEC's Supplemental Fact 14. Plaintiff alleges that the statements are speculative and unsupported by any evidence submitted by the SEC in this matter. Otherwise, Plaintiff denies this allegation.

15) Plaintiff's response to SEC's Supplemental Fact 15. Plaintiff alleges that the statements are speculative and unsupported by any evidence submitted by the SEC in this matter. Otherwise, Plaintiff denies this allegation.

***B. Plaintiff's Statements of Supplemental Facts***

**Exemption 3**

16) The investigation of possible violation of the Investment Advisers Act was a minor part of the Pequot investigation. Second Aguirre Decl., ¶¶ 5, 6, 9 and 11.

4

17) Any investigation by the SEC for possible violations of the Investment Advisers Act ceased in April 2005. See Second Aguirre Decl. ¶9, and Ex. 37. See also Ex. 48, Senate Report at 132. Cite also 3rd Decl., ¶2.

18) The evidence introduced in this case established the investigation for possible violations of the Investment Advisers Act was discontinued in April 2005 and never resumed. Second Aguirre Decl., ¶9.

19) The following statement is found at page 6 of the SEC's surreply: "If the Commission staff had found evidence of insider trading by Pequot, the Commission would have considered whether to seek any relief under the Advisers Act." No evidence submitted by either part in this case supports that statement. The statement is untrue. Third Aguirre Decl., ¶2.

20) Plaintiff seeks the examinations taken by the SEC in connection with the insider trading investigation described by the SEC in the case closing report. Third Aguirre Decl., ¶3.

21) Plaintiff does not seek any Pequot records relating to its maintenance and enforcement of procedures required by Section 204A of the Investment Advisers Act. Third Aguirre Decl., ¶4.

22) The SEC's case closing report stated that the Pequot investigation was conducted exclusively under the Exchange Act of 1934. (SEC Case Closing Report, Nov. 30, 2006, Ex. 31 to Second Aguirre Decl.).

Dated: April 7, 2008                           Respectfully Submitted,

_____/s/_____
Scott A. Hodes, D.C. Bar #430375

P.O. Box 42002
Washington, D.C. 20015
301-404-0502


_____/s/_____
Gary J. Aguirre, CA Bar#38927
402 West Broadway, Suite 400
San Diego, CA 92101
619-595-3197

Attorneys for Plaintiff

6