UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Gary Aguirre, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 06-1260 (ESH) |
| | ) | |
| Securities and Exchange | ) | |
| Commission, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIRD DECLARATION OF GARY J. AGUIRRE**

I, Gary J. Aguirre, declare:

1) I am the Plaintiff and co-counsel in this matter. I headed the insider trading investigation of Pequot Capital Management from September 9, 2004, through September 1, 2005.

2) The following statement is found at page 6 of the SEC's Surreply: "If the Commission staff had found evidence of insider trading by Pequot, the Commission would have considered whether to seek any relief under the Advisers Act." I have reviewed all of the records that have been released by the Senate, all of the evidence submitted to the court by the SEC, and all of the evidence submitted by the Plaintiff in this case. The statement quoted by the SEC above has no evidentiary support in any material before this court. The records before this court demonstrate that the investigation relating to any possible violation by Pequot of Section 204A of the Investment Advisers Act was discontinued in April 2005. I know of no facts upon which the SEC could base its statement contained in the quote above.

1

3) The only records obtained by the SEC during the investigation of Pequot which I seek in this case are the transcripts and exhibits to the examinations of witnesses described by the SEC in its case closing report, Ex. 31 to Second Aguirre Decl. All of that evidence was obtained in connection with the SEC investigation under the Exchange Act. All of the examinations took place after May 2005.

4) I seek no Pequot records relating to its maintenance and enforcement procedures under Section 204A of the Investment Advisers Act.

5) Exhibit 54 is the portion of the Memorandum in Support of Defendant's Motion for Summary Judgment and in Opposition to Plaintiff's motion for Summary Judgment dealing with the adequacy of the search filed by the SEC in *LaRoche v. SEC*, Case No. C-05-4760-CW. I obtained this document from the court filings in PACER.

Executed on April 7, 2008, in San Diego, California. I declare under penalty of perjury that the foregoing is true and correct.

_____/S/_____
Gary J. Aguirre