# Exhibit 54

## To Third Aguirre Declaration

*Aguirre v. SEC*, 06-CV-1260 (D.D.C.)

1  MELINDA HARDY
   NOELLE L. FRANGIPANE
2  Frangipanen@sec.gov
   Securities and Exchange Commission
3  100 F Street, N.E.
   Washington, DC 20549-9612
4  Telephone: (202) 551-5142
   Facsimile: (202) 772-9263
5
   Attorneys for Defendant
6

7  ┌─────────────────────────────────┐
8  │ Gregory J. LaRoche,             │    C-05-4760-CW
   │                                 │
9  │          Plaintiff,             │    MEMORANDUM IN SUPPORT OF
   │                                 │    DEFENDANT'S MOTION FOR
   │     vs.                         │    SUMMARY JUDGMENT AND IN
10 │                                 │    OPPOSITION TO PLAINTIFF'S
   │ U.S. Securities and Exchange Commission, │ MOTION FOR SUMMARY JUDGMENT
11 │                                 │
   │          Defendant.             │
12 │                                 │
   │                                 │
13 └─────────────────────────────────┘

14        Pursuant to Federal Rule of Civil Procedure 56 ("Rule 56") and Local Civil Rule 7.1, the

15 Securities and Exchange Commission ("SEC"), hereby files this memorandum in opposition to

16 plaintiff Gregory LaRoche's motion for summary judgment and in support of its motion for

17 summary judgment. For the reasons set forth below, summary judgment should be granted in

18 favor of the SEC and against LaRoche on his claims relating to his two Freedom of Information

19 Act ("FOIA") requests to the SEC.

20                          **ISSUES PRESENTED**

21        1. Whether the records requested in an electronic format were "agency records" when the

22 SEC did not have the capability of producing the information in an electronic format from a

23 proprietary third-party database.

24        2. Whether the SEC adequately searched for documents responsive to a second FOIA

25 request.

26                                **FACTS**

27        Plaintiff seeks access to information from the SEC in an electronic format. The SEC

28 cannot produce that information in the format requested. The SEC satisfies its FOIA obligation

                                        Defendant's Opposition and Cross Motion
                                        for Summary Judgment, C-05-4760-CW

                                        1

1    492 U.S. at 136. Application of these factors shows that the SEC does not control the format of

2    the data at issue. The NASD has maintained control over the electronic data and has given the

3    SEC only limited ability to access that data. Indeed, the NASD has primarily given the SEC the

4    ability only to review the data. Finally, the SEC does not download or manipulate the data, and

5    (except for the data offered) does not have its own database separate from the NASD's

6    WebCRD. Thus, the SEC does not "control" the WebCRD database, and records in the specific

7    format plaintiff seeks are not "agency records" under the FOIA.

8

9    **B.    The SEC Properly Acted on the Second Request Because it
     Conducted a Reasonable Search and Provided the Documents it Found**

10    In his motion for summary judgment, challenges the adequacy of the search undertaken

11    by the SEC with respect to his Second Request. As a general rule under the FOIA, an agency

12    must undertake a search that is "reasonably calculated to uncover all relevant documents."

13    *Weisberg v. DOJ*, 705 F.2d 1344, 1351 (D.C. Cir. 1983). To prove the adequacy of its search, an

14    agency relies upon its declarations, which should be "relatively detailed, nonconclusory, and

15    submitted in good faith." *Pollack v. Bureau of Prisons*, 879 F.2d 406, 409 (8th Cir. 1989).

16    While the initial burden rests with an agency to demonstrate the adequacy of its search, once that

17    obligation is satisfied, the agency's position can be rebutted "only by showing that the agency's

18    search was not made in good faith." *Maynard v. CIA*, 986 F.2d 547, 560 (1st Cir. 1993).

19    Hypothetical assertions are insufficient to raise a material question of fact with respect to the

20    adequacy of an agency's search. *Oglesby v. U.S. Dept. of Army*, 920 F.2d 57, 67 n.13 (D.C. Cir.

21    1990). It is well established that "[a]gency affidavits enjoy a presumption of good faith that

22    withstands purely speculative claims about the existence and discoverability of other

23    documents." *Chamberlain v. DOJ*, 957 F. Supp. 292, 294 (D.D.C. 1997). Also, an agency's

24    inability to locate every single responsive record does not undermine an otherwise reasonable

25    search. *Duenas Inturralde v. Comptroller of the Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003).

26    In the case at bar, plaintiff has done nothing but make unfounded allegations concerning

27    the adequacy of the SEC's search and assumptions about what documents exist responsive to his

28

Defendant's Opposition and Cross Motion
for Summary Judgment, C-05-4760-CW

1    Second Request. As the attached Declaration of SEC FOIA Officer Celia Winter demonstrates,

2    the search undertaken by the SEC was reasonably calculated to uncover all relevant documents,

3    and FOIA Office staff followed standard procedures in the search for documents responsive to

4    plaintiff's Second Request. *See* Winter Decl. ¶¶ 8-9. The FOIA Office queried all appropriate

5    offices within the SEC for responsive documents: Office of the General Counsel, which, as the

6    chief legal officer of the SEC, would have participated in any contracts or agreements with

7    NASD; the Division of Market Regulation, which regulates the major securities market

8    participants, including NASD; the Division of Investment Management, which regulates

9    investment companies and federally registered investment advisers; the Division of Enforcement,

10   which investigates possible violations of securities laws; the Office of Information Technology,

11   which has overall responsibility for the SEC's information technology program; and the Office of

12   Filings and Information Services, which supports the SEC's Full Disclosure, Supervision and

13   Regulation of Securities Markets, is responsible for the SEC's Records Management program,

14   administers the SEC's FOIA program, operates the branches of Public Reference and Filer

15   Support, and provides assistance to the filing community with obtaining information. *See* Winter

16   Decl. ¶ 9. There are no other offices at the SEC which might have responsive documents, and all

17   responsive documents were released in full to the plaintiff. *See* Winter Decl. ¶¶ 10-11.

18        Regarding plaintiff's Second Request, plaintiff has failed to show a genuine issue of

19   material fact to be tried. He does not identify any documents that should have been produced but

20   were not, and he has no evidence whatsoever of bad faith. Because the plaintiff has failed to

21   demonstrate that the search undertaken by the FOIA Office for documents responsive to his

22   Second Request was not adequate, defendant is entitled to summary judgment on this claim.

23   **II.    PLAINTIFF CANNOT BRING A SEPARATE CLAIM UNDER THE APA**

24        Plaintiff cannot state a separate claim under the Administrative Procedure Act ("APA").

25   The FOIA amended the APA, *see DOJ v. Reporters Cmte. for Freedom of the Press*, 489 U.S.

26   749, 784 (1989); *Andrade v. U.S. Sentencing Comm'n*, 989 F.2d 308, 309 (9th Cir. 1992) ("FOIA

27   is a part of the [APA]"), and provides the manner of judicial review specific to appeals of agency

28

Defendant's Opposition and Cross Motion
for Summary Judgment, C-05-4760-CW