UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY AGUIRRE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:06-cv-01260-ESH |
| SECURITIES AND EXCHANGE COMMISSION, | ) |
| Defendant. | ) |

**MOTION OF THE SECURITIES AND EXCHANGE
COMMISSION FOR STAY PENDING APPEAL**

Defendant, the Securities and Exchange Commission ("Commission"), moves for a stay of the Court's April 28, 2008 order, pending the Commission's consideration of whether to seek appellate review and pending such review if it is sought. A stay is necessary to avoid mooting the Commission's arguments on the merits pending the Commission's consideration of whether to seek appellate review and pending such review if it is sought in this case brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. 552. Under rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure, the Commission has sixty days, until June 27, 2008, to appeal the Court's April 28, 2008 order.

The Commission respectfully requests expedited consideration of this motion as it is required to produce documents by May 23, 2008. The Commission did not file this motion earlier as its staff was seeking a means to resolve the issue of whether to appeal before filing a motion. However, Commission staff was not able to resolve the issue on an expedited basis.

In support of the Commission's motion for a stay pending appeal, the Commission is

simultaneously filing with the Court its Memorandum of the Securities and Exchange Commission in Support of Motion for Stay Pending Appeal.  A proposed order is also provided.

                                              Respectfully submitted,

                                                /s/ Melinda Hardy
                                          MELINDA HARDY, D.C. Bar No. 431906
                                          Assistant General Counsel

                                          NOELLE FRANGIPANE
                                          Senior Counsel

                                          Securities and Exchange Commission
                                          100 F Street, N.E.
                                          Washington, D.C. 20549-9612
                                          (202) 551-5140
May 15, 2008                              (202) 772-9263 (fax)

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY AGUIRRE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 1:06-cv-01260-ESH<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF THE SECURITIES AND EXCHANGE
COMMISSION IN SUPPORT OF MOTION FOR STAY PENDING APPEAL**

Defendant, the Securities and Exchange Commission ("Commission"), files this memorandum in support of its motion for a stay of this Court's April 28, 2008 order granting, in part, plaintiff Gary Aguirre's motion for summary judgment in this Freedom of Information Act ("FOIA") case. A stay is appropriate because the April 28 order requires production of documents by May 23, 2008, and producing the documents would moot any appeal the Commission may take. Assuring that the Commission is not deprived of the right to appeal is important as an appeal would allow the D.C. Circuit to address at least one issue of first impression, the application of Exemption 3 to Section 210(b) of the Investment Advisers Act. The Commission has argued that case law from the D.C. Circuit is inconsistent with the position adopted by this Court, and the Commission should not be deprived of the opportunity to present those arguments to the D.C. Circuit, especially since the argument is relevant primarily to private parties who produced documents and information to the Commission and advocated reliance on Exemption 3 to protect their interest in confidentiality. The interests of private parties are also

central to all the other issues in this case, which require balancing between a public interest in disclosure and other non-governmental persons' interest in confidentiality.

The Commission has not yet determined whether to appeal the April 28 order and needs additional time to make that determination. The Commission believes that it can complete the process for deciding whether to appeal by June 20, 2008 and will file a notice of appeal by that date if the Commission authorizes an appeal. If it does not file a notice of appeal, it will produce on June 20, the documents that the April 28 order requires to be produced by May 23, 2008.[1] If the Commission files a notice of appeal, it agrees to petition the D.C. Circuit for expedited consideration within ten days of filing a notice of appeal.

**BACKGROUND**

The April 28 order requires the Commission to produce to Aguirre by May 23, 2008 all documents withheld under FOIA Exemptions 3 and 4 and many documents withheld under Exemptions 6 and 7(C). However, the order allows the Commission to withhold personal information from all documents other than those withheld under Exemption 6. To comply with that order, Commission staff must gather, review, and, where appropriate, redact over 2000 pages of documents. Commission staff have made significant progress on that process.

Simultaneously, Commission staff have been analyzing whether to appeal from the April 28 order. The order is clearly a final decision from which the Commission could appeal as it requires disclosure of documents under the FOIA. *See Judicial Watch, Inc. v. Dep't of Justice*, 432 F.3d 366, 369 (Dec. 27, 2005) ("'In a[] FOIA case a "final decision" is an order by the

---

[1]   If such a stay is granted, we would further request that all other deadlines in the April 28 order be extended by four weeks.

District Court requiring release of documents by the Government to the plaintiff . . .' *Green v. Dep't of Commerce*, 618 F.2d 836, 841 (D.C. Cir. 1980)."). Normally, the Commission has sixty days to decide whether to appeal from a district court order. Fed R. App. P. 4(a)(1)(B). That period allows the staff to prepare a recommendation and all members of the Commission to vote on the recommendation.

## ARGUMENT

The D.C. Circuit has identified four factors relevant to a determination of whether a stay is appropriate:

> (1) Has the petitioner made a strong showing that it is likely to prevail on the merits of its appeal? . . . (2) Has the petitioner shown that without such relief, it will be irreparably injured? . . . (3) Would the issuance of a stay substantially harm other parties interested in the proceedings? . . . (4) Where lies the public interest? . . .

*Washington Metropolitan Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977). The D.C. Circuit has further explained,

> [A] court, when confronted with a case in which the other three factors strongly favor interim relief may exercise its discretion to grant a stay if the movant has made a substantial case on the merits. The court is not required to find that ultimate success by the movant is a mathematical probability, and indeed, as in this case, may grant a stay even though its own approach may be contrary to movant's view of the merits.

*Id.* Application of those factors shows the appropriateness of a stay in this case. Indeed, in a recent opinion, this Court explained that stays pending appeal are generally appropriate where agencies are required to disclose documents under the FOIA:

> Particularly in the FOIA context, courts have routinely issued stays where the release of documents would moot a defendant's right to appeal. *See, e.g., John Doe Agency, et al. v. John Doe Corp.,* 488 U.S. 1306, 1308-09, 109 S.Ct. 852, 102 L.Ed.2d 952 (1989) (Marshall, J., in chambers) (issuing stay in FOIA action

3

> and observing that disclosure of documents would moot defendant's ability to appeal, thereby resulting in irreparable injury); *Providence Journal Co. v. Fed. Bureau of Investigation,* 595 F.2d 889, 890 (1st Cir.1979) (issuing stay in FOIA action because "Appellants' right of appeal here will become moot unless the stay is continued pending determination of the appeals. Once the documents are surrendered pursuant to the lower court's order, confidentiality will be lost for all time."); *Center for Int'l Envtl. Law,* 240 F.Supp.2d at 22 (D.D.C.2003) (issuing limited stay in FOIA action "because disclosure of the documents in question will render any appeal moot").

*People for the American Way Foundation v. U.S. Dep't of Education*, 518 F. Supp. 2d 174, 177 (D.D.C. 2007). In that case, the court did not address the likelihood of success on the merits because release of the documents would have caused irreparable harm by denying the government its "ordinary right to appeal." *Id.*

**I.   BEING REQUIRED TO PRODUCE DOCUMENTS BEFORE IT CAN OBTAIN APPELLATE REVIEW WOULD CAUSE IRREPARABLE HARM TO THE COMMISSION.**

Under the Court's April 28 order, the Commission is required to produce records by May 23, 2008. This schedule does not afford sufficient time for the Commission to determine whether to appeal, much less for any appeal to be resolved prior to the date on which the Commission must produce documents. Therefore, the Commission's argument on the merits would become moot even before it could appeal the decision. Thus, a stay of the May 23rd production deadline is warranted to preserve the Commission's right to meaningful appellate review on the merits of the case.

In *Providence Journal Co. v. FBI*, 595 F. 2d 889 (1st Cir. 1979), the plaintiff sought under the FOIA to obtain documents concerning a wiretap. The district ordered the records disclosed. The First Circuit, after the district court granted only a short stay, recognized that failure to grant a stay pending appeal would completely undercut the government's right to secure

meaningful review, and that a stay would be detrimental to plaintiff only to the extent that it postponed the moment of disclosure. In addressing the importance of granting a stay in cases where the disclosure of documents is sought, the First Circuit stated:

> This Court necessarily approached the matter from a different perspective. While we give weight to the views of the District Court, the Constitution and laws entitle litigants to have their cases independently reviewed by an appellate tribunal. Meaningful review entails having the reviewing court take a fresh look at the decision of the trial court, before it becomes irrevocable. Appellant's right of appeal here will become moot unless the stay is continued pending determination of the appeals. Once the documents are surrendered pursuant to the lower court's order, confidentiality will be lost for all time. The status quo could never be restored.

*Id.* at 890.

As in the cases cited above, failure to grant a stay pending resolution of the Commission's decision whether to appeal and pending any appellate review would frustrate the Commission's right to meaningful review and would result in irreparable harm. Once disclosure has been made, the harm cannot be corrected.

## II.    A STAY WILL NOT CAUSE ANY SIGNIFICANT HARM TO AGUIRRE.

In contrast to the irreparable harm the absence of a stay could impose on the Commission, issuing a stay will not harm Aguirre in any significant way, especially if the Commission seeks to expedite an appeal. Aguirre is seeking documents in connection with his claim that his employment at the Commission was terminated because he engaged in protected whistleblowing activities. Hundreds of pages of documents related to those claims have already been made public, including the documents that the Senate committees investigating Aguirre's claims

deemed relevant.[2] Moreover, there is no ongoing proceeding or matter for which Aguirre needs the documents he seeks. Aguirre has received virtually all, if not all, of the documents at issue here without any redactions, and while his use of those documents is limited by a protective order, he is not being deprived of any information. Aguirre seeks the documents so that he can make them public, and a delay of a few months will not have any material impact on Aguirre's use of the documents.[3]

### III.    GRANTING A STAY IS CONSISTENT WITH THE PUBLIC INTEREST.

While there is a public interest in release of documents pursuant to the FOIA, there is also a public interest in assuring that the Commission can protect information in which individuals have a privacy interest, and this case concerns the intersection of those two interests. Thus, the public interest favors a stay to the extent individuals seek to protect privacy interests. In the absence of a stay, those interests will be irredeemably lost. On the other hand, the public interest does not favor a stay to the extent the public interest is in getting information. A stay, however,

---

[2]    *See* "The Firing of an SEC Attorney and the Investigation of Pequot Capital Management" prepared by the minority staffs of the Senate Committees on Finance and on the Judiciary and released in August 2007 ("Senate Report"). The Senate Report is at www.finance.senate.gov/sitepages/leg/LEG%202007/36960.pdf.

Also, the record from a December 5, 2006 Senate hearing is available at http://frwebgate.access.gpo.gov/cgi-bin/useftp.cgi?IPaddress=162.140.64.184&filename=35458.pdf&directory=/diska/wais/data/109_senate_hearings.

[3]    Aguirre has stated as follows in this proceeding:

> I expect to use records obtained through this proceeding in further comments before Congress, in talks at financial conferences, and in connection with my plans to write on the same subjects for public dissemination. I intend to make the records available to the media as requested.

Aguirre Decl. ¶ 34.

6

will have minimal impact on that interest for the same reasons Aguirre's interests will be minimally impacted by waiting a few months for disclosure.

## IV. THE COMMISSION IS LIKELY TO PREVAIL ON THE MERITS OF AN APPEAL.

Although it may not be necessary to consider the likelihood that the Commission will prevail on the merits in light of the irreparable harm it will face and the lack of any significant harm to Aguirre or the public generally, this case involves at least two issues on which the D.C. Circuit may rule differently than this Court. First, this Court held that Section 210(b) of the Investment Advisers Act, 15 U.S.C. 80b-10(b), is not an Exemption 3 statute because it does not "refer[] to particular types of matters to be withheld" as required by Exemption 3, 5 U.S.C. 552(b)(3). April 28 order at 24-26. In making that determination, this Court reasoned that Section 210(b) was not sufficiently particular because it gave the Commission "unfettered discretion" to withhold information.

The Commission may seek review of that holding because in explaining Exemption 3, the D.C. Circuit has held that if a statute satisfies the "particular types of matters" prong of Exemption 3, it is not necessary for a statute to satisfy the prong of Exemption 3 that applies to statutes that "establish[] particular criteria for withholding." *Association of Retired R.R. Workers, Inc. v. U.S. R.R. Retirement Bd.*, 830 F.2d 331, 334 (D.C. Cir. 1987). There is a meritorious argument that this Court's reliance on the absence of criteria for determining when to withhold is inconsistent with that holding. Indeed, in some cases in which courts, including the Supreme Court, have relied on the "particular types of matters" prong, the statutes found to come within Exemption 3 have given agencies virtually unfettered discretion to disclose the

documents. *See, e.g., CIA v. Sims*, 471 U.S. 159, 164 (1985) (statute at issue bars "unauthorized disclosure" without placing limits on what can be authorized);*Times Publishing Co. v. U.S. Dep't of Commerce*, 236 F.3d 1286, 1289 (11th Cir. 2001) (statute at issue allows disclosure when "release of such information is determined by the Secretary to be in the national interest").

Because the presence of discretion is not relevant, it is necessary only to consider whether Section 210(b) refers to a "particular type of matter." Section 210(b) does specifically refer to an identifiable group of documents: documents obtained by the Commission in examinations and investigations under the Investment Advisers Act. While that group of documents may not be a small set, it is comparable to groups of documents that courts have found satisfy the "particular types of matters" test of Exemption 3. *See, e.g.*, *CIA v. Sims*, 471 U.S. 159, 167-68 (1985) (statute requiring CIA "to protect 'intelligence sources and methods,' clearly 'refers to particular types of matters'"); *Times Publishing Co. v. U.S. Dep't of Commerce*, 236 F.3d 1286, 1289 (11th Cir. 2001) (statute regarding "information obtained for the purpose of consideration of, or concerning, [export] license applications under this Act" is an Exemption 3 statute); *Medina-Hincapie v. Dep't of State*, 700 F.2d 737, 742 (D.C. Cir. 1983) (statute regarding records "pertaining to the issuance or refusal of visas or permits to enter the United States" is an Exemption 3 statute); *Iron and Sears v. Dann*, 606 F.2d 1215, 1220 (D.C. Cir. 1979) (statute regarding patent applications and information concerning them is an Exemption 3 statute); *Seymour v. Barabba*, 559 F.2d 806, 808 (D.C. Cir. 1977) (statute protecting "the information furnished under the provisions of this Title [federal census laws]" refers to a "particular type of matter to be withheld"). Indeed, the D.C. Circuit has held that the "particular types of matters" test can be met even if statutes use "rather all-embracing language." *Seymour*, 559 F.2d at 808.

Another issue that may be the subject of an appeal is the application of Exemptions 6 and 7(C). For purposes of both Exemptions 6 and 7(C) this Court balanced the public interest in disclosure of documents with individuals' privacy interests. *See* April 28 Order at 32, 33-34, 38, 39. In any appeal, the Commission would likely argue that in balancing the public and privacy interests, the Court did not sufficiently take into account that the withheld information is at most peripherally related to Aguirre's whistleblowing claims. Because the Senate committees that have investigated those claims have released a great deal of information and because the Commission has provided Aguirre with a great deal of information in response to his FOIA requests, the Senate Report does not show that there is any significant public interest in the withheld information. Release of the redacted information will do far more to invade the privacy of individuals than to show why Aguirre was terminated. The Commission has already released all non-privileged documents in its possession that discuss why Aguirre was terminated and show who made the decision to terminate his employment. Aguirre has not made any showing to the contrary.

*       *       *

## CONCLUSION

For the foregoing reasons, the Commission respectfully requests that the Court grant its motion for a stay pending appeal.

Respectfully submitted,

\_\_\_\_/s/ Melinda Hardy_____
MELINDA HARDY, D.C. Bar No. 431906
Assistant General Counsel

NOELLE FRANGIPANE
Senior Counsel

Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549-9612
(202) 551-5140
May 15, 2008                (202) 772-9263 (fax)