UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Gary Aguirre, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 06-1260 (ESH) |
| | ) | |
| Securities and Exchange Commission, | ) | |
| | ) | |
| Defendant. | ) | |

**FOURTH DECLARATION OF GARY J. AGUIRRE**

I, Gary J. Aguirre, declare:

1) I am the plaintiff and co-counsel in this matter.

2) Exhibit 55 is a true and correct of a February 13, 2008, letter, from H. David Kotz (Kotz), Inspector General of the SEC, to Senator Charles E. Grassley, Ranking Member of the Senate Finance Committee, with copies to Senator Arlen Specter, Ranking Member of the Senate Committee on the Judiciary, Christopher Cox, SEC Chairman, Paul S. Atkins, SEC Commissioner, and Kathleen L. Casey, SEC Commissioner.

3) On page 4 of Ex. 55, Kotz refers to the re-investigation by the Office of the Inspector General (OIG) of my allegations regarding the SEC's handling of the Pequot investigation and my discharge. He predicts that the re-investigation will be completed by the end of May 2008. I have since learned that this report will not likely be completed before the second half of June 2008.

4) Exhibit 56 is a true and correct copy of a document titled "Hand Receipt for Official Personnel Folder (OPF) Taken Out of the Office of Administrative and Personnel

1

Management." The document records the fact that Juanita Hernandez, who has represented the SEC in my pending EEOC case since approximately March 2005, took possession of my Official Personnel File (OPF) on October 14, 2005. The SEC never released this record in response to my FOIA requests, although those requests expressly sought all my personnel files.

5) The SEC previously objected to the use of Ex. 56 in the summary judgment proceedings on the grounds that it was provided to me pursuant to a protective order in the MSPB case. I therefore did not offer Ex. 56 as evidence in those proceedings. On Friday, May 16, 2008, Melinda Hardy (Hardy) informed me by email that the SEC would not object to the use of Ex. 56 in connection with the proceedings relating to the SEC's application for a stay. Ex. 57 is a true and correct copy of my email exchanges with Hardy on this subject.

6) Ex. 58 is a true and correct copy of the July 14, 2004, memorandum signed by Steven Cutler (Cutler Memo), then Director of the Enforcement Division, redacting only the amount of my income for specified periods before my employment with the SEC. The Cutler Memo concludes: "I am very impressed with Mr. Aguirre's legal experience, academic background, and his desire to join our staff. Based on the above facts, I believe that Mr. Aguirre's outstanding legal credentials merit approval, and it is my opinion that he will become a valued member of our staff within a very short time."

7) When I reviewed the contents of my OPF on September 20, 2005, it contained a copy of the Cutler Memo (Ex. 58). Derek Childress, an official with the SEC's Office of Human Resources, provided me with a copy of Ex. 58 on September 20, 2005, at my request. The SEC has released records to me from my personnel files pursuant to my FOIA requests;

2

those records did not include a copy of Exhibit 58. The SEC provided me with copies of the records from my EPF in September and October 2005; no copy of Ex. 58 was included. The Senate investigators requested that I provide them with Ex. 58 because, according to them, they had not received the document from SEC. Aside from Senate investigators, I do not believe anyone other than Childress knew that I had a copy of the Cutler Memo until I attached it to my appeal in the EEOC case on September 28, 2006.

8) By the time I received the Cutler Memo on September 20, 2005, the SEC's motion for summary judgment in the EEOC case had already been submitted to the Administrative judge assigned to the matter. I did not offer Ex. 56 as evidence in the EEO proceeding until I filed my appeal in that matter on September 28, 2006. The Cutler Memo became the center piece of the appeal. Ex. 60 is a true and correct copy of Plaintiff's Brief in Support of Appeal in the pending EEOC case.

9) Ex. 59 is a true and correct copy of an email from David Warren to six SEC staff members in various SEC offices and divisions, including Hernandez. Since the document has poor quality, the relevant language is quoted below. The email contains the following statements:

   A) "I interviewed Charles Staiger, who told me he preserved this account at the direction of Juanita Hernandez with the Office of General Counsel, which launched an investigation of the user, Gary Aguirre, prior to his departure in September 2005."

   B) "Ms. Hernandez told me that in preparation for the separation, OGC directed Mr. Staiger's office to 'freeze' the subject's information technology assets."

C) "Issues I still haven't resolved: does somebody else have access to this account? Was/Is mail for this account being forwarded? Ms. Hernandez says she is not reading mail sent to this account; I have not pursued this issue beyond her. My concern at this point is that the data in that account has not been fixed in place; that is, the account appears to me to be live and it is possible that someone has been accessing the account (though not Mr. Aguirre)."

10) At the present time, only three of the five Commissioner posts at the SEC are filled. Commissioner Kathleen Casey has recused herself from this case. The last two commissioners left the SEC without replacements. Commissioner Paul Atkins term expires on June 5, 2008. Media accounts indicate no Senate committee hearings have been scheduled regarding a replacement for Commissioner Atkins. This would leave only Chairman Christopher Cox to vote on whether the SEC should appeal the court's April 28, 2008, decision.

11) The Commission typically meets each week to conduct Commission business.

12) I was informed by Senate staff that Richard Humes (Humes) did not continue as the SEC's liaison after SEC Chairman Christopher Cox replied by his letter of August 24, 2006 (Senate Report at p. 683), to the letter from Senator Charles Grassley, dated August 24, 2006. As stated in Chairman Cox's letter, the SEC replaced Humes with another attorney from the Office of General Counsel, Sam Forstein (Forstein). The transcripts of examination taken by Senate investigators show that Forstein appeared as counsel for SEC employees when Senate investigators took their testimony, e.g., Senate Report at page 457 showing Forstein appearing on behalf of Assistant Director Mark Kreitman.

13) The EEOC case was based on facts which occurred before I began my employment with the SEC on September 7, 2004.

Executed on May 19, 2008, in San Diego, California. I declare under penalty of perjury that the foregoing is true and correct.

                                                              _____/S/_____
                                                                 Gary J. Aguirre