UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY AGUIRRE )<br>)<br>Plaintiff, )<br>v. )<br>)<br>SECURITIES AND EXCHANGE )<br>COMMISSION, )<br>)<br>Defendant. )<br>) | Case No. 1:06-cv-1260-ESH |

## DECLARATION OF DONALD C. CHUMLEY

I, Donald C. Chumley, declare as follows:

1. I am a Senior Counsel in the Office of the Chief Counsel in the Division of Enforcement ("Enforcement") of the Securities and Exchange Commission ("Commission"). My duties include serving as the Freedom of Information Act ("FOIA") Liaison between Enforcement and the Commission's FOIA Office. I have been performing the FOIA Liaison work for Enforcement in this capacity for 32 years. I make this declaration concerning the search for documents responsive to items 7 - 12 of plaintiff's December 30, 2005 FOIA request (the "FOIA request").

2. On or about July 31, 2006, I received a document titled "FOIA Request Referral" from Felecia Taylor, Lead Research Specialist of the Commission's Freedom of Information Act ("FOIA") Office. Attached to the FOIA Request Referral sheet was a copy of the FOIA request. Both the cover page and the plaintiff's request comprise the FOIA Referral. The FOIA Referral is attached hereto as Exhibit 1.

3. Upon receipt of the FOIA Referral, I sought out the Enforcement staff listed on

page two of the subject request, and reviewed with each staff member items 7 through 12 of the request.

4. I met with Mark Kreitman, Assistant Director. I met with Mr. Kreitman in his office and showed him a copy of the December 30, 2005 FOIA request. Mr. Kreitman indicated that he had already completed a search for material pertaining to Mr. Aguirre, which he had electronically downloaded on a disk and provided to Juanita Hernandez in the Office of the General Counsel (OGC).

5. I met with Robert Hanson, Branch Chief, who indicated he had about 3 inches of material pertaining to Mr. Aguirre, some of which might relate to items 7-12 of the request.

6. I met with Richard Grime, Assistant Director, who indicated that he had approximately four or five inches of email material relating to Mr. Aguirre, most of which pertained to cases that plaintiff worked on.

7. I met with Charles Cain, who was a Branch Chief working for Mr. Grime at that time, who indicated that he had approximately 5 inches of email material, mostly relating to cases that plaintiff worked on.

8. I met with Charles Staiger, Supervisory Program Analyst, in his office. Mr. Staiger indicated that he had sent all of the material he had pertaining to Mr. Aguirre to Ms. Hernandez and Laura Walker in OGC. Mr. Staiger indicated that he did not retain copies of what he turned over to Ms. Hernandez and Ms. Walker.

9. I spoke with James Clarkson, Director, Regional Office Operations, who indicated that the only documents he ever had relating to Mr. Aguirre concerned the decision to hire him. However, the hiring committee on which Mr. Clarkson serves retains no material. Mr. Clarkson

further indicated that Mr. Aguirre's application would have been sent to Mr. Staiger and that the rating forms would have been destroyed.

10. I spoke with Susan Markel, Chief Accountant for the Enforcement Division, concerning Compensation Committee documents. Ms. Markel informed me that no records are retained by the Compensation Committee. On or about August 9, 2006, Ms. Markel provided two worksheets to me which I forwarded the FOIA Office. My memorandum forwarding that material is attached hereto as Exhibit 2.

11. I spoke with Sheila Russell, Secretary to Linda Thomsen, Director of the Division of Enforcement. Ms. Russell indicated that Ms. Thomsen might have a few inches of material relating to Mr. Aguirre that she would provide to me. She subsequently provided materials from Ms. Thomsen's files, and I turned those materials over to the FOIA Office.

12. As per my usual practice, I sent a written document containing my findings to the FOIA Office. That document explains what materials had already been turned over to OGC and what documents Enforcement staff possessed. That document is attached hereto as Exhibit 3.

13. With the exception of documents that Enforcement staff had already provided to OGC, I provided to the FOIA Office all documents that I had gathered from the staff listed in paragraphs 4 through 11 above.

14. On August 12, 2006, Mr. Staiger informed me that he had located additional material that might be responsive. I forwarded that material to the FOIA Office. My memorandum forwarding that material is attached hereto as Exhibit 4.

15. In performing the search for potentially responsive documents, Enforcement staff interpreted the language of the request broadly, and were never instructed to narrow the scope of

3

the search in any manner. All of the responsive documents from the parties listed in paragraphs 4 through 11 have either been turned over to OGC or the FOIA Office. I know of no further documents that exist in the files of the staff listed in paragraphs 4 through 11 above that might be responsive to the FOIA request.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 13, 2008 in Washington, D.C.

_____
Donald C. Chumley