UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY AGUIRRE,<br><br>  Plaintiff,<br>v.<br><br>SECURITIES AND EXCHANGE<br>  COMMISSION,<br><br>  Defendant. | Case No. 1:06-cv-1260-ESH |

### SECOND DECLARATION OF BRENDA FULLER

I, Brenda Fuller, declare as follows:

1. I am a Branch Chief in the Freedom of Information ("FOIA")/Privacy Act Office of the Securities and Exchange Commission ("SEC" or "Commission"). I work in the Commission's Washington, D.C. headquarters office. I have been employed in this capacity at all times relevant to the matters addressed herein. My responsibilities include providing advice to FOIA staff and Commission staff regarding the FOIA and Privacy Acts and supervising the collection and review of documents responsive to FOIA requests. I make this declaration concerning the search for documents responsive to items 7 - 12 of plaintiff's December 30, 2005 FOIA request (the "FOIA request").

2. This request was assigned to a FOIA Specialist on my staff, Teresa Simpson. Ms. Simpson subsequently left the agency, and this request was then assigned to another FOIA Specialist on my staff, Felecia Taylor. I have supervised and have been responsible for the processing and handling of this FOIA request by Ms. Simpson and Ms. Taylor since the time it was received by the FOIA Office.

3. In processing this request, the FOIA staff sent this request to all Commission Divisions and Offices which would hold responsive records. Those offices are listed below.

4. On or about July 31, 2006, Ms. Taylor sent a document called a "FOIA Request Referral" with a copy of the FOIA request attached to it to Celia Jacoby and Noelle Frangipane in the Office of the General Counsel. A copy of what was sent is attached hereto as Exhibit 1.

5. On or about July 31, 2006, Ms. Taylor sent a document called a "FOIA Request Referral" with a copy of the FOIA request attached to it to Josephine McElveen in the Office of the Chairman. A copy of what was sent is attached hereto as Exhibit 2.

6. On or about July 31, 2006, Ms. Taylor sent a document called a "FOIA Request Referral" with a copy of the FOIA request attached to it to Victor Tynes in the Office of Human Resources. A copy of what was sent is attached hereto as Exhibit 3.

7. On or about July 31, 2006, Ms. Taylor sent a document called a "FOIA Request Referral" with a copy of the FOIA request attached to it to Donald C. Chumley in the Division of Enforcement. A copy of what was sent is attached hereto as Exhibit 4.

8. On or about July 31, 2006, Ms. Taylor sent a document called a "FOIA Request Referral" with a copy of the FOIA request attached to it to Fran Paver in the Office of Equal Employment Opportunity. A copy of what was sent is attached hereto as Exhibit 5.

9. On or about July 31, 2006, Ms. Taylor sent a document called a "FOIA Request Referral" with a copy of the FOIA request attached to it to Mary Beth Sullivan in the Office of the Inspector General. A copy of what was sent is attached hereto as Exhibit 6.

10. At no time did Ms. Taylor or I instruct any Commission staff member to narrow the scope of the request, nor did we attempt to interpret the request for them.

11. At no time did the OGC instruct the FOIA Office to narrow the scope of the

request or interpret the request for the FOIA Office.

12. If any Commission staff member contacted the FOIA Office with questions concerning the responsiveness of documents, we instructed them to provide all of the documents to the FOIA Office and we would make the determination as to the responsiveness of the document.

13. We received responsive documents from all of the offices that were queried, as listed in paragraphs 3 through 8 above. We reviewed all of the documents we received for responsiveness.

14. In determining whether documents were responsive to the request, FOIA Office staff would look at each document, compare it directly to the language of Mr. Aguirre's request, and determine whether it was responsive to one of the items as he wrote it.

15. Any documents that were deemed responsive were either released to Mr. Aguirre in whole or in part, or were withheld in whole or in part under one or more of the exemptions allowed under the FOIA.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 13, 2008 in Washington, D.C.

_____
Brenda Fuller