UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY AGUIRRE,<br><br>      Plaintiff,<br>v.<br><br>SECURITIES AND EXCHANGE<br>   COMMISSION,<br><br>      Defendant. | Case No. 1:06-cv-1260-ESH |

## DECLARATION OF FRAN L. PAVER

I, Fran L. Paver, declare as follows:

1. I am a senior attorney in the Office of Equal Employment Opportunity ("EEO Office") of the Securities and Exchange Commission ("Commission"). My duties include serving as the Freedom of Information Act ("FOIA") Liaison between the EEO Office and the Commission's FOIA Office. I have been performing the FOIA Liaison work in this capacity for approximately 11 years. I make this declaration concerning the search for documents responsive to items 7 - 12 of plaintiff's December 30, 2005 FOIA request (the "FOIA request").

2. On or about July 31, 2006, I received via facsimile a document titled "FOIA Request Referral" from Felecia Taylor, Lead Research Specialist of the Commission's Freedom of Information Act ("FOIA") Office. This document consisted of a cover page signed by Ms. Taylor. Attached to the cover page was a copy of the FOIA request. This document is attached hereto as Exhibit 1.

3. On August 28, 2006, I sent an email to the Director and all attorneys in the EEO Office. In my email, I asked the attorneys to search their "emails and working files for documents

relating to [Mr. Aguirre's] performance as an employee, his compensation and merit pay increase, [and] his termination..." A copy of my email is attached hereto as Exhibit 2.

4. I offered to provide a copy of plaintiff's FOIA request to staff only upon their request. I did this because I thought it would be better to keep the search broad, as opposed to having others interpret the request.

5. I searched my own working files and emails for responsive documents, including my archived emails.

6. Staff that possessed potentially responsive documents provided me with printed copies of documents, including emails.

7. EEO staff had no documents responsive to items 7 and 8 of the FOIA request.

8. Around the same time, I was working with Laura Walker of the Office of the General Counsel ("OGC") in gathering documents responsive to a Senate Committee request. Ms. Walker advised that I could provide her with the documents collected from the EEO Office and that she would provide the documents to the FOIA Office. I provided Ms. Walker copies of all documents gathered that were responsive to numbers 9, 10, 11 and 12 of Mr. Aguirre's request.

9. There were miscellaneous documents that were collected that were not clearly responsive to certain items of the FOIA request, but referenced Mr. Aguirre or his EEO claims in some way. Those documents I turned over directly to the FOIA Office.

10. I prepared a memorandum dated September 5, 2006 to the FOIA Office, describing the documents that were collected during the search. This memorandum is attached hereto as Exhibit 3.

11. Typically, I review documents collected during a FOIA search for responsiveness prior to turning them over to the FOIA Office. However in this case, given the breadth of the request, I sent all of the documents collected to either OGC or the FOIA Office in an effort to be as responsive as possible.

12. Whatever documents I did not turn over to Ms. Walker in OGC, I provided to the FOIA Office. I know of no other documents that exist in the EEO Office that are responsive to the FOIA request.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 12, 2008 in Washington, D.C.

_____
Fran L. Paver

3