URGENT     URGENT     URGENT     URGENT     URGENT

# FOIA REQUEST REFERRAL

| | |
|---|---|
| DATE: | July 31, 2006 |
| TO: | Victor Tynes, FOIA Liaison<br>Office of Human Resources |
| FROM: | *Felecia Taylor* (signature)<br>Felecia Taylor, Lead Research Specialist<br>FOIA/PA Office (202) 551-8349 |
| YOUR REPLY DUE: | August 7, 2006 |

Please provide all documents responsive to the attached FOIA request. If you object to full disclosure of any or all documents provided, please specify in writing which records should be withheld and which FOIA exemptions should be asserted.

*Fee information: Include with your response to this referral memo, a statement as to the number of hours of research spent on this request, along with the hourly rate (or SK rating of the person(s) who processed the request.*

Please do not hesitate to contact the FOIA Office with any questions.

| | |
|---|---|
| FOIA REQUEST NO: | 06-00014-FOPA |
| REQUESTOR: | Gary J. Aguirre |
| SUBJECT: | Gary J. Aguirre |
| CASE NO.: | |
| REFERRED TO: | ENF, OC, OGC, OIG and EEO |
| COMMENTS: | Please consult with ALL staff and advise me of the volume and accessibility of any responsive records concerning items 7 through 12 of the attached FOIA request. Thank you. |

# GARY J. AGUIRRE

*Modified*
**SCANNED**
06-00014-FOPA

### VIA EMAIL, FAX TO 703-914-1149 AND REGULAR MAIL

December 30, 2005

Kenneth A. Fogash
Associate Executive Director
Office of Fillings and Informational Services
US Securities and Exchange Commission
Operations Center Mail Stop 0-5
6432 General Green Way
Alexandria, VA 22312-2413

Re: Request for Records Pursuant to the Freedom of Information Act and the Privacy Act

Dear Mr. Fogash:

This request is intended to supersede and replace my request for information pursuant to the Privacy Act as stated in my letter of December 27, 2005.

In accordance with the applicable provisions of the Freedom of Information Act and the Privacy Act, I hereby request access to and copies of the documents, records, and files relating to, concerning, or the subject of my applications for employment to the Securities and Exchange Commission ("SEC") during the period from May 2003 through July 2004, my employment by the SEC from September 7, 2004, through September 2, 2005, the SEC's decision to terminate my employment effective September 2, 2005, and my obligations during and after my employment regarding nonpublic information.

The records specified below are believed to be in the possession of the SEC's Division of Employment, Office of the General Counsel, Office of Equal Employment Opportunity, Office of Human Resources, Office of Information Technology, and the SEC staff and officials identified below.

Regarding the above subject, I am requesting that you include the following records:

1) The Commission's Compliance Manual as identified 29 CFR Section 1611.13(c);

2) All communications and any records of communications between and any employee of the SEC and any employee of the US Office of Government Ethics ("OGE") during 2005 relating to 17 CFR 200.735-3;

3) All communications and any records of communications between and any employee of the SEC and any employee of the OGE relating to SEC rules and regulations applicable to departing employees;

4) All records relating to any discussion, dispute, controversy or communications

---

1528 CORCORAN ST. NW • WASHINGTON, DC • 20009
PHONE: 202-232-1803 • FAX: 202-328-0562

between OGE and the SEC relating to the enforceability of CFR 200.735-3;

5) All records relating to relating to the Securities and Exchange Commissions rules and regulations applicable to departing employees;

6) All references to Gary J. Aguirre ("Aguirre") in whatever manner, including (but not limited to) "Gary Aguirre," "Aguirre," "Mr. Aguirre," "Gary," GJA," and "GA" in the electronic mail to or from the following officials and staff:

   a) Chairman Christopher Cox for the period from July 1, 2005, through the present;
   b) Commissioners Paul S. Atkins, Cynthia A. Glassman and Annette L. Nazareth for the period from June 1, 2005, though the present;
   c) Commissioner Roel C. Campos for the period from September 1, 2004, through the present;
   d) Stephen Cutler for the period from May 1, 2004, through the date of his departure from the SEC;
   e) Linda Thomsen for the period from May 1, 2004, through the present;
   f) Paul Berger for the period from May 1, 2004, through the present;
   g) David Kornblau for the period from May 1, 2003, through the date of his departure from the SEC;
   h) James Clarkson for the period from May 1, 2003, through the present;
   i) Richard Humes for the period from May 1, 2003, through the present;
   j) Deborah Balducchi for the period from May 1, 2003, through the present;
   k) Richard Grime from May 1, 2003, through the present;
   l) Charles Cain from August 1, 2004, through the present;
   m) Mark Kreitman for the period from May 1, 2003, through the present;
   n) Robert Hanson for the period from January 1, 2005, through the present;
   o) Kevin O'Rourke for the period from October, 2004, through the present;
   p) James Eichner for the period from May 1, 2005, through the present;
   q) Liban Jama for the period from May 1, 2005, through the present;
   r) Selecting officials and staff who participated in the decisions to reject Aguirre's applications for the openings identified in Attachment A;
   s) All staff of the Office of Human Resources who were assigned any responsibility for the job announcements identified in Attachment A;

7) All records relating to Aguirre's merit pay increase for the 2004 through 2005 evaluation period, including (but not limited to) electronic or hard copy documents to or from his supervisors, electronic or hard copy documents to or from the committee members who authorized Aguirre's merit pay increase, transmittal letters, memorandums, emails, notes of the compensation committee, and all other documents generated in implementing such merit pay increase;

8) All records containing information regarding Aguirre's evaluation or performance as an employee or the purported reasons for the termination of his employment including (but not limited to) employee performance files, personnel security

2

files, compensation review files, personnel discipline files, personnel termination files, or any other file;

9) All records including (but not limited to) employee performance files, personnel security files, compensation review files, personnel discipline files, personnel termination files, or any other file containing information regarding Aguirre's performance as an employee or the purported causes of his termination;

10) All written or electronic communications or record of any communications relating to Aguirre's merit pay increase for the 2004 through 2005 evaluation period to or from Christopher Cox, Linda Thomsen, Paul Berger, James Clarkson, Richard Humes, Deborah Balducchi, Mark Kreitman, Robert Hanson, Richard Grime, Charles Cain or any other SEC staff member of official;

11) All records relating to the SEC's termination of Aguirre's employment, including (but not limited) to electronic or hard copy documents to or from his supervisors, transmittal letters, memorandums, emails, notes or memorandums of any meeting during which such possibility was discussed, and all other documents generated in carrying out such termination;

12) All records relating to the SEC's termination of Aguirre's employment to or from Christopher Cox, Linda Thomsen, Paul Berger, James Clarkson, Richard Humes, Deborah Balducchi, Mark Kreitman, Robert Hanson, Richard Grime, and Charles Cain;

13) All records recording any statement taken by Delores Ruffin, a contractor retained by the SEC's Office of Equal Employment, from Aguirre, Christopher Cox, Linda Thomsen, Paul Berger, James Clarkson, Richard Humes, Deborah Balducchi, Mark Kreitman, Robert Hanson, Richard Grime, Charles Cain and any other person relating to Aguirre;

14) All records prepared or maintained by the SEC in connection with the EEO counseling of Aguirre between July 22, 2005 and the present, including any statement or any record of any statement from any SEC employee and Gary J. Aguirre;

15) The complete investigation file in the SEC-EEO No. 20-04-04;

16) All records indicating the identities of all persons to whom any offer of employment, conditional or otherwise, was made for any of the positions described in the vacancy announcements listed in Attachment A;

17) The employment applications, including (but not limited) Curriculum Vitae and the qualification ranking factors statement submitted by each person to whom an employment offer was made, conditional or otherwise, in relation to the positions described in the vacancy announcements listed in Attachment A;

3

18) All written or electronic communications or records of any communications between the Office of Human Resources and the selecting official in relation to any of the positions described in vacancy announcements listed in Attachment A;

19) All written or electronic communications or record of any communications between the selecting official and any other SEC staff person regarding the applicants for each position described in the vacancy announcements listed in Attachment A;

20) The best qualified list or similar list ranking the applicants for each position described in the vacancy announcements listed in attachment A;

21) The contract, including any amendments thereto, between Leigh van Zon ("van Zon") and the SEC regarding Ms. Van Zon's services relating to the EEO Complaint;

22) Any written or electronic communication or record of any communication between any SEC EEO staff member and van Zon relating to the subject matter of the SEC-EEO No. 20-04-04 from April 16, 2004, to the present;

23) Any written or electronic communication or record of any communication between any SEC staff member and van Zon relating to the subject matter of the SEC-EEO No. 20-04-04 from April 16, 2004, to the present;

24) Any record relating to the subject matter of the SEC-EEO No. 20-04-04 obtained from any person from April 16, 2004, to the present;

25) An index of all public records maintained by the EEO;

26) All written or electronic communications or record of any communications between any EEO employee or agent and any person relating to the subject matter of SEC-EEO No. 20-04-04 from April 16, 2004, to the present;

27) All written or electronic communications or record of any communications between any EEO employee or agent and any other SEC staff person relating to the subject matter of the SEC-EEO No. 20-04-04 from April 16, 2004, to the present.

28) All FOIA requests for information relating to Eastman Kodak Company during 2005;

29) Any written communication, or any record of any communication, between any employee of the SEC and any employee (including administrative judges and their staffs) of the Equal Employment Opportunity Commission , relating to *Gary J. Aguirre v. William H. Donaldson, Chairman Securities and Exchange Commission*, EEOC No. 100-2005000413X.

4

    I will pay the reasonable research and duplication costs, but not to exceed $1000 without further authorization, for documents produced pursuant FOIA. I will pay all duplication costs, but not to exceed $1000 without further authorization, for documents produced pursuant to the Privacy Act.

    Sincerely,

Gary J. Aguirre