UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GARY AGUIRRE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 1:02-cv-1260-ESH |
| ) | |
| SECURITIES AND EXCHANGE ) | |
| COMMISSION, ) | |
| ) | |
| Defendant. ) | |

## THIRD DECLARATION OF MARY BETH SULLIVAN

I, Mary Beth Sullivan, declare as follows:

1. I am Counsel to the Inspector General of the Securities and Exchange Commission ("SEC" or "Commission"). I work in the Commission's Washington, D.C. headquarters office. I have been employed with the Office of the Inspector General ("OIG") since approximately September 1994. My principal responsibilities are to provide legal advice to the Inspector General and the OIG and to conduct and advise on investigations of alleged staff and contractor misconduct. My duties include serving as the primary Freedom of Information Act ("FOIA") liaison between OIG and the Commission's FOIA Office. I have been performing FOIA liaison work for the OIG since I joined the office in 1994. I make this declaration concerning the search for documents responsive to items 7 - 12 of plaintiff's December 30, 2005 FOIA request (the "FOIA request") to the best of my recollection and belief.

2. On or about August 2, 2006, the OIG received a copy of a letter from Senators Grassley and Specter to SEC Chairman Christopher Cox, which requested the production to the

Senate Committees on Finance and on the Judiciary of certain OIG documents relating to Gary Aguirre.

3. To respond to the Senate request, OIG staff identified documents in its possession that related to Aguirre's claims regarding his termination and the Pequot investigation. Those documents included two sets of investigative case files: one from a closed investigation of Mr. Aguirre's claims and one from a re-opened, ongoing investigation of Mr. Aguirre's claims. In addition to identifying those files, OIG staff who worked on or supervised those investigations searched their paper and electronic files (including emails) for all documents relating to Mr. Aguirre, including documents relating to responding to requests from the Senate Committees.

4. The OIG produced to the Senate all the documents it identified as responsive to the Senate request, other than the investigative file for its re-opened investigation and internal deliberative documents pertaining to the OIG's responses to Congressional inquiries. Following communications with the staff of the Senate committees, the OIG produced some internal deliberative documents with internal advice redacted.

5. On or about July 31, 2006, I received via email a document titled "FOIA Request Referral" from Felecia Taylor, Lead Research Specialist of the Commission's FOIA Office. This document consisted of a cover page signed by Ms. Taylor. Attached to the email forwarding the cover page was a copy of the FOIA request filed by Mr. Aguirre. This document is attached hereto as Exhibit 1. The referral requested a search for records pertaining to items 7 through 14 of the request. To respond to this referral, I relied on the documents gathered for the production to the Senate, because for that production OIG staff had sought to gather every document relating to Mr. Aguirre's claims regarding his termination and the Pequot investigation. Documents

relating to those claims would likely include all documents the OIG had relating to Mr. Aguirre's merit pay, evaluation, performance and termination.

6. In or about August 2006, OIG staff provided to staff in the Commission's Office of the General Counsel ("OGC") documents it had produced to the Senate that were potentially responsive to Mr. Aguirre's FOIA request. However, the OIG did not provide to OGC (1) records contained in the open case file (including emails, interview memos and notes), which were protected under FOIA Exemption 7(A), among other exemptions, and (2) records pertaining to Congressional requests concerning Mr. Aguirre's allegations (including action memoranda, briefing documents and correspondence), which were withheld pursuant to FOIA Exemption 5, among other exemptions.

7. On September 26, 2006, at the request of the FOIA Office, I sent a memorandum to the FOIA Office that described OIG documents responsive to Mr. Aguirre's FOIA request. I did not provide any documents at that time because I recommended that the FOIA Office withhold all the documents as exempt. A copy of that memorandum is attached hereto as Exhibit 2.

8. It is my understanding that OGC subsequently produced certain OIG documents (*e.g.*, the closed OIG investigation file) to Mr. Aguirre.

9. In or about August or September 2007, at the request of OGC staff, OIG staff provided to OGC staff all documents the OIG had provided to the Senate which it had not previously provided to OGC.

10. In an effort to ensure that all responsive OIG documents were searched in this matter, in June 2008, OIG staff (including myself) reviewed archived emails between October 2005 (the month the initial OIG investigation was opened) and September 26, 2006 (when the

OIG memorandum was provided to the FOIA Office) for emails referring to Mr. Aguirre's merit pay increase, evaluation, performance or termination. I provided copies of the responsive emails we located to OGC.

11. In June 2008, I provided to OGC copies of documents pertaining to Congressional requests concerning Mr. Aguirre's allegations which were previously withheld (see paragraph 6 above), to the extent those documents referred to Mr. Aguirre's merit pay increase, evaluation, performance or termination.

12. The OIG's re-opened investigation regarding Mr. Aguirre's claims remains open and is ongoing. I have been advised that the OIG has not provided any documents from the re-opened investigative file to any Senate committee or subcommittee. There has been only one document provided to OGC that was part of the re-opened investigative file, which was a copy of a settlement agreement between the SEC and Mr. Aguirre which resolved the subpoena enforcement action filed by the SEC OIG on November 3, 2006. No other documents relating to the OIG's re-opened investigation or from the re-opened investigative file have been provided to OGC. The documents contained in the re-opened investigative file were not reviewed in the preparation of this declaration.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 13, 2008 in Washington, D.C.

_____
Mary Beth Sullivan

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY AGUIRRE,<br><br>      Plaintiff,<br>v.<br><br>SECURITIES AND EXCHANGE<br>  COMMISSION,<br><br>      Defendant. | Case No. 1:02-cv-1260-ESH |

### THIRD DECLARATION OF MARY BETH SULLIVAN

I, Mary Beth Sullivan, declare as follows:

1. I am Counsel to the Inspector General of the Securities and Exchange Commission ("SEC" or "Commission"). I work in the Commission's Washington, D.C. headquarters office. I have been employed with the Office of the Inspector General ("OIG") since approximately September 1994. My principal responsibilities are to provide legal advice to the Inspector General and the OIG and to conduct and advise on investigations of alleged staff and contractor misconduct. My duties include serving as the primary Freedom of Information Act ("FOIA") liaison between OIG and the Commission's FOIA Office. I have been performing FOIA liaison work for the OIG since I joined the office in 1994. I make this declaration concerning the search for documents responsive to items 7 - 12 of plaintiff's December 30, 2005 FOIA request (the "FOIA request") to the best of my recollection and belief.

2. On or about August 2, 2006, the OIG received a copy of a letter from Senators Grassley and Specter to SEC Chairman Christopher Cox, which requested the production to the

Senate Committees on Finance and on the Judiciary of certain OIG documents relating to Gary Aguirre.

3. To respond to the Senate request, OIG staff identified documents in its possession that related to Aguirre's claims regarding his termination and the Pequot investigation. Those documents included two sets of investigative case files: one from a closed investigation of Mr. Aguirre's claims and one from a re-opened, ongoing investigation of Mr. Aguirre's claims. In addition to identifying those files, OIG staff who worked on or supervised those investigations searched their paper and electronic files (including emails) for all documents relating to Mr. Aguirre, including documents relating to responding to requests from the Senate Committees.

4. The OIG produced to the Senate all the documents it identified as responsive to the Senate request, other than the investigative file for its re-opened investigation and internal deliberative documents pertaining to the OIG's responses to Congressional inquiries. Following communications with the staff of the Senate committees, the OIG produced some internal deliberative documents with internal advice redacted.

5. On or about July 31, 2006, I received via email a document titled "FOIA Request Referral" from Felecia Taylor, Lead Research Specialist of the Commission's FOIA Office. This document consisted of a cover page signed by Ms. Taylor. Attached to the email forwarding the cover page was a copy of the FOIA request filed by Mr. Aguirre. This document is attached hereto as Exhibit 1. The referral requested a search for records pertaining to items 7 through 14 of the request. To respond to this referral, I relied on the documents gathered for the production to the Senate, because for that production OIG staff had sought to gather every document relating to Mr. Aguirre's claims regarding his termination and the Pequot investigation. Documents

relating to those claims would likely include all documents the OIG had relating to Mr. Aguirre's merit pay, evaluation, performance and termination.

6. In or about August 2006, OIG staff provided to staff in the Commission's Office of the General Counsel ("OGC") documents it had produced to the Senate that were potentially responsive to Mr. Aguirre's FOIA request. However, the OIG did not provide to OGC (1) records contained in the open case file (including emails, interview memos and notes), which were protected under FOIA Exemption 7(A), among other exemptions, and (2) records pertaining to Congressional requests concerning Mr. Aguirre's allegations (including action memoranda, briefing documents and correspondence), which were withheld pursuant to FOIA Exemption 5, among other exemptions.

7. On September 26, 2006, at the request of the FOIA Office, I sent a memorandum to the FOIA Office that described OIG documents responsive to Mr. Aguirre's FOIA request. I did not provide any documents at that time because I recommended that the FOIA Office withhold all the documents as exempt. A copy of that memorandum is attached hereto as Exhibit 2.

8. It is my understanding that OGC subsequently produced certain OIG documents (*e.g.*, the closed OIG investigation file) to Mr. Aguirre.

9. In or about August or September 2007, at the request of OGC staff, OIG staff provided to OGC staff all documents the OIG had provided to the Senate which it had not previously provided to OGC.

10. In an effort to ensure that all responsive OIG documents were searched in this matter, in June 2008, OIG staff (including myself) reviewed archived emails between October 2005 (the month the initial OIG investigation was opened) and September 26, 2006 (when the

OIG memorandum was provided to the FOIA Office) for emails referring to Mr. Aguirre's merit pay increase, evaluation, performance or termination. I provided copies of the responsive emails we located to OGC.

11. In June 2008, I provided to OGC copies of documents pertaining to Congressional requests concerning Mr. Aguirre's allegations which were previously withheld (see paragraph 6 above), to the extent those documents referred to Mr. Aguirre's merit pay increase, evaluation, performance or termination.

12. The OIG's re-opened investigation regarding Mr. Aguirre's claims remains open and is ongoing. I have been advised that the OIG has not provided any documents from the re-opened investigative file to any Senate committee or subcommittee. There has been only one document provided to OGC that was part of the re-opened investigative file, which was a copy of a settlement agreement between the SEC and Mr. Aguirre which resolved the subpoena enforcement action filed by the SEC OIG on November 3, 2006. No other documents relating to the OIG's re-opened investigation or from the re-opened investigative file have been provided to OGC. The documents contained in the re-opened investigative file were not reviewed in the preparation of this declaration.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 13, 2008 in Washington, D.C.

_Mary Beth Sullivan_
Mary Beth Sullivan