# MEMORANDUM

September 26, 2006

**To:** Felecia Taylor, Lead Research Specialist
FOIA/Privacy Act Office

**From:** Mary Beth Sullivan *MBSullivan*
Counsel to the Inspector General

**Re:** FOIA Request No. 06-00014-FOPA, as amended

As you requested, we have reviewed items 7 through 14 of the above-captioned FOIA/Privacy Act request and have identified responsive records, as described below. As a general matter, the responsive records are categorically exempt from disclosure under exemptions (j)(2) and (k)(2) of the Privacy Act. *See* 17 C.F.R. § 200.313. The FOIA exemptions applicable to particular requests are discussed below.

> 7) All records relating to Aguirre's merit pay increase for the 2004 through 2005 evaluation period, including (but not limited to) electronic or hard copy documents to or from his supervisors, electronic or hard copy documents to or from the committee members who authorized Aguirre's merit pay increase, transmittal letters, memorandums, emails, notes of the compensation committee, and all other documents generated in implementing such merit pay increase.

We have responsive records in an open investigative file that is comprised of several file folders of material, and in a closed investigative file that contains approximately two inches of material. These records are protected from disclosure under various FOIA exemptions, including Exemptions 3, 5, 6 and 7(C). The Exemption 3 statute is Section 7(b) of the Inspector General Act of 1978, as amended. The responsive records contained in the open investigative file are protected from disclosure under FOIA Exemption 7(A).[1]

> 8) All records containing information regarding Aguirre's evaluation or performance as an employee or the purported reason for the termination of his employment including (but not limited to) employee performance files, personnel security files, compensation review files, personnel discipline files, personnel termination files, or any other file.

Our response to item 8 is the same as our response to item 7.

---

[1] The responsive records in the closed investigative file are arguably also protected under FOIA exemption 7(A), as the OIG reopened its closed investigation and the reopened investigation is still pending.

> 9) All records including (but not limited to) employee performance files, personnel security files, compensation review files, personnel discipline files, personnel termination files, or any other file containing information regarding Aguirre's performance as an employee or the purported causes of his termination.

Our response to item 9 is the same as our response to item 7.

> 10) All written or electronic communications or record of any communications relating to Aguirre's merit pay increase for the 2004 through 2005 evaluation period to or from Christopher Cox, Linda Thomsen, Paul Berger, James Clarkson, Richard Humes, Deborah Balducchi, Mark Kreitman, Robert Hanson, Richard Grime, Charles Cain or any other SEC staff member of [sic] official.

Our response to item 10 is the same as our response to item 7.

> 11) All records relating to the SEC's termination of Aguirre's employment, including (but not limited) to electronic or hard copy documents to or from his supervisors, transmittal letters, memorandums, emails, notes or memorandums of any meeting during which such possibility was discussed, and all other documents generated in carrying out such termination.

Our response to item 7 also applies to item 11. In addition, we have numerous other documents that mention the fact that Aguirre's employment was terminated, without any discussion of the termination decision or its implementation. Apart from publicly available documents, these records are protected from disclosure under FOIA Exemptions 3, 5, 6 and 7(C).

> 12) All records relating to the SEC's termination of Aguirre's employment to or from Christopher Cox, Linda Thomsen, Paul Berger, James Clarkson, Richard Humes, Deborah Balducchi, Mark Kreitman, Robert Hanson, Richard Grime, and Charles Cain.

Our response to item 12 is the same as our response to item 7.

> 13) All records recording any statement taken by Delores Ruffin, a contractor retained by the SEC's Office of Equal Employment, from Aguirre, Christopher Cox, Linda Thomsen, Paul Berger, James Clarkson, Richard Humes, Deborah Balducchi, Mark Kreitman, Robert Hanson, Richard Grime, Charles Cain and any other person relating to Aguirre

The OIG does not have any recordings of statements taken by Delores Ruffin. However, the OIG has two copies of an e-mail from Ms. Ruffin to Charles Cain, in which she

2

describes various allegations made by Mr. Aguirre. The OIG also has an email from Ms. Ruffin containing questions for Mr. Hanson and Mr. Kreitman. These e-mails are part of the OIG's open investigative file and are exempt from disclosure under FOIA Exemptions 7(A), as well as FOIA Exemptions 3, 5, 6 and 7(C).

14) **All records prepared or maintained by the SEC in connection with the EEO counseling of Aguirre between July 22, 2005 and the present, including any statement or any record of any statement from any SEC employee and Gary J. Aguirre.**

The OIG has two copies of the EEO Counselor's Written Report, No. 26-05, and various attachments (together this is about one inch of material). These records are part of the OIG's open investigative file and are exempt from disclosure under FOIA Exemptions 7(A), as well as FOIA Exemptions 3, 5, 6 and 7(C).

In an effort to be complete, we also reviewed the other items in Mr. Aguirre's FOIA request (items 1 through 6 and 15 through 29). We did not identify responsive records for items 1, 2, 15, 16, 17, 18, 19, 20, 21, 22, 23, 25, 28 and 29. We have identified responsive records for the following items:

3) **All communications and any records of communications between and [sic] any employee of the SEC and any employee of the OGE relating to SEC rules and regulations applicable to departing employees.**

We have approximately 95 pages of possibly responsive records. These records are contained in the OIG's open investigative file and are protected under FOIA exemption 7(A). The records are also covered by FOIA Exemption 5 (deliberative process privilege).

4) **All records relating to any discussion, dispute, controversy or communications between OGE and the SEC relating to the enforceability of [17] CFR 200.735-3.**

Some of the records identified in response to item 3 (approximately 64 pages) may also be responsive to item 4, and are exempt as described above. In addition, we have identified a one-page draft e-mail that may be responsive to item 4 and is protected from disclosure by FOIA Exemption 5 (deliberative process privilege).

5) **All records relating to relating to [sic] the Securities and Exchange Commissions rules and regulations applicable to departing employees.**

This request is overly broad (it contains no time limitations) and is unduly burdensome. We would have to search the OIG's numerous investigative files to look for responsive records. Moreover, any responsive records would likely be exempt under FOIA Exemptions 3, 5 6 and 7(C).

3

6) All references to Gary J. Aguirre ("Aguirre") in whatever manner, including (but not limited to ) "Gary Aguirre," "Aguirre," "Mr. Aguirre," "Gary," "GJA," and "GA" in electronic mail to for the following officials and staff: [list of subitems (a) – (s) omitted].

Our response to item 6 is the same as our response to item 7.

24) Any record relating to the subject matter of the SEC-EEO No. 20-04-04 obtained from any person from April 16, 2004, to the present.

We have approximately 39 pages of responsive material that is contained in a closed preliminary inquiry file. These records are protected from disclosure under FOIA Exemptions 3, 5, 6 and 7(C).

26) All written or electronic communications or record of any communications between any EEO employee or agent and any person relating to the subject matter of SEC-EEO No. 20-04-04 from April 16, 2004, to the present.

We have approximately 43 pages of responsive material that is contained in a closed preliminary inquiry file. These records are protected from disclosure under FOIA Exemptions 3, 5, 6 and 7(C).

27) All written or electronic communications or record of any communications between any EEO employee or agent and any other SEC staff person relating to the subject matter of the SEC-EEO no. 20-04-04 from April 26, 2004, to the present.

We have approximately 19 pages of responsive material that is contained in a closed preliminary inquiry file. These records are protected from disclosure under FOIA Exemptions 3, 5, 6 and 7(C).

I spent approximately 8 hours processing this request. I am an SK-16.

Please call me at ext. 1-6039 if you have any questions or if you require any additional information.