# Exhibit 1

## to Aguirre Declaration August 1, 2008

*Aguirre v. SEC*, 06-CV-1260 (D.D.C.)

# GARY J. AGUIRRE

Melinda Hardy
Assistant General Counsel
Securities and Exchange Commission
100 F St. N.E.
Washington, D.C. 20549

June 27, 2008

RE: *Aguirre v. SEC*

Dear Ms. Hardy:

I continue to believe the positions taken by the SEC in its June 13, 2008, filing violate the spirit and the letter of the court's order of April 28, 2008, and its further instructions on May 21, 2008. I submit this letter to give you some sense of my position on these issues, to seek some further clarification of your position, and to offer some suggestions how the issues could be narrowed.

### *Newly released records and new Vaughn indices*

It is my understanding that the records with Bates numbers 867 through 1127, with minor possible exceptions, were not previously released to me and not previously placed on any Vaughn index. Likewise, the postings on your new Vaughn indices 2 through 4 were never previously released to me or place on any earlier Vaughn index. Are these statements correct? If not, please advise me of your position in this regard.

### *The withholding of Enforcement Division records*

I do not believe the information provided by your or Mr. Chumley's declaration satisfies the court's order of April 28, 2008, as explained on May 21, 2008, relating to the adequacy of the SEC's search for records responsive to paragraphs 7 through 12 of my December 30, 2005, letter. I have raised a number of points in my emails and during our call yesterday. Among other things, Mr. Chumley's statements in paragraph 15, which you cited yesterday, are difficult to reconcile with his statements contained in the remainder of his declaration or the exhibits to that declaration.

On the other hand, if you have complied with the terms of the order as they relate to the search of Enforcement records, and I am not sure you have, you should be able to submit the following clarifications under oath:

1) A statement from Mr. Chumley to the effect that all documents described in paragraphs 5, (about 3 inches), 6 (about four or five inches), 7 (approximately five inches), 10 (two work sheets), and 11 (a few inches) of his declaration were provided to the FOIA Office or to the OGC. Paragraph 13 of his declaration, when read with earlier paragraphs and Exhibits, suggests that the above records may have been treated in three different ways: (1) copies of some were provided to the OGC, (2) others were "gathered" by Mr. Chumley and provided to the FOIA Office, and (3) still other responsive records did not find their way to either the OGC or to the FOIA office. I would like to make sure that we eliminate the possibility of this third category.

2) A statement from an OGC staff member or members with knowledge of the pertinent facts that he, she, or they searched all documents that Mr. Kreitman and other

– 2 –                                                                                                                    June 27, 2008

    Enforcement staff provided to OGC in paper or electronic format for information responsive to items 7 through 12 of my December 30, 2005, request and that any responsive records were released to me or listed on a Vaughn index, Exhibit 14 to your third declaration.

3) A statement from a FOIA staff member or members with knowledge of the pertinent facts that he, she, or they searched all documents provided by Enforcement staff to the FOIA office and all Enforcement records provided by the OGC to the FOIA office in paper or electronic format for information responsive to items 7 through 12 of my December 30, 2005, letter and that all responsive records were released to me or listed on a Vaughn index, Exhibit 14 to your third declaration.

If the FOIA office cannot make the statements proposed in paragraphs 1, 2, or 3 above without qualifications, please state your qualifications with clarity. For example, if you take the position that some records are not responsive or except on theories stated in paragraphs 23 through 27 of the Fourth Hardy Declaration, please so state.

I also have some concern whether the OGC, Mr. Chumley, and the FOIA office actually searched all records produced by Enforcement staff, including emails and notes, generated during the period from September 7, 2004, through August 1, 2006, for information responsive to items 7 through 12 of my December 30, 2005, letter. For example, item 25 on the Vaughn index (Ex. 14 to the Third Hardy Declaration) describes a document which contains information relating to my alleged performance and therefore should have been released, but was not. Someone made a decision that it did not relate to my performance. Likewise, I believe the Audrey Stauss letter of June 20, 2006, referenced in an email (SEC 0002858), contains similar information and should have been released for the same reason. Did the email from Mr. Kreitman to Mr. Hanson (SEC0002848-54) relate to the same issue? Will you release these records to me?

Likewise, I recall an email exchange from Mr. Kreitman during the period from August 17, through August 20, 2005, raising issues about a subpoena, which was never released or posted to a Vaughn index. Also, Kevin O'Rourke's email (SEC0005686) regarding my performance appears to be a response to an inquiry from Richard Simpson seeking an evaluation or commentary on my performance. Was there an email from Richard Simpson? I also have reason to believe there were emails to or from Larry Ellsworth evaluating the portion of the brief I wrote in the Lucent litigation and my analysis of the Enron collapse and possibly, according to Paul Berger, requesting that I be removed from the Lucent litigation. I also have reason to believe there were emails to or from Donna Norman and Steven Glascoe responsive to my FOIA requests. Will you release these records to me?

Please do not interpret my comments above to mean these are the only records I seek, as you have been prone to do in the past. I am also asking for the procedure that you followed: did the OGC and FOIA staff review all Enforcement emails, notes and memorandums generated by Enforcement staff that referred to me for records responsive to items 7 through 12 of my December 30, 2005, letter?

– 3 –                                                                                                             June 27, 2008

I also note that several unusual steps were taken in connection with my termination. First, the OGC directed Enforcement to "freeze" my "information technology assets." There were also directions to security to take special precautions so that I could not reenter the building (see OIG 000063). All records referring to these events, whether in the possession of Enforcement or some other office or division, directly relate to my termination and should therefore be released.

I am also asking you to clarify the time range through which the SEC conducted the search of Enforcement files for records responsive to my FOIA request.

### *Records from the Chairman's office*

As I understand your position, the following records have been withheld:
1) All records listed in Exhibit 2 to your fourth declaration;
2) All records that mention my termination "as a means to describe something else" as discussed in paragraph 24 of your declaration;
3) Handwritten notes which you do not consider "agency records" as stated in paragraph 26;

I do not agree with your position on these points. More importantly, these positions are not consistent with the court's instructions on May 21, as I understood those comments.

I also wish to confirm my understanding on the following points:
1) The cut-off date for the records released from the Chairman's office was some date in August 2006. Would you please provide that date?
2) Regarding Exhibit 2, would you provide the following information:
   a) Are there any factual statements contained on exhibits 1 through 11 that relate to my termination, performance, merit pay raise, or evaluations? If so, why can you not segregate this information?
   b) Regarding Item 5 on Exhibit 2, have you released the final record? Are you not producing the final document? Is it your contention that the unsigned file copy is a "draft"?
   c) Will you produce these records for the court to review in camera?

### *Records from other Commissioners' offices*

Will you conduct a search of these records for responsive information?

### *Records from the Office of the General Counsel (OGC)*

You are withholding responsive records from the OGC on the same theories that you have withheld records from the Chairman's office and for the same reasons I disagree with your position. I also understand that you are withholding responsive records on the theories these records may be withheld under the attorney-client privilege, as work product or under the deliberative process exemption. I believe the period for asserting these exemptions and privileges has passed. Are all of these records posted to Exhibit 3? If not, would you kindly explain why not?

You have also taken the position that the SEC records regarding my inquiry to the Ethics office about provide documents to the OSC regarding my termination do not relate to my termination. Is that correct? Your position on this point not only raises concerns on this point, but

– 4 –                                                                        June 27, 2008

more broadly regarding the manner in which the SEC has determined whether or not a document is "responsive." This suggests that the SEC takes the position that a document must actually use the term "termination" to be responsive. I note that you seem to be saying as much in paragraphs 22, 23, 24, and 39 of your declaration. Is this correct?

You have also claimed that there was no investigation of me "launched" by your office, contrary to the email of David Wilson (AGUIRRE 0001052). I note that Mr. Wilson appears to have spoken directly with Ms. Hernandez. He sent the email to Ms. Hernandez and others. No one ever corrected this email. Unless there is further and credible information from you on this point, I will seek discovery in relation to this issue and possibly others.

### *Records from the Office of the Inspector General (OIG)*

To begin with, I understand that you are withholding records released by the SEC to the OGC under some of the same theories that you withheld records released by the Chairman's office. I disagree for the same reasons stated above. Further, withholding records on these theories would seem to violate the court's directions how the SEC should remedy its prior failure to demonstrate that it conducted an adequate search.

I understand that the OIG has withheld records relating to the subpoena enforcement proceeding brought by the OIG against me. I understand that it is your position that matter relates to an ongoing investigation. I believe that action was commenced and has been terminated. I have previously raised the issue why these records were not produced and I recall no assertion that these records were being withheld under Exemption 7A. It is my position that these records should be released.

### *Records withheld by the FOIA office.*

Again, the SEC is withholding records in the possession of its FOIA office under the same theories that it withholds records released by the Chairman's office. Again, I believe the decision is in error for the reasons discussed above.

Sincerely,

*[signature]*

Gary J. Aguirre