# Exhibit 2

## to Aguirre Declaration
## August 1, 2008

*Aguirre v. SEC*, 06-CV-1260 (D.D.C.)



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**WASHINGTON, D.C. 20549**

OFFICE OF THE
GENERAL COUNSEL

July 25, 2008

By Electronic Mail

Gary J. Aguirre
2500 Sixth Avenue, Unit 608
San Diego, CA 92103
gjaguirre2@aol.com

    Re:   *Aguirre v. SEC*, Civ. No. 06-1260 (ESH)

Dear Mr. Aguirre:

    I am writing in response to your letter to me dated June 27, 2008 and your email to me dated July 21, 2008, and also to address an issue raised in our June 18, 2008 telephone conference.

1. You ask if you have previously received the documents bearing the bates numbers AGUIRRE 867-1127. I believe that most of those documents were not released or listed on a Vaughn index before June 13, 2008. Similarly, most, if not all, of the documents on the Vaughn indexes attached to my June 13, 2008 declaration were not previously produced or placed on a Vaughn index.

2. You have requested a statement from Mr. Chumley stating explicitly that all the documents described in Mr. Chumely's June 13, 2008 declaration were provided to the FOIA Office or OGC. We believe Mr. Chumley's declaration adequately describes the search for documents as it is.

3. You have requested an additional statement from OGC staff members regarding documents provided by Mr. Kreitman and other Enforcement staff to OGC. My June 13, 2008 declaration addresses that issue. Paragraph 16 explains that OGC staff reviewed all of the documents they gathered from Enforcement staff (and others) and provided to the Senate all documents gathered unless they plainly did not pertain to you or any personnel actions taken in connection with you. Paragraph 17 further explains that OGC staff later reviewed the documents produced to the Senate to determine whether there were any documents responsive to your December 30, 2005 FOIA request that you had not yet received and produced those documents to you. My declaration is sufficient to address

Mr. Aguirre
July 25, 2008
Page 2

    the issue you raised because in providing to the Senate all documents other than ones that plainly did not pertain to you or personnel actions taken in connection with you, we provided all documents responsive to items 7 through 12 of your December 30, 2005 request. To the extent that you are seeking statements from the specific persons about the exact documents they reviewed, such statements are not required. *See Maynard v. CIA*, 986 F.2d 547, 560 (1st Cir. 1993) ("[A]n agency need not submit an affidavit from the employee who actually conducted the search. Instead, an agency may rely on an affidavit of an agency employee responsible for supervising the search.").

4. You have requested a statement from a FOIA Office staff member regarding the FOIA Office's review of all documents provided to the FOIA Office. Brenda Fuller's June 13, 2008 declaration addresses that issue in large part. Paragraph 13 of that declaration states that FOIA Office staff reviewed all the documents the FOIA Office received for responsiveness. Paragraph 15 states that any documents that were deemed responsive were released to you or withheld in whole or in part under one or more exemptions. My June 13, 2008 declaration address all the steps that we (OGC staff) have taken to provide you additional potentially responsive documents. (*See* ¶¶ 17, 27, 33, 34, 35, 36, 38, 41, 44.) No one in the FOIA Office can provide a statement regarding the Vaughn Index because they did not prepare the final Vaughn Index. My October 1, 2007 declaration, filed with our motion for summary judgment, addresses the issue of what was listed on the Vaughn Index and states that the Vaughn Index attached to that declaration "contains all documents that the Commission is withholding under an exemption listed in 5 U.S.C. 552(b) in full or in part, except the index does not list documents that were produced in part where the only redacted information is names, other personal identifying information such as addresses and phone numbers, and medical information that was redacted under Exemptions 6 and/or 7(C). Information regarding those redactions is evident from the face of the produced documents. The documents listed on the Vaughn Index were withheld in their entirety unless the Index indicates otherwise."

5. You have stated that you believe Enforcement staff may not have provided all responsive records because you believe that documents from June 2006 are responsive to your request for documents regarding your performance. You raise five issues relating to this issue.

    a. First, you seek documents prepared after your termination that reflect Pequot's counsel's view of how the investigation had been conducted. Initially, your contention that item 25 on the Vaughn Index should have been released because it relates to your performance ignores the fact that it was deemed responsive but was

Mr. Aguirre
July 25, 2008
Page 3

        withheld under Exemption 5, and you did not challenge that withholding.[1] The fact that the document may reflect Pequot's counsel's view of how the investigation was conducted does not change the Exemption 5 analysis. Also, the other two documents you mention do not concern your performance: (1) the withheld email (SEC 2848-54) does not mention or refer to you in any way, and (2) the letter referred to in SEC 2858 asks the staff to cut off your access to a database. In any event, a reasonable interpretation of your FOIA request does not extend to documents that do not reflect or concern how your supervisors viewed your performance during your employment with the Commission. Your FOIA requests sought information about your performance in connection with your evaluation and termination and did not notify the Commission that you might be seeking all references, even from opposing counsel, as to whether you were conducting an investigation in an appropriate manner.

   b.    Second, you seek random documents that you think may have mentioned something about your performance.

       i.    Email from Mr. Kreitman raising issues about a subpoena: You appear to be referring to SEC 5788-94, which has been produced to you. I have reviewed emails to and from you and Mr. Kreitman from back-up tapes fo August 17, 2005 through August 20, 2005. I have not found any additional emails raising issues about that subpoena that contain statements from Mr. Kreitman or comments regarding your performance.

      ii.    Email from Richard Simpson: There are two emails from Richard Simpson regarding reviews of staff attorneys, but they are not responsive because they do not say anything about your performance or evaluation. I appears that they were sent to all attorneys Mr. Simpson supervises and seek information about all staff attorneys and branch chiefs on those attorneys' cases.

      iii.    Emails to or from Larry Ellsworth, Donna Norman, and Steven Glascoe: As far as I am aware, none of those persons had any supervisory authority over you, your former supervisors did not say that they were involved in any review of your performance or any personnel actions relating to you,

---

[1] You have indicated that the Vaughn Index should have addressed the content of the document, but the Vaughn Index provided a description that was sufficient to show that the document could be withheld under Exemption 5 and no more was required. *See Jones v. FBI*, 41 F.3d 238, 242 (6th Cir. 1994) ("any form is acceptable which 'enables the court to make a reasoned, independent assessment of the claim[s] of exemption.'" (citation omitted)).

Mr. Aguirre
July 25, 2008
Page 4

    and two of them were not even assigned to the Pequot investigation. Also, you did not list them as persons whose files should be searched. In light of those facts, OGC staff, FOIA Office staff, and Mr. Chumley (the FOIA liaison for the Division of Enforcement) did not have any reason to believe it was reasonably likely that those persons' emails would contain information responsive to items 7 through 12 of your December 30, 2005 FOIA request. The D.C. Circuit has stated, "There is no requirement that an agency search every record system." *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). Also, "the agency must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Id.* In light of those statements, the Commission did not err by not searching Mr. Ellsworth's, Ms. Norman's, and Mr. Glascoe's documents.

c. Third, you ask whether OGC and FOIA staff reviewed "all Enforcement emails, notes and memorandums generated by Enforcement staff that referred to me for records responsive to items 7 through 12 of my December 30, 2005 letter." Your questions appears to ask if we gathered documents from all staff members in Enforcement. We did not do so, and we had no obligation to do so. Commission staff properly gathered documents from persons who supervised you and were involved in actions regarding your merit pay, evaluations, and termination. Neither you nor anyone else indicated that other people in Enforcement were reasonably likely to have responsive records.

d. Fourth, you ask whether all records referring to certain security precautions have been produced. I believe all such documents have been produced if they were in the files that were searched as described in my June 13, 2008 declaration. It is possible that staff in the Office of Information Technology or other offices have documents that reflect specific procedures used or actions taken in connection with those security precautions. It is our position that those documents would not be responsive to items 7 through 12 of your December 30, 2005 FOIA request because they are not related to your termination.

e. Fifth, you appear to be asking whether the Enforcement staff had a cut-off date for their searches earlier than the date of the search. Mr. Chumley has advised me that while he cannot remember discussing that specific issue with anyone in gathering documents responsive to your request, his normal practice is to advise any staff who ask about a cut-off date that unless a request contains a specific cut-off date, all responsive documents must be provided, even if they post-date a request. That is, he tells staff there is no cut-off date.

Mr. Aguirre
July 25, 2008
Page 5

6. You have asked several questions about records from the Chairman's office.

   a. First, you ask for the exact cut-off date for the records released from the Chairman's office. Apparently, you are asking when staff in the Chairman's office conducted their search. We, however, do not have a record of the exact date on which the Chairman's office conducted its search (and the date may have varied from person to person).

   b. Second, you ask whether the documents listed on the Supplemental Vaughn Index for Documents from the Office of the Chairman (4th Hardy Decl., Ex. 2) contain any factual portions that are segregable. As the Index states, nine of the documents are draft documents. Disclosure of the drafts would reveal the Commission's deliberative process. *See, e.g., Russell v. Dep't of the Air Force*, 682 F.2d 1045, 1047-48 (D.C. Cir. 1982) (protecting draft of a factual document). One document (no. 3 on the Index) cannot be segregated because, as the Index states, it describes items requiring the Chairman's deliberations, thus revealing the Commission's deliberative process. The final document (no. 4 on the Index) does not contain a factual statement; it simply notes an issue for consideration.

   c. Third, you ask if we have released the final version of item no. 5 on the Index. I believe we have not released that document. That document is materially different from the draft and does not have any responsive information.

   d. Fourth, you ask if we would agree to produce the documents on the Index to the Court for *in camera* review. Although we believe the Index provides an adequate basis for a determination that the documents are deliberative, the issue of *in camera* review is up to the Court.

7. You have asked if we would conduct a search of other Commissioners' offices for responsive documents. We believe that such a search is not required because there is not a reasonable likelihood that the Commissioners or their staffs would have responsive information. You have indicated that they could have responsive documents because they received the Action Memoranda seeking authorization to disclose documents regarding your termination and other matters to the Senate and others. That fact does not indicate that they would have documents other than the Action Memoranda, and we have no reason to believe that the Commissioners would have any other documents.

8. You have raised four issues regarding records from the Office of the General Counsel.

   a. First, you ask if documents we are withholding as exempt are listed on the Supplemental Vaughn Index for Documents from the Office of the General

Mr. Aguirre
July 25, 2008
Page 6

              Counsel (4th Hardy Decl., Ex. 3). As far as I am aware, all of OGC's agency records being withheld under an exemption are listed on that Index.

    b.    Second, you ask whether it is our position that records regarding your inquiry to OGC's Ethics Office about providing documents to the Office of Special Counsel are not responsive. I reviewed documents from the Ethics Office regarding this issue, and with one exception (produced with bates nos. AGUIRRE 913-914), they did not discuss or describe your termination in any way. It is not our position that a document must use the word "termination" to be responsive.

    c.    Third, you state that you will seek discovery on whether there was an investigation of you by OGC pre-dating your termination because we do not have documentary evidence of something that never occurred. We will, of course, oppose any such discovery. My declaration stating there was no investigation is sufficient. *See SafeCard Services, Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) ("Agency affidavits are accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" (citation omitted)).

    d.    Fourth, you claim that there is a "dearth of emails" to and from OGC staff relating to your termination, performance, evaluations, and merit pay. We are not aware of any additional emails that ever existed, and you have not provided any reason to believe there are any additional emails.

9.    With respect to documents relating to the Office of Inspector General's ("OIG") subpoena enforcement action against you, you state that you do not recall any prior assertion that those documents were being withheld under Exemption 7(A).[2] The record is clear that the file from the open investigation is being withheld under Exemption 7(A).

10.    You have stated that the Commission is withholding records in the possession of its FOIA Office. It is not clear what documents you are referring to.

11.    You have asked if the contents of your conduct file were released. That file was not released because it is not responsive. The name of the file is somewhat misleading. Conduct files contain primarily documents employees sign when they are initially hired and information about their securities transactions.

---

[2] Because you were a party to the subpoena enforcement proceeding, it is my understanding that you are not seeking the actual court filings or the settlement agreement in that matter.

Mr. Aguirre
July 25, 2008
Page 7

12. You have asked if any documents listed on the Vaughn Indexes attached to my June 13, 2008 declaration were produced in part. The only document produced in part is item 14 on the Supplemental Vaughn Index for Documents from the Office of the General Counsel. The portions that were produced bear the bates numbers AGUIRRE 939-948. In researching this issue, I also realized that the version of the Index produced on June 13, 2008 has part of the description of item 14 cut off. Consequently, I am attaching a new copy of the Index.

Very truly yours,

Melinda Hardy
Assistant General Counsel
202-551-5149

Enclosure

cc: Scott Hodes