# Exhibit 6

## to Aguirre Declaration
## August 1, 2008

*Aguirre v. SEC*, 06-CV-1260 (D.D.C.)

## Borostovik, Linda

**From:** Hardy, Melinda
**Sent:** Thursday, September 01, 2005 3:19 PM
**To:** Kreitman, Mark J.; Berger, Paul; Borostovik, Linda; Staiger, Charles
**Cc:** Hanson, Robert; Hernandez, Juanita C.
**Subject:** RE: Edited Draft Termination Notice

I am attaching a draft with a few edits and have a few separate comments. I highlighted my major additions in turquoise. I made some smaller edits that are not marked but are explained below.

First, POPPS says that "The Division Director, Office Head, or Regional Administrator will advise the employee, in writing, of the decision to terminate employment. Thus, it seems the memo needs to come from Linda Thomsen. I made edits to reflect that.

Second, in the discussion of MSPB rights I deleted the phrase "or on discrimination." He can raise a discrimination claim only if he is also raising a claim of partisan politics or marital status.

Third, should the memo address things like making arrangements to get his personal stuff from his office; returning his i.d., his key, any laptop, blackberry, remote access token he may have, or any other Commission property he may have at home; and that HR people will contact him about benefits.

Finally, I did not take out the sentence about leaving the building without supervisory authorization, but that does not strike me as something to include in the form it is now in. It seems to suggest we work in an environment where supervisors must always know our whereabouts. Also, I believe this may refer to the fact that he has left the building when he was mad, but I believe people often leave the building to walk around a bit when they are really mad – and that is often a good thing. While with more details it may be clear that he acted inappropriately, I think the letter should stay more general.



9-1 mkedit
Termination Notice ..

---

**From:** Kreitman, Mark J.
**Sent:** Thursday, September 01, 2005 1:38 PM
**To:** Berger, Paul; Hardy, Melinda; Borostovik, Linda; Staiger, Charles
**Cc:** Hanson, Robert
**Subject:** Edited Draft Termination Notice

<< File: 9-1 mkedit Termination Notice - Aguirre.doc >>
This, I understand, should be dispatched today.
Please forward comments at your earliest convenience.
Thanks. Mark

# MEMORANDUM

TO:       Gary J. Aguirre

FROM:   Linda Thomsen

DATE:    September 1, 2005

SUBJECT:   Notice of Termination During Trial Period

This is to inform you that your employment as a **Senior Counsel, SK-0905-14/24, Trial Unit (I don't know his title, but this is not it)**, Enforcement Division will be terminated during your trial period based upon your demonstrated inability to work effectively with other staff members and your unwillingness to operate within the Securities and Exchange Commission (SEC) process. Your termination from the SEC and from the Federal service will be effective at the close of business on Friday September 2, 2005.

> Deleted: Securities and Exchange Commission
> Deleted: Thursday
> Deleted: 1

You began your employment with the Commission on September 7, 2004. As you were advised at the time or your appointment, an employee who is given a career conditional appointment, as you were, must serve a one-year trial period. It is during this time that an employee has to demonstrate fully his/her qualifications for continued employment.

> Deleted: such as you,

Several times throughout your trial period, your supervisors advised you that your conduct was inappropriate. You were permitted to transfer from one Assistant Director group and to another after assuring your Associate Director that problems that

> Deleted: After leaving
> Deleted: transferring

AGUIRRE 00075

had occurred, including personality conflicts and resistance to standard supervision, would not recur. However, you have continued to have conflicts with other staff attorneys, your branch chief, and a Trial Unit attorney assigned to your primary case responsibility. You have continually expressed dissatisfaction with the supervisory structure [redacted] in the Division. On two occasions, you submitted (and later withdrew) your resignation to your Associate Director, and indicated that you were unwilling to participate in preparation of your primary case assignment beyond its investigatory stage. [redacted] On two occasions, you left the building during your working hours without supervisory authorization. [redacted]

Since those meetings, your conduct has not improved to the level that warrants retention beyond your trial period. Therefore, your employment with the SEC will be terminated during your trial period [redacted] in accordance with the provisions of 5 CFR 315.804.

I have reviewed the situation with your supervisors, and this decision represents the consensus reached among your supervisors. You may appeal this action to the Merit Systems Protection Board (MSPB) only if you believe it was based on partisan political reasons or marital status. Any such appeal must be submitted in writing, not later than thirty days after the effective date of this action, to the Merit Systems Protection Board, Washington, D.C. Regional Office, 1800 Diagonal Road, Suite 205 Alexandria, VA

Margin comments (Deleted):
- my group, you also left during the working day twice without receiving supervisory authority to do so.
- At one point
- advised
- supervisor that you planned to leave the SEC at the end of September, but when asked how the case would be completed at that point,
- did not with
- the
- Shortly after that conversation you withdrew your resignation.
- ¶
- .
- and concur with the recommendation (I don't understand this
- sentence). In summary, I find that in spite of the efforts of your supervisors and others who have worked with you and provided you with feedback during time at the Commission, you have not demonstrated that you possess that you are able to work with other staff members or are willing to follow SEC processes needed to successfully perform the duties of your position. Therefore, I have decided to terminate you from your job and from the Federal service during your trial period in accordance with the provisions of 5 CFR 315.804.¶
- , if such an allegation is combined with an otherwise appealable matter (that is, an appeal based on partisan political reasons or marital status).

2

AGUIRRE 00076

22314-2480; e-mail: washingtonregion@mspb.gov.; Fax: (703) 756-7112. An appeal form are attached.

<!-- Deleted: and a copy of the MSPB regulations -->

If you have any questions about this notice or your rights, please contact Linda Borostovik, Human Resources Specialist, at 202-551-7871. Although she may not represent you, Ms. Borostovik is available to answer questions you may have regarding your attendant rights.

Attachment: MSPB Appeal Form
            MSPB Regulations

<!-- Deleted: -->

3

AGUIRRE 00077